HANSON BRIDGETT LLP
RAFFI V. ZEROUNIAN, SBN 236388
rzerounian@hansonbridgett.com
JUSTIN P. THIELE, SBN 311787
Jthiele@hansonbridgett.com
601 W. 5th Street, Suite 300
Los Angeles, California 90071
Telephone:　(213) 395-7620
Facsimile:　(213) 395-7615

HANSON BRIDGETT LLP
GARNER K. WENG, SBN 191462
gweng@hansonbridgett.com
SUSANNA L. CHENETTE, SBN 257914
schenette@hansonbridgett.com
425 Market Street, 26th Floor
San Francisco, California 94105
Telephone:　(415) 777-3200
Facsimile:　(415) 541-9366

*Attorneys for Defendant*
PAC FILL, INC. dba SUN DAIRY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE DASHTI, an individual<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>PAC FILL, INC., a California corporation d/b/a SUN DAIRY,<br><br>　　　　Defendant. | Case No. 2:26-cv-3385<br><br>**DEFENDANT PAC FILL, INC.'S NOTICE OF REMOVAL AND REMOVAL TO FEDERAL COURT [ORIGINAL FEDERAL QUESTION JURISDICTION - 28 U.S.C. § 1331]**<br><br>Action Filed:　January 21, 2026<br>Trial Date:　None set |

TO THE CLERK OF THE COURT:

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1331, 1441(a), and 1446, Defendant Pac Fill, Inc., d/b/a Sun Dairy ("Defendant") hereby removes this action from the Superior Court of the State of California, County of Los Angeles to the United States District Court for the Central District of California.

1

Case No. 2:26-cv-3385

22786888.5

## I.     STATE COURT ACTION

On January 21, 2026, Plaintiff Steve Dashti ("Plaintiff") filed its Complaint in the Superior Court of the State of California, County of Los Angeles, titled *Steve Dashti v. Pac Fill, Inc., d/b/a Sun Dairy,* Case No. 26VECV00364, attached hereto as Exhibit 1 ("Complaint"). The Complaint asserts claims for:

- Unfair Competition (Cal. Bus. & Prof. Code § 17200);
- Declaratory Relief (Cal. Code Civ. Proc. § 1060); and
- Intentional Interference with Prospective Economic Advantage.

*See* Complaint, Exhibit 1.

The gravamen of the Complaint is Plaintiff's request for a declaratory judgment that Defendant lacks enforceable trademark rights in the term "ABALI" and that Defendant may not assert its trademark infringement claims against Plaintiff in connection with the use of that mark. *Id.* Plaintiff's declaratory judgment requests for non-infringement and invalidity arise from Defendant's communications, which threaten to file an infringement action against Plaintiff if Plaintiff's use of Defendant's trademark persists. *Id.*

Plaintiff served the Complaint and Summons on Defendant by substituted service per California Code of Civil Procedure § 415.20, with documents delivered on February 16, 2026 and mailed on February 17, 2026.  *See* Proof of Service re: Pac Fill, Inc., filed February 17, 2026, attached hereto as Exhibit 7. Service is deemed complete as of February 27, 2026. *See id.*

## II.    STATEMENT OF JURISDICTION

This Court has original jurisdiction under 28 U.S.C. § 1331. Although pleaded as state law causes of action, Plaintiff's claims seek declaratory relief that would necessarily determine rights and liabilities arising under the Lanham Act, 15 U.S.C. § 1051 et seq.; and the complaint is therefore removable under 28 U.S.C. § 1441(a) because this Court has original jurisdiction over Lanham Act claims.

Case No. 2:26-cv-3385

DEFENDANT PAC FILL, INC.'S NOTICE OF REMOVAL AND REMOVAL TO FEDERAL COURT

### A. Plaintiff's Declaratory Judgment Claims Arise Under the Lanham Act.

Although Plaintiff pleaded state law causes of action, federal question jurisdiction exists where a declaratory judgment action seeks to adjudicate the validity or enforceability of rights that would be asserted in a coercive action arising under federal law. *Rhoades v. Avon Prods., Inc.*, 504 F.3d 1151, 1157–58 (9th Cir. 2007).

When a defendant removes a state law declaratory judgment action to federal court, it is the nature of the defendant's threatened coercive action that determines whether federal jurisdiction exists. *See Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 17–22 (1983); *Freeman v. Burlington Broadcasters, Inc.*, 204 F.3d 311, 318 n. 4 (2d Cir.2000).

Where a plaintiff seeks a declaration of non-infringement or lack of trademark rights, and the defendant could bring a coercive action under the Lanham Act, the action arises under federal law even if the complaint pleads only state law. *Rhoades v. Avon Prods., Inc.*, 504 F.3d 1151, 1157–58 (9th Cir. 2007).

In Plaintiff's Complaint, he alleges that: he has pending federal applications for the registration of the mark at issue before the U.S. Patent & Trademark Office (Complaint ¶ 4); and that Defendant "demanded that Plaintiff . . . abandon its pending USPTO application." (Complaint ¶ 16). Plaintiff seeks a declaration that Defendant:

- Possesses no exclusive trademark rights in the term "ABALI,"
- May not assert infringement claims against Plaintiff, and
- Has no legal basis to restrict Plaintiff's branding, marketing, or distribution activities.

(Complaint ¶¶ 30-31, 40.) Granting this relief would require the Court to determine whether Defendant could assert a viable claim for trademark infringement or related relief under the Lanham Act.

Plaintiff explicitly bases these requests on Defendant's cease and desist communications, which assert trademark exclusivity and threaten infringement enforcement actions, which infringement actions arise under the Lanham Act. *See* 15 U.S.C. § 1114 *et seq*.

Accordingly, resolution of Plaintiff's declaratory-relief claims necessarily require adjudication of issues concerning the validity, scope, and enforceability of trademark rights under the Lanham Act, conferring federal question jurisdiction under 28 U.S.C. § 1331. Plaintiff may not defeat federal jurisdiction through artful pleading or by recharacterizing a federal trademark dispute as a state law controversy. *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 22 (1983).

**B.    This Court Has Supplemental Jurisdiction over Plaintiff's State Law Claims.**

This Court has supplemental jurisdiction under 28 U.S.C. § 1367(a) over Plaintiff's state law claims because they arise from the same nucleus of operative facts as the federal trademark issues. Specifically, all three claims arise from Defendant's cease-and-desist communications asserting trademark rights in the mark at issue, federal applications pertaining thereto, and Plaintiff's response thereto; and the state law claims are derivative of the underlying trademark dispute.

## III.    REMOVAL IS TIMELY

An action may be removed from state court by filing a notice of removal, together with a copy of all process, pleadings, and orders served on the defendant, within 30 days of defendant receiving an "initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b). Based on the dates stated on the Proof of Service relating to removing party Defendant Pac Fill, Inc., no more than 30 days have elapsed. *See* POS, Exhibit 7. Defendant's time to remove began, at the earliest, when service was deemed complete on February 27, 2026. Because this Notice of Removal is being filed within 30 days of that date,

removal is timely per 28 U.S.C. § 1446(b).

## IV.    VENUE AND DIVISIONAL ASSIGNMENT

Venue is proper in the Central District of California under 28 U.S.C. §§ 1391 and 1441(a) because the action was pending in Los Angeles County, which lies within this District.

Assignment to the Western Division (Los Angeles) is proper because the state court action was filed in Los Angeles County.

## V.    NOTICE TO STATE COURT AND ADVERSE PARTY

Promptly after filing this Notice of Removal, Defendant will file a Notice of Removal with the Clerk of the Superior Court of California, County of Los Angeles, and serve all adverse parties, as required by 28 U.S.C. § 1446(d).

## VI.    RESERVATION OF RIGHTS

Defendant does not waive any defenses or objections by removing this action and expressly reserves all Rule 12 defenses.

## VII.    COPIES OF ALL PLEADINGS AND NOTICES FILED IN THE SUPERIOR COURT

Pursuant to 28 U.S.C. 1446 (a), attached hereto are all pleadings and notices filed in the Los Angeles County Superior Court regarding this action:

Exhibit 1:    Complaint in the Superior Court of the State of California, County of Los Angeles, captioned *Steve Dashti v. Pac Fill, Inc., d/b/a Sun Dairy,* Case No. 26VECV00364

Exhibit 2:    Summons, Los Angeles County Superior Court

Exhibit 3:    Civil Case Cover Sheet

Exhibit 4:    Notice of Case Assignment

Exhibit 5:    Case Management Conference Notice

Exhibit 6:    Los Angeles County Superior Court Alternative Dispute Resolution Information Sheet

Exhibit 7:    Proof of Service re: Pac Fill, Inc.

WHEREFORE, Defendant hereby gives notice that this action is removed in its entirety to the United States District Court for the Central District of California, where it shall proceed as though originally filed.

DATED:  March 30, 2026                    HANSON BRIDGETT LLP


By:       */s/ Raffi V. Zerounian*
          RAFFI V. ZEROUNIAN
          GARNER WENG
          JUSTIN P. THIELE
          SUSANNA L. CHENETTE

          ***Attorneys for Defendant***
          PAC FILL, INC.

22786888.5                    DEFENDANT PAC FILL, INC.'S NOTICE OF REMOVAL AND REMOVAL TO FEDERAL COURT