# EXHIBIT 1

PLD-C-001

| ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER: | FOR COURT USE ONLY |
|---|---|---|

NAME: Steve Dashti

FIRM NAME:

STREET ADDRESS: Party Without Attorney

CITY: West Hills, CA 91307    STATE: CA    ZIP CODE: 91307

TELEPHONE NO.: (818) 350-3513    FAX NO.:

EMAIL ADDRESS: stevedashti@gmail.com

ATTORNEY FOR (name): Plaintiff (In Pro Per

**Electronically FILED by
Superior Court of California,
County of Los Angeles
1/21/2026 7:51 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By P. Diaz, Deputy Clerk**

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Los Angeles

STREET ADDRESS: 6230 Sylmar Avenue

MAILING ADDRESS: 6230 Sylmar Avenue

CITY AND ZIP CODE: Van Nuys, CA 91401

BRANCH NAME: Van Nuys Courthouse East

PLAINTIFF: Steve Dashti

DEFENDANT: Pac Fill, Inc., a California corporation,d/b/a Sun Dairy

☐ DOES 1 TO 10

## CONTRACT

| ☒ COMPLAINT | ☐ AMENDED COMPLAINT (Number): |
|---|---|
| ☐ CROSS-COMPLAINT | ☐ AMENDED CROSS-COMPLAINT (Number): |

**Jurisdiction** (check all that apply):

☐ ACTION IS A LIMITED CIVIL CASE (does not exceed $35,000)
  Amount demanded ☐ does not exceed $10,000
                  ☐ exceeds $10,000
☒ ACTION IS AN UNLIMITED CIVIL CASE (exceeds $35,000)
☐ ACTION IS RECLASSIFIED by this amended complaint or cross-complaint
    ☐ from limited to unlimited
    ☐ from unlimited to limited

CASE NUMBER:

26VECV00364

1. **Plaintiff*** (name or names):
   Steve Dashti

   alleges causes of action against **defendant*** (name or names):
   Pac Fill, Inc., a California corporation, d/b/a Sun Dairy

2. This pleading, including attachments and exhibits, consists of the following number of pages:

3. a. Each plaintiff named above is a competent adult
      ☐ **except** plaintiff (name): Steve Dashti
      (1) ☐ a corporation qualified to do business in California.
      (2) ☐ an unincorporated entity (describe):
      (3) ☐ other (specify):
   b. ☐ Plaintiff (name):
      (1) ☐ has complied with the fictitious business name laws and is doing business under the fictitious name (specify):

      (2) ☐ has complied with all licensing requirements as a licensed (specify):
   c. ☐ Information about additional plaintiffs who are not competent adults is shown in Attachment 3c.

4. a. Each defendant named above is a natural person
      ☐ **except** defendant (name): Pac Fill, Inc.d/b/a Sun Dairy    ☐ **except** defendant (name):
      (1) ☐ a business organization, form unknown.    (1) ☐ a business organization, form unknown.
      (2) ☐ a corporation.    (2) ☒ a corporation.
      (3) ☐ an unincorporated entity(describe):    (3) ☐ an unincorporated entity (describe):

      (4) ☐ a public entity (describe):    (4) ☐ a public entity (describe):

      (5) ☐ other (specify):    (5) ☐ other (specify):

* If this form is used as a cross-complaint, plaintiff means cross-complainant and defendant means cross-defendant.    **Page 1 of 2**

Form Approved for Optional Use
Judicial Council of California
PLD-C-001 [Rev. January 1, 2024]    **COMPLAINT—Contract**    Code of Civil Procedure, § 425.12
www.courts.ca.gov

PLD-C-001

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | 26VECV00364 |

4.  b.  The true names of defendants sued as Does are unknown to plaintiff.

    (1)  [x]  Doe defendants *(specify Doe numbers):*  1- 10             were the agents or employees of the named defendants and acted within the scope of that agency or employment.

    (2)  [x]  Doe defendants *(specify Doe numbers):*  1 - 10             are persons whose capacities are unknown to plaintiff.

  c.  [ ]  Information about additional defendants who are not natural persons is contained in Attachment 4c.

  d.  [ ]  Defendants who are joined under Code of Civil Procedure section 382 are *(names):*

5.  [ ]  Plaintiff is required to comply with a claims statute, **and**
  a.  [ ]  has complied with applicable claims statutes, *or*
  b.  [x]  is excused from complying because *(specify):*

6.  [ ]  This action is subject to   [ ]  Civil Code section 1812.10   [ ]  Civil Code section 2984.4.

7.  This court is the proper court because
  a.  [ ]  a defendant entered into the contract here.
  b.  [ ]  a defendant lived here when the contract was entered into.
  c.  [x]  a defendant lives here now.
  d.  [ ]  the contract was to be performed here.
  e.  [x]  a defendant is a corporation or unincorporated association and its principal place of business is here.
  f.  [ ]  real property that is the subject of this action is located here.
  g.  [ ]  other *(specify):*

8.  The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached):*
  [ ]  Breach of Contract
  [ ]  Common Counts
  [x]  Other *(specify):*
    See Attachment 8 — Verified Complaint

9.  [ ]  Other allegations:

10.  **Plaintiff prays** for judgment for costs of suit; for such relief as is fair, just, and equitable; and for
  a.  [x]  damages of: $ according to proof
  b.  [ ]  interest on the damages
    (1)  [x]  according to proof
    (2)  [ ]  at the rate of *(specify):*      percent per year from *(date):*
  c.  [ ]  attorney's fees
    (1)  [ ]  of: $
    (2)  [x]  according to proof.
  d.  [ ]  other *(specify):*

11.  [ ]  The paragraphs of this pleading alleged on information and belief are as follows *(specify paragraph numbers):*

Date:  januery 21.2026

/S/ Steve Dashti
_____
(TYPE OR PRINT NAME)

▶

_____
(SIGNATURE OF PLAINTIFF OR ATTORNEY)

*(If you wish to verify this pleading, affix a verification.)*

| PLD-C-001 [Rev. January 1, 2024] | **COMPLAINT—Contract** | Page 2 of 2 |
|---|---|---|

For your protection and privacy, please press the Clear This Form button after you have printed the form.

[ Print this form ]    [ Save this form ]    [ Clear this form ]

Steve Dashti

Plaintiff In Pro Per

23435 Welby Way

West Hills, CA 91307

Telephone: (818) 350-3513

Email: stevedashti@gmail.com


## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES


STEVE DASHTI, an individual,                    Case No.: (to be assigned)

      Plaintiff,

v.                              VERIFIED COMPLAINT

PAC FILL, INC., a California corporation,

doing business as SUN DAIRY,

and DOES 1 through 10, inclusive,

      Defendants.

PARTIES

1. Plaintiff Steve Dashti ("Plaintiff") is an individual residing in Los Angeles County, California.

2. Plaintiff is engaged in the lawful development, branding, marketing, and distribution of food and beverage products, including dairy-based beverages and yogurt drinks, within the State of California and throughout the United States.

3. Plaintiff is the owner of a valid and active California state trademark registration for a composite mark consisting of non-Latin script, design elements, and distinctive trade dress used in connection with dairy-based beverage products, including yogurt drinks.

4. Plaintiff has also filed a related federal trademark application with the United States Patent and Trademark Office ("USPTO") for a non-Latin composite mark covering the same or related goods. That application is currently pending examination and has not been finally adjudicated, opposed, or refused.

5. Defendant Pac Fill, Inc., doing business as Sun Dairy ("Defendant" or "Sun Dairy"), is a California corporation with its principal place of business in Los Angeles County, California.

6. Upon information and belief, Defendant manufactures, distributes, imports, and sells dairy-based beverage products, including yogurt drinks, within California and other jurisdictions, including products marketed using the term "ABALI."

7. Plaintiff is informed and believes, and thereon alleges, that DOES 1 through 10 are individuals and/or entities who participated in, authorized, ratified, directed, or aided and abetted the wrongful conduct alleged herein. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained.

8. At all relevant times, each Defendant acted as the agent, employee, partner, joint venturer, or co-conspirator of the other Defendants and within the course and scope of such relationship.

JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction pursuant to Article VI, Section 10 of the California Constitution and Code of Civil Procedure section 410.10.

10. This Court has personal jurisdiction over Defendant because Defendant is a California corporation that conducts business in California and purposefully directed the acts complained of toward Plaintiff and the California marketplace.

11. Venue is proper in this Court pursuant to Code of Civil Procedure section 395 because Defendant resides in this County, conducts business in this County, and the acts and omissions giving rise to the claims occurred in this County.

FACTUAL ALLEGATIONS

12. Plaintiff lawfully operates a food and beverage business involving dairy-based products, including yogurt drinks, and has invested substantial time, resources, and goodwill in the development of its branding and trade dress.

13. Plaintiff owns valid California trademark rights in a composite, non-Latin design mark and associated trade dress used in connection with such products.

14. Defendant does not possess any active federal trademark registration granting exclusive rights to the term "ABALI." Defendant's prior federal trademark applications and registrations for that term are listed as dead in USPTO records.

15. On or about January 19, 2026, Defendant, through its counsel, transmitted a cease-and-desist letter asserting exclusive trademark rights in the term "ABALI," including alleged rights in English, Farsi, and other languages.

16. The correspondence demanded that Plaintiff cease lawful commercial activities, abandon its pending USPTO application, and halt use of the challenged term, despite Defendant's lack of any enforceable federal trademark registration or adjudicated exclusivity.

17. Plaintiff responded in good faith, explaining that no final determination regarding registrability, translation, or likelihood of confusion had been made by the USPTO and requesting that the administrative process proceed without intimidation or escalation.

18. Rather than pursuing any legitimate administrative or judicial process, Defendant escalated its conduct through repeated and coercive communications.

19. Defendant's counsel initiated unsolicited telephone contact, left voicemail messages threatening legal action against Plaintiff personally and professionally, and continued to send repeated electronic demands after Plaintiff expressly declined such contact.

20. Defendant further escalated its conduct by asserting unsupported claims regarding Plaintiff's importation and distribution of yogurt drink products, despite lacking any adjudicated trademark rights or legal authority to restrict such activity.

21. Defendant also caused the same cease-and-desist correspondence to be delivered by overnight courier to Plaintiff's business address and personal residence, without any accompanying legal filing, court order, or administrative proceeding.

22. At no time did Defendant initiate a USPTO opposition, cancellation, or other administrative proceeding, nor did Defendant seek injunctive relief or judicial adjudication of its purported trademark claims.

23. Defendant's conduct constitutes a deliberate pattern of intimidation, coercion, and trademark bullying, intended to manufacture exclusivity through pressure rather than lawful process.

24. As a direct and proximate result of Defendant's actions, Plaintiff has suffered and continues to suffer irreparable harm, including disruption of business planning and product launches, hesitation by distributors and business partners, diversion of resources to address Defendant's threats, loss of goodwill, and the chilling of lawful competition.

FIRST CAUSE OF ACTION

(Unfair Competition – Bus. & Prof. Code § 17200)

25. Plaintiff realleges and incorporates by reference paragraphs 1 through 24.

26. Defendant engaged in unlawful, unfair, and fraudulent business practices by falsely asserting exclusive trademark rights, threatening enforcement without legal basis, and attempting to suppress lawful competition through intimidation.

27. Defendant's conduct violates established trademark principles and California public policy favoring fair competition and free access to the marketplace.

28. Plaintiff has suffered and will continue to suffer irreparable harm absent injunctive relief.

SECOND CAUSE OF ACTION

(Declaratory Relief – Code Civ. Proc. § 1060)

29. Plaintiff realleges and incorporates by reference paragraphs 1 through 28.

30. An actual and justiciable controversy exists between the parties regarding Defendant's asserted claims of exclusive trademark rights in the term "ABALI."

31. Plaintiff seeks a judicial declaration that Defendant does not possess exclusive or enforceable trademark rights sufficient to prohibit Plaintiff's lawful branding, marketing, or distribution activities.

THIRD CAUSE OF ACTION

(Intentional Interference with Prospective Economic Advantage)

32. Plaintiff realleges and incorporates by reference paragraphs 1 through 31.

33. Plaintiff had existing and prospective economic relationships with distributors, retailers, and business partners with a reasonable probability of future economic benefit.

34. Defendant knew of these relationships and intentionally engaged in wrongful conduct independent of any legitimate competition by asserting false trademark claims and engaging in coercive communications.

35. Defendant's conduct was designed to disrupt Plaintiff's business relationships and did in fact cause disruption and harm.

36. Plaintiff suffered damages as a result of Defendant's interference.

PRAYER FOR RELIEF

37. WHEREFORE, Plaintiff respectfully requests that the Court enter judgment as follows:

38. For injunctive relief prohibiting Defendants from engaging in intimidation, harassment, threats, coercion, or interference with Plaintiff's lawful business activities.

39. For an order restraining Defendants from contacting Plaintiff or Plaintiff's customers, distributors, retailers, or business partners for the purpose of asserting unfounded claims of infringement or exclusivity.

40. For a declaration clarifying the parties' respective rights and confirming that Defendants possess no adjudicated or enforceable exclusive trademark rights.

41. For compensatory damages according to proof.

42. For attorney's fees and costs where permitted by law.

43. For such other and further relief as the Court deems just and proper.

VERIFICATION

I, Steve Dashti, am the Plaintiff in this action. I have read the foregoing Verified Complaint and know its contents. The same is true of my own knowledge, except as to matters stated on information and belief, and as to those matters, I believe them to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: January 21, 2026

/s/ Steve Dashti

Steve Dashti

Plaintiff, In Pro Per