UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 26-3385 PA (BFMx) | Date | May 14, 2026 |
| --- | --- | --- | --- |
| Title | Steve Dashti v. Pac Fill, Inc. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
| --- | --- | --- |
| Kamilla Sali-Suleyman | N/A | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| --- | --- |
| None | None |

**Proceedings:**      IN CHAMBERS — COURT ORDER

Before the Court are a Motion to Remand filed by plaintiff Steve Dashti ("Plaintiff") (Docket No. 9) and a Motion to Dismiss or Transfer filed by defendant Pac Fill, Inc. d/b/a Sun Dairy ("Defendant") (Docket No. 7). The matters are fully briefed. (Docket Nos. 16, 21, 22, 23.)[1] Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that these matters are appropriate for decision without oral argument. The hearings calendared for May 18, 2026, are vacated, and the matters taken off calendar.

**I.      Factual and Procedural Background**

Plaintiff, who is appearing pro se, originally filed this action in Los Angeles County Superior Court on January 21, 2026. The Complaint alleges state law claims arising out of Defendant's attempt to stop Plaintiff from using the "ABALI" mark in his food and beverage business involving dairy-based products, including yogurt drinks. (Compl. ¶¶ 12, 15–21.) Plaintiff's claims are based on allegations that Defendant's January 19, 2026 cease and desist letter threatening legal action absent compliance, and follow-up communications constitute a "deliberate pattern of intimidation, coercion, and trademark bullying, intended to manufacture

---

[1]      Although Plaintiff has been previously cautioned that he needs to comply with the Court's Orders and the Local Rules, Plaintiff filed, in addition to an Opposition to the Motion to Dismiss, two additional documents that are not contemplated or authorized by the Local Rules. Those include: "Plaintiff's Limited Response to New Matters Raised in Defendants' Reply" in connection with the Motion to Dismiss (Docket No.24) and a "Supplemental Brief in Support of Motion to Remand" (Docket No. 17) in connection with his Motion to Remand. Defendant filed objections to both of these filings, and asked that the Court strike them. (Docket Nos. 25, 26.) Because Plaintiff's filings constitute supplemental briefing that is unauthorized under the Local Rules, the Court grants Defendant's request, and strikes Docket Nos. 17 and 25. See Local Rules 7-5, 7-9, 7-10 and the Court's Standing Order (Docket No. 14) (**"No supplemental brief shall be filed without prior leave of Court."**) (emphasis in original).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 26-3385 PA (BFMx) | Date | May 14, 2026 |
|---|---|---|---|
| Title | Steve Dashti v. Pac Fill, Inc. | | |

exclusivity through pressure rather than lawful process." (Compl. ¶¶ 15-23.) Specifically, the Complaint asserts claims for: (1) Unfair Competition (Cal. Bus. & Prof. Code § 17200); (2) Declaratory Relief (Cal. Code Civ. P. § 1060); and (3) Intentional Interference with Prospective Economic Advantage. Plaintiff's Complaint seeks injunctive and declaratory relief, as well as compensatory damages. (Compl. ¶¶ 38–41.)

Alleging that the Court possesses subject matter jurisdiction based on federal question jurisdiction under 28 U.S.C. § 1331, Defendant filed its Notice of Removal on March 30, 2026. Plaintiff filed a Motion to Remand on April 17, 2026, challenging what he perceives as procedural defects in the Notice of Removal, and the basis for the Court's subject matter jurisdiction under § 1331. Defendant filed its Motion to Dismiss on April 6, 2026. Defendant contends that Plaintiff has not alleged sufficient facts to establish claims for Unfair Competition, Intentional Interference with Prospective Economic Advantage or Declaratory Relief. Alternatively, Defendant requests that the Court strike Plaintiff's prayer for relief as impermissibly broad.

On April 6, 2026, Defendant also filed a related action against Plaintiff and his associated corporation, Bibi United Group Inc., Case Number CV 26-3645 PA (BFMx), based on Plaintiff's use of the ABALI mark. Defendant's First Amended Complaint in that case asserts claims for: (1) Lanham Act Registered Trademark Infringement under 15 U.S.C. § 1114(a); (2) Lanham Act Common Law Trademark Infringement under 15 U.S.C. § 1125 (a)(1)(A); (3) California Unfair Competition under Cal. Bus. & Prof. Code § 17200; (4) California Common Law Trademark Infringement; and (5) California Common Law Unfair Competition. Defendant seeks an injunction ordering Plaintiff and his associated corporation from using or seeking to register Defendant's ABALI mark or any marks confusingly similar to the ABALI mark. Defendant also seeks an accounting, damages, and attorney's fees, and requests that the Court order the United States Patent and Trademark Office ("USPTO") to deny or cancel Plaintiff's pending USPTO trademark registration application, and the Secretary of the State of California to cancel Plaintiff's registered ABALI mark.[2]

---

[2]    In the related action, Plaintiff filed a Motion to Dismiss the FAC, but that Motion was stricken based Plaintiff's violations of the Local Rules. (See CV 26-3465 PA (BFMx) Docket Nos. 20, 22, 24.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 26-3385 PA (BFMx) | | Date | May 14, 2026 |
|---|---|---|---|---|
| Title | Steve Dashti v. Pac Fill, Inc. | | | |

## II.   **Legal Standard**

### A.   **Motion to Remand**

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). "The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute." California ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2004) (citing Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988)). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

"Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987) (citing 28 U.S.C. § 1441(a)). "Absent diversity of citizenship, federal-question jurisdiction is required." Id. (citing 28 U.S.C. § 1331). "Federal-question jurisdiction stems from a congressional enactment, 28 U.S.C. § 1331, which provides that '[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.'" City of Oakland v. BP PLC, 969 F.3d 895, 903 (9th Cir. 2020) (quoting § 1331). "The general rule, referred to as the 'well-pleaded complaint rule,' is that a civil action arises under federal law for purposes of § 1331 when a federal question appears on the face of the complaint." Id. (citing Caterpillar, 482 U.S. at 392). "The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." Caterpillar, 482 U.S. at 392. Federal question jurisdiction is not present where the complaint is based entirely on state law, even if issues of federal law are certain to be raised in defendant's answer or counterclaim. Phillips Petrol. Co. v. Texaco, Inc., 415 U.S. 125, 127–28 (1974). Thus, "a case may not be removed to federal court on the basis of a federal defense ... even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." Caterpillar, 482 U.S. at 393.

"The defendant also has the burden of showing that it has complied with the procedural requirements for removal." See, e.g., Riggs v. Plaid Pantries, Inc., 233 F. Supp. 2d 1260, 1264 (D. Or. 2001). These procedures include a requirement that the "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 26-3385 PA (BFMx) | Date | May 14, 2026 |
|---|---|---|---|
| Title | Steve Dashti v. Pac Fill, Inc. | | |

service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."  28 U.S.C. § 1446(b)(1).

### B.     Motion to Dismiss

Generally, plaintiffs in federal court are required to give only "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).  While the Federal Rules allow a court to dismiss a cause of action for "failure to state a claim upon which relief can be granted," they also require all pleadings to be "construed so as to do justice."  Fed. R. Civ. P. 12(b)(6), 8(e).  The purpose of Rule 8(a)(2) is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, 103 (1957)).

However, in Twombly, the Supreme Court rejected the notion that "a wholly conclusory statement of [a] claim would survive a motion to dismiss whenever the pleadings left open the possibility that a plaintiff might later establish some set of undisclosed facts to support recovery."  Twombly, 550 U.S. at 561, 127 S. Ct. at 1968 (internal quotation omitted).  Instead, the Court adopted a "plausibility standard," in which the complaint must "raise a reasonable expectation that discovery will reveal evidence of [the alleged infraction]."  Id. at 556, 127 S. Ct. at 1965.  For a complaint to meet this standard, the "[f]actual allegations must be enough to raise a right to relief above the speculative level."  Id. at 555, 127 S. Ct. at 1965 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure §1216, pp. 235-36 (3d ed. 2004) ("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (alteration in original)); Daniel v. County of Santa Barbara, 288 F.3d 375, 380 (9th Cir. 2002) ("All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party.") (quoting Burgert v. Lokelani Bernice Pauahi Bishop Trust, 200 F.3d 661, 663 (9th Cir. 2000)).  "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Twombly, 550 U.S. at 555, 127 S. Ct. at 1964-65 (internal quotations omitted).  In construing the Twombly standard, the Supreme Court has advised that "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  Ashcroft v. Iqbal, 556 U.S. 662, 679, 129 S. Ct. 1937, 1950 (2009).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 26-3385 PA (BFMx) | Date | May 14, 2026 |
|---|---|---|---|
| Title | Steve Dashti v. Pac Fill, Inc. | | |

When assessing whether leave to amend is proper, courts consider "the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of the proposed amendment." U.S. ex rel. Lee v. SmithKline Beecham, Inc., 245 F.3d 1048, 1052 (9th Cir. 2001) (internal citations and quotations omitted). However, "[f]utility of amendment can, by itself, justify the denial of a motion for leave to amend." Id. "Although leave to amend should be liberally granted, the amended complaint may only allege 'other facts consistent with the challenged pleading.'" Reddy v. Litton Indus., Inc., 912 F.2d 291, 296-97 (9th Cir. 1990) (quoting Schreiber Distrib. Co. v. Serv-Well Furniture Co., Inc., 806 F.2d 1393, 1401 (9th Cir. 1986)).

Furthermore, because Plaintiff is appearing pro se, the Court must construe the allegations of the Complaint liberally and must afford Plaintiff the benefit of any doubt. See Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir. 1988). Moreover, in determining whether a complaint states a claim on which relief may be granted, allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). A pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint cannot be cured by amendment. Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987). Nevertheless, "[u]nder Ninth Circuit case law, district courts are only required to grant leave to amend if a complaint can possibly be saved. Courts are not required to grant leave to amend if a complaint lacks merit entirely." Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000). Where further amendment would be futile, the Court may exercise its discretion and deny leave to amend. Id.

**III.    Judicial Notice**

In connection with its Motion to Dismiss, Defendant requests that the Court take judicial notice of: (1) the USPTO Application for ABALI mark, filed by Defendant on September 16, 2025; (2) a State of California, Office of Secretary of State trademark search, showing a mark registered to Plaintiff with a registered date of February 20, 2026; and (3) a California Secretary of State Electronic Filing Application for Registration of mark with registration date of February 20, 2026. (Docket No. 7-3.) In connection with its opposition to Plaintiff's Motion to Remand, Defendant requests that the Court take judicial notice of: (1) USPTO Registration Certificate for ABALI Mark by Defendant dated April 21, 2026; (2) the FAC in Pac Fill, Inc. v. Saeed "Steve"

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 26-3385 PA (BFMx) | | Date | May 14, 2026 |
|---|---|---|---|---|
| Title | Steve Dashti v. Pac Fill, Inc. | | | |

<u>Dashti, et al.</u>, Case No. CV 26-3645 PA (BFMx);[3/] and (3) USPTO online records for applications for ABALI marks filed by Defendant, dated September 5, 2025, September 9, 2025, and September 16, 2025.  (Docket No. 21-1.)

Under Federal Rule of Evidence 201, a court may take judicial notice of "a fact that is not subject to reasonable dispute because it can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).  A court may take judicial notice of its own files and of documents filed in other courts.  <u>Reyn's Pasta Bella, LLC v. Vista USA, Inc.</u>, 442 F.3d 741, 746 n. 6 (9th Cir. 2006).  Public records and information on government agency websites are properly subject to judicial notice.  <u>Wilson v. Frito-Lay N. Am., Inc.</u>, 260 F. Supp. 3d 1202, 1206 (N.D. Cal. 2017).  Moreover, the Court can take judicial notice of USPTO records.  <u>See</u> <u>Caiz v. Roberts</u>, 382 F. Supp. 3d 942, 947 (C.D. Cal. 2019).  Plaintiff did not object.  The Court therefore grants Defendant's requests and takes judicial notice of the USPTO and State of California trademark applications and registrations and the FAC filed in the related action.

**III.   <u>Analysis</u>**

**A.   <u>Motion to Remand</u>**

Plaintiff argues that remand is appropriate for two reasons.  First, he argues that Defendant's removal was untimely.  That argument fails, however, because the thirtieth day from service of the Complaint (February 27, 2026) was a Sunday (March 29, 2026), and Defendant filed its Notice of Removal on the next available business day, March 30, 2026. (Docket No. 1.)

Plaintiff next argues that the Court lacks federal question jurisdiction because his Complaint asserts only state law claims for Unfair Competition, Declaratory Relief and Interference with a Prospective Economic Advantage, and that his claims do not seek a determination of federal trademark validity, ownership or infringement.  Defendant contends that removal was proper under the coercive action doctrine, establishing that when a state law declaratory judgment action is removed to federal court, it is the nature of the threatened coercive action that determines jurisdiction.  Defendant also argues that Plaintiff's Complaint presents a federal question on its face.

---

[3/]    Before the related action was transferred to this Court, its assigned case number was CV 26-3465 SB (SKx).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 26-3385 PA (BFMx) | Date | May 14, 2026 |
|---|---|---|---|
| Title | Steve Dashti v. Pac Fill, Inc. | | |

As a general matter, where the disputed liability is under state law, and federal law is implicated only as a defense to that liability, a declaratory relief claim does not "arise" under federal law. Morongo v. Band of Mission Indians v. Cal. State Bd. of Equalization, 858 F.2d 1376, 1386 (9th Cir. 1989). Federal jurisdiction does arise, however, when a plaintiff's well pleaded complaint alleges that the defendant could bring a coercive action arising under federal law. Janakes v. U.S. Postal Service, 768 F.2d 1091, 1093 (9th Cir. 1985) (citing Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. Cal., 463 U.S. 1, 16-19 & nn. 14, 19 (1983)); Standard Ins. Co. v. Saklad, 127 F.3d 1179, 1181 (9th Cir. 1997) (holding that courts can determine jurisdiction in declaratory relief action by "reposition[ing] the parties [and] asking whether [it] would have jurisdiction had the declaratory relief defendant been a plaintiff seeking a federal remedy."); Household Bank v. JFS Grp., 320 F.3d 1249, 1253 (11th Cir. 2003).

Here, Plaintiff's Complaint clearly alleges that Plaintiff filed this action in response to, or anticipation of the litigation, threatened in the cease and desist letter. (Compl. ¶¶ 16, 22, 30, 31, 40). The Complaint specifically requests a declaration "clarifying the parties' respective rights and confirming that Defendant possess no adjudicated or enforceable exclusive trademark rights." (Id. ¶ 40.) Given that the express reference Defendant's federal trademark registrations, the coercive action threatened in Defendant's letter, and the one ultimately filed in federal court, was based on federal trademark law. Accordingly, the Court concludes that based on the nature of Defendant's threatened action, federal question jurisdiction over this action exists. See Brocato v. Angelo Brocato Ice Cream, 2003 WL 22038402 (E.D. La. 2003) (denying motion to remand in trademark dispute; "[t]he law is now well-settled that when a state law declaratory judgment action is removed to federal court, it is the nature of the threatened coercive action that determines whether federal jurisdiction exists.") (citing Franchise Tax Bd., 463 U.S. at 17-22.)

For all of the foregoing reasons, the Court denies Plaintiff's Motion to Remand.

**B.**      **Motion to Dismiss**

1.      Unfair Competition and Interference with Prospective Advantage Claims

Defendant argues that Plaintiff's Complaint fails to state a viable claim for relief because the asserted claims are based on alleged wrongful conduct that is protected by California's statutory litigation privilege, Cal. Civ. Code § 47(b). The privilege applies to "any communication (1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that have some connection or logical relation to the action." Silberg v. Anderson, 50 Cal. 3d 205, 212 (1990).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 26-3385 PA (BFMx) | Date | May 14, 2026 |
|---|---|---|---|
| Title | Steve Dashti v. Pac Fill, Inc. | | |

The privilege applies to communications made in advance of litigation "when imminent access to the courts is seriously proposed and actually contemplated, seriously and in good faith, as a means of resolving a dispute and not simply a tactical ploy to induce a settlement." Eisenberg v. Alameda Newspapers, Inc., 74 Cal. App. 4th 1359, 1378–79 (1999). The privilege is absolute, regardless of the communicator's "motives, morals, ethics, or intent." Id. at 220. "Any doubt about whether the privilege applies is resolved in favor of applying." Kashian v. Harriman, 98 Cal. App. 4th 892, 913 (2002).

Plaintiff responds by arguing that Defendant mischaracterizes the nature of his case as a "trademark dispute," and that the case is in actuality a business dispute, arising from Defendant's threats to stop Plaintiff's production, demands to cease importation, pressure to abandon business activities and repeated coercive communications. (Opp'n. at p. 2.) Contrary to Plaintiff's argument, however, his claims, as alleged in his Complaint, are based on actions taken by Defendant that are protected by the litigation privilege. The Complaint identifies the wrongful conduct at issue as : (1) the mailing, delivery and contents of a January 19, 2026 cease and desist letter threatening enforcement; and (2) repeated telephone calls, voicemail messages and emails all concerning Defendant's demands in the cease and desist letter. (Compl. ¶¶ 1–22.) The Complaint alleges that these communications "constitute[] a deliberate pattern of intimidation, coercion, and trademark bullying." (Id. at ¶ 23.) The Court thus agrees with Defendant that Plaintiff's tort and unfair competition law claims are based on Defendant's non-actionable communication conduct – sending a cease and desist letter, and other communications threatening litigation absent compliance.

Moreover, based on the nature of Plaintiff's claims–seeking to adjudicate the parties' trademark rights vis-a-vis the ABALI mark after receipt of a cease and desist letter threatening litigation, and based on the fact that Defendant has actually filed the threatened Lanham Act action against Plaintiff, the Court grants the Motion to Dismiss the Unfair Competition Law and Interference with Prospective Economic Advantage Claims without leave to amend. As explained above, the litigation privilege is absolute. Defendant's communications threatening litigation cannot serve as the basis for Plaintiff's state law tort and unfair competition claims. See Edwards v. Centex Real Est. Corp., 53 Cal. App. 4th 15, 29 (1997) ("the privilege has been extended to any communication . . . and to *all* torts other than malicious prosecution") (emphasis in original). The letters and threats form the basis of Plaintiffs' substantive state law claims. (Compl. ¶¶ 26; 34.) Nor is there any plausible way for Plaintiff to allege a lack of good faith intent to litigate given that Defendant did, in fact, file a Lanham Act action against him. See Niantic, Inc. v. GLOBAL++, No. 19-cv-03425-JST, 2020 WL 1548465, at *4 (N.D. Cal. Jan. 30, 2020) ("[T]he communication was made in 'good faith and actual contemplation of litigation.' The cease-and-desist letter asserted allegations 'substantially similar' to those in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 26-3385 PA (BFMx) | Date | May 14, 2026 |
|---|---|---|---|
| Title | Steve Dashti v. Pac Fill, Inc. | | |

Niantic's complaint, which Niantic filed one week later." (citations omitted)).  Accordingly, the Court concludes that amendment would be futile, and grants the Motion as to the substantive state law claims without leave to amend.

> 2.     Declaratory Relief Claim

Plaintiff's Declaratory Relief claim asks that the Court adjudicate the parties' rights relating to the trademark "ABALI," and seeks a judicial declaration that Defendant does not possess exclusive or enforceable trademark rights sufficient to prohibit Plaintiff's lawful branding, marketing or distribution activities."  (Compl. ¶¶ 30, 31.)  Defendant argues that Plaintiff's Declaratory Relief claim is subject to dismissal as overly broad, and because it requests an improper advisory opinion.  Defendant's argument, however, is undermined by the fact that it filed its own action against Plaintiff alleging trademark infringement.  That action identifies the trademarks at issue and seeks specific relief relating to the various marks involving the wrongful use of those marks, their registration and potential cancellation.  Based on the nature of the claims and relief sought in Defendant's FAC that necessarily overlaps with Plaintiff's claim for declaratory relief, the Court concludes that Plaintiff has stated a viable claim.

**Conclusion**

For all of the foregoing reasons, the Court denies Plaintiff's Motion to Remand, and grants Defendant's Motion to Dismiss the claims for Unfair Competition and Interference with Prospective Economic Advantage without leave to amend.  Defendant shall file its Answer by no later than May 28, 2026.

IT IS SO ORDERED.