HANSON BRIDGETT LLP
RAFFI V. ZEROUNIAN, SBN 236388
rzerounian@hansonbridgett.com
JUSTIN P. THIELE, SBN 311787
Jthiele@hansonbridgett.com
601 W. 5th Street, Suite 300
Los Angeles, California 90071
Telephone: (213) 395-7620
Facsimile: (213) 395-7615

HANSON BRIDGETT LLP
GARNER K. WENG, SBN 191462
gweng@hansonbridgett.com
SUSANNA L. CHENETTE, SBN 257914
schenette@hansonbridgett.com
425 Market Street, 26th Floor
San Francisco, California 94105
Telephone: (415) 777-3200
Facsimile: (415) 541-9366

***Attorneys for Defendant and Counterclaimant***
PAC FILL, INC. dba SUN DAIRY

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| STEVE DASHTI, an individual,<br><br>Plaintiff,<br><br>v.<br><br>PAC FILL, INC., a California corporation d/b/a SUN DAIRY,<br><br>Defendant. | Case No. 2:26-cv-03385 PA (BFMx)<br><br>**DEFENDANT PAC FILL, INC.'S ANSWER TO COMPLAINT AND COUNTERCLAIM**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Judge: Hon. Percy Anderson<br><br>Trial Date: April 6, 2027 |
| PAC FILL, INC., a California corporation d/b/a SUN DAIRY,<br><br>Counter-Claimant<br><br>v.<br><br>STEVE DASHTI, an individual; and BIBI UNITED GROUP INC., a California corporation,<br><br>Counter-Defendants. | |

Defendant Pac Fill, Inc. dba Sun Dairy ("Defendant" or "Pac Fill") hereby answers the Complaint ("Complaint") by Plaintiff Steve Dashti ("Plaintiff" or "Dashti"), as follows:

## ANSWER TO COMPLAINT

As an initial matter, in response to the Complaint as set forth in Form PLD-C-001, Defendant hereby responds that the form is duplicative of the allegations set forth in the document titled, "Verified Complaint," and accordingly, Defendant incorporates its responses set forth below to the corresponding allegations in Form PLD-C-001—and except as so admitted or denied on information and belief, Defendant denies each and every allegation in Form PLD-C-001.

## PARTIES

1. In response to Paragraph 1 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph—and on that basis denies each and every allegation contained therein.

2. In response to Paragraph 2 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph—and on that basis denies each and every allegation contained therein.

3. In response to Paragraph 3 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph—and on that basis denies each and every allegation contained therein.

4. In response to Paragraph 4 of the Complaint, Defendant admits that the U.S. Patent & Trademark Office online records show Application Serial No. 99519810 in the name of Plaintiff and alleges that any such application speaks for itself. Except as so admitted or alleged, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this

paragraph—and on that basis denies each and every allegation contained therein.

5. In response to Paragraph 5 of the Complaint, Defendant admits that it is a corporation organized and existing under the laws of the State of California and that it has a corporate office in Los Angeles, California. Except as so admitted, Defendant denies each and every allegation contained in Paragraph 5 of the Complaint.

6. In response to Paragraph 6 of the Complaint, Defendant admits each and every allegation contained therein.

7. In response to Paragraph 7 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph—and on that basis denies each and every allegation contained therein.

8. In response to Paragraph 8 of the Complaint, Defendant denies each and every allegation contained therein.

## JURISDICTION AND VENUE

9. In response to Paragraph 9 of the Complaint, this paragraph states a legal conclusion to which no response is required; but, to the extent a response is appropriate, Defendant admits that this is an action for declaratory relief relating to trademark infringement. Defendant is without sufficient knowledge or information to form a belief as to the truth of the other allegations contained in this paragraph, and on that basis denies each and every other such allegation contained therein.

10. In response to Paragraph 10 of the Complaint, this paragraph states legal conclusions to which no responses are required; but, to the extent a response is appropriate, Defendant admits that it is a corporation organized and existing under the laws of the State of California, that it has a corporate office in Los Angeles, California, and that it conducts business in California. Defendant is without sufficient knowledge or information to form a belief as to the truth of the other allegations contained in this paragraph, and on that basis denies each and every such

other allegation contained therein.

11. In response to Paragraph 11 of the Complaint, this paragraph states legal conclusions to which no responses are required; but, to the extent a response is appropriate, Defendant admits that it maintains business locations in California; and Defendant admits that a substantial part of the events or omissions giving rise to its claims against Plaintiff occurred in this district. Defendant is without sufficient knowledge or information to form a belief as to the truth of the other allegations contained in this paragraph, and on that basis denies each and every such other allegation contained therein.

## FACTUAL ALLEGATIONS

12. In response to Paragraph 12 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies each and every allegation contained therein.

13. In response to Paragraph 13 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies each and every allegation contained therein.

14. In response to Paragraph 14 of the Complaint, Defendant denies each and every allegation contained therein.

15. In response to Paragraph 15 of the Complaint, Defendant admits that it, through its counsel, sent a letter to Plaintiff and Plaintiff's company, Bibi United Group, asserting Defendant's trademark rights in the mark, ABALI; and Defendant alleges that that letter speaks for itself. Except as so admitted or alleged, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph—and on that basis denies each and every allegation contained therein.

///

16. In response to Paragraph 16 of the Complaint, Defendant admits that it, through its counsel, sent a letter to Plaintiff and Plaintiff's company, Bibi United Group, asserting Defendant's trademark rights in the mark, ABALI; Defendant alleges that that letter speaks for itself; and Defendant denies that it lacked enforceable trademark rights. Except as so admitted, alleged, or denied, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph—and on that basis denies each and every allegation contained therein.

17. In response to Paragraph 17 of the Complaint, Defendant denies each and every allegation contained therein.

18. In response to Paragraph 18 of the Complaint, Defendant denies each and every allegation contained therein.

19. In response to Paragraph 19 of the Complaint, Defendant admits that it, through its counsel, made telephone and e-mail contact to Plaintiff and Plaintiff's company, Bibi United Group, asserting Defendant's trademark rights in the mark, ABALI; and Defendant alleges that any e-mails speak for themselves. Except as so admitted or alleged, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph—and on that basis denies each and every allegation contained therein.

20. In response to Paragraph 20 of the Complaint, Defendant denies each and every allegation contained therein.

21. In response to Paragraph 21 of the Complaint, Defendant admits that it, through its counsel, sent a letter to Plaintiff and Plaintiff's company, Bibi United Group, asserting Defendant's trademark rights in the mark, ABALI; and Defendant alleges that that letter speaks for itself. Except as so admitted, alleged, or denied, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph—and on that basis denies each and every allegation contained therein.

22. In response to Paragraph 22 of the Complaint, Defendant denies each and every allegation contained therein.

23. In response to Paragraph 23 of the Complaint, Defendant denies each and every allegation contained therein.

24. In response to Paragraph 24 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies each and every allegation contained therein.

**FIRST CAUSE OF ACTION**

**(Unfair Competition – Bus. & Prof. Code § 17200)**

25. The Court dismissed this cause of action without leave to amend. To the extent a response is still appropriate, in response to Paragraph 25 of the Complaint, Defendant Pac Fill incorporates by reference its responses in Paragraphs 1 through 24, inclusive, above.

26. The Court dismissed this cause of action without leave to amend. To the extent a response is still appropriate, in response to Paragraph 26 of the Complaint, Defendant denies each and every allegation contained therein.

27. The Court dismissed this cause of action without leave to amend. To the extent a response is still appropriate, in response to Paragraph 27 of the Complaint, Defendant denies each and every allegation contained therein.

28. The Court dismissed this cause of action without leave to amend. To the extent a response is still appropriate, in response to Paragraph 28 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies each and every allegation contained therein.

**SECOND CAUSE OF ACTION**

**(Declaratory Relief – Code Civ. Proc. § 1060)**

29. In response to Paragraph 29 of the Complaint, Defendant Pac Fill

incorporates by reference its responses in Paragraphs 1 through 28, inclusive, above.

30. In response to Paragraph 30 of the Complaint, Defendant admits each and every allegation contained therein.

31. In response to Paragraph 31 of the Complaint, this paragraph states legal conclusions to which no responses are required; but, to the extent a response is appropriate, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies each and every such allegation contained therein.

**THIRD CAUSE OF ACTION**

**(Intentional Interference with Prospective Economic Advantage)**

32. The Court dismissed this cause of action without leave to amend. To the extent a response is still appropriate, in response to Paragraph 32 of the Complaint, Defendant Pac Fill incorporates by reference its responses in Paragraphs 1 through 31, inclusive, above.

33. The Court dismissed this cause of action without leave to amend. To the extent a response is still appropriate, in response to Paragraph 33 of the Complaint, Defendant denies each and every allegation contained therein.

34. The Court dismissed this cause of action without leave to amend. To the extent a response is still appropriate, in response to Paragraph 34 of the Complaint, Defendant denies each and every allegation contained therein.

35. The Court dismissed this cause of action without leave to amend. To the extent a response is still appropriate, in response to Paragraph 35 of the Complaint, Defendant denies each and every allegation contained therein.

36. The Court dismissed this cause of action without leave to amend. To the extent a response is still appropriate, in response to Paragraph 36 of the Complaint, Defendant denies each and every allegation contained therein.

**RESPONSE TO PRAYER FOR RELIEF**

In response to Plaintiff's Prayer for Relief, Defendant denies that it infringed

any trademark of Plaintiff; Defendant denies that Plaintiff is entitled to a monetary award of any sort (whether damages, statutory damages, losses, profits, attorneys' fees, interest, costs, or anything else) against Defendant; Defendant denies that Plaintiff is entitled to injunctive relief of any sort against Defendant; and Defendant denies that Plaintiff is entitled to any other relief from Defendant.

## SEPARATE DEFENSES

As Defendant lacks sufficient knowledge or information to form a belief as to whether it may have additional separate or affirmative defenses not stated in this Answer to Complaint, Defendant reserves the right to assert additional separate or affirmative defenses based on further discovery, investigation, or analysis.

## PRAYER FOR RELIEF

WHEREFORE, Defendant Pac Fill, Inc. prays as follows:

1. That Plaintiff takes nothing, whether in the form of damages or injunctive relief, by its Complaint;

2. For a judgment dismissing the Complaint with prejudice;

3. For costs of suit including, without limitation, reasonable attorneys' fees as may be allowed under Section 1117(a) of Title 15 of the United States Code and as may otherwise be allowed by law; and

4. For such other and further relief as the Court deems just and proper.

## COUNTERCLAIM

Defendant and Counterclaimant Pac Fill, Inc., doing business as Sun Dairy ("Sun Dairy," "Defendant," or "Counterclaimant") submits its Counterclaim against Saeed "Steve" Dashti ("Dashti") and Bibi United Group, Inc. ("Bibi United") (collectively, "Counter-Defendants") as follows.

## NATURE OF ACTION

1. Defendant and Counterclaimant Sun Dairy is a producer and distributor of natural dairy products for over fifty years. In particular, Sun Dairy has produced

and distributed dairy products in connection with its ABALI trademark (the "ABALI Mark") since at least 1984, including, among other things, yogurt, yogurt soda, kefir, and other yogurt drinks. Yogurt soda, known as *doogh* or *dough*, is a popular beverage consumed widely throughout the world. From its factory in Los Angeles, Sun Dairy's ABALI brand products have enjoyed distribution throughout the United States. Sun Dairy's ABALI Mark is distinctive and recognized by consumers as an indicator of source in Sun Dairy. This action arises from Counter-Defendants' unauthorized use of ABALI (and close variants) as an indicator of source in connection with identical and directly-competing products, including but not limited to yogurt sodas. On information and belief, Counter-Defendants' competing ABALI products are of Iranian origin and/or enter the United States in violation of federal sanctions administered by the U.S. Department of the Treasury's Office of Foreign Assets Control ("OFAC") and lack authorization required under the Iranian Transactions and Sanctions Regulations, 31 C.F.R. part 560 ("ITSR"), including the general prohibition on the importation into the United States of goods or services of Iranian origin. Counter-Defendants' use began four decades after Sun Dairy's trademark rights arose and is likely to lead to consumer confusion. Additionally, Counter-Defendants have wrongfully applied to register ABALI at the United States Patent and Trademark Office, as well as in California, in derogation of Sun Dairy's rights. Accordingly, Sun Dairy is compelled to bring this action to protect its valuable trademark and the goodwill embodied therein from Counter-Defendants' infringement.

## PARTIES

2. Defendant and Counterclaimant Sun Dairy, under the name Pac Fill, Inc., is a corporation organized and existing under the laws of the State of California, with its principal place of business in Los Angeles, California.

3. On information and belief, Plaintiff and Counter-Defendant Saeed Dashti, who also uses the names "Steve" and "Steve S.," is an individual residing in

or domiciled in West Hills, Los Angeles, California.

4. On information and belief, Counter-Defendant Bibi United Group Inc. is a corporation organized and existing under the laws of the State of California, with its principal place of business in Encino, Los Angeles, California.

5. On information and belief, at all times herein mentioned, each counter-defendant was the agent, employee, joint venturer, aider and abettor, alter ego, and co-conspirator of or with each of the other counter-defendants, and, in doing the things hereinafter alleged, was acting within the course and scope of such agency, employment, partnership, joint venture, and conspiracy, and each counter-defendant ratified and approved the acts of the remaining counter-defendants.

## JURISDICTION AND VENUE

6. This is an action for infringement of trademark and unfair competition in violation of 15 U.S.C. § 1125(a)(1), and related state-law claims. The Court has jurisdiction over the subject matter of Plaintiff's claims for relief arising under the United States Lanham Act pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a). The Court has jurisdiction over the subject matter of Sun Dairy's state law claims under 28 U.S.C. § 1367 because they form part of the same case or controversy as Sun Dairy's federal law claims.

7. The Court has personal jurisdiction over Counter-Defendant Dashti because he is domiciled in this judicial district.

8. The Court has personal jurisdiction over Counter-Defendant Bibi United because it is incorporated under the laws of California and because its principal place of business is in this judicial district.

9. Venue is proper in this Court under 28 U.S.C. § 1391(b)(1) and (b)(2) because all Counter-Defendants reside in California and at least one Counter-Defendant resides in this judicial district; and because a substantial part of the events or omissions giving rise to Sun Dairy's claims occurred in this district.

///

## <u>ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF</u>

*Sun Dairy and its ABALI Trademark*

10. Sun Dairy was founded over 40 years ago. It was and remains today a family-owned business. Sun Dairy produces its dairy products in its Los Angeles-based production facility for distribution and sale throughout the United States.

11. Beginning at least as early as 1984, Sun Dairy has produced, distributed, sold, offered for sale, marketed, and promoted in United States commerce high-quality, signature yogurt drinks such as yogurt soda—among many other dairy products—under the ABALI Mark. Examples of Sun Dairy's yogurt drink products are depicted below:






12. Specifically, Sun Dairy's yogurt drink goods produced, distributed, sold, and marketed in connection with the ABALI Mark include a specific type of fermented-dairy beverage, with a distinctive savory flavor, known as *doogh* (or *dough*) in Farsi (the Persian language). *Doogh* originates from Persian culture in what is now Iran. *Doogh* is enjoyed by communities in and originating from Iran as well as Afghanistan, Azerbaijan, and Armenia, in addition to the general consuming public of the United States.

13. Sun Dairy distributes and sells its dairy products in connection with the ABALI Mark through a network of third-party retailers, such as grocery stores and convenience stores, found both in California and throughout the United States.

14. As a result, Sun Dairy owns valid and subsisting common-law trademark rights in the ABALI Mark due to its longstanding and widespread use of the mark as an indicator of source throughout the United States.

15. The ABALI Mark is distinctive to both the consuming public and the relevant industry.

16. The goods produced, distributed, sold, and marketed by Sun Dairy in connection with the ABALI Mark are of high quality.

17. Since at least as early as 2010, Sun Dairy has owned federal trademark registrations for its ABALI Mark including in Class 29 for dairy-based beverages and related products. Most recently, Sun Dairy's Reg. No. 5616793 inadvertently lapsed on June 6, 2025.

18. On September 5, 2025, Sun Dairy remedied this by filing a trademark application for the ABALI Mark (Ser. No. 99376654), which the United States Patent and Trademark Office (USPTO) approved and registered on April 21, 2026, under Reg. No. 8219926. A true and correct copy of this registration and printouts of its current status from the USPTO database are attached to this Counterclaim as **Exhibit 1**.

///

19. Sun Dairy is also the owner of the following United States trademark applications for the ABALI Mark at the USPTO :

| Serial No. | Mark | Filed | Goods |
|---|---|---|---|
| 99383381 | **ABALI** | Sep. 9, 2025 | Dairy-based beverages; Yogurt; Yogurt drinks; Cream, being dairy products |
| 99395282 | **ABALI** | Sep. 16, 2025 | Kefir beverages; Kefir cheese; Carbonated yogurt beverages; Yogurt-based dips; Sour cream; Feta cheese |

True and correct copies of these applications and printouts of the current status from the USPTO database are attached to this Counterclaim as **Exhibit 2**.

*Counter-Defendants' Use of and Acts to Register ABALI and its Farsi Equivalent*

20. On information and belief, Dashti is the chief executive officer, chief financial officer, and corporate secretary of Bibi United; is the principal or primary owner of Bibi United; and personally controls and directs the actions of Bibi United.

21. On information and belief, Dashti is the moving, active, and conscious force behind Bibi United's conduct complained of herein.

22. On information and belief, Counter-Defendants are engaged in the business of producing, importing, distributing, or selling consumer products including dairy-based food products.

23. Without Sun Dairy's authorization and well after Sun Dairy's trademark rights arose, Counter-Defendants began importing, distributing, selling, or offering for sale yogurt soda beverages in connection with the mark دوغ آبعلی ("Counter-Defendants' Mark") as depicted below.

///

///

///

///

///

///




24. Counter-Defendants' Mark depicts wording in the Farsi language which translates to English as "Abali Yogurt Drink."

25. Counter-Defendants' use of Counter-Defendants' Mark began over forty years after Sun Dairy's first use of the ABALI Mark.

26. Consumers are likely to perceive Counter-Defendants' Mark as "Abali Yogurt Drink." This phrase's primary and dominant element is therefore identical to the ABALI Mark, appended with the descriptive wording "yogurt drink" which is non-distinctive.

27. Counter-Defendants import, distribute, sell, or offer for sale infringing goods under Counter-Defendants' Mark in overlapping or similar channels of trade as Sun Dairy, including but not limited to grocery stores and convenience stores, including without limitation in this District.

28. On November 27, 2025, Counter-Defendant Dashti filed United States Trademark Application Serial No. 99519810 at the USPTO (the "Dashti USPTO Application") to register Counter-Defendants' Mark in the below-depicted stylized form on an intent-to-use basis under 15 U.S.C. § 1051(b) in connection with the goods "Dairy-based beverages; Yogurt drinks; Yogurts; Kefir; Cream, being dairy products; Buttermilk; Cheese; Soft cheese; Egg whites; Whipping cream":

29. The Dashti USPTO Application was signed by Dashti and contains the following statement made under penalty of perjury: “The Persian characters in this mark transliterate to Doogh Abali and this means The English translation of ‘دوغ آبعلی’ is ‘Abali Yogurt Drink.’ in English” (*sic.*).

30. On April 8, 2026, the USPTO issued an office action refusing registration of the Dashti USPTO Application for, among other things, an advisory concerning a likelihood of confusion with Sun Dairy’s prior-filed (then) trademark applications.

31. On April 9, 2026, Counter-Defendant Dashti filed a response to the USPTO’s refusal complying with certain formality requirements, but omitting any response or argument concerning the likelihood of confusion with Sun Dairy’s marks.

32. On December 8, 2025, Counter-Defendant Dashti, in his personal name, filed an application to register with the California Secretary of State the trademark ABEALI DOOGH in the stylized form depicted below, in connection with “Milk; yogurt; cream cheese; processed cheese; feta cheese; mozzarella cheese; hard cheeses, including cheddar, gouda, and parmesan; cheese spreads; butter; creams; whipped cream; yogurt-based beverages; non-alcoholic yogurt-based beverages, including plain doogh, mint-flavored doogh, carbonated doogh, and doogh containing herbs such as wild thyme (ziziphora); fermented milk beverages; coffee-flavored milk beverages; cocoa-flavored milk beverages.” The application was granted and issued Reg. No. 02050535 (the “Dashti ‘535 California

Registration”).

ABEALI DOOGH

33. The Dashti ‘535 California Registration includes, in the “Description of Mark” section, the statement (in relevant part) “The mark consists of the Persian words ‘غود يلغبآ’ displayed in a stylized blue calligraphic script. …,” despite disagreeing with the drawing of the mark, and includes a disclaimer of the word “DOOGH.” The Dashti ‘535 California Registration includes the statement “The applied-for mark contains no non-English wording. No translation is required.”

34. On January 13, 2026, Sun Dairy sent a cease-and-desist letter to Counter-Defendants notifying Counter-Defendants of Sun Dairy’s ABALI Mark and explaining that Counter-Defendants’ use and registration of Counter-Defendants’ Mark is likely to cause consumer confusion. Sun Dairy demanded that Counter-Defendants cease all use of Counter-Defendants’ Mark and expressly abandon the Dashti USPTO Application, among other things.

35. On February 20, 2026, Counter-Defendant Dashti, in his personal name, filed an application to register with the California Secretary of State Counter-Defendants’ Mark, in stylized form in connection with “Milk; yogurt; cream cheese; processed cheese; feta cheese; mozzarella cheese; hard cheeses, including cheddar, gouda, and parmesan; cheese spreads; butter; creams; whipped cream; yogurt-based beverages; non-alcoholic yogurt-based beverages, including plain doogh, mint-flavored doogh, carbonated doogh, and doogh containing herbs such as wild thyme (ziziphora); fermented milk beverages; coffee-flavored milk beverages; cocoa-flavored milk beverages.” The application was granted and issued Reg. No. 02052119 (the “Dashti ‘119 California Registration”).

///

36. The Dashti '119 California Registration includes a translation of the mark depicted therein as "ABALI YOGURT SODA" (from Farsi to English). The Dashti '119 California Registration includes a disclaimer from protection of the wording "yogurt drink."

37. Counter-Defendants' infringing acts as alleged herein have caused and are likely to cause confusion, mistake, and deception among the relevant consuming public as to the source or origin of Counter-Defendants' goods, and have and are likely to deceive the relevant consuming public into believing, mistakenly, that Counter-Defendants' goods originate from, are associated or affiliated with, or otherwise authorized by Sun Dairy.

38. On information and belief, Counter-Defendants' acts are willful with the deliberate intent to trade on the goodwill of Sun Dairy's ABALI Mark, cause confusion and deception in the marketplace, and divert potential sales of Sun Dairy's goods to Counter-Defendants.

**FIRST CLAIM FOR RELIEF**

**(Lanham Act Trademark Infringement under 15 U.S.C. § 1114(a))**

39. Sun Dairy restates the foregoing paragraphs as if set forth here in full as part of this claim for relief.

40. Sun Dairy is the owner of the registered ABALI Mark.

41. Counter-Defendants' above-averred actions constitute use in commerce of the registered ABALI Mark in connection with the sale, offering for sale, distribution, or advertising of Counter-Defendants' goods in a manner that is likely to cause confusion, to cause mistake, or to deceive, including but not limited to as to affiliation, connection, or association of Counter-Defendants with Sun Dairy or as to the origin, sponsorship, or approval of the goods offered in connection therewith. Sun Dairy has been and is likely to be damaged by these acts.

42. Counter-Defendants' acts greatly and irreparably damage Sun Dairy and will continue to damage Sun Dairy unless restrained by this Court. Sun Dairy is

without an adequate remedy at law in that the amount of damages is difficult to ascertain with certainty. Accordingly, Sun Dairy is entitled to, among other relief, an order permanently enjoining and restraining Counter-Defendants from using the ABALI Mark.

43. As a result of Counter-Defendants' infringement, Sun Dairy has suffered damages in an amount to be proven at trial.

44. Sun Dairy is further entitled to recover Counter-Defendants' profits attributable to its infringement of Sun Dairy's trademark rights.

45. Counter-Defendants' actions as described above are deliberate, willful, fraudulent, and without any extenuating circumstances, and constitute a knowing violation of Sun Dairy's rights. Sun Dairy is therefore entitled to recover three times the amount of its actual damages, and attorney's fees and costs incurred in this action, as this is an "exceptional" case under the Lanham Act.

**SECOND CLAIM FOR RELIEF**

**(Lanham Act Trademark Infringement under 15 U.S.C. § 1125(a)(1)(A))**

46. Sun Dairy restates the foregoing paragraphs as if set forth here in full as part of this claim for relief.

47. Sun Dairy is the owner of the ABALI trademark, which it has used in United States commerce as an indicator of source since long prior to any first use or applications to register similar marks by Counter-Defendants.

48. Counter-Defendants' above-averred actions constitute use in commerce of a mark in connection with the sale, offering for sale, distribution, or advertising of Counter-Defendants' goods in a manner that is likely to cause confusion, to cause mistake, or to deceive, including but not limited to as to affiliation, connection, or association of Sun Dairy with Counter-Defendants, or as to the origin, sponsorship, or approval of the goods offered in connection therewith. Sun Dairy has been and is likely to be damaged by these acts.

///

49. Counter-Defendants' acts greatly and irreparably damage Sun Dairy and will continue to damage Sun Dairy unless restrained by this Court. Sun Dairy is without an adequate remedy at law in that the amount of damages is difficult to ascertain with certainty and because Counter-Defendants' conduct as alleged herein is causing immediate and irreparable harm and injury to Sun Dairy, and to its goodwill and reputation. Accordingly, Sun Dairy is entitled to, among other relief, an order permanently enjoining and restraining Counter-Defendants from using the complained-of mark.

50. Sun Dairy is also entitled to an order from this Court under 15 U.S.C. § 1119 directing the USPTO to deny registration of the Dashti USPTO Application. Sun Dairy is also entitled to an order from this Court under Cal. Bus. & Prof. Code § 14230 directing the Secretary of State of California to cancel the Dashti '119 California Registration and the Dashti '535 California Registration.

51. Upon information and belief, Counter-Defendants' conduct as alleged herein is willful.

52. As a result of Counter-Defendants' infringement, Sun Dairy has suffered damages in an amount to be proven at trial.

53. Sun Dairy is further entitled to recover Counter-Defendants' profits attributable to its infringement of Sun Dairy's trademark rights.

**THIRD CLAIM FOR RELIEF**

**(California Unfair Competition under Cal. Bus. & Prof. Code § 17200)**

54. Sun Dairy restates the foregoing paragraphs as if set forth here in full as part of this claim for relief.

55. Counter-Defendants' above-averred actions related to use of marks confusingly similar to Sun Dairy's ABALI Mark constitute unlawful, unfair, or fraudulent business practices.

56. As a direct and proximate result of the above-described deceptive trade practices, Sun Dairy has suffered and is suffering irreparable injury. Sun Dairy will

continue to suffer irreparable injury unless the Court enters an appropriate injunction.

**FOURTH CLAIM FOR RELIEF**

**(California Common Law Trademark Infringement)**

57. Sun Dairy restates the foregoing paragraphs as if set forth here in full as part of this claim for relief.

58. Counter-Defendants' above-averred actions related to use of marks confusingly similar to Sun Dairy's ABALI Mark constitute infringement and passing-off in violation of the common law of California.

**FIFTH CLAIM FOR RELIEF**

**(California Common Law Unfair Competition)**

59. Sun Dairy restates the foregoing paragraphs as if set forth here in full as part of this claim for relief.

60. Counter-Defendants have misappropriated for themselves the commercial value of the ABALI Mark in conscious disregard of Sun Dairy's rights, and have impaired the value of Sun Dairy's goodwill in its marks among consumers.

61. In conducting such acts, Counter-Defendants are guilty of oppression, fraud, or malice, as defined in Cal. Civ. Code. § 3294.

**PRAYER FOR RELIEF**

Counterclaimant Sun Dairy prays that judgment be entered against Counter-Defendants as follows:

1. That Counter-Defendants, their principals, officers, partners, franchisees, agents, employees, licensees, affiliates, distributors, producers, any parent and subsidiary company, attorney and representatives, and all of those in privity with or acting under their direction or pursuant to their control, be preliminarily and permanently enjoined and restrained from directly or indirectly from:

a. All infringing use of Counter-Defendants' Mark or any marks confusingly similar to the ABALI Mark;

b. Registering, seeking to register, or continuing to prosecute applications to register Counter-Defendants' Mark or any marks confusingly similar to the ABALI Mark; and

c. Assisting, aiding, or abetting any person or entity in engaging in or performing any of the activities referred to in the above subparagraphs.

2. That Counter-Defendants be required to:

a. Account for and pay to Sun Dairy all profits derived by its acts of infringement and unfair competition;

b. Pay to Sun Dairy the amount of all damages incurred by Sun Dairy as a result of Counter-Defendants' acts of infringement and unfair competition, including that such damages be increased due to the willful nature of Counter-Defendants' infringement;

c. Pay to Sun Dairy the costs of this action, together with reasonable attorney's fees and disbursements, in accordance with 15 U.S.C. § 1117 and Cal. Code Proc. § 1021.5;

d. Pay to Sun Dairy exemplary and punitive damages by reason of Counter-Defendants' acts of unfair competition, in accordance with Cal. Civ. Code § 3294 and the common law of the State of California; and

e. Award to Sun Dairy the costs and expenses of this litigation as well as prejudgement interest.

3. That the Court order:

a. The USPTO to deny registration of the Dashti USPTO Application, or to cancel any registration resulting therefrom, in accordance with 15 U.S.C. § 1119;

b. The Secretary of State of California to cancel the Dashti '119 California Registration and the Dashti '535 California Registration in accordance with Cal. Bus. & Prof. Code § 14230; and

c. Such further relief as may be appropriate with respect to any of Counter-Defendants' trademark application(s) or potential registration(s) of Counter-Defendants' Mark, or any marks confusingly similar to the ABALI Mark, including relief determining the parties' respective rights thereto.

d. All such other and further relief as the Court deems just and proper.

DATED: May 28, 2026

HANSON BRIDGETT LLP

By: *[/s/ Garner K. Weng]*
RAFFI V. ZEROUNIAN
JUSTIN P. THIELE
GARNER K. WENG
SUSANNA L. CHENETTE
Attorneys for Defendant and Counterclaimant
PAC FILL, INC. dba SUN DAIRY

**DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38 and Local Rule 38-1, Defendant and Counterclaimant Pac Fill, Inc. demands a trial by jury on all issues so triable.

DATED: May 28, 2026 HANSON BRIDGETT LLP

By: */s/ Garner K. Weng*
RAFFI V. ZEROUNIAN
JUSTIN P. THIELE
GARNER K. WENG
SUSANNA L. CHENETTE
Attorneys for Defendant and Counterclaimant
PAC FILL, INC. dba SUN DAIRY

# EXHIBIT 1

1776–2026

# United States of America

## United States Patent and Trademark Office

# ABALI

**Reg. No. 8,219,926**

**Registered Apr. 21, 2026**

**Int. Cl.: 29**

**Trademark**

**Principal Register**

Pac Fill, Inc. (California CORPORATION)
5471 San Fernando Rd. West
Los Angeles, CALIFORNIA 90039

CLASS 29: Yogurt; Yogurt drinks; Cream, being dairy products; Dairy-based beverages

FIRST USE 5-6-1985; IN COMMERCE 5-6-1985

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT STYLE, SIZE OR COLOR

SER. NO. 99-376,654, FILED 09-05-2025

1776-2026

UNITED STATES PATENT AND TRADEMARK OFFICE

Celebrating 250 years of life, liberty, and the pursuit of innovation

DIRECTOR OF THE UNITED STATES PATENT AND TRADEMARK OFFICE

**REQUIREMENTS TO MAINTAIN YOUR FEDERAL TRADEMARK REGISTRATION**

**WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

**Requirements in the First Ten Years***
**What and When to File:**

- ***First Filing Deadline:*** You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date. See 15 U.S.C. §§1058, 1141k. If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

- ***Second Filing Deadline:*** You must file a Declaration of Use (or Excusable Nonuse) and an Application for Renewal between the 9th and 10th years after the registration date.* See 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods***
**What and When to File:**

- You must file a Declaration of Use (or Excusable Nonuse) and an Application for Renewal between every 9th and 10th-year period, calculated from the registration date.*

**Grace Period Filings***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

***ATTENTION MADRID PROTOCOL REGISTRANTS:** The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the United States Patent and Trademark Office (USPTO). The time periods for filing are based on the U.S. registration date (not the international registration date). The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations. See 15 U.S.C. §§1058, 1141k. However, owners of international registrations do not file renewal applications at the USPTO. Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration. See 15 U.S.C. §1141j. For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE: Fees and requirements for maintaining registrations are subject to change. Please check the USPTO website for further information. With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at** http://www.uspto.gov.

**NOTE: A courtesy e-mail reminder of USPTO maintenance filing deadlines will be sent to trademark owners/holders who authorize e-mail communication and maintain a current e-mail address with the USPTO. To ensure that e-mail is authorized and your address is current, please use the Trademark Electronic Application System (TEAS) Correspondence Address and Change of Owner Address Forms available at** http://www.uspto.gov.

**Generated on:** This page was generated by TSDR on 2026-05-28 19:20:08 EDT

**Mark:** ABALI

ABALI

**US Serial Number:** 99376654

**Application Filing Date:** Sep. 05, 2025

**US Registration Number:** 8219926

**Registration Date:** Apr. 21, 2026

**Filed as Base Application:** Yes

**Currently Base Application:** Yes

**Register:** Principal

**Mark Type:** Trademark

**TM5 Common Status Descriptor:**

LIVE/REGISTRATION/Issued and Active

The trademark application has been registered with the Office.

**Status:** Registered. The registration date is used to determine when post-registration maintenance documents are due.

**Status Date:** Apr. 21, 2026

**Publication Date:** Mar. 03, 2026

## Mark Information

**Mark Literal Elements:** ABALI

**Standard Character Claim:** Yes. The mark consists of standard characters without claim to any particular font style, size, or color.

**Mark Drawing Type:** 4 - STANDARD CHARACTER MARK

## Goods and Services

**Note:**
The following symbols indicate that the registrant/owner has amended the goods/services:
- Brackets [..] indicate deleted goods/services;
- Double parenthesis ((..)) identify any goods/services not claimed in a Section 15 affidavit of incontestability; and
- Asterisks *..* identify additional (new) wording in the goods/services.

**For:** Yogurt; Yogurt drinks; Cream, being dairy products; Dairy-based beverages

**International Class(es):** 029 - Primary Class

**U.S Class(es):** 046

**Class Status:** ACTIVE

**First Use:** May 06, 1985

**Use in Commerce:** May 06, 1985

## Basis Information (Case Level)

**Filed Use:** Yes

**Currently Use:** Yes

**Filed ITU:** No

**Currently ITU:** No

**Filed 44D:** No

**Currently 44D:** No

**Filed 44E:** No

**Currently 44E:** No

**Filed 66A:** No

**Currently 66A:** No

**Filed No Basis:** No

**Currently No Basis:** No

## Current Owner(s) Information

**Owner Name:** Pac Fill, Inc.

**Owner Address:** 5471 San Fernando Rd. West
Los Angeles, CALIFORNIA UNITED STATES 90039

**Legal Entity Type:** CORPORATION

**State or Country Where Organized:** CALIFORNIA

# Attorney/Correspondence Information

**Attorney of Record**

**Attorney Name:** Raffi Zerounian

**Docket Number:** 46153.1

**Attorney Primary Email Address:** ipfilings@hansonbridgett.com

**Attorney Email Authorized:** Yes

**Correspondent**

**Correspondent Name/Address:** Raffi Zerounian
Hanson Bridgett LLP
425 Market Street, 26th Floor
San Francisco, CALIFORNIA United States 94105

**Phone:** (415) 995-5044

**Correspondent e-mail:** ipfilings@hansonbridgett.com rzerounian@hansonbridgett.com rkautz@hansonbridgett.com AGallardo@hansonbridgett.com hbtm@hansonbridgett.com

**Correspondent e-mail Authorized:** Yes

**Domestic Representative - Not Found**

# Prosecution History

| Date | Description | Proceeding Number |
|---|---|---|
| Apr. 21, 2026 | NOTICE OF REGISTRATION CONFIRMATION EMAILED | |
| Apr. 21, 2026 | REGISTERED-PRINCIPAL REGISTER | |
| Mar. 03, 2026 | OFFICIAL GAZETTE PUBLICATION CONFIRMATION E-MAILED | |
| Mar. 03, 2026 | PUBLISHED FOR OPPOSITION | |
| Feb. 25, 2026 | NOTIFICATION OF NOTICE OF PUBLICATION E-MAILED | |
| Feb. 24, 2026 | ASSIGNED TO PETITION STAFF | |
| Feb. 09, 2026 | APPROVED FOR PUB - PRINCIPAL REGISTER | |
| Jan. 27, 2026 | ASSIGNED TO EXAMINER | 88579 |
| Jan. 26, 2026 | NEW APPLICATION OFFICE SUPPLIED DATA ENTERED | |
| Jan. 13, 2026 | TEAS REQUEST TO MAKE SPECIAL RECEIVED | |
| Jan. 13, 2026 | TEAS CHANGE OF CORRESPONDENCE RECEIVED | |
| Jan. 13, 2026 | ATTORNEY/DOM.REP.REVOKED AND/OR APPOINTED | |
| Jan. 13, 2026 | TEAS REVOKE/APP/CHANGE ADDR OF ATTY/DOM REP RECEIVED | |
| Sep. 05, 2025 | APPLICATION FILING RECEIPT MAILED | |
| Sep. 05, 2025 | NEW APPLICATION ENTERED | |

# TM Staff and Location Information

**TM Staff Information - None**

**File Location**

**Current Location:** PETITIONS OFFICE

**Date in Location:** Feb. 24, 2026

# EXHIBIT 2

**Trademark/service mark application, Principal Register**
Serial number: 99383381
Mark: ABALI
Mark format: Standard character
Filing date: September 9, 2025 at 4:50:22 PM ET
Docket number:
Owner name: Pac Fill, Inc
Amount paid: $ 350 (1 class)

# Trademark details

Mark
ABALI
Mark Format
**Standard character**
The mark consists of standard characters, without claim to any particular font style, size, or color.

# Owner information

| | |
|---|---|
| *Name | Pac Fill, Inc |
| Entity type | Corporation |
| Place of organization/citizenship | California |
| **Mailing address information** | |
| *Address line 1 | 5471 San Fernando Rd. West |
| *City | Los Angeles |
| *State/territory | California |
| *Zip/postal code | 90039 |
| *Country/region/jurisdiction/territory | United States |
| *Email address | ******* |
| **Domicile address information** | |
| The mailing address is the same as the owner's domicile address. | |

# Goods and services

## Filing basis information

Section 1(a)

## Identification of goods and services

| | |
|---|---|
| **International Class 029** | |
| Filing basis: Section 1(a) | |
| Dairy-based beverages; Yogurt; Yogurt drinks; Cream, being dairy products | |
| **Specimen Information** | |
| First use anywhere date | At least as early as 05/06/1985 |
| First use in commerce date | At least as early as 05/06/1985 |
| Specimen file name | ABALI yogurt.jpg |
| URL | None specified. |
| Date of access | None specified. |
| Description | photo of the mark on product packaging |
| **Specimen Information** | |
| First use anywhere date | At least as early as 05/06/1985 |
| First use in commerce date | At least as early as 05/06/1985 |
| Specimen file name | ABALI yogurt drink.jpg |
| URL | None specified. |
| Date of access | None specified. |
| Description | photo of the mark on product packaging |
| **Specimen Information** | |
| First use anywhere date | At least as early as 05/06/1985 |
| First use in commerce date | At least as early as 05/06/1985 |
| Specimen file name | ABALI cream.jpg |
| URL | None specified. |

| | |
|---|---|
| Date of access | None specified. |
| Description | photo of the mark on product packaging |

# Additional statements

| | |
|---|---|
| Translation (if applicable) | |
| Transliteration (if applicable) | |
| Consent (name/likeness) (if applicable) | |
| Claim of ownership of active prior registrations(s) (if applicable) | |
| Section 2(f) Claim of acquired distinctiveness (if applicable) | |
| Additional statements including use of the mark in another form (if applicable) | |
| Significance of mark | |
| Disclaimer | |

# Attorney information

## Attorney name and address

| | |
|---|---|
| *Name | Raffi Zerounian |
| Law firm | Hanson Bridgett LLP |
| *Address line 1 | 425 Market Street, 25th Floor |
| *City | San Francisco |
| *State/territory | California |
| *Zip/postal code | 94105 |
| *Country/region/jurisdiction/territory | United States |
| *Email address | ipfilings@hansonbridgett.com |
| Primary telephone number | (415) 995-5044 |
| Extension | None specified. |

## Attorney registration information

| | |
|---|---|
| *Bar membership or registration number | ******* |
| *Jurisdiction | ******* |
| *Year of admission | ******* |

### Statement of good standing

The attorney of record is an active member in good standing of the bar of the highest court of a U.S. state or commonwealth, the District of Columbia, or any U.S. territory.

### Additional appointed attorneys

all attorneys associated with Hanson Bridgett LLP

### Docket or reference number

# Correspondence information

| | |
|---|---|
| *Correspondence name | Raffi Zerounian |
| *Primary correspondence email address | ipfilings@hansonbridgett.com |
| Courtesy copy email addresses | rzerounian@hansonbridgett.com |

# Fee information

| | |
|---|---|
| Application filing option | Trademark/service mark application, Principal Register |
| Number of classes | 1 |
| Base application fee, per class | $ 350 |
| Total fees paid | $ 350 |

# Declaration and signature

## Declaration

[ X ] Basis:

If the applicant is filing the application based on use in commerce under 15 U.S.C. § 1051(a):

- The signatory believes that the applicant is the owner of the trademark/service mark sought to be registered;
- The mark is in use in commerce and was in use in commerce as of the filing date of the application on or in connection with the goods/services in the application;
- The specimen(s) shows the mark as used on or in connection with the goods/services in the application and was

used on or in connection with the goods/services in the application as of the application filing date; and
- To the best of the signatory's knowledge and belief, the facts recited in the application are accurate.

And/or
If the applicant is filing the application based on an intent to use the mark in commerce under 15 U.S.C. § 1051(b), § 1126(d), and/or § 1126(e):
- The signatory believes that the applicant is entitled to use the mark in commerce;
- The applicant has a bona fide intention to use the mark in commerce and had a bona fide intention to use the mark in commerce as of the application filing date on or in connection with the goods/services in the application; and
- To the best of the signatory's knowledge and belief, the facts recited in the application are accurate.

[ X ] To the best of the signatory's knowledge and belief, no other persons, except, if applicable, concurrent users, have the right to use the mark in commerce, either in the identical form or in such near resemblance as to be likely, when used on or in connection with the goods/services of such other persons, to cause confusion or mistake, or to deceive.

[ X ] To the best of the signatory's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, the allegations and other factual contentions made above have evidentiary support.

[ X ] The signatory being warned that willful false statements and the like are punishable by fine or imprisonment, or both, under 18 U.S.C. § 1001, and that such willful false statements and the like may jeopardize the validity of the application or submission or any registration resulting therefrom, declares that all statements made of his/her own knowledge are true and all statements made on information and belief are believed to be true.

| | |
|---|---|
| Electronic Signature | / Gregory Sarkissian / |
| Signatory's name | Gregory Sarkissian |
| Signatory's position | Partner & Chief Financial Officer |
| Date signed | 09/09/2025 |
| Signature method | Electronic signature emailed to third party |

STAMP:USPTO/APPB-**.***.**.***-20250909165022689-99383381-17.1-c19b59cf-fe44-4e07-85c1-6a74b50f54c7-DA-20250825184922861286

# ABALI


ماست
Մածուն
لبن
Grade A
ABALI
YOGURT
PLAIN
ORIGINAL



دوغ
Original
ABALI
YOGURT
DRINK
شراب لبن
دوغ
Mint
ABALI
YOGURT
DRINK
شراب لبن


ABALI
CREAM
FRESH
Grade A
SARSHIR
سرشیر
قشطة
8 OZ (226g)
Nutrition Facts

**Generated on:** This page was generated by TSDR on 2026-05-28 19:22:32 EDT

**Mark:** ABALI

ABALI

**US Serial Number:** 99383381

**Application Filing Date:** Sep. 09, 2025

**Filed as Base Application:** Yes

**Currently Base Application:** Yes

**Register:** Principal

**Mark Type:** Trademark

**TM5 Common Status Descriptor:**

LIVE/APPLICATION/Under Examination

The trademark application has been accepted by the Office (has met the minimum filing requirements) and that this application has been assigned to an examiner.

**Status:** A non-final Office action has been sent (issued) to the applicant. This is a letter from the examining attorney requiring additional information and/or making an initial refusal. The applicant must respond to this Office action. To view all documents in this file, click on the Trademark Document Retrieval link at the top of this page.

**Status Date:** Dec. 17, 2025

# Mark Information

**Mark Literal Elements:** ABALI

**Standard Character Claim:** Yes. The mark consists of standard characters without claim to any particular font style, size, or color.

**Mark Drawing Type:** 4 - STANDARD CHARACTER MARK

# Goods and Services

**Note:**
The following symbols indicate that the registrant/owner has amended the goods/services:

- Brackets [..] indicate deleted goods/services;
- Double parenthesis ((..)) identify any goods/services not claimed in a Section 15 affidavit of incontestability; and
- Asterisks *..* identify additional (new) wording in the goods/services.

**For:** Dairy-based beverages; Yogurt; Yogurt drinks; Cream, being dairy products

**International Class(es):** 029 - Primary Class

**U.S Class(es):** 046

**Class Status:** ACTIVE

**First Use:** May 06, 1985

**Use in Commerce:** May 06, 1985

# Basis Information (Case Level)

| | | | |
|---|---|---|---|
| **Filed Use:** | Yes | **Currently Use:** | Yes |
| **Filed ITU:** | No | **Currently ITU:** | No |
| **Filed 44D:** | No | **Currently 44D:** | No |
| **Filed 44E:** | No | **Currently 44E:** | No |
| **Filed 66A:** | No | **Currently 66A:** | No |
| **Filed No Basis:** | No | **Currently No Basis:** | No |

# Current Owner(s) Information

**Owner Name:** Pac Fill, Inc

**Owner Address:** 5471 San Fernando Rd. West

Los Angeles, CALIFORNIA UNITED STATES 90039

**Legal Entity Type:** CORPORATION

**State or Country Where Organized:** CALIFORNIA

# Attorney/Correspondence Information

**Attorney of Record**

**Attorney Name:** Raffi Zerounian

**Attorney Primary Email Address:** ipfilings@hansonbridgett.com

**Attorney Email Authorized:** Yes

**Correspondent**

**Correspondent Name/Address:** Raffi Zerounian
Hanson Bridgett LLP
425 Market Street, 25th Floor
San Francisco, CALIFORNIA United States 94105

**Phone:** 1-(415) 995-5044

**Correspondent e-mail:** ipfilings@hansonbridgett.com rzerounian@hansonbridgett.com

**Correspondent e-mail Authorized:** Yes

**Domestic Representative - Not Found**

# Prosecution History

| Date | Description | Proceeding Number |
|---|---|---|
| Mar. 16, 2026 | APPLICATION EXTENSION GRANTED/RECEIPT PROVIDED | |
| Mar. 16, 2026 | APPLICATION EXTENSION TO RESPONSE PERIOD - RECEIVED | |
| Dec. 17, 2025 | NOTIFICATION OF NON-FINAL ACTION E-MAILED | |
| Dec. 17, 2025 | NON-FINAL ACTION E-MAILED | |
| Dec. 17, 2025 | NON-FINAL ACTION WRITTEN | |
| Dec. 16, 2025 | ASSIGNED TO EXAMINER | |
| Dec. 16, 2025 | NEW APPLICATION OFFICE SUPPLIED DATA ENTERED | |
| Oct. 23, 2025 | REQUEST FOR SPECIAL HANDLING - GRANTED | |
| Oct. 21, 2025 | ASSIGNED TO PETITION STAFF | |
| Sep. 09, 2025 | TEAS REQUEST TO MAKE SPECIAL RECEIVED | |
| Sep. 09, 2025 | APPLICATION FILING RECEIPT MAILED | |
| Sep. 09, 2025 | NEW APPLICATION ENTERED | |

# TM Staff and Location Information

**TM Staff Information**

**TM Attorney:** CRUZADO, SAMANTHA LEE

**Law Office Assigned:** LAW OFFICE 128

**File Location**

**Current Location:** TMO LAW OFFICE 128

**Date in Location:** Dec. 17, 2025

**Trademark/service mark application, Principal Register**
Serial number: 99395282
Mark: ABALI
Mark format: Standard character
Filing date: September 16, 2025 at 2:27:34 PM ET
Docket number:
Owner name: Pac Fill, Inc
Amount paid: $ 550 (1 class)

# Trademark details

## Mark

ABALI

## Mark Format

**Standard character**
The mark consists of standard characters, without claim to any particular font style, size, or color.

# Owner information

| | |
|---|---|
| *Name | Pac Fill, Inc |
| Entity type | Corporation |
| Place of organization/citizenship | California |
| **Mailing address information** | |
| *Address line 1 | 5471 San Fernando Rd. West |
| *City | Los Angeles |
| *State/territory | California |
| *Zip/postal code | 90039 |
| *Country/region/jurisdiction/territory | United States |
| *Email address | ******* |
| **Domicile address information** | |
| The mailing address is the same as the owner's domicile address. | |

# Goods and services

## Filing basis information

Section 1(a)

## Identification of goods and services

**International Class 029**
Filing basis: Section 1(a)
*Kefir beverages*; *Kefir cheese*; *Carbonated yogurt beverages*; *Yogurt-based dips*; *Sour cream*; *Feta cheese*

*Character count: 102*

| **Specimen Information** | |
|---|---|
| First use anywhere date | At least as early as 00/00/1984 |
| First use in commerce date | At least as early as 00/00/1984 |
| Specimen file name | ABALI yogurt soda.jpg |
| URL | None specified. |
| Date of access | None specified. |
| Description | photo of the mark on product packaging |

# Additional statements

| | |
|---|---|
| Translation (if applicable) | |
| Transliteration (if applicable) | |
| Consent (name/likeness) (if applicable) | |
| Claim of ownership of active prior registrations(s) (if applicable) | |
| Section 2(f) Claim of acquired distinctiveness (if applicable) | |
| Additional statements including use of the mark in another form (if applicable) | |
| Significance of mark | |

| | |
|---|---|
| Disclaimer | |

# Attorney information

## Attorney name and address

| | |
|---|---|
| *Name | Raffi Zerounian |
| Law firm | Hanson Bridgett LLP |
| *Address line 1 | 425 Market Street, 25th Floor |
| *City | San Francisco |
| *State/territory | California |
| *Zip/postal code | 94105 |
| *Country/region/jurisdiction/territory | United States |
| *Email address | ipfilings@hansonbridgett.com |
| Primary telephone number | (415) 995-5044 |
| Extension | None specified. |

## Attorney registration information

| | |
|---|---|
| *Bar membership or registration number | ******* |
| *Jurisdiction | ******* |
| *Year of admission | ******* |

### Statement of good standing

The attorney of record is an active member in good standing of the bar of the highest court of a U.S. state or commonwealth, the District of Columbia, or any U.S. territory.

### Additional appointed attorneys

all attorneys associated with Hanson Bridgett LLP

### Docket or reference number

# Correspondence information

| | |
|---|---|
| *Correspondence name | Raffi Zerounian |
| *Primary correspondence email address | ipfilings@hansonbridgett.com |
| Courtesy copy email addresses | rzerounian@hansonbridgett.com |

# Fee information

| | |
|---|---|
| Application filing option | Trademark/service mark application, Principal Register |
| Number of classes | 1 |
| Base application fee, per class | $ 350 |
| Free form fee, per class | $ 200 |
| Total fees paid | $ 550 |

# Declaration and signature

## Declaration

[ X ] Basis:
If the applicant is filing the application based on use in commerce under 15 U.S.C. § 1051(a):

- The signatory believes that the applicant is the owner of the trademark/service mark sought to be registered;
- The mark is in use in commerce and was in use in commerce as of the filing date of the application on or in connection with the goods/services in the application;
- The specimen(s) shows the mark as used on or in connection with the goods/services in the application and was used on or in connection with the goods/services in the application as of the application filing date; and
- To the best of the signatory's knowledge and belief, the facts recited in the application are accurate.

And/or
If the applicant is filing the application based on an intent to use the mark in commerce under 15 U.S.C. § 1051(b), § 1126(d), and/or § 1126(e):

- The signatory believes that the applicant is entitled to use the mark in commerce;
- The applicant has a bona fide intention to use the mark in commerce and had a bona fide intention to use the mark in commerce as of the application filing date on or in connection with the goods/services in the application; and
- To the best of the signatory's knowledge and belief, the facts recited in the application are accurate.

[ X ] To the best of the signatory's knowledge and belief, no other persons, except, if applicable, concurrent users, have

the right to use the mark in commerce, either in the identical form or in such near resemblance as to be likely, when used on or in connection with the goods/services of such other persons, to cause confusion or mistake, or to deceive.

[ X ] To the best of the signatory's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, the allegations and other factual contentions made above have evidentiary support.

[ X ] The signatory being warned that willful false statements and the like are punishable by fine or imprisonment, or both, under 18 U.S.C. § 1001, and that such willful false statements and the like may jeopardize the validity of the application or submission or any registration resulting therefrom, declares that all statements made of his/her own knowledge are true and all statements made on information and belief are believed to be true.

| | |
|---|---|
| Electronic Signature | /GregorySarkissian/ |
| Signatory's name | Gregory Sarkissian |
| Signatory's position | Partner & Chief Financial Officer |
| Date signed | 09/16/2025 |
| Signature method | Electronic signature emailed to third party |

STAMP:USPTO/APPB-**.***.**.***-20250916142734971-99395282-17.1-096e87b8-ce44-4803-a979-7bb8be642950-DA-20250825190429983878

# ABALI


BB10/2/12
دوغ آبعلی
با طعم کاکوتی
با طعم کاکوتی
ABALI
YOGURT
SODA
Ziziphora Mint
ABALI
YOGURT
SODA
Original Flavor
ABALI
YOGURT
SODA
Mint Flavor

**Generated on:** This page was generated by TSDR on 2026-05-28 19:23:19 EDT

**Mark:** ABALI

ABALI

**US Serial Number:** 99395282

**Application Filing Date:** Sep. 16, 2025

**Filed as Base Application:** Yes

**Currently Base Application:** Yes

**Register:** Principal

**Mark Type:** Trademark

**TM5 Common Status Descriptor:**

LIVE/APPLICATION/Under Examination

The trademark application has been accepted by the Office (has met the minimum filing requirements) and that this application has been assigned to an examiner.

**Status:** An Office action suspending further action on the application has been sent (issued) to the applicant. To view all documents in this file, click on the Trademark Document Retrieval link at the top of this page.

**Status Date:** Feb. 09, 2026

# Mark Information

**Mark Literal Elements:** ABALI

**Standard Character Claim:** Yes. The mark consists of standard characters without claim to any particular font style, size, or color.

**Mark Drawing Type:** 4 - STANDARD CHARACTER MARK

# Goods and Services

**Note:**
The following symbols indicate that the registrant/owner has amended the goods/services:
- Brackets [..] indicate deleted goods/services;
- Double parenthesis ((..)) identify any goods/services not claimed in a Section 15 affidavit of incontestability; and
- Asterisks *..* identify additional (new) wording in the goods/services.

**For:** Kefir beverages; Kefir cheese; Carbonated yogurt beverages; Yogurt-based dips; Sour cream; Feta cheese

**International Class(es):** 029 - Primary Class

**U.S Class(es):** 046

**Class Status:** ACTIVE

**First Use:** 1984

**Use in Commerce:** 1984

# Basis Information (Case Level)

**Filed Use:** Yes

**Currently Use:** Yes

**Filed ITU:** No

**Currently ITU:** No

**Filed 44D:** No

**Currently 44D:** No

**Filed 44E:** No

**Currently 44E:** No

**Filed 66A:** No

**Currently 66A:** No

**Filed No Basis:** No

**Currently No Basis:** No

# Current Owner(s) Information

**Owner Name:** Pac Fill, Inc

**Owner Address:** 5471 San Fernando Rd. West
Los Angeles, CALIFORNIA UNITED STATES 90039

**Legal Entity Type:** CORPORATION **State or Country Where Organized:** CALIFORNIA

# Attorney/Correspondence Information

**Attorney of Record**

**Attorney Name:** Raffi Zerounian

**Attorney Primary Email Address:** ipfilings@hansonbridgett.com **Attorney Email Authorized:** Yes

**Correspondent**

**Correspondent Name/Address:** Raffi Zerounian
Hanson Bridgett LLP
425 Market Street, 25th Floor
San Francisco, CALIFORNIA United States 94105

**Phone:** 1-(415) 995-5044

**Correspondent e-mail:** ipfilings@hansonbridgett.com rzerounian@hansonbridgett.com **Correspondent e-mail Authorized:** Yes

**Domestic Representative - Not Found**

# Prosecution History

| Date | Description | Proceeding Number |
|---|---|---|
| Feb. 09, 2026 | NOTIFICATION OF LETTER OF SUSPENSION E-MAILED | |
| Feb. 09, 2026 | LETTER OF SUSPENSION E-MAILED | |
| Feb. 09, 2026 | SUSPENSION LETTER WRITTEN | |
| Feb. 09, 2026 | ASSIGNED TO EXAMINER | |
| Feb. 08, 2026 | NEW APPLICATION OFFICE SUPPLIED DATA ENTERED | |
| Sep. 16, 2025 | APPLICATION FILING RECEIPT MAILED | |
| Sep. 16, 2025 | NEW APPLICATION ENTERED | |

# TM Staff and Location Information

**TM Staff Information**

**TM Attorney:** CANTONE, KERI H **Law Office Assigned:** LAW OFFICE 104

**File Location**

**Current Location:** TMEG LAW OFFICE 104 **Date in Location:** Feb. 09, 2026

# PROOF OF SERVICE

***Dashti v. Pac Fill, Inc., et al.***
**Case No. 2:26-cv-03385 PA (BFMx)**

**STATE OF CALIFORNIA, COUNTY OF CONTRA COSTA**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Contra Costa, State of California. My business address is 1676 N. California Blvd., Suite 620, Walnut Creek, CA 94596.

On May 28, 2026, I served true copies of the following document(s) described as **DEFENDANT PAC FILL, INC.'S ANSWER TO COMPLAINT AND COUNTERCLAIM** on the interested parties in this action as follows:

| | |
|---|---|
| Steve Dashti<br>23435 Welby Way<br>West Hills, CA 91307<br>stevedashti@gmail.com | ***Plaintiff in Pro Per*** |

Steve Dashti
21200 Oxnard Street, #508
Woodland Hills, CA 91367
stevedashti@gmail.com

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with Hanson Bridgett LLP's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address lprongos@hansonbridgett.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on May 28, 2026, at Walnut Creek, California.

Laura Prongos

Laura A. Prongos