Steve Dashti
21200 Oxnard St. # 508
Woodland Hills 91367
Plaintiff. Pro Se

FILED

CLERK, U.S. DISTRICT COURT

6/19/2026

CENTRAL DISTRICT OF CALIFORNIA

BY_____LRO_____DEPUTY

DOCUMENT SUBMITTED THROUGH THE
ELECTRONIC DOCUMENT SUBMISSION SYSTEM

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

**STEVE DASHTI,**
Plaintiff / Counterclaim-Defendant,

v.

**PAC FILL, INC., a California corporation d/b/a SUN DAIRY,**
Defendant / Counterclaim-Plaintiff.

**CASE NO. 2:26-CV-03385-PA (BFMX)**

**NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**

**Hearing Date July 20, 2026**
**Time 1:30 p.m.**
**Courtroom 9A**
**Judge : Hon. Percy Anderson**

**LOCAL RULE 7-3 STATEMENT**

Pursuant to Local Rule 7-3, Plaintiff certifies that, prior to filing this Motion, Plaintiff communicated with Defendant's counsel regarding Plaintiff's intention to file a First Amended Complaint. The parties were unable to reach agreement concerning the proposed amendment. Accordingly, this Motion is necessary.

**PLEASE TAKE NOTICE** that Plaintiff Steve Dashti hereby moves this Court for leave to file the attached First Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a)(2). This Motion is based upon this Notice of Motion and Motion, the proposed First Amended Complaint attached as Exhibit A, all pleadings and papers on file in this action, and upon such other matters as may properly come before the Court.

1

Good cause exists for amendment because Plaintiff has continued to investigate the facts and circumstances underlying this dispute and has obtained additional information, documentary evidence, public records, and other materials relating to:

**(a)** the geographic significance of the ABALI designation, including its historical, cultural, commercial, and geographic significance independent of Defendant;

**(b)** Defendant's claimed historical use, first-use dates, ownership history, continuity of use, chain of title, and asserted trademark rights relating to ABALI;

**(c)** Defendant's alleged manufacturing, sourcing, packaging, bottling, importation, distribution, licensing, and commercial activities relating to products sold under the ABALI designation;

**(d)** Defendant's public statements, advertising, promotional materials, websites, historical representations, founding-date representations, first-use representations, and commercial representations concerning the origin, history, continuity, ownership, and marketplace identity of ABALI-branded products;

**(e)** publicly available municipal records, occupancy records, assessor records, property records, licensing records, inspection records, and regulatory records relevant to Defendant's claimed historical operations and manufacturing activities;

**(f)** issues relating to U.S. Trademark Registration No. 8,219,926 for ABALI, prior registrations and applications relating to ABALI, the geographic significance of ABALI, and Plaintiff's requests for declaratory, corrective, equitable, and statutory relief;

**(g)** information concerning third-party use, marketplace recognition, consumer understanding, and historical references relating to the ABALI designation.

Plaintiff seeks amendment in the interests of justice and in accordance with the liberal amendment policy embodied in Federal Rule of Civil Procedure 15(a)(2).

Plaintiff seeks leave to amend promptly after obtaining the additional information and evidence described herein and before substantial discovery has occurred. No trial date has been set, and Defendant will suffer no undue prejudice as a result of the requested amendment.

The proposed amendment is sought in good faith and is based upon information obtained through ongoing investigation, documentary evidence, public records, marketplace research, and other sources reasonably available to Plaintiff. The proposed amendment will assist the Court in resolving the parties' dispute on the merits and in determining the parties' respective rights concerning the designation ABALI.

The proposed amendment will not cause undue delay, unfair prejudice, bad faith, undue burden, or undue expense to Defendant. To the contrary, allowing amendment will promote judicial efficiency by permitting the parties' dispute to be resolved based upon a more complete factual record and a more comprehensive statement of the issues in controversy.

Leave to amend should therefore be freely granted when justice so requires pursuant to Federal Rule of Civil Procedure 15(a)(2).

The proposed First Amended Complaint is attached hereto as Exhibit A and incorporated herein by reference.

Accordingly, Plaintiff respectfully requests that the Court grant leave to file the attached First Amended Complaint.

DATED: June 19, 2026

Respectfully submitted,

/s/ Steve Dashti
Steve Dashti
Plaintiff, Pro Se

# PROOF OF SERVICE

I, Steve Dashti, declare:

I am over the age of eighteen years and am a party appearing pro se in this action.

On **June 19, 2026**, I caused true and correct copies of the following documents to be served by electronic mail pursuant to Federal Rule of Civil Procedure 5 and the parties' agreement regarding electronic service:

1. Plaintiff's Notice of Motion and Motion for Leave to File First Amended Complaint;
2. [Proposed] Order Granting Plaintiff's Motion for Leave to File First Amended Complaint.

**The documents were served by electronic mail upon:**

**Laura A. Prongos**
Hanson Bridgett LLP
Email: lprongos@hansonbridgett.com

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on **June 19, 2026**, at Woodland Hills, California.

/s/ Steve Dashti

Steve Dashti
Plaintiff, Pro Se

4