Steve Dashti
 21200 Oxnard St. # 508
Woodland Hills 91367
Plaintiff. Pro Se



FILED

CLERK, U.S. DISTRICT COURT

6/30/2026

CENTRAL DISTRICT OF CALIFORNIA

BY_____jji_____DEPUTY

DOCUMENT SUBMITTED THROUGH THE
ELECTRONIC DOCUMENT SUBMISSION SYSTEM

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **STEVE DASHTI,**<br>Plaintiff / Counterclaim-Defendant,<br><br>v.<br><br><br>**PAC FILL, INC., a California corporation d/b/a SUN DAIRY,**<br>Defendant / Counterclaim-Plaintiff. | **CASE NO. 2:26-CV-03385-PA (BFMX)**<br><br><br>**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT** |

Before addressing the specific arguments raised in Defendant's Opposition, Plaintiff respectfully submits that Defendant's procedural objections should be evaluated in the broader context of Defendant's continuing pattern of litigation conduct throughout this action.

Throughout this litigation, Defendant has repeatedly attempted to avoid judicial consideration of the merits by relying upon successive procedural objections while refusing to provide substantive responses. The present Opposition reflects the same continuing litigation strategy.

**By way of example**:

**1. Discovery Set One:** Defendant refused to provide substantive responses, asserted numerous procedural objections, including alleged numerical limitations under Rule 33, and expressly stated that it **"will not respond substantively."**

**2. Discovery Set Two:** Defendant again refused to provide substantive responses, repeated substantially the same procedural objections asserted in Discovery Set One, and again withheld the factual information requested instead of answering Plaintiff's discovery on its merits.

**3. Discovery Set Three:** Defendant refused to produce responsive documents, asserted that Plaintiff's discovery had not been "properly served," raised additional procedural objections, and again expressly stated that it **"will not respond substantively."**

**4. Discovery Set Four:** Defendant again relied upon substantially identical boilerplate procedural objections, including alleged procedural defects, attorney-client privilege, confidentiality, trade-secret, and technical objections, while continuing to withhold the substantive information and documents requested.

**5.** Discovery Set Five: Plaintiff re-served Discovery Set Five on June 13, 2026, solely to eliminate any possible procedural objection. Since re-service on June 13, 2026, Defendant has neither served substantive responses nor asserted any new procedural objection. Instead, Defendant has simply remained silent. By contrast, Plaintiff timely served substantive responses to each of Defendant's written discovery requests within the time prescribed by the Federal Rules of Civil Procedure.

These examples are not isolated incidents. Rather, they are consistent with Defendant's continuing litigation conduct previously reported to this Court, including Defendant's rejection of Plaintiff's good-faith efforts during the Court's ADR process, Defendant's repeated insistence upon telephone meet-and-confer conferences after Plaintiff had expressly discontinued further oral communications due to Defendant's repeated lack of cooperation, and Defendant's continued reliance upon procedural objections even after Plaintiff re-served discovery requests and other documents by United States Certified Mail solely to eliminate any possible dispute concerning service.

Defendant's present service objections are likewise contradicted by the parties' own course of conduct throughout this litigation. From the outset of this case, the parties routinely communicated by electronic mail. Defendant served its own discovery requests upon Plaintiff by email, Plaintiff likewise served discovery upon Defendant by email, and the parties exchanged numerous litigation-related communications through the same method. Defendant repeatedly accepted and

relied upon electronic service throughout these proceedings. Nevertheless, after Plaintiff re-served the discovery requests, including service by United States Certified Mail solely to eliminate any possible dispute concerning service, Defendant continued to rely upon new procedural objections while refusing to provide substantive responses or produce the requested documents.

Despite this documented pattern of refusing to provide substantive discovery responses, repeatedly asserting successive procedural objections, rejecting Plaintiff's good-faith efforts to resolve procedural issues, accepting electronic service while selectively challenging Plaintiff's use of the same method, and continuing to rely upon new procedural objections even after Plaintiff addressed each alleged procedural deficiency, Defendant nevertheless asks this Court to deny Plaintiff's Motion based upon an alleged failure to satisfy the meet-and-confer requirements of Local Rule 7-3.

Defendant's present reliance upon Local Rule 7-3 is fundamentally inconsistent with its own litigation conduct throughout this litigation. A party that repeatedly refuses to provide substantive discovery responses, repeatedly rejects reasonable efforts to resolve procedural issues, repeatedly changes its procedural objections after prior objections have been addressed, and repeatedly relies upon procedural technicalities instead of addressing the merits cannot credibly invoke Local Rule 7-3 as a basis for denying judicial consideration of Plaintiff's Motion.

Local Rule 7-3 was adopted to encourage good-faith efforts to resolve disputes before judicial intervention. It was never intended to become a procedural mechanism by which a party repeatedly avoids substantive participation in discovery, rejects reasonable efforts to resolve procedural disputes, and then invokes the same procedural rule to prevent the Court from reaching the merits of the issues presented.

Accordingly, Plaintiff respectfully submits that Defendant's present procedural objections should be evaluated in light of Defendant's continuing litigation conduct throughout this litigation. Under these circumstances, Defendant's present reliance upon Local Rule 7-3 provides no legitimate basis for denying Plaintiff's Motion under Federal Rule of Civil Procedure 15(a)(2).

3

## I. Defendant's Assertion That It Could Not Evaluate the Proposed First Amended Complaint Is Directly Contradicted by the Record

Defendant's principal procedural argument is that Plaintiff failed to serve the proposed First Amended Complaint and that Defendant therefore could not evaluate the proposed amendment. The documentary record conclusively demonstrates that this assertion is incorrect.

Prior to filing the present Motion, Plaintiff served Defendant's counsel by electronic mail with the complete filing package, including the Motion for Leave to File First Amended Complaint, the Proposed Order, the proposed First Amended Complaint, the Index of Exhibits, and all Supporting Exhibits. A true and correct copy of Plaintiff's June 2, 2026 service email is attached hereto as Exhibit A.

Defendant therefore received and possessed the proposed First Amended Complaint before filing its Opposition. Defendant had a full and fair opportunity to review the proposed amended pleading, evaluate its factual allegations, analyze its legal sufficiency, and present any substantive opposition it believed appropriate.

Defendant nevertheless elected not to challenge the legal sufficiency or merits of the proposed First Amended Complaint. Defendant does not argue that amendment would be futile, does not contend that Plaintiff fails to state a claim, does not dispute the newly alleged factual matters, and does not argue that the proposed amendment improperly expands the scope of this litigation. Instead, Defendant expressly declines to challenge the proposed amended pleading on its merits.

Having elected not to challenge the proposed amended pleading on its merits, Defendant instead asks this Court to deny Plaintiff's Motion based upon the demonstrably incorrect assertion that Defendant could not evaluate a pleading it had already received before filing its Opposition.

The documentary record conclusively refutes Defendant's assertion. Having received the proposed First Amended Complaint before filing its Opposition, Defendant cannot rely upon an inaccurate factual assertion as a basis for denying Plaintiff leave to amend. Defendant's principal procedural objection is therefore unsupported by the record and provides no legally cognizable basis for denying Plaintiff's Motion under Federal Rule of Civil Procedure 15(a)(2).

## II. Defendant's Reliance Upon Local Rule 7-3 Does Not Justify Denial of Leave to Amend

Defendant's repeated reliance upon Local Rule 7-3 disregards both the procedural history of this litigation and the purpose underlying the Rule.

As previously reported to this Court in Plaintiff's written filings, Plaintiff discontinued further meet-and-confer efforts outside of formal Court proceedings due to Defendant's repeated lack of cooperation during the meet-and-confer process. Defendant was fully advised of Plaintiff's position and the reasons supporting it long before the present Motion was filed. Defendant therefore cannot credibly claim surprise arising from Plaintiff's continued adherence to the same position previously disclosed to both Defendant and this Court.

Despite possessing that knowledge, Defendant again relies upon the identical procedural objection without identifying any actual prejudice or explaining how any additional meet-and-confer effort would have altered the issues presented by the present Motion.

This is not an isolated occurrence. Throughout this litigation, Defendant has repeatedly attempted to defeat Plaintiff's filings through alleged procedural deficiencies while avoiding judicial consideration of the substantive legal and factual issues presented. The present Opposition simply continues that same litigation strategy.

Defendant has likewise followed the same course of conduct throughout discovery. Plaintiff properly served five separate sets of written discovery directed to the central factual issues in this action. To date, Defendant has failed to serve a single substantive response to those discovery requests. Rather than producing responsive documents or serving substantive responses, Defendant has repeatedly relied upon procedural objections while continuing to withhold documents and information directly relevant to Plaintiff's claims.

Local Rule 7-3 was adopted to encourage meaningful efforts to resolve disputes before judicial intervention. It was never intended to become a procedural mechanism by which a party repeatedly attempts to avoid judicial consideration of the merits, identifies no actual prejudice, refuses to engage with the substantive issues presented, and then seeks to defeat a motion based upon the very procedural objections it has repeatedly invoked throughout this litigation.

Under these circumstances, Defendant's repeated reliance upon Local Rule 7-3 provides no legitimate basis for denying Plaintiff leave to amend under Federal Rule of Civil Procedure 15(a)(2).

# CONCLUSION

For all of the foregoing reasons, Defendant's Opposition fails to present any legally cognizable basis under Federal Rule of Civil Procedure 15(a)(2) upon which Plaintiff's Motion may properly be denied.

Defendant does not challenge the legal sufficiency or merits of Plaintiff's proposed First Amended Complaint. Defendant identifies no undue delay, no bad faith, no repeated failure to cure deficiencies, no undue prejudice, and no futility. Having elected not to challenge any recognized Rule 15(a)(2) factor, Defendant instead asks this Court to deny Plaintiff's Motion almost entirely upon alleged procedural objections.

The record further establishes that Defendant's principal procedural arguments are either directly contradicted by the documentary evidence or disregard the procedural history of this litigation. Rather than addressing the merits of Plaintiff's claims, Defendant has repeatedly relied upon procedural objections, resisted meaningful discovery, failed to serve substantive discovery responses, withheld responsive documents and information, and now seeks to avoid judicial consideration of Plaintiff's proposed amended pleading through the same procedural objections repeatedly asserted throughout **this litigation**.

Rule 15(a)(2) embodies the longstanding federal policy that cases should be decided upon their merits rather than through procedural technicalities. Defendant's Opposition offers no legally cognizable justification for departing from that well-established principle.

Accordingly, Plaintiff respectfully requests that the Court grant Plaintiff's Motion for Leave to File the First Amended Complaint in its entirety, together with such other and further relief as the Court deems just and proper.

Respectfully submitted,

DATED: June 30, 2026

**/s/ Steve Dashti**

**STEVE DASHTI**

Plaintiff, Pro Se

**PROOF OF SERVICE**

I, Steve Dashti, declare:

I am over the age of eighteen years and a party to this action. My mailing address is 21200 Oxnard Street, #508, Woodland Hills, California 91367.

On **June30, 2026**, I served the following documents:

1. **PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT;**
2. **EXHIBIT A – JUNE 2, 2026 EMAIL SERVING PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT, PROPOSED FIRST AMENDED COMPLAINT, PROPOSED ORDER, INDEX OF EXHIBITS, AND SUPPORTING EXHIBITS.**

on counsel for Defendant PAC FILL, INC. as follows:

**Hanson Bridgett LLP**

☒ **BY ELECTRONIC MAIL:** I transmitted a true and correct copy of the above-described documents to the electronic mail addresses previously used by counsel for Defendant throughout this litigation.

7

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DATED: June 30, 2026

/s/ **Steve Dashti**

**STEVE DASHTI**

Plaintiff, Pro Se

# EXHIBIT A

**Steve Dashti** <stevedashti@gmail.com>                                   Jun 2, 2026, 10:46 AM
to Laura, bcc: sdashti119

Service of Motion for Leave to File First Amended Complaint

Ms. Laura Prongos,

Please take notice that Plaintiff Steve Dashti has submitted to the Court a Motion for Leave to File First Amended Complaint in Case No. 2:26-cv-03385-PA (BFMx).

Attached please find copies of the following documents, which are hereby served upon Defendant and its counsel:

1. Plaintiff's Motion for Leave to File First Amended Complaint;
2. Proposed Order;
3. Plaintiff's First Amended Complaint;
4. Index of Exhibits; and
5. Supporting Exhibits.

Please consider this email as service of the foregoing documents.

Thank you.

Steve Dashti
Plaintiff, Pro Se

