FILED
CLERK, U.S. DISTRICT COURT
7/17/2026
CENTRAL DISTRICT OF CALIFORNIA
BY jji DEPUTY
DOCUMENT SUBMITTED THROUGH THE ELECTRONIC DOCUMENT SUBMISSION SYSTEM

Steve Dashti
21200 Oxnard St. # 508
Woodland Hills 91367
Plaintiff. Pro Se

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**STEVE DASHTI,**
Plaintiff / Counterclaim-Defendant,
v.

**PAC FILL, INC., a California corporation d/b/a SUN DAIRY,**
Defendant / Counterclaim-Plaintiff.

**CASE NO. 2:26-CV-03385-PA (BFMX)**

**PLAINTIFF STEVE DASHTI'S FIRST AMENDED COMPLAINT**

**DEMAND FOR JURY TRIAL**

# I. INTRODUCTION

1. This action arises from a dispute between the parties concerning the ownership, validity, enforceability, continuity of use, geographic significance, and scope of rights associated with the designation ABALI, including Defendant's alleged attempts to assert rights beyond those permitted under applicable trademark law.

2. Plaintiff Steve Dashti disputes Defendant Pac Fill, Inc.'s claimed exclusive rights in the designation ABALI, including the validity, scope, enforceability,

and exclusivity of such claimed rights, and seeks judicial determination of the parties' respective rights concerning the designation.

3. Defendant has asserted exclusive rights in ABALI and has taken the position that Plaintiff's activities relating to ABALI infringe Defendant's claimed rights, thereby adversely affecting Plaintiff's rights.

4. Plaintiff alleges that ABALI is a geographic designation associated with the well-known geographic location of Abali, Iran, which existed independently of Defendant and long before Defendant's claimed adoption, use, registration, promotion, or commercialization of the designation. Plaintiff further alleges that the designation ABALI has historically been used, referenced, and recognized by various individuals, businesses, and commercial enterprises independent of Defendant and that public recognition of ABALI derives, at least in part, from its geographic significance rather than exclusively from Defendant's activities.

5. Plaintiff further alleges that substantial factual disputes exist concerning Defendant's claimed founding dates, first-use dates, continuity of use, ownership history, chain of title, historical operations, marketplace identity, and inconsistent historical representations relating to ABALI.

6. Plaintiff further disputes Defendant's claims concerning the historical origin, first use, continuity, ownership, chain of title, and exclusivity of ABALI and alleges that substantial factual disputes exist concerning the evidentiary support, factual basis, continuity, ownership history, and legal effect of such claims.

7. Plaintiff is informed and believes that Defendant has conducted business under the SUN DAIRY name since approximately 1990 and later adopted, promoted, or associated the ABALI designation with its business and products.

8. Plaintiff further alleges that substantial factual disputes exist concerning the manufacture, processing, packaging, bottling, sourcing, importation, distribution, and commercial presentation of products sold under the ABALI designation.

9. Plaintiff seeks declaratory relief, cancellation, restriction, modification, or limitation of Defendant's claimed trademark rights, corrective relief,

accounting, restitution, disgorgement, damages according to proof, costs of suit, and such other relief as the Court deems just and proper.

10. Because an actual and present controversy exists between the parties concerning ABALI, judicial intervention is necessary to determine the parties' respective rights and obligations and to resolve the disputes described herein.

# II. PARTIES

11. Plaintiff Steve Dashti ("Plaintiff") is an individual residing in the State of California.

12. Plaintiff has undertaken trademark-related activities, business planning, and preparatory efforts relating to the designation ABALI and has explored opportunities to establish manufacturing operations in the United States. Plaintiff has been directly affected by Defendant's claims of exclusive rights in the designation and has deferred further activities pending judicial determination of the parties' respective rights concerning ABALI.

13. Defendant Pac Fill, Inc. ("Defendant") is, upon information and belief, a California corporation conducting business in Los Angeles County, California.

14. Plaintiff is informed and believes that Defendant conducts business under the name "Sun Dairy" and has publicly promoted, marketed, distributed, and sold products using the ABALI designation.

15. Plaintiff is informed and believes that Defendant has conducted business under the name "Sun Dairy" since approximately 1990 and, at various times, has utilized third-party manufacturing, production, processing, packaging, filling, supply, or distribution arrangements in connection with products sold under the ABALI designation.

16. Plaintiff alleges that substantial factual disputes exist concerning the timing, nature, extent, and continuity of any manufacturing activities allegedly conducted by Defendant in connection with products bearing the ABALI designation prior to 2009.

17. Plaintiff is informed and believes that Defendant's claims concerning ownership, exclusivity, continuity of use, historical use, chain of title, and claimed rights relating to the ABALI designation form the basis of the controversy giving rise to this action.

18. Plaintiff is informed and believes that Defendant has relied upon its claimed rights in ABALI to challenge, oppose, restrict, delay, discourage, or otherwise interfere with Plaintiff's trademark-related activities, business-planning efforts, and efforts to establish manufacturing operations in the United States.

19. The parties therefore possess adverse legal interests concerning the ownership, validity, enforceability, scope, exclusivity, continuity of use, chain of title, and lawful use of the designation ABALI, thereby creating an actual and justiciable controversy suitable for judicial determination.

## III. JURISDICTION AND VENUE

20. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under the trademark laws of the United States, including the Lanham Act.

21. This Court further has jurisdiction pursuant to 28 U.S.C. § 1338(a) because this action involves claims arising under federal trademark law.

22. Plaintiff seeks declaratory and other relief concerning the ownership, validity, enforceability, scope, exclusivity, continuity of use, chain of title, and lawful use of the designation ABALI, together with related claims arising under federal trademark law.

23. This Court possesses authority under 15 U.S.C. § 1119 to determine the right to registration and to order the cancellation, restriction, modification, limitation, or other appropriate relief concerning trademark registrations involved in this action, including U.S. Trademark Registration No. 8,219,926, registered on April 21, 2026.

24. Plaintiff further seeks relief under 15 U.S.C. § 1125(a) concerning false designation of origin, false advertising, misleading commercial representations, and related conduct alleged herein.

25. To the extent any state-law, equitable, or supplemental issues arise in connection with the claims asserted herein, this Court possesses supplemental jurisdiction pursuant to 28 U.S.C. § 1367 because such matters form part of the same case or controversy.

26. An actual, present, substantial, and continuing controversy exists between Plaintiff and Defendant concerning the ownership, validity, enforceability, continuity of use, chain of title, geographic significance, scope, exclusivity, and lawful use of the designation ABALI, including Defendant's claimed first-use dates, alleged historical use, and asserted trademark rights.

27. Plaintiff disputes Defendant's claims concerning ownership, exclusivity, continuity, first use, validity, enforceability, and trademark rights relating to ABALI and alleges that substantial factual disputes exist regarding those claims.

28. Judicial determination is necessary to resolve the controversy between the parties, determine their respective rights concerning ABALI, and provide certainty regarding the lawful use and registration of the designation.

29. Venue is proper in the Central District of California pursuant to 28 U.S.C. § 1391 because Defendant conducts business within this District, a substantial part of the events and occurrences giving rise to the claims occurred within this District, and the controversy concerns activities occurring within this District.

30. The Court therefore has jurisdiction over the parties and the subject matter of this action, and venue is proper in this District.

# IV.FACTUAL ALLEGATIONS

## Geographic Significance of ABALI

31. Plaintiff alleges that ABALI is a geographic designation associated with a well-known geographic location in Iran that existed long before Defendant's formation, incorporation, claimed first use, or asserted trademark rights.

32. Plaintiff alleges that the geographic location known as ABALI existed independently of Defendant and possesses historical, cultural, commercial, and

geographic significance separate and apart from any activities conducted by Defendant.

33. Plaintiff is informed and believes that the designation ABALI was recognized by consumers, travelers, merchants, businesses, and members of the public prior to Defendant's claimed adoption and use of the designation.

34. Plaintiff further alleges that ABALI has long been known as a geographic reference and that public recognition of ABALI existed independently of Defendant's commercial activities.

35. Plaintiff is informed and believes that products, businesses, commercial activities, and marketplace references associated with ABALI existed before Defendant's claimed adoption of the designation.

36. Plaintiff is further informed and believes that products identified as "Doogh Abali," "Doogh Abeali," and similar ABALI-designated products have existed independently of Defendant and have been manufactured, marketed, distributed, imported, and sold by businesses and commercial enterprises other than Defendant. Plaintiff further alleges that products bearing the designation ABALI, including products identified in Persian as "دوغ آبعلی," have been distributed and sold in North America, including through commercial distribution channels in Canada and the United States.

37. Plaintiff is informed and believes that an ABALI enterprise and ABALI-branded products existed independently of Defendant and that substantial factual disputes exist concerning the origin of Defendant's use of the designation ABALI, the relationship, if any, between Defendant and any preexisting ABALI enterprise, and Defendant's basis for claiming exclusive rights in the designation.

38. Plaintiff alleges that the geographic significance of ABALI is material to determining the scope, validity, enforceability, exclusivity, and limitations of Defendant's claimed trademark rights.

39. Plaintiff further alleges that Defendant did not create the geographic location known as ABALI and did not originate the existence of the designation ABALI.

40. Plaintiff alleges that ABALI possesses geographic significance independent of Defendant's claimed ownership rights and that such significance must be considered in determining the scope of any rights claimed by Defendant.

41. Plaintiff disputes Defendant's claims of exclusivity and exclusive trademark rights in the designation ABALI and alleges that substantial factual disputes exist concerning the extent of any rights lawfully claimed by Defendant. Plaintiff further alleges that the existence of other businesses, products, commercial uses, and marketplace references associated with ABALI is inconsistent with Defendant's assertion that it possesses exclusive rights to the designation.

42. Plaintiff alleges that substantial factual disputes exist concerning the legal effect of ABALI's geographic significance and the extent to which Defendant may lawfully claim exclusive rights in the designation.

43. Plaintiff seeks judicial determination concerning the geographic significance of ABALI and the effect of such significance upon Defendant's claimed rights.

## Historical Recognition and Consumer Understanding

44. Plaintiff is informed and believes that consumers have historically recognized ABALI as a geographic designation associated with the well-known location of Abali, Iran.

45. Plaintiff is informed and believes that members of the public, including consumers, retailers, distributors, importers, manufacturers, and businesses, have associated the designation ABALI with Abali, Iran, independent of Defendant's commercial activities.

46. Plaintiff alleges that ABALI possessed marketplace recognition, commercial significance, geographic significance, and public awareness prior to Defendant's claimed adoption and use of the designation.

47. Plaintiff is informed and believes that consumers encountering products bearing the designation ABALI, including products marketed as "Doogh Abali" and products identified in Persian as "دوغ آبعلی," have historically understood the term as a geographic and cultural reference and not exclusively as an identifier of Defendant.

48. Plaintiff is informed and believes that ABALI-designated products have been available through businesses, distributors, retailers, importers, and commercial enterprises independent of Defendant, including in the United States and Canada, and that consumers therefore may encounter the designation ABALI from sources other than Defendant.

49. Plaintiff further alleges that public understanding, marketplace recognition, consumer perception, and historical use of ABALI are relevant to determining the scope, validity, enforceability, exclusivity, and limitations of Defendant's claimed rights.

50. Plaintiff is informed and believes that third parties, including consumers, distributors, retailers, importers, manufacturers, and industry participants, possess knowledge concerning the historical recognition, marketplace significance, public understanding, and consumer perception of ABALI.

51. Plaintiff alleges that testimony, documentary evidence, and other admissible evidence concerning consumer perception, marketplace recognition, historical use, third-party use, and public understanding of ABALI are relevant to the issues presented in this action.

52. Plaintiff further alleges that substantial factual disputes exist concerning whether consumers primarily associate ABALI with Defendant, with the geographic location of Abali, Iran, or with products and businesses that have used the designation independent of Defendant.

## Historical and First-Use Disputes

53. Plaintiff is informed and believes that Defendant and persons acting on Defendant's behalf have publicly circulated differing and inconsistent statements concerning the historical origins, development, continuity, ownership, and commercial history of the ABALI business and ABALI-branded products.

54. Plaintiff is informed and believes that certain public representations have described ABALI-related operations as having been founded in approximately 1963.

55. Plaintiff is informed and believes that other public representations have described ABALI-related operations as having commenced or existed in approximately 1984.

56. Plaintiff is informed and believes that Defendant has asserted first-use dates associated with ABALI dating to approximately 1985 in connection with trademark filings, trademark claims, and asserted rights relating to the ABALI designation.

57. Plaintiff is informed and believes that public representations further state that operations were relocated to Defendant's current facility in approximately 1988. Plaintiff is further informed and believes that Defendant has publicly represented through websites, advertising, promotional materials, labels, packaging, and commercial communications that "ABALI Tradition For Over 50 Years" and that "Sun Dairy Co. was founded in 1963."

58. Plaintiff alleges that such representations are material because Defendant relies upon them to support claims of historical continuity, goodwill, exclusivity, marketplace recognition, and trademark rights associated with ABALI.

59. Plaintiff is informed and believes that Pac Fill, Inc. was formed years after certain dates publicly associated with ABALI and that substantial factual questions therefore exist concerning the relationship, if any, between Defendant and operations allegedly predating the formation of Pac Fill, Inc.

60. Plaintiff further alleges that substantial factual disputes exist concerning whether products identified as ABALI, including products identified as "Doogh Abali" and other ABALI-designated products, existed independently of Defendant prior to Defendant's claimed first-use dates.

61. Plaintiff alleges that substantial factual disputes exist concerning the accuracy, continuity, ownership history, evidentiary support, significance, and legal effect of the various dates publicly associated with ABALI, including approximately 1963, 1984, 1985, and 1988.

62. Plaintiff further alleges that substantial factual disputes exist concerning first use, continuity of use, ownership history, chain of title, business continuity, succession, and the evidentiary basis for Defendant's claimed trademark rights associated with ABALI.

63. Plaintiff alleges that substantial factual disputes exist concerning Defendant's claimed first-use dates, continuity of use, ownership history, succession history, historical operations, and the factual and evidentiary basis for Defendant's historical representations concerning ABALI.

64. Plaintiff alleges that resolution of these disputes is necessary to determine the validity, scope, enforceability, ownership history, continuity of use, chain of title, and legal effect of Defendant's claimed trademark rights associated with ABALI.

65. Plaintiff further alleges that Defendant has asserted claims of exclusivity, continuity, and trademark rights relating to ABALI and has relied upon such claims to challenge, oppose, restrict, discourage, interfere with, delay, or prevent Plaintiff's proposed trademark-related activities, business planning efforts, and proposed manufacturing activities in the United States.

66. Plaintiff further alleges that Defendant's claims concerning founding dates, first-use dates, historical continuity, ownership history, succession, marketplace recognition, and exclusivity form a central basis of Defendant's asserted trademark rights, enforcement activities, and challenges directed toward Plaintiff. Judicial determination is therefore necessary to determine the validity, scope, enforceability, continuity, chain of title, and legal effect of Defendant's claimed rights and U.S. Trademark Registration No. 8,219,926, registered on April 21, 2026.

## Ownership and Chain of Title

67. Plaintiff disputes Defendant's asserted ownership and exclusivity claims relating to ABALI.

68. Plaintiff alleges that substantial questions exist concerning the chain of title underlying Defendant's claimed rights in ABALI.

69. Plaintiff is informed and believes that prior trademark registrations, applications, ownership claims, and commercial uses associated with ABALI existed before U.S. Trademark Registration No. 8,219,926, registered on April 21, 2026.

70. Plaintiff is informed and believes that one or more prior registrations and applications associated with ABALI expired, lapsed, were cancelled, abandoned,

or otherwise ceased to provide federal registration protection, including without limitation Serial Nos. 75659105, 77669506, and 87877206.

71. Plaintiff alleges that substantial factual disputes exist concerning the assignments, transfers, acquisitions, licenses, ownership history, and chain of title associated with the designation ABALI. Plaintiff further alleges that the validity, enforceability, scope, and legal effect of Defendant's claimed rights cannot be determined without examination of the ownership history, succession history, and chain of title associated with ABALI.

72. Plaintiff is informed and believes that Defendant obtained U.S. Trademark Registration No. 8,219,926 on or about April 21, 2026.

73. Plaintiff alleges that Defendant's claimed historical continuity, founding dates, first-use dates, ownership history, chain of title, and exclusivity assertions are material to the procurement, maintenance, enforcement, commercial value, scope, validity, and legal effect of U.S. Trademark Registration No. 8,219,926.

74. Plaintiff further alleges that substantial factual disputes exist concerning the evidentiary support, factual basis, historical continuity, ownership history, chain of title, and legal significance of such claims and representations.

75. Plaintiff disputes the validity, scope, enforceability, exclusivity, and legal effect of U.S. Trademark Registration No. 8,219,926.
76. Plaintiff seeks judicial determination concerning the ownership, chain of title, continuity, enforceability, exclusivity, scope, limitations, and legal effect of Defendant's claimed rights in ABALI.

77. Plaintiff alleges that substantial factual disputes exist concerning the identities, relationships, ownership interests, legal status, succession, historical continuity, and business relationships of the entities, trade names, brands, and commercial operations associated with the designations "ABALI," "Sun Dairy Co.," and "Pac Fill, Inc."

78. Plaintiff is informed and believes that Defendant has, at various times, publicly presented, referenced, described, advertised, or promoted ABALI, Sun Dairy Co., and Pac Fill, Inc. in a manner that may create confusion concerning the identity of the actual legal entity, the continuity of operations, the ownership of claimed trademark rights, and the business responsible for the manufacture, distribution,

promotion, importation, and sale of products marketed under the ABALI designation.

79. Plaintiff further alleges that substantial factual disputes exist concerning the relationship, if any, between Defendant and prior ABALI-related businesses, products, commercial activities, registrations, applications, and marketplace uses associated with the designation ABALI.

80. Plaintiff alleges that judicial determination is necessary to establish the legal relationship, if any, among ABALI, Sun Dairy Co., and Pac Fill, Inc., including the identity of the entity claiming ownership, continuity, goodwill, and trademark rights associated with the ABALI designation.

81. Plaintiff is informed and believes that Defendant has extensively used the names "Sun Dairy" and "Sun Dairy Co." in commerce, including on invoices, sales documents, marketing materials, product packaging, and other commercial communications. Plaintiff further alleges that substantial factual disputes exist concerning the legal status, ownership, identity, continuity, succession, and relationship among "Sun Dairy," "Sun Dairy Co.," Pac Fill, Inc., Sun DY Dairy and the entity or entities claiming ownership, continuity, goodwill, and trademark rights associated with the ABALI designation.

81A. Plaintiff is informed and believes that, despite Defendant's extensive public use of the names "Sun Dairy" and "Sun Dairy Co." in connection with the marketing, distribution, and sale of products, including the issuance of invoices, sales documents, and other commercial records bearing those names, Plaintiff has been unable to locate publicly available **fictitious business name** filings, registrations, or other public records identifying "Sun Dairy" or "Sun Dairy Co." as a registered fictitious business name or separate legal entity associated with Defendant. Plaintiff therefore alleges that substantial factual disputes exist concerning the legal status, identity, ownership, continuity, and relationship of "Sun Dairy" and "Sun Dairy Co." to Defendant.

81B. Plaintiff further alleges that substantial factual disputes therefore exist concerning the legal status, ownership, identity, continuity, and relationship among **"Sun Dairy," "Sun Dairy Co.," Pac Fill, Inc**., and any entity or entities claiming ownership, goodwill, continuity, or trademark rights associated with the ABALI designation.

## Defendant's Knowledge of Iran and ABALI

82. Plaintiff is informed and believes that Defendant has made references to Iran, Tehran, Iranian products, Iranian-origin goods, and related subjects in communications, pleadings, correspondence, commercial materials, enforcement activities, or public statements relating to ABALI.

83. Plaintiff is informed and believes that Defendant has alleged, asserted, referenced, or suggested that products associated with the ABALI designation originated from, were connected to, or were intended to be imported from Iran.

84. Plaintiff is informed and believes that Defendant has referenced sanctions-related issues, OFAC-related issues, importation issues, Iranian-origin products, or related matters in connection with Plaintiff's activities concerning ABALI.

85. Plaintiff alleges that such references demonstrate Defendant's knowledge of Iran, the geographic location of Abali, Iran, and the existence of products, businesses, commercial activities, and marketplace recognition associated with the designation ABALI independent of Defendant.

86. Plaintiff further alleges that Defendant's references to Iranian-origin products, importation issues, and sanctions-related matters are inconsistent with any assertion that Defendant was unaware of the historical, geographic, commercial, or marketplace significance of ABALI apart from Defendant's own activities.

86A. Plaintiff is informed and believes that Defendant has used the colors of the Iranian flag, references to Tehran, Iran, Iranian heritage, Iranian-origin products, and other Iranian-themed imagery, branding, and marketing materials in connection with products sold under the ABALI designation. Plaintiff alleges that such use is relevant to consumer perception, marketplace recognition, geographic significance, and Defendant's knowledge of the association between ABALI and Iran. Plaintiff further alleges that the use of such imagery and representations may

create, reinforce, or capitalize upon consumer associations between the ABALI designation and Iran.

87. Plaintiff alleges that Defendant's knowledge of Iran, Iranian-origin products, and ABALI-related commercial activity is relevant to the issues of geographic significance, consumer perception, exclusivity, ownership claims, and the scope of Defendant's asserted trademark rights.

## Iran References, Iranian Imagery, and Use of Iranian-Themed Branding

88. Plaintiff is informed and believes that Defendant has publicly represented ABALI as a longstanding business possessing substantial historical continuity, goodwill, reputation, and marketplace recognition.

89. Plaintiff is informed and believes that Defendant has publicly asserted exclusive rights in ABALI and has represented itself as the owner of rights associated with the designation.

90. Plaintiff is informed and believes that Defendant has made public representations concerning the origin, history, ownership, continuity, commercial significance, and marketplace recognition of ABALI.

91. Plaintiff is informed and believes that Defendant has promoted ABALI through historical narratives, founding-date representations, business-history representations, websites, advertising materials, labels, packaging, promotional materials, and related commercial claims.

92. Plaintiff is informed and believes that Defendant has publicly represented, among other things, that "ABALI Tradition For Over 50 Years" and that "Sun Dairy Co. was founded in 1963."

92A. Plaintiff is informed and believes that Defendant has publicly associated the ABALI designation with Tehran, Iran, Iranian heritage, Iranian-origin products, and related historical and cultural references through articles, promotional materials, commercial communications, websites, and other public representations.

92B. Plaintiff is informed and believes that Defendant has utilized logos, imagery, graphics, promotional materials, and branding elements incorporating or resembling the colors of the Iranian flag and other Iranian-themed references in connection with products sold under the ABALI designation. Plaintiff further alleges that such use is relevant to consumer perception, marketplace recognition, geographic significance, and Defendant's knowledge of the association between ABALI and Iran.

93. Plaintiff alleges that such representations are material because Defendant relies upon them to support claims of historical continuity, goodwill, exclusivity, marketplace recognition, and trademark rights associated with ABALI.

94. Plaintiff alleges that consumers, distributors, retailers, importers, and marketplace participants may rely upon Defendant's public representations in evaluating products sold under the ABALI designation.

95. Plaintiff further alleges that substantial factual disputes exist concerning the accuracy, completeness, historical basis, and evidentiary support for Defendant's public representations concerning ABALI.

96. Plaintiff further alleges that substantial factual disputes exist concerning the accuracy, consistency, historical basis, completeness, and evidentiary support of advertising materials, websites, labels, packaging, business profiles, promotional materials, directory listings, public statements, and other representations concerning ABALI, Sun Dairy Co., and Pac Fill, Inc.

## Municipal Records and Property History

97. Plaintiff has reviewed publicly available municipal records, assessor records, occupancy records, zoning records, and property records concerning Defendant's facility located at 5471 West San Fernando Road, Los Angeles, California.

98. Plaintiff is informed and believes that publicly available records associated with the property identify warehouse, office, storage, industrial, packaging, distribution, and related uses.

99. Plaintiff is informed and believes that Certificates of Occupancy associated with the property identify warehouse, office, shop, and related industrial uses.

100. Plaintiff alleges that publicly available records raise substantial factual questions concerning the historical nature, continuity, timing, and scope of operations conducted at the property.

101. Plaintiff alleges that publicly available records do not, on their face, establish continuous dairy-manufacturing, yogurt-production, doogh-production, or milk-processing operations dating back to the historical periods represented by Defendant.

102. Plaintiff is informed and believes that the property has historically been associated with industrial, warehouse, storage, packaging, and distribution classifications and uses that are not, on their face, indicative of continuous dairy-manufacturing operations.

103. Plaintiff further alleges that substantial factual disputes exist concerning when dairy manufacturing, milk processing, yogurt production, doogh production, bottling, filling, food processing, and related operations first commenced at the property.

104. Plaintiff is informed and believes that publicly available records published by the United States Food and Drug Administration ("FDA") and the Interstate Milk Shippers ("IMS") program identify a regulatory listing, certification, approval, permit, or authorization associated with Defendant's facility dated approximately 2018. Plaintiff further alleges that such records do not, on their face, establish whether regulated dairy operations existed at the facility during earlier periods represented by Defendant, including approximately 1963, 1984, or 1985.

105. Plaintiff further alleges that, based upon the publicly available FDA and IMS records identified to date, the 2018 listing or approval represents the earliest publicly identified documented record associated with regulated dairy-related activities at Defendant's facility, subject to the existence of competent evidence establishing earlier regulated dairy operations.

106. Plaintiff alleges that substantial factual disputes exist concerning occupancy records, permits, zoning records, change-of-use approvals, building permits, health permits, dairy permits, licenses, inspections, Certificates of Occupancy, and related governmental records concerning the property.

107. Plaintiff further alleges that substantial factual disputes exist concerning when dairy manufacturing, milk processing, yogurt production, doogh production, food processing, packaging, filling, bottling, warehousing, distribution, and related activities first commenced at the property and whether such activities were continuously conducted during the historical periods represented by Defendant.

108. Plaintiff alleges that the historical use of the property is relevant to determining the accuracy of Defendant's public representations concerning manufacturing history, historical continuity, founding-date claims, first-use claims, business history, and marketplace identity.

109. Plaintiff further alleges that substantial factual disputes exist concerning the relationship, if any, between the historical uses reflected in publicly available property records and Defendant's public representations concerning ABALI, Sun Dairy Co., and the historical continuity of operations associated with the ABALI designation.

109A. Plaintiff is informed and believes that publicly available photographs, aerial imagery, municipal records, and other publicly available information depict industrial, warehouse, storage, transportation, recycling, salvage, and related commercial activities in the vicinity of Defendant's facility.

109B. Plaintiff alleges that the nature of the surrounding area, together with publicly available property records, occupancy records, zoning records, and other governmental records, is relevant to determining the historical use of the property, the nature and scope of operations conducted at the facility, and the accuracy of Defendant's public representations concerning its manufacturing history and historical continuity.

110. Plaintiff further alleges that substantial factual disputes exist concerning whether products sold under the ABALI designation were manufactured, processed, packaged, filled, bottled, imported, supplied, distributed, warehoused, or otherwise produced by third-party

manufacturers, processors, co-packers, contract manufacturers, bottlers, suppliers, importers, distributors, or other entities rather than by Defendant itself.

## Manufacturing, Packaging, and Filling Issues

111. Plaintiff is informed and believes that Defendant has publicly represented itself as a manufacturer and producer of products sold under the ABALI designation.

112. Plaintiff alleges that substantial factual disputes exist concerning the extent to which products sold under the ABALI designation were actually manufactured by Defendant.

113. Plaintiff further alleges that substantial factual disputes exist concerning the identity and extent of participation of such third parties in the manufacture, processing, packaging, bottling, importation, and distribution of products sold under the ABALI designation.

114. Plaintiff is informed and believes that one or more third-party manufacturers, processors, co-packers, contract manufacturers, bottlers, suppliers, importers, distributors, or producers may have participated in the production, processing, packaging, bottling, importation, or distribution of products sold under the ABALI designation.

115. Plaintiff alleges that the identity of manufacturers, processors, co-packers, contract manufacturers, bottlers, packagers, suppliers, importers, distributors, and producers associated with products sold under the ABALI designation remains relevant to the issues presented in this action and has not been fully disclosed.

116. Plaintiff further alleges that the dates on which such relationships commenced, the products involved, the facilities utilized, and the locations where such activities occurred remain disputed factual issues relevant to Defendant's claims concerning manufacturing history, historical continuity, product origin, business history, and trademark rights.

117. Plaintiff further alleges that substantial factual disputes exist concerning the existence and extent of imported products, foreign manufacturers, foreign

suppliers, foreign processors, and foreign production arrangements associated with products sold under the ABALI designation.

118. Plaintiff alleges that the identity of the actual manufacturers, processors, suppliers, importers, distributors, and producers of products sold under the ABALI designation is directly relevant to Defendant's claims concerning manufacturing history, historical continuity, product origin, business history, and trademark rights.

119. Plaintiff further alleges that substantial factual disputes exist concerning whether Defendant's historical operations primarily consisted of manufacturing, processing, packaging, filling, bottling, warehousing, importing, distribution, contract production management, or related activities.

120. Plaintiff alleges that the actual source, manufacture, processing, production, packaging, bottling, importation, distribution, and supply of products sold under the ABALI designation remain disputed factual issues requiring judicial determination.

121. Plaintiff further alleges that substantial factual disputes exist concerning the identity of the facilities, suppliers, processors, and sources involved in providing milk, dairy ingredients, cultures, and other materials used in products sold under the ABALI designation, and the extent to which such sources are consistent with Defendant's public representations concerning product origin and manufacture.

## California Grade A Milk and Product-Origin Representations

122. Plaintiff is informed and believes that Defendant has publicly promoted products through references to "California Grade A Milk," "Made with Real California Milk," and related representations concerning quality, origin, manufacture, production, and sourcing.

123. Plaintiff alleges that substantial factual disputes exist concerning the factual basis, scope, accuracy, and application of such representations to products sold under the ABALI designation.

124. Plaintiff alleges that substantial factual disputes exist concerning the identity of the actual suppliers of milk, dairy ingredients, cultures, yogurt products, doogh products, cheese products, and related products sold under the ABALI designation.

125. Plaintiff further alleges that substantial factual disputes exist concerning the facilities where such products were manufactured, processed, cultured, packaged, bottled, labeled, filled, stored, or otherwise prepared for sale.

126. Plaintiff alleges that substantial factual disputes exist concerning the geographic origin of the milk, dairy ingredients, and other materials used in products sold under the ABALI designation, including the identity of the suppliers and production facilities involved.

127. Plaintiff alleges that the actual source, manufacture, processing, production, packaging, and geographic origin of products sold under the ABALI designation are directly relevant to the issues presented in this action, including Defendant's claims concerning product origin, historical continuity, manufacturing history, goodwill, and trademark rights.

128. Plaintiff further alleges that substantial factual disputes exist concerning the relationship, if any, between Defendant's product-origin representations and the actual sources, suppliers, manufacturers, processors, and facilities involved in products sold under the ABALI designation.

129. Plaintiff is informed and believes that products marketed under the ABALI designation have included products imported from foreign suppliers, manufacturers, processors, and producers.

130. Plaintiff is informed and believes that publicly available import records identify imports of dairy products associated with Defendant from foreign manufacturers and suppliers, including suppliers located in Greece.

131. Plaintiff is informed and believes that publicly available import records identify shipments of dairy products, including cheese and related dairy products, imported in connection with Defendant's business activities.

132. Plaintiff alleges that the identity and role of foreign suppliers, manufacturers, processors, exporters, importers, shipping companies, customs brokers, freight

forwarders, distributors, and other entities involved in supplying products sold under the ABALI designation remain relevant factual issues in dispute.

133. Plaintiff further alleges that substantial factual disputes exist concerning the nature, extent, and scope of import transactions and related business activities associated with products sold under the ABALI designation, including customs activities, shipping arrangements, warehouse operations, and supply-chain relationships.

134. Plaintiff alleges that substantial factual disputes exist concerning the existence, nature, and scope of domestic and foreign co-packing arrangements, contract-manufacturing arrangements, private-label arrangements, bottling arrangements, filling arrangements, supply agreements, and third-party production arrangements relating to products sold under the ABALI designation.

135. Plaintiff further alleges that the identity and participation of entities that manufactured, processed, packaged, bottled, labeled, supplied, imported, exported, warehoused, distributed, or otherwise participated in the production and sale of products sold under the ABALI designation from the earliest claimed use date through the present remain relevant factual issues in dispute.

136. Plaintiff alleges that substantial factual disputes exist concerning the dates on which such relationships commenced, the products involved, the facilities utilized, and the geographic locations where such activities occurred.

137. Plaintiff alleges that the existence, nature, and scope of such importation, supply, manufacturing, co-packing, bottling, filling, and distribution arrangements are directly relevant to Defendant's claims concerning manufacturing history, continuity of use, product origin, business history, marketplace identity, and trademark rights.

138. Plaintiff further alleges that substantial factual disputes exist concerning the extent to which products sold under the ABALI designation were manufactured by Defendant, manufactured by third parties, imported from foreign sources, or produced through co-packing, contract-manufacturing, or private-label arrangements.

139. Plaintiff alleges that dairy manufacturing, milk processing, yogurt production, doogh production, bottling, filling, packaging, and related food-processing

activities are generally subject to governmental licensing, inspection, permitting, certification, and regulatory oversight.

140. Plaintiff alleges that records maintained by the United States Food and Drug Administration ("FDA"), including registrations, inspections, approvals, notices, compliance records, warning letters, and related governmental records, are relevant to determining the nature, scope, timing, and regulatory history of Defendant's operations.

141. Plaintiff further alleges that records maintained by the California Department of Food and Agriculture ("CDFA"), including licenses, permits, inspections, approvals, notices, plant registrations, dairy plant records, and related governmental records, are relevant to determining the nature, extent, continuity, and timing of Defendant's dairy operations.

142. Plaintiff alleges that records maintained by county, municipal, and local health authorities concerning inspections, sanitation, food safety, compliance, violations, corrective actions, permits, licenses, approvals, and related matters are relevant to determining the existence, scope, continuity, and regulatory history of Defendant's operations.

143. Plaintiff further alleges that substantial factual disputes exist concerning whether Defendant possessed the licenses, permits, approvals, dairy plant registrations, health permits, manufacturing authorizations, and other regulatory approvals necessary to support Defendant's publicly asserted manufacturing history, historical continuity, founding-date representations, first-use claims, and claimed trademark rights relating to ABALI.

144. Plaintiff further alleges that the FDA, Interstate Milk Shippers ("IMS"), CDFA, and related regulatory records presently identified do not, on their face, establish continuous dairy-manufacturing, milk-processing, yogurt-production, or doogh-production operations dating back to the historical periods publicly represented by Defendant, including approximately 1963, 1984, and 1985. Plaintiff further alleges that the currently identified regulatory records raise substantial factual disputes concerning the accuracy, continuity, duration, and evidentiary support for Defendant's historical representations unless supported by additional documentary evidence not presently known to Plaintiff.

Damages, Expenses, and Disruption

145. Plaintiff incurred consultant fees, professional-service expenses, legal consultation expenses, translation expenses, research expenses, investigative expenses, travel expenses, business-development expenses, and other costs in evaluating Defendant's claims, enforcement activities, and the marketplace history associated with ABALI.

146. Plaintiff incurred litigation-related expenses, court filing fees, document-retrieval expenses, records-request expenses, service expenses, mailing expenses, and other costs associated with protecting and preserving Plaintiff's rights.

147. Plaintiff alleges that Defendant's conduct disrupted Plaintiff's business planning, trademark-related activities, commercial preparations, supplier discussions, manufacturing planning, and product-development efforts.

148. Plaintiff further alleges that Defendant's claims, threats, enforcement activities, and litigation conduct caused Plaintiff to delay, suspend, postpone, modify, or refrain from pursuing planned business activities involving the ABALI designation until the parties' rights could be determined.

149. Plaintiff alleges that Defendant's conduct created uncertainty concerning Plaintiff's ability to lawfully proceed with planned commercial activities, trademark-related activities, product development, manufacturing plans, supplier relationships, and business expansion efforts.

150. Plaintiff alleges that Defendant's conduct caused Plaintiff to expend substantial time, resources, and business-development efforts and contributed to delays, interruptions, and uncertainty concerning Plaintiff's planned commercial activities involving the ABALI designation.

151. Plaintiff seeks all relief authorized by law, including declaratory relief, cancellation, modification, or other relief under 15 U.S.C. § 1119 where appropriate, restitution, disgorgement where authorized by law, recoverable costs, recoverable fees, and such other relief as the Court deems proper and supported by the evidence.

152. Plaintiff further alleges that the full extent of the relief to which Plaintiff may be entitled cannot presently be determined because the facts concerning Defendant's conduct, commercial activities, revenues, profits, enforcement

activities, historical operations, and claimed trademark rights have not yet been fully established.

## Witnesses and Evidence

153. Plaintiff is informed and believes that witnesses exist who possess knowledge concerning the historical significance, geographic significance, marketplace recognition, consumer perception, public understanding, historical use, and commercial significance of ABALI.

154. Plaintiff is informed and believes that industry participants, distributors, importers, exporters, retailers, suppliers, manufacturers, consumers, and other commercial participants possess knowledge relevant to the issues presented in this action.

155. Plaintiff is informed and believes that current or former employees, officers, contractors, consultants, agents, representatives, distributors, suppliers, and other individuals associated with Defendant may possess relevant knowledge concerning Defendant's operations, manufacturing activities, sourcing activities, packaging activities, bottling activities, importation activities, distribution activities, ownership claims, and historical representations.

156. Plaintiff is informed and believes that expert testimony may be relevant concerning trademark issues, consumer perception, geographic significance, marketing practices, food-industry practices, dairy-industry practices, business history, accounting matters, and other issues presented in this action.

157. Plaintiff is informed and believes that documentary, photographic, audiovisual, governmental, regulatory, commercial, corporate, trademark, importation, shipping, financial, and other records exist that are relevant to the issues presented in this action.

158. Plaintiff further alleges that evidence exists concerning products identified as "Doogh Abali," "Doogh Abeali," and other products associated with the

designation ABALI, including evidence relating to their marketing, distribution, sale, and consumer recognition in North America.

159. Plaintiff alleges that additional witnesses, documents, and evidence relevant to the issues presented in this action may be identified as the facts are further developed.
160. Plaintiff alleges that the foregoing witnesses and evidence are relevant to determining the ownership, validity, enforceability, scope, exclusivity, geographic significance, historical recognition, commercial use, consumer perception, chain of title, business history, and marketplace identity associated with the ABALI designation.

# FIRST CAUSE OF ACTION

# DECLARATORY RELIEF REGARDING ABALI

**(28 U.S.C. §§ 2201–2202)**

161. Plaintiff repeats and incorporates by reference each and every allegation contained in Paragraphs 1 through 160 as though fully set forth herein.

162. An actual, present, and substantial controversy exists between Plaintiff and Defendant concerning the ownership, validity, enforceability, continuity of use, chain of title, geographic significance, scope, exclusivity, and lawful use of the designation ABALI.

163. Defendant has asserted exclusive rights in ABALI and has taken the position that Plaintiff's proposed use of ABALI infringes Defendant's claimed rights.

164. Plaintiff disputes Defendant's claims of exclusive ownership, exclusive use, exclusivity, continuity, and exclusive control over the designation ABALI.

165. Plaintiff alleges that substantial factual disputes exist concerning Defendant's claimed first-use dates, continuity of use, ownership history, chain of title,

historical use, marketplace recognition, and the factual basis for Defendant's asserted trademark rights.

166. Plaintiff further alleges that substantial factual disputes exist concerning the geographic significance of ABALI and the extent to which Defendant may lawfully claim exclusive rights in the designation.

167. Plaintiff alleges that the geographic location and designation known as ABALI existed independently of Defendant and long before Defendant's claimed adoption and use of the designation.

168. Plaintiff alleges that ABALI possesses historical, cultural, commercial, and geographic significance independent of Defendant's claimed rights.

169. Plaintiff further alleges that ABALI has long been recognized and used as a geographic designation and geographic reference independent of Defendant's claimed rights.

170. Plaintiff disputes Defendant's asserted right to claim exclusivity beyond the scope permitted by applicable trademark law with respect to a designation possessing independent geographic significance.

171. Plaintiff disputes Defendant's asserted right to prohibit lawful uses of the designation ABALI beyond the scope of any rights lawfully possessed by Defendant.

172. Plaintiff alleges that actual and substantial controversies exist concerning the scope, validity, enforceability, ownership history, continuity, chain of title, and legal effect of Defendant's claimed rights, including U.S. Trademark Registration No. 8,219,926, registered on April 21, 2026, thereby requiring judicial determination.

**173. Plaintiff seeks a judicial declaration determining:**

The ownership of any rights claimed in ABALI;

The continuity of any such rights;

The chain of title underlying any such rights;

The geographic significance of ABALI;

The scope and limitations of any rights claimed by Defendant;

Whether Defendant possesses enforceable exclusive rights in ABALI;

Whether Defendant's claimed rights are subject to limitations arising from the geographic significance, historical use, public recognition, and marketplace use of ABALI;

The extent to which Defendant may lawfully restrict, challenge, or oppose uses of ABALI by third parties;

The parties' respective rights concerning the designation ABALI;

The validity, scope, enforceability, and legal effect of U.S. Trademark Registration No. 8,219,926;

Whether cancellation, modification, restriction, or other relief concerning U.S. Trademark Registration No. 8,219,926 is appropriate pursuant to 15 U.S.C. § 1119.

174. Plaintiff further seeks a declaration that any rights claimed by Defendant are subject to all applicable limitations, defenses, restrictions, and requirements imposed by federal trademark law.

175. A judicial declaration is necessary and appropriate to resolve the controversy between the parties and to determine their respective rights concerning ABALI.

176. Unless the Court grants declaratory relief, the controversy between the parties will continue and Plaintiff will continue to suffer uncertainty, expense, disruption, delay, and harm.

WHEREFORE, Plaintiff requests declaratory relief as set forth in the Prayer for Relief below.

## SECOND CAUSE OF ACTION

## CANCELLATION, RESTRICTION, MODIFICATION,

**OR DECLARATION OF UNENFORCEABILITY OF REGISTRATION NO. 8,219,926**

**(15 U.S.C. § 1119)**

177. Plaintiff repeats and incorporates by reference each and every allegation contained in Paragraphs 1 through 176 as though fully set forth herein.

178. Defendant claims rights arising from U.S. Trademark Registration No. 8,219,926, registered on April 21, 2026, relating to the designation ABALI.

179. Defendant has relied upon and continues to rely upon U.S. Trademark Registration No. 8,219,926 in asserting exclusive rights against Plaintiff.

180. Plaintiff disputes the validity, scope, enforceability, exclusivity, ownership basis, and legal effect of U.S. Trademark Registration No. 8,219,926.

181. Plaintiff alleges that substantial factual disputes exist concerning Defendant's claimed first-use dates, continuity of use, ownership history, chain of title, historical use, marketplace recognition, and commercial significance associated with ABALI.

182. Plaintiff is informed and believes that prior registrations, applications, ownership claims, and commercial uses relating to ABALI existed before U.S. Trademark Registration No. 8,219,926 and that one or more prior registrations and applications relating to ABALI expired, lapsed, were cancelled, abandoned, or otherwise ceased to provide federal registration protection, including without limitation Serial Nos. 75659105, 77669506, and 87877206.

183. Plaintiff further alleges that substantial factual disputes exist concerning the geographic significance of ABALI and the extent to which Defendant may lawfully claim exclusive rights in the designation.

184. Plaintiff alleges that substantial factual disputes exist concerning the ownership history, succession history, chain of title, assignments, transfers,

acquisitions, licenses, continuity of use, and factual basis underlying Defendant's claimed rights and historical representations concerning ABALI.

185. Plaintiff alleges that actual and substantial controversies exist concerning the validity, scope, enforceability, ownership basis, and legal effect of U.S. Trademark Registration No. 8,219,926, including issues relating to first use, continuity of use, ownership history, chain of title, geographic significance, historical use, and marketplace recognition.

186. Plaintiff further alleges that actual and substantial controversies exist concerning the relationship, if any, among ABALI, Sun Dairy Co., Pac Fill, Inc., prior ABALI-related registrations, and any predecessor businesses or entities claiming rights in the designation.

187. Plaintiff therefore seeks a determination of the validity, scope, enforceability, ownership basis, and legal effect of U.S. Trademark Registration No. 8,219,926.

188. Plaintiff further seeks cancellation, restriction, modification, limitation, partial cancellation, declaration of unenforceability, or such other relief concerning U.S. Trademark Registration No. 8,219,926 as may be justified by the evidence and permitted by law pursuant to 15 U.S.C. § 1119.

189. Plaintiff alleges that judicial determination of these issues is necessary to resolve the controversy between the parties.

190. Unless relief is granted, Defendant will continue to rely upon U.S. Trademark Registration No. 8,219,926 in asserting disputed claims of exclusivity against Plaintiff.

# THIRD CAUSE OF ACTION

## FALSE DESIGNATION OF ORIGIN

## (15 U.S.C. § 1125(a)(1)(A))

191. Plaintiff repeats and incorporates by reference each and every allegation contained in Paragraphs 1 through 190 as though fully set forth herein.

192. Defendant has used and continues to use the designation ABALI in connection with the advertising, promotion, marketing, distribution, labeling, packaging, sale, and commercial presentation of products offered to consumers.

193. Plaintiff is informed and believes that Defendant has made representations concerning the origin, source, identity, history, affiliation, sponsorship, ownership, continuity, manufacture, and commercial significance of products sold under the ABALI designation.

194. Plaintiff is informed and believes that publicly available import records identify imports of dairy products associated with Defendant from foreign manufacturers and suppliers, including Dairy Industry of Drama S.A. (NEOGAL), a dairy producer located in Greece.

195. Plaintiff alleges that substantial factual disputes exist concerning the actual origin, manufacture, production, processing, sourcing, packaging, bottling, supply, importation, and commercial presentation of products sold under the ABALI designation.

196. Plaintiff further alleges that substantial factual disputes exist concerning the extent to which products sold under the ABALI designation were manufactured directly by Defendant, imported from foreign suppliers, supplied by third parties, produced through co-packing arrangements, contract-manufacturing arrangements, private-label arrangements, or otherwise sourced from entities other than Defendant.

197. Plaintiff is informed and believes that Defendant has publicly represented itself as a dairy manufacturer and producer of products sold under the ABALI designation and has promoted products through references to California dairy production, California Grade A milk, manufacturing operations, dairy processing, yogurt production, doogh production, and related representations.

198. Plaintiff alleges that Defendant has publicly associated the ABALI designation with historical narratives, heritage narratives, marketplace narratives, geographic references, cultural references, and commercial representations material to consumer understanding of the designation.

199. Plaintiff is informed and believes that consumers may associate the designation ABALI with geographic, historical, cultural, and commercial significance independent of Defendant.

200. Plaintiff alleges that the actual origin, source, sponsorship, affiliation, identity, manufacture, processing, and commercial presentation of products sold under the ABALI designation are material facts relevant to consumers, distributors, retailers, regulators, and marketplace participants.

201. Plaintiff alleges that substantial factual disputes exist concerning the accuracy, scope, factual basis, and legal significance of Defendant's representations concerning the origin, source, sponsorship, affiliation, identity, manufacture, processing, and commercial presentation of products sold under the ABALI designation.

202. To the extent the evidence establishes that Defendant made materially inaccurate, misleading, false, unsupported, or confusing representations concerning the origin, manufacture, source, sponsorship, affiliation, identity, or commercial presentation of products sold under the ABALI designation, Plaintiff seeks all relief authorized by law under 15 U.S.C. § 1125(a)(1)(A).

203. Such relief may include declaratory relief, injunctive relief, corrective relief, accounting, restitution, disgorgement, monetary relief where authorized by law, costs, and such additional relief as the Court deems just and proper.

204. Judicial intervention is necessary to determine the true nature, origin, source, manufacture, processing, and commercial presentation of products marketed under the ABALI designation.

WHEREFORE, Plaintiff requests judgment against Defendant as set forth in the Prayer for Relief below.

# FOURTH CAUSE OF ACTION

## FALSE ADVERTISING

(15 U.S.C. § 1125(a)(1)(B))

205. Plaintiff repeats and incorporates by reference each and every allegation contained in Paragraphs 1 through 204 as though fully set forth herein.

206. Defendant has used commercial advertising, marketing materials, product packaging, product labels, websites, business-directory listings, promotional materials, and other commercial communications in connection with products sold under the ABALI designation.

207. Plaintiff is informed and believes that Defendant has publicly represented, among other things, that ABALI-related operations were founded in approximately 1963 and 1984, that first use of the ABALI designation dates to approximately 1985, that operations were relocated to the present facility in approximately 1988, and that ABALI represents a tradition spanning more than fifty years.

208. Plaintiff alleges that substantial factual disputes exist concerning the accuracy, evidentiary support, continuity, historical basis, legal significance, and commercial implications of such representations.

209. Plaintiff is informed and believes that Defendant has publicly represented itself as a manufacturer and producer of dairy products sold under the ABALI designation and has promoted products through references to California Grade A milk, California dairy production, dairy-manufacturing operations, yogurt production, doogh production, and related manufacturing claims.

210. Plaintiff alleges that substantial factual disputes exist concerning the factual basis, scope, accuracy, and evidentiary support for such manufacturing and production-related representations.

211. Plaintiff is informed and believes that Defendant has publicly promoted ABALI as a longstanding and continuous business possessing substantial historical continuity, marketplace recognition, heritage, and commercial significance.

212. Plaintiff alleges that substantial factual disputes exist concerning Defendant's claimed continuity of use, ownership history, chain of title, historical operations, succession, and commercial continuity.

213. Plaintiff is informed and believes that publicly available business-information sources have attributed substantial revenues and commercial activity to Defendant's operations.

214. Plaintiff alleges that substantial factual disputes exist concerning the factual basis, evidentiary support, and accuracy of Defendant's publicly circulated claims regarding revenues, manufacturing activities, historical continuity, business history, marketplace presence, ownership history, and commercial operations.
215. Plaintiff alleges that consumers, distributors, retailers, and marketplace participants are entitled to truthful and non-misleading information concerning the origin, manufacture, history, continuity, identity, ownership, and commercial presentation of products sold under the ABALI designation.

216. Plaintiff alleges that substantial factual disputes exist concerning whether Defendant's commercial advertising, promotional materials, labels, packaging, websites, directory listings, and related commercial representations accurately reflect the underlying facts.

217. To the extent the evidence establishes that Defendant made materially false, misleading, unsupported, inaccurate, deceptive, or confusing commercial representations concerning the history, continuity, manufacture, source, origin, ownership, identity, affiliation, revenues, or commercial presentation of ABALI products, Plaintiff seeks all relief authorized by law under 15 U.S.C. § 1125(a)(1)(B).

218. Such relief may include declaratory relief, injunctive relief, corrective advertising, corrective disclosures, accounting, restitution, disgorgement, monetary relief where authorized by law, costs, and such additional relief as the Court deems just and proper.

219. Judicial determination of these issues is necessary to resolve the parties' dispute concerning ABALI and Defendant's claimed rights.

WHEREFORE, Plaintiff requests judgment against Defendant as set forth in the Prayer for Relief below.

**FIFTH CAUSE OF ACTION**

**DECLARATORY RELIEF REGARDING USE OF ABALI**

**(28 U.S.C. §§ 2201–2202)**

220. Plaintiff repeats and incorporates by reference each and every allegation contained in Paragraphs 1 through 219 as though fully set forth herein.
221. An actual and present controversy exists between Plaintiff and Defendant concerning Plaintiff's ability to lawfully use, reference, describe, identify, market, advertise, promote, or otherwise engage in commercial activities involving the designation ABALI within California and the United States.

222. Defendant has asserted exclusive rights in ABALI and has taken the position that Plaintiff's proposed activities involving ABALI infringe Defendant's claimed rights.

223. Plaintiff disputes Defendant's assertion that Defendant possesses rights broad enough to prohibit lawful uses of ABALI beyond the scope of any rights lawfully possessed by Defendant.

224. Plaintiff alleges that ABALI possesses geographic, historical, cultural, and commercial significance independent of Defendant's claimed rights and that the extent to which Plaintiff may lawfully use, reference, describe, identify, market, advertise, promote, or otherwise engage in activities involving ABALI remains an actual and substantial controversy between the parties.

225. Plaintiff seeks a judicial declaration defining the parties' respective rights concerning the lawful use of ABALI and the extent to which Plaintiff may lawfully engage in activities involving the designation.

226. Plaintiff further seeks a declaration that any rights possessed by Defendant are limited to the scope supported by competent evidence and authorized under applicable trademark law.

227. Plaintiff alleges that uncertainty concerning Plaintiff's rights has adversely affected Plaintiff's business planning, trademark activities, and commercial activities.

228. Judicial determination is necessary to resolve the controversy and establish the parties' respective rights concerning the use of ABALI.

229. Unless relief is granted, the controversy concerning the use of ABALI will continue.

WHEREFORE, Plaintiff requests declaratory relief as set forth in the Prayer for Relief below.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that judgment be entered in Plaintiff's favor and against Defendant, and that the Court grant the following relief:

A declaratory judgment determining the parties' respective rights concerning the designation ABALI;

A declaration determining the ownership, continuity of use, chain of title, scope, enforceability, limitations, and legal effect of any rights claimed in ABALI;

A declaration concerning the geographic significance of ABALI and the effect of such significance upon the scope and limitations of Defendant's claimed rights;

A declaration determining the lawful scope of Defendant's claimed exclusive rights, if any;

Cancellation, restriction, modification, limitation, partial cancellation, declaration of unenforceability, or such other relief concerning U.S. Trademark Registration No. 8,219,926 as the Court deems appropriate pursuant to 15 U.S.C. § 1119;

An equitable accounting, where authorized by law, concerning revenues, profits, sales, imports, exports, licensing activities, and commercial activities relating to products sold under the ABALI designation;

Restitution, where authorized by law;

Disgorgement of profits, where authorized by law;

Corrective disclosures sufficient to accurately inform consumers, retailers, distributors, regulators, and marketplace participants concerning matters determined by the Court;

Corrective statements concerning any historical, ownership, continuity, manufacturing, origin, affiliation, succession, or identity representations determined by the Court to be materially inaccurate or misleading;

Corrective advertising where authorized by law and supported by the evidence;

Recoverable costs and expenses as permitted by law;

Attorneys' fees, expert fees, and other recoverable fees and expenses to the extent authorized by statute, rule, contract, or other applicable law;

Costs of suit incurred herein;

Such declaratory, equitable, injunctive, corrective, accounting, restitutionary, monetary, and other relief as the Court deems just and proper;

Such relief as may be necessary to prevent Defendant from asserting trademark rights broader than those authorized by law, including relief necessary to prevent the improper expansion of claimed exclusivity beyond the limits imposed by applicable trademark law and the geographic significance of ABALI;

A declaration and such corrective or equitable relief as the Court deems appropriate concerning any founding-date representations, first-use representations, ownership-history claims, succession claims, manufacturing-history claims, or other historical representations relating to ABALI that are determined by the Court to be materially inaccurate, misleading, or unsupported by competent evidence;

Such other and further relief as the Court deems just, proper, and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

DATED: June 1, 2026

Respectfully submitted,

/s/ Steve Dashti

Steve Dashti

Plaintiff, Pro Se

# ABOUT US

## "ABALI" Tradition For Over 50 Years!

### 50-YEAR TRADITION OF NATURAL, QUALITY DAIRY PRODUCTS!

SUN DAIRY CO. WAS FOUNDED IN 1963 AND HAS REMAINED A FAMILY BUSINESS EVER SINCE. WE ARE COMMITTED TO PROVIDING OUR CUSTOMERS WITH UNCOMPROMISING INTEGRITY, EXEMPLARY SERVIC HONEST AND FAIR PRICING, OFFERING THE HIGHEST QUALITY AND FRESHNESS.

WE ARE PLANTING THE SEED TOWARDS STRONGER RELATIONSHIPS, CONTINUED GROWTH, AND CREATING A FUTURE HARVEST OF SUCCESS.

ABALI TRADITION STARTED WITH OUR WORLD FAMOUS YOGURT SODA PRODUCTS AND HAS NOW EXPANDED INTO OUR DELICIOUS YOGURTS, CREAMS AND DIPS.

OUR FACTORY IS LOCATED IN THE HEART OF LOS ANGELES, CA, BUT WE PROVIDE BOTH LARGE AND SMALL CUSTOMERS THE SAME GREAT SERVICE AND PRICES WITHOUT COMPROMISING QUALITY & FRESHNESS THROUGOUT USA, CANADA, MIDDLE EAST AND EUROPE.

ZARTONK Homeland Meets Diaspora

*Friday, May 29, 2026*

# From Tehran to Los Angeles: How Abali Yogurt Became a Staple In Homes Across North America

**Business From Tehran to Los Angeles: How Abali Yogurt Became a Staple in Homes Across North America**

*Share*






**By The Editor**

**May 15, 2026**

**Founded in 1984 by brothers Edward and Vahik Sarkissian, Abali Yogurt is more than just a brand—it is a story of resilience, entrepreneurship, and community.**

**Before establishing their business in Los Angeles, the Sarkissian brothers brought with them years of experience in beverage manufacturing in Tehran, where they worked with globally recognized products such as Tuborg and Canada Dry. That foundation would prove critical in building what would become a household name across Armenian and broader communities in North America.**

**Starting in West Covina, the company initially focused on bottling soda. But it was their pivot to yogurt and yogurt-based drinks that transformed Abali into something much greater—a brand synonymous with quality, tradition, and authenticity.**

**By 1988, the company relocated to its current facility on the Glendale-Los Angeles border, placing it at the heart of the Armenian-American community it continues to serve today.**

**Over the decades, Abali has expanded its product line and distribution, now reaching customers nationwide and across Canada. Yet despite its growth, the company has remained true to its roots, still family-owned and operated, with multiple members of the Sarkissian family actively involved in its day-to-day operations.**

**That continuity is reflected not only in its products, but in its values.**

**Abali takes pride not just in delivering high-quality dairy products, but in supporting the community that helped it grow. From local initiatives to charitable contributions, the company has remained deeply engaged in giving back, reinforcing its role as more than a business, but a pillar within the community.**

**Nearly four decades later, Abali Yogurt stands as a testament to what can be built when tradition, quality, and community come together.**

**esult 1 of 8** for abali

# Search result details for serial number 75659105

**Trademark**

**Wordmark**
ABALI

**Serial number**
75659105

**Registration number**
2324232

**Filing date**
1999-03-12

**Registration date**
2000-02-29

**Status**
DEAD CANCELLED

**Status date**
2021-11-12

**Registration type**
PRINCIPAL

**Case status**

Registration cancelled because registrant did not file an acceptable declaration under Section 8.

**Publication date**
1999-12-07

**Class**
029

**TM5 Status**



DEAD/REGISTRATION/Cancelled/Invalidated

The trademark application was registered, but subsequently it was cancelled or invalidated and removed from the registry.

## Goods and services

IC 029: [ Dairy products, namely, yogurt, yogurt-based drinks, carbonated yogurt-based drinks and cheeses ]. | **First Use Anywhere:** *May 06, 1985* | **First Use in Commerce:** *May 06, 1985*

## Current owner

**Name**
Pac Fill Inc.

**Address**

- 5471 San Fernando Rd. West
- Los Angeles CALIFORNIA 90039
- UNITED STATES OF AMERICA

**Entity type**
CORPORATION

**Organized**
CALIFORNIA

**Result 5 of 8** for abali

# Search result details for serial number 77669506

**Trademark**

ABALI

**Wordmark**
ABALI

**Serial number**
77669506

**Registration number**
3672803

**Filing date**
2009-02-12

**Registration date**
2009-08-25

**Status**
DEAD CANCELLED

**Status date**
2016-04-01

**Registration type**
PRINCIPAL

**Case status**
Registration cancelled because registrant did not file an acceptable declaration under Section 8.

**Publication date**
2009-06-09

**Class**
029

**TM5 Status**



DEAD/REGISTRATION/Cancelled/Invalidated

The trademark application was registered, but subsequently it was cancelled or invalidated and removed from the registry.

## Goods and services

IC 029: [ Dairy products excluding ice cream, ice milk and frozen yogurt; Drinks based on yogurt; Yogurt; Yogurt drinks; Yogurt-based beverages ]. | **First Use Anywhere:** *May 06, 1985* | **First Use in Commerce:** *May 06, 1985*

## Current owner

### Name
Pac Fill, Inc

### Address

- 5471 San fernando Rd. West
- Los Angeles CALIFORNIA 90039
- UNITED STATES OF AMERICA

### Entity type
CORPORATION

### Organized
CALIFORNIA

### Ownership transitions
No assignments

## Mark information

### Mark literal element
ABALI

**Standard character claim**
Yes. The mark consists of standard characters without claim to any particular font style, size, or color.

**Mark type**
TRADEMARK

**Mark drawing code**
(4) Standard character drawing

**Description**
**Translation**
N/A

**Transliteration**
N/A

**Disclaimer**
N/A

**Design codes**

## Basis information

**Filed**
1(a)

**Currently**
1(a)

## Attorney information

**Name**
Patrick Avakian

**Address**

- N/A

**Primary email**
patrickavakian@dwt.com

**Docket number**
89040-1

## Correspondence information

**Name**
Patrick Avakian

**Address**

- 1575 Knollwood Ter
- Pasadena CALIFORNIA 91103
- UNITED STATES

**Email**

- patavakian@gmail.com

# Prosecution history and documents

☑ Documents only
Date
Description
Document
Proceeding2016-04-01CANCELLED SEC. 8 (6-YR)2010-05-12TEAS CHANGE OF CORRESPONDENCE RECEIVED2010-05-12Change of Address2009-08-25REGISTERED-PRINCIPAL REGISTER2009-08-25Registration Certificate
Items per page:
5
1 – 5 of 22

# Proceedings

N/A

# International registration (Section 66a)

N/A

# Foreign information

N/A

# Maintenance information

**Result 4 of 8** for abali

# Search result details for serial number 87877206

**Trademark**

ABALI

**Wordmark**
ABALI

**Serial number**
87877206

**Registration number**
5616793

**Filing date**
2018-04-14

**Registration date**
2018-11-27

**Status**
DEAD CANCELLED

**Status date**
2025-06-06

**Registration type**
PRINCIPAL

**Case status**
Registration cancelled because registrant did not file an acceptable declaration under Section 8.

**Publication date**
2018-09-11

**Class**
029

**TM5 Status**



DEAD/REGISTRATION/Cancelled/Invalidated

The trademark application was registered, but subsequently it was cancelled or invalidated and removed from the registry.

## Goods and services

IC 029: [ Dairy-based beverages; Yogurt; Yogurt drinks; Cream, being dairy products ]. | **First Use Anywhere:** *May 06, 1985* | **First Use in Commerce:** *May 06, 1985*

## Current owner

**Name**
Pac Fill, Inc

**Address**

- 5471 San Fernando Rd. West
- Los Angeles CALIFORNIA 90039
- UNITED STATES OF AMERICA

**Entity type**
CORPORATION

**Organized**
CALIFORNIA

**Ownership transitions**
No assignments

## Mark information

**Mark literal element**
ABALI

**Standard character claim**
Yes. The mark consists of standard characters without claim to any particular font style, size, or color.

**Mark type**
TRADEMARK

**Mark drawing code**
(4) Standard character drawing

**Description**
**Translation**
N/A

**Transliteration**
N/A

**Disclaimer**
N/A

**Design codes**

## Basis information

**Filed**
1(a)

**Currently**
1(a)

## Attorney information

**Name**
P Avakian

**Address**

- N/A

**Primary email**
avakianip@gmail.com

**Docket number**
N/A

## Correspondence information

**Name**
P Avakian

**Address**

- AVAKIAN IP
- 901 ROSEMOUNT RD
- GLENDALE California 91207
- United States

**Email**

- avakianip@gmail.com

# Prosecution history and documents

☑ Documents only
Date
Description
Document
Proceeding2025-12-18PETITION TO DIRECTOR DENIED2025-12-18Petition to Director Denied2025-12-11ASSIGNED TO PETITION STAFF328972025-08-19TEAS PETITION TO DIRECTOR RECEIVED2025-08-19Petition to Director Received
Items per page:
5
1 – 5 of 25

# Proceedings

N/A

# International registration (Section 66a)

N/A

# Foreign information

N/A

1478885

FILED
In the office of the Secretary of State
of the State of California

MAR 22 1990

MARCH FONG EU, Secretary of State

# ARTICLES OF INCORPORATION

# OF

# PAC FILL, INC.

I.

The name of this corporation is:

PAC FILL, INC.

II.

The purpose of this corporation is to engage in any lawful act or activity for which a corporation may be organized under the general Corporation law of California other than the banking business, the trust company business or the practice of a profession permitted to be incorporated by the California Corporations code.

III.

The name and address in the state of California of this corporation's initial agent for service of process is

EDWARD SARKISSIAN
5471 San Fernando Rd. West
Los Angeles, California 90039

IV.

This corporation is authorized to issue only one class of shares of stock; and the total number of shares which this corporation is authorized to issue is 75,000.

DATED: March 22, 1990

VAHIK SARKISSIAN

I hereby declare that I am the person who executed the foregoing articles of Incorporation, which execution is my act and deed.

VAHIK SARKISSIAN

Address of Building: 5471 San Fernando Road West
(Rear Building)

CITY OF LOS ANGELES

# CERTIFICATE OF OCCUPANCY

**NOTE: Any change of use or occupancy must be approved by the Department of Building and Safety.**

This certifies that, so far as ascertained by or made known to the undersigned, the building at the above address complies with the applicable requirements of the Municipal Code, as follows: Ch. 1, as to permitted uses, Ch. 9, Arts. 1, 3, 4, and 5; and with applicable requirements of State Housing Law—for following occupancies:

Issued: 11/9/71 Permit No. and Year LA 24937/71; LA 32145/71

1 story, type IV, 50' x 144' warehouse and shop building. 14 parking spaces required, 15 spaces provided. G-1 occupancy.

(Rear Building)

Owner: Walter P. Balderston

Owner's Address: 2030 Montrose Avenue
Montrose, California 91020

Form B-95b—6M Sets—8-70 (C-10)

By W. C. LAU ss

Address of Building: 5471 San Fernando Road West
(Front Building)

CITY OF LOS ANGELES

# CERTIFICATE OF OCCUPANCY

**NOTE: Any change of use or occupancy must be approved by the Department of Building and Safety.**

This certifies that, so far as ascertained by or made known to the undersigned, the building at the above address complies with the applicable requirements of the Municipal Code, as follows: Ch. 1, as to permitted uses, Ch. 9, Arts. 1, 3, 4, and 5; and with applicable requirements of State Housing Law—for following occupancies:

Issued: 11/9/71 Permit No. and Year: LA 29231/71; LA 29393/71

1 story, type V/IIIA, 15' x 30' addition to an existing 50' x 50' warehouse and office building. 1 parking space required and provided. G-1 occupancy.

(FRONT BUILDING)

Owner: Walter Balderston

Owner's Address: 2030 Montrose Avenue
Montrose, California 91020

Form B-95b—6M Sets—8-70 (C-10)

By W. C. LAU ss

LA CITY DBS
DEPARTMENT OF BUILDING AND SAFETY

May 30, 2026

**Document Report**

**Documents**
Digital Image {c9f7cb6d-5575-440b-bde7-2de5ef67a839}

**Document Number(s)**
1971LA32145
1971LA24937

**Record Description**
Record ID: 51859026
Doc Type: CERTIFICATE OF OCCUPANCY
Sub Type: None
Doc Date: 11/09/1971
Status: None
Doc Version: None
AKA Address: None
Project Name: None
Disaster ID: None
Subject: None
Product Name: None
Manufacturer's Name: None
Expired Date: None
Receipt Number: None
Case Number: None
Scan Number: 5000822200700000729
Dwelling Units: None
Comments: (REAR BLDG). 1-STORY, TYPE IV, 50' X 144' WHSE & SHOP BLDG. G1 OCC. TOTAL PKG REQ'D = 14; TOTAL PARKING PROVIDED = 15.

**Property Address(es)**
5471 W SAN FERNANDO ROAD

**Legal Description(s)**
Tract:
Block: Lot: Arb:
Modifier: Map Reference:

**PIN(s)**
165B201 49

**Assessor Number(s)**
5593-005-027

DEPARTMENT OF BUILDING AND SAFETY

May 30, 2026

**Document Report**

**Film RBF**
Type: IDIS O0726; 00699; 0000
Type: HIST O521;
Type: HIST O232; 1; 1022

**Primary Use**
WAREHOUSE

**Cross References(s) Comments**
51859026

********

**Note: If you have any questions, please visit one of our Records Counter Section open Monday thru Fridays from 7:30 AM to 4:30 PM, EXCEPT on Wednesdays which opens from 9:00 AM to 4:30 PM.**

.

**Locations: Metro - 201 N. Figueroa St., 1st Floor Rm. 110, Los Angeles CA 90012**
**Van Nuys - 6262 Van Nuys Blvd, 2nd Floor Van Nuys CA 91401**

CITY LA DBS
DEPARTMENT OF BUILDING AND SAFETY

May 30, 2026

**Document Report**

**Documents**

Digital Image {15e82054-f1ac-4ae6-83af-739f76f3de6d}

**Document Number(s)**

1971LA29393
1971LA29231

**Record Description**

Record ID: 51859025
Doc Type: CERTIFICATE OF OCCUPANCY
Sub Type: None
Doc Date: 11/09/1971
Status: None
Doc Version: None
AKA Address: None
Project Name: None
Disaster ID: None
Subject: None
Product Name: None
Manufacturer's Name: None
Expired Date: None
Receipt Number: None
Case Number: None
Scan Number: 5000822200700000728
Dwelling Units: None
Comments: (FRONT BLDG). 1-STORY, TYPE V/IIIA, 15' X 30' ADD'N TO AN EXISTING 50' X 50' WHSE & OFC BLDG. G1 OCC. TOTAL PKG REQ'D = 1; TOTAL PARKING PROVIDED = 1.

**Property Address(es)**

5471 W SAN FERNANDO ROAD

**Legal Description(s)**

Tract:
Block: Lot: Arb:
Modifier: Map Reference:

**PIN(s)**

165B201 49

CITY LA DBS
DEPARTMENT OF BUILDING AND SAFETY

May 30, 2026

**Document Report**

**Assessor Number(s)**
5593-005-027

**Film RBF**
Type: IDIS O0726; 00698; 0000
Type: HIST O521;
Type: HIST O232; 1; 1021

**Primary Use**
WAREHOUSE

**Cross References(s) Comments**
51859025

********

**Note: If you have any questions, please visit one of our Records Counter Section open Monday thru Fridays from 7:30 AM to 4:30 PM, EXCEPT on Wednesdays which opens from 9:00 AM to 4:30 PM.**

.

**Locations: Metro - 201 N. Figueroa St., 1st Floor Rm. 110, Los Angeles CA 90012**
**Van Nuys - 6262 Van Nuys Blvd, 2nd Floor Van Nuys CA 91401**