HANSON BRIDGETT LLP
RAFFI V. ZEROUNIAN, SBN 236388
rzerounian@hansonbridgett.com
JUSTIN P. THIELE, SBN 311787
Jthiele@hansonbridgett.com
601 W. 5th Street, Suite 300
Los Angeles, California 90071
Telephone:   (213) 395-7620
Facsimile:   (213) 395-7615

HANSON BRIDGETT LLP
GARNER K. WENG, SBN 191462
gweng@hansonbridgett.com
SUSANNA L. CHENETTE, SBN 257914
schenette@hansonbridgett.com
425 Market Street, 26th Floor
San Francisco, California 94105
Telephone:   (415) 777-3200
Facsimile:   (415) 541-9366

***Attorneys for Defendant***
PAC FILL, INC. dba SUN DAIRY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE DASHTI, an individual<br><br>Plaintiff,<br><br>v.<br><br>PAC FILL, INC., a California corporation d/b/a SUN DAIRY,<br><br>Defendant.<br><br>———————————<br>AND RELATED COUNTERCLAIM | Case No. 2:26-cv-03385 PA (BFMx)<br><br>**DEFENDANT PAC FILL, INC.'S OBJECTIONS TO PLAINTIFF STEVE DASHTI'S MOTION TO COMPEL DEFENDANT PAC FILL, INC.'S COMPLETE SUBSTANTIVE RESPONSES TO PLAINTIFF'S DISCOVERY REQUESTS (SETS ONE THROUGH SEVEN), REQUEST FOR SANCTIONS, AND FOR OTHER APPROPRIATE RELIEF**<br><br>**DISCOVERY MATTER**<br><br>Date:         August 24, 2026<br>Time:         1:30 p.m.<br>Courtroom:   9A<br>Judge:        Hon. Percy Anderson<br><br>Action Filed:  January 21, 2026<br>Trial Date:    April 6, 2027 |

23364570.1

DEFENDANT PAC FILL'S OBJECTION TO PLAINTIFF DASHTI'S MOTION TO COMPEL DISCOVERY

Plaintiff Steve Dashti's ("Dashti") Motion to Compel Defendant Pac Fill, Inc.'s Complete Substantive Responses to Plaintiff's Discovery Requests (sets one through seven), Request for Sanctions, and For Other Appropriate Relief (Dkt. No. 59) fails to comply with the Local Rules and the Court's Orders, including by failing to comply with the process and requirements for discovery motions—and accordingly should be stricken.

First, the filing is before the wrong judge. Judge Anderson's Standing Order provides. "All discovery matters have been referred to a United States Magistrate Judge, who will hear all discovery disputes," in this case, Judge Brianna Fuller Mircheff. (Dkt. No. 12.)

Second, the filing does not comply with the meet-and-confer requirements of the Federal Rules of Civil Procedure, the Local Rules, Judge Anderson's Standing Order, or Judge Mircheff's stated procedures. In particular, Local Rule 37-1 requires a pre-filing conference, states that it is the responsibility of the moving party to arrange the conference, and provides that the conference take place in person where the parties/counsel are in the same county (and otherwise by telephone). The filing on its face makes clear that Dashti's only efforts were written communications and do not state that he made any effort to arrange or engage in a conference—nor did he.

Third, the filing does not comply with Judge Mircheff's requirements for arranging a judicial pre-discovery motion conference. The filing does not state that any such conference was arranged—nor was it.

Fourth, the filing does not comply with Judge Mircheff's requirement that leave of court be obtained to file a discovery motion. Judge Mircheff's procedures state, "The Court may strike any discovery motion filed in violation of this Rule and Procedure." The filing does not state that any such leave was obtained—nor was it.

Dashti has been repeatedly advised and ordered to be familiar with the applicable rules and to follow them. The Court's Order dated May 1, 2026 (Dkt. No.

23364570.1

13), directed to all pro se parties, provided: "You **must** become familiar with these rules. You will be held to the same standards as a lawyer as far as complying with court procedures and the rules and regulations of the court system." Moreover, the Court's Order dated April 20, 2026 (Case No. 3385, Dkt. No. 11), directed specifically to Dashti, provided: "Moving forward, Plaintiff must familiarize himself with all applicable rules of procedure including the Federal Rules of Civil Procedure and the Local Rules of Practice for the United States District Court for the Central District of California. While the Court will overlook the issues with the filing of the Motion to Remand, future violations will not be tolerated." More recently, the Court specifically admonished Dashti:

> Moreover, Plaintiff has been previously cautioned that he must familiarize himself with all applicable procedural rules (Docket Nos. 11, 13, 27), and that any "future violations will not tolerated." (Docket No. 13.) Accordingly, this serves as the Court's last warning. Any future violations of the Local Rules, Federal Rules of Civil Procedure or the Court's Orders will result in an Order to Show Cause regarding the imposition of sanctions. (Dkt. No. 43.)

And in the parallel, related case between the same parties, Case No. 26-3645, in the Court's Order Granting Motion to Strike, the Court likewise specifically admonished Dashti:

> Defendant is again warned, however, that any future violation of the Local Rules, the Federal Rules of Civil Procedure, or the Court's Orders, or any further conduct that unreasonably and vexatiously multiplies these proceedings, including the filing of Motions, supplemental briefs, or "Requests" for relief that fail to comply with the Local Rules, or *the failure to meet and confer or respond to opposing counsel*, will result in the imposition of sanctions, including dismissal of Defendant's remaining counterclaim and monetary sanctions. (Case No. 3645, Dkt. No. 50.).

Also in that parallel, related case, the Court has issued an Order to Show Cause against Dashti for his repeated violations of rules and procedure:

> From the onset of this action, the Court has advised Defendant of the requirement that, even as a pro se litigant, he must comply in all respects with the Local Rules, the Court's Standing Orders and the Federal Rules of Civil Procedure. (Docket No. 23.) Moreover, Defendant has been repeatedly reminded in this case, and the related action, that he needs to become familiar with the Local Rules, the Federal Rules of Civil Procedure and the Court's Standing Orders, and warned that the failure to do so will result in the

23364570.1

DEFENDANT PAC FILL'S OBJECTION TO PLAINTIFF DASHTI'S MOTION TO COMPEL DISCOVERY

imposition of monetary or other sanctions. (Docket Nos. 50, 73; CV 26-3385 Docket Nos. 11, 13, 27, 43.) Yet Defendant continues to file Motions, "supplemental" briefs and "requests," "statements," "responses," and "notices" that are not authorized or contemplated–or are in violation of–applicable rules and the Court's Orders. These prolific and erroneous filings, and improper requests for relief have taxed the Court's limited resources and vexatiously multiplied these proceedings. (Case No. 3645, Dkt. No. 75.)

Since the time of these orders, Plaintiff Dashti has continued to show repeated refusals to follow the Local Rules and orders of this Court, including now with this filing.

Defendant Pac Fill asks the Court to strike Dashti's filing here in its entirety. Defendant Pac Fill raises these objections without addressing the merits of the filing here and without waiving any arguments concerning any matters raised therein.

DATED:  July 29, 2026                    HANSON BRIDGETT LLP


By:      /s/ Garner K. Weng
        RAFFI V. ZEROUNIAN
        GARNER K. WENG
        SUSANNA L. CHENETTE
        JUSTIN P. THIELE

        ***Attorneys for Defendant***
        PAC FILL, INC. dba SUN DAIRY

## PROOF OF SERVICE

***Dashti v. Pac Fill, Inc.***
**2:26-cv-03385 PA (BFMx)**

**STATE OF CALIFORNIA, COUNTY OF CONTRA COSTA**

At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of Contra Costa, State of California.  My business address is 1676 N. California Blvd., Suite 620, Walnut Creek, CA 94596.

On July 29, 2026, I served true copies of the following document(s) described as **DEFENDANT PAC FILL, INC.'S OBJECTIONS TO PLAINTIFF STEVE DASHTI'S MOTION TO COMPEL DEFENDANT PAC FILL, INC.'S COMPLETE SUBSTANTIVE RESPONSES TO PLAINTIFF'S DISCOVERY REQUESTS (SETS ONE THROUGH SEVEN), REQUEST FOR SANCTIONS, AND FOR OTHER APPROPRIATE RELIEF** on the interested parties in this action as follows:

Steve Dashti                                        ***Plaintiff in Pro Per***

21200 Oxnard Street, #508

Woodland Hills, CA 91367

stevedashti@gmail.com

**BY MAIL:**  I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with Hanson Bridgett LLP's practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

**BY E-MAIL OR ELECTRONIC TRANSMISSION:**  I caused a copy of the document(s) to be sent from e mail address lprongos@hansonbridgett.com to the persons at the e mail addresses listed in the Service List.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on July 29, 2026, at Walnut Creek, California.

_____
Laura Prongos

23364570.1

PROOF OF SERVICE

Case No. 2:26-cv-03385 PA (BFMx)