HANSON BRIDGETT LLP
RAFFI V. ZEROUNIAN, SBN 236388
rzerounian@hansonbridgett.com
JUSTIN P. THIELE, SBN 311787
Jthiele@hansonbridgett.com
601 W. 5th Street, Suite 300
Los Angeles, California 90071
Telephone:   (213) 395-7620
Facsimile:   (213) 395-7615

HANSON BRIDGETT LLP
GARNER K. WENG, SBN 191462
gweng@hansonbridgett.com
SUSANNA L. CHENETTE, SBN 257914
schenette@hansonbridgett.com
425 Market Street, 26th Floor
San Francisco, California 94105
Telephone:   (415) 777-3200
Facsimile:   (415) 541-9366

***Attorneys for Defendant***
PAC FILL, INC. dba SUN DAIRY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE DASHTI, an individual<br><br>Plaintiff,<br><br>v.<br><br>PAC FILL, INC., a California corporation d/b/a SUN DAIRY,<br><br>Defendant.<br><br>AND RELATED COUNTERCLAIM | Case No. 2:26-cv-03385 PA (BFMx)<br><br>**DEFENDANT PAC FILL, INC.'S OPPOSITION TO PLAINTIFF STEVE DASHTI'S MOTION TO COMPEL DEFENDANT PAC FILL, INC.'S COMPLETE SUBSTANTIVE RESPONSES TO PLAINTIFF'S DISCOVERY REQUESTS (SETS ONE THROUGH SEVEN), REQUEST FOR SANCTIONS, AND FOR OTHER APPROPRIATE RELIEF**<br><br>**DISCOVERY MATTER**<br><br>Date:          August 25, 2026<br>Time:          10:00 a.m.<br>Courtroom:  780<br>Judge:        Hon. Brianna Fuller Mircheff<br><br>Action Filed:  January 21, 2026<br>Trial Date:    April 6, 2027 |

Case No. 2:26-cv-03385 PA (BFMx)

DEFENDANT PAC FILL'S OPPOSITION TO PLAINTIFF DASHTI'S MOTION TO COMPEL DISCOVERY

# **TABLE OF CONTENTS**

**Page**

I.  INTRODUCTION ........................................................................................ 1

II. DISCUSSION ............................................................................................. 2

    A.  Plaintiff Dashti's Motion Is Procedurally Defective on Multiple Independent Grounds. ................................................................. 2

        1.  Dashti Did Not Meet and Confer As Required Under Local Rule 37-1. ...................................................................... 2

        2.  Dashti Did Not Seek Or Participate In The Pre-Motion Conference With The Court As Required Under Judge Mircheff's Procedures. ...................................................... 3

        3.  Dashti's Motion Substantially Exceeds the Applicable Page Limit. ........................................................................... 3

    B.  Dashti Fails to Meet His Burden on His Motion, Including In Failing To Include, Recite, Or Analyze Any Individual Discovery Request. ................................................................... 3

    C.  Dashti's Purported Disputes Regarding His Most Recent "Sets" Are Premature on Their Face. ................................................. 4

    D.  Pac Fill Served Written Objections To Dashti's Discovery At Issue That Dashti Has Not Mentioned Or Addressed In His Motion. ................................................................................... 4

        1.  Dashti's Discovery Overwhelmingly Exceeds Numerical Limits Of The Federal Rules of Civil Procedure, Including The Maximum Number of Interrogatories. ............................. 5

        2.  Dashti's Discovery Includes Pervasive, Near-Verbatim Duplication Across Sets, Imposing Undue Burden. .............. 5

        3.  Dashti's Discovery Includes Requests Not Relevant Or Proportional To Any Pleaded Claim Or Defense. ............... 6

        1.  Dashti Did Not Serve The Discovery Properly. ................... 6

        2.  For Clarity, Pac Fill's Written Objections Were Not Interchangeable Boilerplate ............................................... 7

    E.  Dashti's Requested Relief Is Further Unwarranted Regarding RFAs. ............................................................................... 7

    F.  Dashti's Request For Sanctions Is Likewise Unwarranted ................ 8

    G.  The Defects In Dashti's Motion Are Consistent With a Pattern This Court Has Already Recognized. ......................................... 8

Case No. 2:26-cv-03385 PA (BFMx)

DEFENDANT PAC FILL'S OPPOSITION TO PLAINTIFF DASHTI'S MOTION TO COMPEL DISCOVERY

23409805.2

H.    Dashti Should Not Be Allowed To Cure The Defects In His Motion For The First Time In Reply. ....................................................... 9

III.    CONCLUSION ........................................................................................... 9

23409805.2

DEFENDANT PAC FILL'S OPPOSITION TO PLAINTIFF DASHTI'S MOTION TO COMPEL DISCOVERY

## I.    INTRODUCTION

In an ordinary case, the parties meet and confer about their respective discovery and discovery responses, identify and compromise on the issues on which they disagree, and follow the Court's procedures on how to raise any remaining disputes with the Court—hopefully narrowing any disputes to the mutual benefit of the parties and to avoid unduly burdening the Court.

In contrast, here, Plaintiff Dashti refused to engage in the meet-and-confer required under Local Rule 37-1, sent many written communications that did not address Defendant Pac Fill's objections while underscoring his refusal to have any conferences with Pac Fill, contacted the Court ex parte to confirm the proper procedures for filing a discovery motion, and proceeded to file a discovery motion without following any of those procedures. Moreover, his motion is 15 single-spaced pages (41 pages with exhibits), never includes the discovery on which he is purportedly moving, misleadingly suggests that Defendant Pac Fill never responded to the discovery, and never mentions or addresses any objections made by Pac Fill— or includes those responses. The simplest insight into Dashti's attempts to obfuscate, confuse, and vexatiously multiply these proceedings is that ***Dashti includes his stated Sets 6 and 7 in his motion to compel even before the responses could possibly be due***.

For context, all the while, Dashti has produced zero documents in response to Pac Fill's discovery and has yet to respond to Pac Fill's requests to meet and confer under Local Rule 37-1 about his own discovery responses.

The Court has already admonished Dashti on multiple occasions that, even pro se, he is required to learn and follow the Court's rules and procedures. In the parallel related case also before Judge Anderson and Judge Mircheff, Case No. 26-3645, the Court wrote, "the Court agrees with Pac Fill that Dashti's conduct has 'unreasonably and vexatiously multiplied the proceedings in this case" and warned that conduct including "the filing of Motions, supplemental briefs, or 'Requests' for

relief that fail to comply with the Local Rules, or the failure to meet and confer or respond to opposing counsel, will result in the imposition of sanctions . . . ." (Case No. 3645, Dkt. No. 50); and the Court went on to issue an Order to Show Cause against Dashti following "the overwhelming number of documents filed by [Dashti] that this Court has had to monitor, deficiency and strike" and his "continuing and repeated violations of the Local Rules, the Federal Rules of Civil Procedure and the Court's orders." (Case No. 3645, Dkt. No. 75.)

Pac Fill has no issue with discovery disputes being brought to the Court for which the movant has followed the Court's rules and procedures—and presents a motion that follows page limits and actually raises and discusses the disputed issues. Dashti and his motion do none of these. Pac Fill asks that Dashti's motion be struck or denied, without prejudice to him filing a motion for which he has complied with the Court's rules and procedures.

## II.  DISCUSSION

### A. Plaintiff Dashti's Motion Is Procedurally Defective on Multiple Independent Grounds.

#### 1. Dashti Did Not Meet and Confer As Required Under Local Rule 37-1.

Local Rule 37-1 requires the parties to hold a conference—in person where they are located in the same county—before any discovery motion may be filed. The Motion's own exhibits show only written correspondence; nowhere does Dashti state, nor does the record show, that he ever arranged or participated in any such conference—nor did he. (Declaration of Garner Weng, filed herewith ("Weng Decl.") ¶¶ 8-13.) A pre-filing conference cannot be satisfied by correspondence alone, or after the fact, and the failure to comply permits the Court to decline to consider the motion. *See* Local Rule 37-1; *cf. CarMax Auto Superstores Cal., LLC v. Hernandez*, 94 F. Supp. 3d 1078, 1088 (C.D. Cal. 2015) ("[A]n after-the-fact conference does not satisfy [the pre-filing meet-and-confer rule] ... conferences that take place after the motion has been filed cannot serve this purpose." (discussing

2

Case No. 2:26-cv-03385 PA (BFMx)

DEFENDANT PAC FILL'S OPPOSITION TO PLAINTIFF DASHTI'S MOTION TO COMPEL DISCOVERY

23409805.2

Local Rule 7-3)). Given Dashti's long history of refusing to meet and confer (Case No. 26-3645, Dkt. Nos. 50, 75 (court orders discussing Dashti's failures); Weng Decl. ¶¶ 9-10), Dashti should not be given leniency in skipping this step for his motion here.

**2.  Dashti Did Not Seek Or Participate In The Pre-Motion Conference With The Court As Required Under Judge Mircheff's Procedures.**

In addition to and after the Local Rule 37-1 conference, Judge Mircheff's Procedures separately require that the moving party arrange a Pre-Discovery Motion Conference with Judge Mircheff. The Procedures provide that, "No discovery motion may be filed" until after that conference, absent "leave of Court sought by ex parte application," and that "[t]he Court "may strike any discovery motion filed in violation of this Rule and Procedure." Nothing in the record shows any such conference with Judge Mircheff, or any leave by ex parte application obtained.

**3.  Dashti's Motion Substantially Exceeds the Applicable Page Limit.**

Judge Mircheff's Procedures provides, "No discovery motion may exceed 10 pages unless leave of Court is obtained in advance." Dashti's motion is approximately 15-single-spaced pages—i.e., approaching 30 pages if he followed the Court's formatting requirements—and totaling approximately 41 pages in total, with exhibits. Nothing in the record reflects leave of the Court, and Dashti's unpermitted over-long filing prejudices Pac Fill, which remains bound to respond within 10 double-spaced pages. Given Dashti's history of violating rules and procedures (Case No. 26-3645, Dkt. Nos. 50, 75 (court orders discussing Dashti's violations)), Dashti should not be given leniency for this violation.

**B.  Dashti Fails to Meet His Burden on His Motion, Including In Failing To Include, Recite, Or Analyze Any Individual Discovery Request.**

On a motion to compel, the movant bears the initial burden of demonstrating that the discovery sought is relevant under Rule 26(b)(1). *Alves v. Riverside County*,

23409805.2

339 F.R.D. 556, 559 (C.D. Cal. 2021) ("The party seeking to compel discovery has the burden of establishing relevance."). Dashti ostensibly asks for an order spanning twelve sets of discovery (Sets One through Five and then a separate Sets One through Seven)—without including or reciting *any* of the specific requests in that discovery. While he alludes vaguely to his characterizations of some of the general subjects of the discovery, his complete omission of the actual text of any of the individual discovery requests is insufficient to meet his burden on his motion.

### C.    Dashti's Purported Disputes Regarding His Most Recent "Sets" Are Premature on Their Face.

Any dispute regarding Dashti's Sets One through Seven that he most recently attempted to propound is premature on its face. To the extent that there is any argument that this discovery was properly served—although it was not—by the face of the documents, any responses would not even have come due yet. (Weng Decl. ¶ 7.) In other words, Dashti filed his motion with respect to these sets without even waiting for the response date to pass. Obviously, it was impossible for any dispute to have arisen or any meet-and-confer to have occurred by the time of his motion—underscoring that Dashti did not bring his motion to resolve a dispute but as a tactic to multiply proceedings and impose burden on both Pac Fill and the Court.

### D.    Pac Fill Served Written Objections To Dashti's Discovery At Issue That Dashti Has Not Mentioned Or Addressed In His Motion.

Pac Fill served written objections on Dashti for all of his mentioned discovery sets, except the most recent sets, for which the responses are not yet due. As his motion does not mention, include, or analyze any of these objections, it fails to show that any such objections were unjustified. While Pac Fill is happy to provide its full written objections to the Court, in the interests of brevity, Pac Fill gives illustrative examples of objections that Dashti ignores in his motion below. To the extent that the Court wishes further detail, documentation, or analyses of these objections, Pac Fill respectfully asks for the opportunity to provide supplemental briefing and

Case No. 2:26-cv-03385 PA (BFMx)

23409805.2

DEFENDANT PAC FILL'S OPPOSITION TO PLAINTIFF DASHTI'S MOTION TO COMPEL DISCOVERY

exhibits within any length or timing parameters suiting the Court.

### 1. Dashti's Discovery Overwhelmingly Exceeds Numerical Limits Of The Federal Rules of Civil Procedure, Including The Maximum Number of Interrogatories.

Rule 33(a) of the Federal Rules of Civil Procedure provides "a party may serve on any other party no more than 25 written interrogatories . . . ." Because Dashti does not include his actual discovery with his motion, he hides what he is actually doing. What his actual discovery documents show are that, in the sets of discovery he raises in his motion, he tried to propound approximately 200+ interrogatories. Pac Fill's written objections to interrogatories after the first 25 (by Dashti's enumeration) all take issue with this. (Weng Decl. ¶ 14.)

### 2. Dashti's Discovery Includes Pervasive, Near-Verbatim Duplication Across Sets, Imposing Undue Burden.

Rule 26(b)(2)(C)(1) of the Federal Rules of Civil Procedure provides the Court "must" limit discovery that is "unreasonably cumulative or duplicative." Just as discussed above, Dashti's failure to include his actual discovery hides his abusive repetition of the same requests, over and over, often near verbatim. The full scope of this would be before the Court had Dashti included his discovery or Pac Fill's objections, which took issue with his cumulative and duplicative discovery.

As examples, Set One, Interrogatory No. 3 and Set Two, Interrogatory No. 12 both ask Defendant to "state separately and completely each fact" supporting a contention that "the first use of the ABALI mark in commerce occurred on or about May 6, 1985," and both then demand the identical set of sub-parts: the persons with knowledge, the supporting documents, the approximate date, and the identity and location of the first use. Set Four, Interrogatory No. 1 asks essentially the same question a third time, seeking "all facts" supporting first use "in 1963, 1983, 1984, 1985, or on any other date." Similarly, Set Three, Request for Production No. 17 and Set Four, Request for Production No. 12 both demand "documents sufficient to show Defendant's annual gross sales, net sales, gross revenues, net revenues, gross

23409805.2    DEFENDANT PAC FILL'S OPPOSITION TO PLAINTIFF DASHTI'S MOTION TO COMPEL DISCOVERY

profits, and net profits" for the identical period, January 1, 1990 through the present. And Set Six, Request for Production No. 1 and Set Seven, Request for Production No. 1 are verbatim—both demand "all documents supporting Defendant's contention that Plaintiff's bottle design is likely to cause consumer confusion with Defendant's bottle design." There are many more examples of near-complete duplication, serving only to increase the burden on Pac Fill and now the Court.

### 3. Dashti's Discovery Includes Requests Not Relevant Or Proportional To Any Pleaded Claim Or Defense.

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides the scope of discovery is limited to "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." In omitting his actual discovery (and Pac Fill's written objections) from his motion, Dashti obscures how his discovery strays from these principles.

As an example, Set Four, Interrogatory No. 11 seeks discovery into whether any "plastic recycling facility, plastic manufacturing operation, plastic container production facility, packaging operation, filling operation, or similar industrial activity was located at, adjacent to, or in close proximity" to Pac Fill's current business location. This does not track with what Dashti claimed were the subjects of his discovery in his motion; and unsurprisingly, Dashti does not attempt to explain how such a request is relevant to any party's claim or defense. Pac Fill's written objections reflect these issues.

### 1. Dashti Did Not Serve The Discovery Properly.

Rule 5(b) of the Federal Rules of Civil Procedure requires that service on a party represented by counsel be made on that counsel and specifies the exclusive methods by which service may be accomplished. FED. R. CIV. P. 5(b)(1), (b)(2)(C), (b)(2)(E). Dashti has not complied with Rule 5 in serving Pac Fill's counsel with the discovery at issue in this Motion. (Weng Decl. ¶ 3.) Pac Fill raised this in written objections; and the Motion does not address this defect.

As described in the supporting declaration, Dashti has attempted to effect service in e-mails addressed to a secretary—after repeated attempts by counsel to make clear who the counsel of record in the case are and repeated responses by Dashti that he does not have to address the counsel of record in what he sends. (Weng Decl. ¶ 3.) For two sets of discovery, it appears Dashti attempted to mail them, but he again refused to include the names of the counsel of record on the envelope—and more importantly, he did not actually include the entire documents in the envelope. (Weng Decl. ¶ 3.) These do not satisfy Rule 5. Indeed, case law confirms that even actual notice or receipt, by a means not authorized by Rule 5, does not constitute valid service. *See Magnuson v. Video Yesteryear,* 85 F.3d 1424, 1430-31 (9th Cir. 1996) ("exceptional good cause" required to excuse noncompliance with Rule 5(b), even where the recipient received actual notice).

### 2.    For Clarity, Pac Fill's Written Objections Were Not Interchangeable Boilerplate

Dashti characterizes Pac Fill's objections as "boilerplate," but as discussed, the Motion never attaches or discusses a single one of them. In fact, Pac Fill's actual objections were tailored request by request: the numerical-limit objection was asserted only on interrogatories once the cumulative count exceeded Rule 33's limit; relevance and proportionality objections were asserted selectively based on each request's subject matter; an objection that information sought was not within Pac Fill's possession, custody, or control was asserted only as to requests seeking third-party information; and so on. (Weng Decl. ¶ 14.) Pac Fill has not attached its complete discovery responses here given their substantial volume—but is prepared to submit them in full if the Court would find that helpful.

### E.    Dashti's Requested Relief Is Further Unwarranted Regarding RFAs.

Rule 36(a)(3) of the Federal Rules of Civil Procedure note, "A matter is admitted unless, within 30 days after being served, the party to whom the request is

7

directed serves on the requesting party a written answer or objection . . ." As discussed above, any requests at issue were not properly served by Dashti, and objections were served by Pac Fill. (Weng Decl. ¶ 6.) To the extent Dashti seeks deemed admissions, he has omitted important facts, and such relief should be denied.

### F.      Dashti's Request For Sanctions Is Likewise Unwarranted.

Similarly, Dashti has not identified any basis for the sanctions he seeks. His Motion overall fails for the reasons discussed herein, and the Motion does not otherwise identify any specific conduct by Pac Fill that would warrant sanctions. Pac Fill responded to Dashti's discovery with written objections that Dashti's Motion never mentions, let alone shows to be unjustified.

### G.      The Defects In Dashti's Motion Are Consistent With a Pattern This Court Has Already Recognized.

The defects identified above are not an isolated lapse. This Court has already found, in the related action between these same parties (and discussing both cases), that Dashti "refused to acknowledge or comply with his obligations to participate in the scheduling conferences and the filing of joint reports required under the Local Rules, Federal Rules of Civil Procedure and the Court's Orders," and that his "prolific and erroneous filings . . . have taxed the Court's limited resources and vexatiously multiplied these proceedings," prompting an Order to Show Cause regarding sanctions. (Case No. 26-03645, Dkt. Nos. 50; 75.)

Now, here, Dashti has filed a discovery motion without complying with the Local Rules and the Court's requirements for meeting and conferring, without arranging for the pre-discovery-motion conference with Judge Mircheff, without attaching or discussing his actual discovery at issue in his motion—and without attaching or discussing Pac Fill's written objections to his discovery at issue.

///

///

23409805.2

**H.      Dashti Should Not Be Allowed To Cure The Defects In His Motion For The First Time In Reply.**

To the extent Dashti's reply attempts to make arguments or present evidence for the first time, the Court should decline to consider any such new material, since Pac Fill will have had no opportunity to respond to it. Issues raised for the first time in a reply brief are waived. *See Bazuaye v. I.N.S.*, 79 F.3d 118, 120 (9th Cir. 1996) ("Issues raised for the first time in the reply brief are waived."). Any such reply material should be treated as confirmation that the Motion itself failed to make the required showing.

## III.    CONCLUSION

For the foregoing reasons, Pac Fill respectfully requests that the Court deny or strike Dashti's Motion, without prejudice to Dashti pursuing resolution of any remaining, properly identified discovery disputes through the procedures required under Local Rule 37 and Judge Mircheff's Procedures for Discovery Motions.

DATED:  August 4, 2026                    HANSON BRIDGETT LLP


                                          By:      */s/ Garner K. Weng*
                                                RAFFI V. ZEROUNIAN
                                                GARNER K. WENG
                                                SUSANNA L. CHENETTE
                                                JUSTIN P. THIELE

                                                ***Attorneys for Defendant***
                                                PAC FILL, INC. dba SUN DAIRY

23409805.2
DEFENDANT PAC FILL'S OPPOSITION TO PLAINTIFF DASHTI'S MOTION TO COMPEL DISCOVERY

## PROOF OF SERVICE

### *Dashti v. Pac Fill, Inc.*
### 2:26-cv-03385 PA (BFMx)

**STATE OF CALIFORNIA, COUNTY OF CONTRA COSTA**

At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of Contra Costa, State of California.  My business address is 1676 N. California Blvd., Suite 620, Walnut Creek, CA 94596.

On August 4, 2026, I served true copies of the following document(s) described as **DEFENDANT PAC FILL, INC.'S OPPOSITION TO PLAINTIFF STEVE DASHTI'S MOTION TO COMPEL DEFENDANT PAC FILL, INC.'S COMPLETE SUBSTANTIVE RESPONSES TO PLAINTIFF'S DISCOVERY REQUESTS (SETS ONE THROUGH SEVEN), REQUEST FOR SANCTIONS, AND FOR OTHER APPROPRIATE RELIEF** on the interested parties in this action as follows:

Steve Dashti                                    *Plaintiff in Pro Per*

21200 Oxnard Street, #508

Woodland Hills, CA 91367

stevedashti@gmail.com

**BY MAIL:**  I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with Hanson Bridgett LLP's practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

**BY E-MAIL OR ELECTRONIC TRANSMISSION:**  I caused a copy of the document(s) to be sent from e mail address lprongos@hansonbridgett.com to the persons at the e mail addresses listed in the Service List.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on August 4, 2026, at Alameda, California.

Laura Prongos

_____

Laura Prongos

23409805.2

PROOF OF SERVICE