HANSON BRIDGETT LLP
RAFFI V. ZEROUNIAN, SBN 236388
rzerounian@hansonbridgett.com
JUSTIN P. THIELE, SBN 311787
Jthiele@hansonbridgett.com
601 W. 5th Street, Suite 300
Los Angeles, California 90071
Telephone:   (213) 395-7620
Facsimile:   (213) 395-7615

HANSON BRIDGETT LLP
GARNER K. WENG, SBN 191462
gweng@hansonbridgett.com
SUSANNA L. CHENETTE, SBN 257914
schenette@hansonbridgett.com
425 Market Street, 26th Floor
San Francisco, California 94105
Telephone:   (415) 777-3200
Facsimile:   (415) 541-9366

***Attorneys for Defendant***
PAC FILL, INC. dba SUN DAIRY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE DASHTI, an individual<br><br>Plaintiff,<br><br>v.<br><br>PAC FILL, INC., a California corporation d/b/a SUN DAIRY,<br><br>Defendant.<br><br>AND RELATED COUNTERCLAIM | Case No. 2:26-cv-03385 PA (BFMx)<br><br>**DECLARATION OF GARNER K. WENG IN SUPPORT OF DEFENDANT PAC FILL, INC.'S OPPOSITION TO PLAINTIFF STEVE DASHTI'S MOTION TO COMPEL DEFENDANT PAC FILL, INC.'S COMPLETE SUBSTANTIVE RESPONSES TO PLAINTIFF'S DISCOVERY REQUESTS (SETS ONE THROUGH SEVEN), REQUEST FOR SANCTIONS, AND FOR OTHER APPROPRIATE RELIEF**<br><br>**DISCOVERY MATTER**<br><br>Date:         August 25, 2026<br>Time:         10:00 a.m.<br>Courtroom:    780<br>Judge:        Hon. Brianna Fuller Mircheff<br><br>Action Filed: January 21, 2026<br>Trial Date:   April 6, 2027 |

1

Case No. 2:26-cv-03385 PA (BFMx)

23409826.2

WENG DECL ISO DFT PAC FILL'S OPPOSITION TO PLTF DASHTI'S MOTION TO COMPEL DISCOVERY

I, Garner K. Weng, hereby declare as follows:

1.     I am counsel of record for Defendant Pac Fill, Inc. dba Sun Dairy ("Defendant" or "Pac Fill") in the above-captioned action. I have personal knowledge of the facts stated in this declaration and, if called upon, could and would competently testify to them. All of the matters stated here are known to me personally, unless stated on information and belief; and with regard to those statements, I am informed and reasonably believe them to be true.

2.     There are two parallel, related cases between the parties, both in C.D. Cal., both before Judge Anderson and Judge Mircheff—this case and Case No. 26-3645.

3.     In both cases, there have been ongoing challenges in trying to manage day-to-day communications with Plaintiff Dashti and in receiving documents from him for which he is required to effect service. As examples, in day-to-day e-mail communications in the case, going back months and months, we have asked him to e-mail the four attorneys working on the case ; he has repeatedly stated he will not do so; and by and large, he directs his e-mails to a staff person at our firm, such as a secretary, without copying any of the attorneys. This has even occurred while the secretary at issue was out of the office on vacation. We have explained to Dashti that this causes unnecessary delays and risks our not receiving documents from him, yet he continues. The issues with his attempted service of documents on Pac Fill, through our firm, are similar. From what we can see, he does not address any attempted service to any of the listed counsel of record. He has attempted e-mail service without there being consent for e-mail service—and with e-mail not directed to any of the listed counsel of record. He has attempted mail service in which the envelope only contained the first page of whatever documents he was trying to serve. This has gone on for months and months.

4.     From what we can see, Dashti's discovery sets do not use any enumeration that follows the Local Rules or that is conventional by any court or

2

23409826.2

WENG DECL ISO DFT PAC FILL'S OPPOSITION TO PLTF DASHTI'S MOTION TO COMPEL DISCOVERY

litigation practice. For example, some discovery documents appear to have interrogatories, requests for admission, and requests for production mixed together in one document; some just have one type of discovery in them; the enumeration of sets does not appear to link to any particular type of discovery; and the enumeration of individual requests is not continued into future sets. For these reasons, and given that Dashti did not attach the discovery at issue to his motion, it is hard to be certain what discovery is at issue.

5. None of the discovery at issue was properly served on Pac Fill. Among other things, for the discovery for which we believe we have copies, the attempted services were e-mails, where there is no consent for e-mail service and for which none were directed to any of the listed counsel of record in the case, and one attempted mailing, addressed to Hanson Bridgett without naming any of the listed counsel of record in the case—and not including the actual full documents in the envelope.

6. To the extent we ultimately gained copies of any of the discovery at issue, we served written objections to the discovery on Dashti. These include written objections to various documents from Dashti labeled Set One, Set Two, Set Three, Set Four, and Set Five.

7. In what appear to be additional more recent sets of discovery that Dashti attempted to propound, he appears to have confusingly propounded seven sets that are enumerated Set One through Set Seven. Though Dashti re-uses set numbers in unclear ways, this appears to bring the total of his discovery documents (though some combine different types of discover) to approximately 12 sets, in the way that Dashti labels a set. In these more recent sets, even if there had been proper service, responses would not yet be due, neither as of the time Dashti filed his motion or today.

8. We have remained open to and available for meeting and conferring with Dashti regarding his discovery and Pac Fill's objections to that discovery. At

23409826.2

WENG DECL ISO DFT PAC FILL'S OPPOSITION TO PLTF DASHTI'S MOTION TO COMPEL DISCOVERY

no time before filing his motion here did Dashti attempt to arrange a conference with me or any of the counsel of record for Pac Fill.

9. Indeed, in general throughout the cases, Dashti has not been cooperative in any attempts to have conferences—and at one point, he even expressly stated he would not talk to us anymore. On June 11, 2026, Dashti sent an e-mail, stating that he was "no longer willing to continue engaging in discussions, negotiations, or cooperation" with Pac Fill's counsel. I responded and noted, among other things, that Plaintiff had "repeatedly refused to meet-and-confer... timely or at all" and had "repeatedly refused to give input on required joint filings." A true and correct copy of these e-mails is attached as Exhibit A.

10. As another example, specific to supposed meet-and-confer efforts regarding Dashti's discovery, at one point, we received a document from Plaintiff titled "WITHOUT PREJUDICE - FOR SETTLEMENT AND MEET AND CONFER PURPOSES ONLY PLAINTIFF'S FINAL WRITTEN MEET AND CONFER." that appeared to be following up on his discovery. On June 30, 2026, I e-mailed Dashti in response, writing, "to the extent you are seeking to meet and confer regarding your discovery in this action, we are happy to do so," though I also asked Dashti to "follow the requirements of Local Rule 37." A true and correct copy of this e-mail is attached hereto as Exhibit B. Plaintiff did not respond to this e-mail.

11. Leading into this motion, on July 23, 2026, Dashti e-mailed the courtroom deputy, without copying Pac Fill's counsel, representing that he had made "three separate written meet-and-confer efforts" regarding Sets One through Seven, and asking whether he could "proceed with filing the Motion to Compel or whether any additional procedural step is required." Dashti filed his motion here later that same day, without waiting for the Court's response. On July 24, 2026, the courtroom deputy responded, this time copying Pac Fill's counsel, stating: "All emails to the Court must cc opposing counsel. You are directed to the Court's website, which explains the pre-filing requirements," with a link to Magistrate Judge

Case No. 2:26-cv-03385 PA (BFMx)

23409826.2

WENG DECL ISO DFT PAC FILL'S OPPOSITION TO PLTF DASHTI'S MOTION TO COMPEL DISCOVERY

Mircheff's webpage. A true and correct copy of these e-mails is attached hereto as Exhibit C.

12. After filing his motion, Dashti sent correspondence purporting to seek times to hold the conference, albeit after he had already filed his motion. We have been responding to him. For example, on July 30, 2026, I e-mailed Dashti in response to his correspondence dated July 29, 2026. In my e-mail, I stated that Pac Fill was open to a single consolidated conference as Dashti had proposed; I proposed specific agenda items, including discovery meet-and-confers concerning both parties' discovery; and I noted that Local Rule 37-1 requires discovery meet-and-confers to be conducted in person and offered to host the conference at our Los Angeles office or an alternate location. I concluded the e-mail, "Some of the issues do have timing constraints, so we look forward to hearing from you." A true and correct copy of this email is attached hereto as Exhibit D.

13. On July 31, 2026, Dashti e-mailed the Court's courtroom deputy, copying me, stating that, "[t]o date, Pac Fill has not confirmed the participating attorney or representative, provided the requested direct telephone number, or specified dates and times when it is available" for a meet-and-confer conference. A true and correct copy of this e-mail is attached hereto as Exhibit E. This of course ignored the response that I had just sent him the day before.

14. As a note, I am familiar with Pac Fill's written objections to Dashti's discovery at issue that have been served to date. The specific objections asserted varied by request depending on subject matter and posture. For example: there were objections based on Rule 33's numerical limit on interrogatories that were asserted only on interrogatories after 25; there were relevance and proportionality objections that were asserted selectively, based on each request's actual subject matter; there were objections that requested information was not within Pac Fill's possession, custody, or control that were asserted only as to requests seeking third-party information; and so on. Pac Fill has not attached its complete written objections to

23409826.2

WENG DECL ISO DFT PAC FILL'S OPPOSITION TO PLTF DASHTI'S MOTION TO COMPEL DISCOVERY

this declaration given their substantial volume—but is prepared to submit them in full if the Court would find that helpful.

15.    On or about May 20, 2026, Pac Fill propounded its own discovery requests on Plaintiff Dashti in this action. As of the date of this declaration, Pac Fill has not received any document production from Dashti in response to that discovery.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief.

Executed on August 4, 2026 in Oakland, California.

_____

Garner K. Weng

23409826.2

WENG DECL ISO DFT PAC FILL'S OPPOSITION TO PLTF DASHTI'S MOTION TO COMPEL DISCOVERY

# EXHIBIT A

| | |
|---|---|
| **From:** | Garner K. Weng |
| **To:** | Steve Dashti |
| **Cc:** | Raffi Zerounian; Justin P. Thiele; Susanna L. Chenette |
| **Subject:** | RE: [EXTERNAL] Re: Dashti v Pac Fill (26-3385) - ADR selection |
| **Date:** | Thursday, June 11, 2026 1:38:59 PM |

Mr. Dashti:

Your messages continue to be confusing.

You do not appear to be familiar with the rules of procedure or the requirements of the Court. When I have reached out to you in this case (or the 3645 case), or sought to meet and confer with you by telephone in this case (or the 3645 case), it has been entirely because of a rule of the Court or an order of the Court  or a procedure of the Court requires me to do so. You have repeatedly refused to meet-and-confer with us timely or at all and repeatedly refused to give input on required joint filings timely or at all. You have repeatedly filed or attempted to file documents that violate the Court's rules. The e-mail trails have only underscored this – and for instance show, for each of your notes below on your purported cooperation, when you hung up in the middle of a meet-and-confer call, when you stopped responding to e-mails asking to meet and confer, or when you did not give input on a required joint filing.

Your continued refusal to learn the Court's procedures or to follow them is difficult to consider good faith.

We will continue to reach out to meet and confer whenever required by the Court's procedures. If you refuse to respond, that's on you.

---

**From:** Steve Dashti <stevedashti@gmail.com>
**Sent:** Thursday, June 11, 2026 12:15 PM
**To:** Garner K. Weng <gweng@hansonbridgett.com>; Laura A. Prongos <Lprongos@hansonbridgett.com>
**Subject:** Re: [EXTERNAL] Re: Dashti v Pac Fill (26-3385) - ADR selection

---

**EXTERNAL:** Use caution when opening attachments, links or responding to this e-mail.

---

Subject : Further Communications

Mr.Wang

I am genuinely surprised by the direction you have taken in these communications.

For the following three reasons, I am no longer willing to continue engaging in discussions, negotiations, or cooperation with you regarding these matters:

1. **Meet-and-Confer Process**

On April 28, 2026, you requested that the parties meet and confer regarding the Court's scheduling order. I responded and provided my availability. On May 2, 2026, we participated in a telephone meet-and-confer. However, immediately after that call, you represented that I had failed to cooperate and had not properly participated in the process.

2. **Written Communications**

On May 3, 2026, because of the descriptions and characterizations of that conference that you subsequently presented to the Court, I requested that future communications be conducted and confirmed in writing so that there would be a clear and complete record available to the parties and, if

necessary, to the Court. My purpose was to ensure that the Court could accurately understand what was actually discussed between the parties. That request was rejected, and instead I was asked to continue by telephone or Zoom. Once again, procedural arguments were raised rather than creating a clear written record of the parties' communications.

3. **Mediator Selection**

You expressly requested that I propose a mediator and identify the mediator I was contacting so that Defendant could review that proposal. I accepted that request and invested the time and effort necessary to identify and contact **ADR Panel mediator Zia F. Modabbe**r, confirm his availability and willingness to serve, and promptly report that information to you. After I did exactly what you requested, the proposal was rejected based on a different procedural position and an assertion that the Court's procedures had not been followed.

From my perspective, each time I have complied with your requests, a new procedural objection or new requirement has been raised.

Based on these repeated experiences, I have become concerned that, because I am proceeding as a self-represented litigant, procedural objections and technical arguments are being used in a manner that hinders rather than advances the resolution of the actual issues in dispute.

Accordingly, based on your actions, correspondence, and positions throughout these interactions, I no longer believe that further discussions, negotiations, or correspondence with you would be productive.

I have made repeated good-faith efforts to address these issues directly and to move the process forward. However, based on the pattern reflected in the communications described above, I have concluded that continued discussions are unlikely to lead to any meaningful resolution.

Therefore, I do not wish to continue pursuing these matters with you.

My position in both pending cases is that the disputed issues should ultimately be resolved through the Court's proceedings and, where applicable, by the jury. Accordingly, my future actions in both cases will be guided by the Court's rulings, orders, and directions.

From my perspective, no further negotiations or correspondence regarding these subjects are necessary.

On Thu, Jun 11, 2026 at 10:33 AM Garner K. Weng <[gweng@hansonbridgett.com](mailto:gweng@hansonbridgett.com)> wrote:

> Mr. Dashti:
> Thanks for your follow-up.
>
> We do not agree to Mr. Modabber. The Court's procedures dictate that the parties agree on a mediator before consent of the mediator is obtained. That is why we proposed several options and were trying to seek your agreement first and were asking you to do the same with us. Per the Court's website:
>
>> The parties should first review the list of Panel Mediators on the Court website and confer regarding a Mediator upon whom they can agree. There are two lists: one, alphabetical by Panel Mediator and the other, by area of law. The website also contains professional profiles of the Panel Mediators.
>>
>> When the parties have agreed upon a Mediator, counsel with familiarity with the case must call the Mediator to obtain his or her consent to mediate the case within the time

allowed by the Court. Counsel then e-file a Stipulation Regarding Selection of Mediator (ADR-02).

If you agree to any of the options we proposed, or have others to propose, please let us know as soon as possible.

If the parties cannot reach agreement, we are to file a stipulation asking the ADR Program staff to assign a Panel Mediator. Please let us know if you are willing to sign such a stipulation as soon as possible.

---

**From:** Steve Dashti <stevedashti@gmail.com>
**Sent:** Thursday, June 11, 2026 10:23 AM
**To:** Garner K. Weng <gweng@hansonbridgett.com>
**Subject:** Re: [EXTERNAL] Re: Dashti v Pac Fill (26-3385) - ADR selection

**EXTERNAL:** Use caution when opening attachments, links or responding to this e-mail.

Mr. Weng,

You requested that I propose a panel mediator, and I have done so.

I contacted several ADR Panel mediators regarding their availability and willingness to serve in this matter. Zia F. Modabber has confirmed his availability and willingness to serve as mediator. In his response, Mr. Modabber copied his Case Administrator and the Court's ADR Coordinator.

Accordingly, I propose Zia F. Modabber as the mediator for this case.

Pls let me know whether Defendant agrees to the selection of Zia F. Modabber so that the parties may promptly finalize the mediator selection process and comply with the Court's ADR referral requirements.

On Wed, Jun 10, 2026 at 3:32 PM Garner K. Weng <gweng@hansonbridgett.com> wrote:

> Mr. Dashti:
> Please propose additional panel mediators, so we can review options together.
>
> We proposed three mediators to give you some options to consider and ask that you do the same.
>
> ---
>
> **From:** Steve Dashti <stevedashti@gmail.com>
> **Sent:** Wednesday, June 10, 2026 3:09 PM

**To:** Garner K. Weng <gweng@hansonbridgett.com>
**Subject:** Re: [EXTERNAL] Re: Dashti v Pac Fill (26-3385) - ADR selection

**EXTERNAL:** Use caution when opening attachments, links or responding to this e-mail.

Mr. Weng,

In response to your invitation to propose other panel mediators, I contacted Zia F. Modabber, a member of the Court's ADR Panel. Mr. Modabber has confirmed that he is available and willing to serve as the mediator in this matter. In his response, Mr. Modabber copied his Case Administrator and the Court's ADR Coordinator.

I am agreeable to the selection of Zia F. Modabber and propose Zia F. Modabber as the mediator for this case.

Please let me know whether Plaintiff agrees to the selection of Zia F. Modabber so that the parties may promptly finalize the mediator selection process and comply with the Court's ADR referral requirements.

I look forward to your response.

On Wed, Jun 10, 2026 at 1:32 PM Garner K. Weng <gweng@hansonbridgett.com> wrote:

> Mr. Dashti:
> Of the panel mediators we proposed, Mr. Kravitz and Mr. Keats both expressed willingness and availability to serve as the mediator for the case (though Mr. Keats needs to run a conflicts check still).
>
> Their respective information is on the Court's website and on their individual websites.
>
> Please review and let us know if either would be acceptable to you.
>
> I believe we are supposed to let the Court know by tomorrow (Thursday).
>
> ---
>
> **From:** Garner K. Weng
> **Sent:** Wednesday, June 10, 2026 11:53 AM
> **To:** 'Steve Dashti' <stevedashti@gmail.com>
> **Cc:** Raffi Zerounian <RZerounian@hansonbridgett.com>; Justin P. Thiele <JThiele@hansonbridgett.com>; Susanna L. Chenette <SChenette@hansonbridgett.com>
> **Subject:** RE: [EXTERNAL] Re: Dashti v Pac Fill (26-3385) - ADR selection
>
> Mr. Dashti:

I got an error message when I tried to send this message below earlier – so am re-sending.

---

**From:** Garner K. Weng
**Sent:** Wednesday, June 10, 2026 10:53 AM
**To:** 'Steve Dashti' <stevedashti@gmail.com>
**Cc:** Raffi Zerounian <RZerounian@hansonbridgett.com>; Justin P. Thiele <JThiele@hansonbridgett.com>; Susanna L. Chenette <SChenette@hansonbridgett.com>
**Subject:** RE: [EXTERNAL] Re: Dashti v Pac Fill (26-3385) - ADR selection

Mr. Dashti:
Please identify any proposed mediators to whom you are reaching out, so that we may review them in parallel.

Please also review the mediators we mentioned.

This will help us see if we can agree on a mediator with whom to proceed.

Best,
Garner

---

**From:** Steve Dashti <stevedashti@gmail.com>
**Sent:** Wednesday, June 10, 2026 10:42 AM
**To:** Garner K. Weng <gweng@hansonbridgett.com>
**Subject:** [EXTERNAL] Re: Dashti v Pac Fill (26-3385) - ADR selection

**EXTERNAL:** Use caution when opening attachments, links or responding to this e-mail.

ADR Panel Mediator Selection

Mr. Weng,

I am currently communicating with another ADR Panel Mediator regarding availability and consent to serve in this matter. Accordingly, I am not yet in a position to agree to any of the proposed mediators identified in your email.

I will provide an update as soon as I receive a response regarding the mediator's availability and willingness to serve. In the meantime, please feel free to proceed with your inquiries regarding the mediators you have identified.

Steve

On Wed, Jun 10, 2026 at 10:27 AM Garner K. Weng <gweng@hansonbridgett.com> wrote:

> Mr. Dashti:
> We are still awaiting your response here.
>
> Best,
> Garner

**From:** Garner K. Weng
**Sent:** Monday, June 8, 2026 5:43 PM
**To:** Steve Dashti <stevedashti@gmail.com>
**Cc:** Raffi Zerounian <RZerounian@hansonbridgett.com>; Justin P. Thiele <JThiele@hansonbridgett.com>; Susanna L. Chenette <SChenette@hansonbridgett.com>
**Subject:** Dashti v Pac Fill (26-3385) - ADR selection

Mr. Dashti:

The Court's order referring this case to ADR requires the parties to select and obtain the consent of a Panel Mediator within 21 days – the order was dated May 21, 2026, so our date is coming up later this week.

We propose that we reach out to one or more of the following listed panel mediators to see who is available for and consents to conducting the mediation in this case by the required date:

> Philip Cook
> Anthony Keats
> Jeffrey Kravitz

Please let us know if any of these proposed mediators is acceptable for you.

If you object to any of these proposed mediators or wish to propose others, please let us know as soon as possible.

Best,
Garner

**Garner K. Weng**
**Partner**
gweng@hansonbridgett.com
Direct: (415) 995-5081
Website | LinkedIn

**Hanson Bridgett LLP**
425 Market Street, 26th Floor
San Francisco, CA 94105

This communication, including any attachments, is confidential and may be protected by privilege. If you are not the intended recipient, any use, dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify the sender by telephone or email, and permanently delete all copies, electronic or other, you may have. The foregoing applies even if this notice is embedded in a message that is forwarded or attached.

# EXHIBIT B

| **From:** | Garner K. Weng |
| **To:** | Steve Dashti |
| **Cc:** | Raffi Zerounian; Justin P. Thiele; Susanna L. Chenette |
| **Subject:** | Dashti v Pac Fill (26-3385) - discovery |
| **Date:** | Tuesday, June 30, 2026 5:20:04 PM |

Mr. Dashti:

We are in receipt of your document titled, "WITHOUT PREJUDICE – FOR SETTLEMENT AND MEET AND CONFER PURPOSES ONLY
PLAINTIFF'S FINAL WRITTEN MEET AND CONFER," dated June 22, 2026. Its title and content are a bit confusing, but to the extent you are seeking to meet and confer regarding your discovery in this action, we are happy to do so.

Please follow the requirements of Local Rule 37.


Best,
Garner


**Garner K. Weng**
**Partner**
gweng@hansonbridgett.com
Direct: (415) 995-5081
Website  |  LinkedIn

**Hanson Bridgett LLP**
425 Market Street, 26th Floor
San Francisco, CA 94105

This communication, including any attachments, is confidential and may be protected by privilege. If you are not the intended recipient, any use, dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify the sender by telephone or email, and permanently delete all copies, electronic or other, you may have. The foregoing applies even if this notice is embedded in a message that is forwarded or attached.

# EXHIBIT C

| | |
|---|---|
| **From:** | BFM Chambers |
| **To:** | Steve Dashti |
| **Cc:** | Raffi Zerounian; Garner K. Weng; Justin P. Thiele; Susanna L. Chenette |
| **Subject:** | [EXTERNAL] RE: Subject: Request for Authorization to File Motion to Compel – Case No. 2:26-cv-03385-PA (BFMx) |
| **Date:** | Friday, July 24, 2026 1:22:46 PM |

**EXTERNAL:** Use caution when opening attachments, links or responding to this e-mail.

Mr. Dashti,
All emails to the Court must cc opposing counsel. You are directed to the Court's website, which explains the pre-filing requirements. (https://apps.cacd.uscourts.gov/Jps/honorable-brianna-fuller-mircheff)

**From:** Steve Dashti <stevedashti@gmail.com>
**Sent:** Thursday, July 23, 2026 9:41 AM
**To:** BFM Chambers <BFM_Chambers@cacd.uscourts.gov>
**Subject:** Subject: Request for Authorization to File Motion to Compel – Case No. 2:26-cv-03385-PA (BFMx)

**CAUTION - EXTERNAL:**

**Dear Courtroom Deputy,**

I am the pro se Plaintiff in **Dashti v. Pac Fill, Inc., Case No. 2:26-cv-03385-PA (BFMx).**

Plaintiff has made three separate written meet-and-confer efforts regarding his Discovery Requests, Sets One through Seven. On each occasion, Plaintiff attempted in good faith to resolve the discovery dispute without Court intervention. However, despite these repeated efforts, Defendant has not provided any substantive responses, and the parties have been unable to resolve the discovery dispute.

Plaintiff has now prepared a Motion to Compel. Before filing it, I respectfully request guidance as to whether I may proceed with filing the Motion to Compel or whether any additional procedural step is required.

Thank you for your assistance.

Respectfully,

**Steve Dashti**
Plaintiff, Pro Se

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

# EXHIBIT D

| | |
|---|---|
| **From:** | Garner K. Weng |
| **To:** | Steve Dashti |
| **Cc:** | Raffi Zerounian; Justin P. Thiele; Susanna L. Chenette |
| **Subject:** | Pac Fill - Dashti - further meet-and-confer follow-up |
| **Date:** | Thursday, July 30, 2026 6:10:33 PM |

Mr. Dashti:

We write to respond further to your correspondence dated July 29, 2026.

We are open to a single consolidated conference. If we proceed that way, we propose adding items to the agenda, including:

- our requested meet-and-confer regarding your new complaint in state court (Case No. 26VECV03848) (per our e-mail of earlier today);
- our requested discovery meet-and-confer regarding your responses to Pac Fill's discovery in the 3385 case (per our letter of earlier today); and
- our requested discovery meet-and-confer letter regarding your discovery directed to Pac Fill in the 3385 case (per our letter of earlier today).

As you may know, Local Rule 37-1 requires that discovery meet-and-confers be in person. We could accordingly have the single consolidated conference in person. We would be happy to host at our Los Angeles office or to consider an alternate location.

If preferred, we could split out non-discovery subjects to a phone or video conference.

For any conferences, you are welcome to bring someone to assist you with any language or other support that you feel you would like. We are not in a position to provide such assistance.

As a note, the discovery meet-and-confer is a requirement under Local Rule 37, and the applicable judges' standing orders and rules, **before** a motion to compel. You have already filed a motion to compel against Pac Fill, albeit without following any of the applicable rules or procedure. In fact, you filed your motion to compel on all of your discovery - **even before certain discovery responses are due**. Accordingly, it is unclear what you wish to discuss or whether you legitimately wish to try to resolve or narrow issues regarding your discovery on Pac Fill through the meet-and-confer process.

If you are, we are hopeful of resolving service issues through our separate e-mail conversation and proposal, and we have been gathering documents and could be in a position to produce an initial batch shortly. We will also need to discuss the other objections we have raised in the course of responding to your discovery requests.

Some of the issues do have timing constraints, so we look forward to hearing from you.

Best,
Garner

**Garner K. Weng**
**Partner**
gweng@hansonbridgett.com
Direct: (415) 995-5081
Website | LinkedIn



**Hanson Bridgett LLP**

425 Market Street, 26th Floor

San Francisco, CA 94105

This communication, including any attachments, is confidential and may be protected by privilege. If you are not the intended recipient, any use, dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify the sender by telephone or email, and permanently delete all copies, electronic or other, you may have. The foregoing applies even if this notice is embedded in a message that is forwarded or attached.

# EXHIBIT E

| | |
|---|---|
| **From:** | Steve Dashti |
| **To:** | BFM Chambers; Garner K. Weng; Laura A. Prongos |
| **Subject:** | [EXTERNAL] Subject: Case No. 2:26-cv-03385-PA (BFMx) — Plaintiff's Response Regarding Pending Motion to Compel (Dkt. 59) |
| **Date:** | Friday, July 31, 2026 5:56:40 PM |

**EXTERNAL:** Use caution when opening attachments, links or responding to this e-mail.

**Subject: Case No. 2:26-cv-03385-PA (BFMx) — Plaintiff's Response Regarding Pending Motion to Compel (Dkt. 59)**

Dear Courtroom Deputy Howard:

I write in response to the status inquiry sent to you by Defendant's counsel, on which I was copied. I respectfully submit the following information concerning Plaintiff's pending Motion to Compel, Dkt. 59.

**Plaintiff's Responses to Pac Fill's Discovery**

Pac Fill propounded discovery requests to Plaintiff. Plaintiff timely served complete and verified responses to Pac Fill's discovery requests within the applicable deadline. Plaintiff therefore fulfilled his discovery obligations concerning the discovery propounded by Pac Fill.

**Pac Fill's Failure to Provide Substantive Responses to Plaintiff's Discovery**

Separately, Plaintiff timely served his own discovery requests on Pac Fill, including Sets One through Seven. Before filing the Motion, Plaintiff repeatedly requested that Pac Fill provide substantive responses and produce the requested responsive documents so that Court intervention would not be necessary.

After Pac Fill's counsel raised objections and asserted deficiencies concerning Plaintiff's requests, Plaintiff addressed those objections, revised the requests, and re-served them in a further good-faith effort to resolve the dispute. The record accompanying the Motion documents Plaintiff's repeated pre-filing efforts to resolve or narrow the discovery dispute.

Despite Plaintiff's revisions, re-service, and repeated efforts, Pac Fill did not provide a substantive answer to even one of Plaintiff's discovery requests and did not produce any of the requested responsive documents. Instead, Pac Fill relied exclusively on procedural objections and asserted deficiencies. After those efforts failed to produce any substantive response or responsive document, Plaintiff sought relief from the Court.

**Plaintiff's Request for Guidance Before Filing**

Before filing Dkt. 59 on July 23, 2026, Plaintiff e-mailed Chambers to request guidance as to whether he could proceed with filing the Motion or whether an additional procedural step was required. Plaintiff understands from Chambers' July 24 response and Judge Mircheff's published procedures that the Court's separate pre-motion conference must be conducted before a discovery motion is filed.

Plaintiff respectfully requests an opportunity to cure this procedural issue by completing the required procedures in the proper sequence. Plaintiff is prepared to comply promptly with any further procedure directed by the Court.

**Plaintiff's Continuing Conference Efforts**

Plaintiff has now sent two separate written communications, dated July 29 and July 30, 2026, in furtherance of the good-faith conference contemplated by Federal Rule of Civil Procedure 37(a)(1) and required by Local Rule 37-1.

In those communications, Plaintiff requested that Pac Fill identify the attorney or representative who will participate on Defendant's behalf, provide a direct telephone number for coordinating and conducting the conference, and specify the dates and times when Defendant is available to participate during the coming week.

These requests were made to arrange an actual good-faith telephone conference and to provide the parties with another opportunity to resolve or narrow the discovery dispute. To date, Pac Fill has not confirmed the participating attorney or representative, provided the requested direct telephone number, or specified dates and times when it is available for the conference. Plaintiff remains ready and willing to participate during the coming week and to make a good-faith effort to resolve or narrow the dispute.

The July 29 and July 30 communications have been preserved and can be presented through the appropriate filing procedure if requested or authorized by the Court. No documents are being submitted as attachments to this e-mail.

### Plaintiff's Request

Accordingly, Plaintiff respectfully requests that Dkt. 59 remain pending and be held in abeyance while Plaintiff and Defendant conduct the conference required by Local Rule 37-1. If that conference does not resolve the dispute, Plaintiff will promptly request the pre-motion Zoom conference required by Judge Mircheff's published procedures.

Plaintiff respectfully requests that the Court permit Dkt. 59 to proceed following completion of those procedures. Plaintiff will promptly comply with any additional direction issued by the Court.

Thank you for your consideration.

Respectfully,
Steve Dashti
Plaintiff, Pro Se
Case No. 2:26-cv-03385-PA (BFMx)

## PROOF OF SERVICE

### *Dashti v. Pac Fill, Inc.*
### 2:26-cv-03385 PA (BFMx)

**STATE OF CALIFORNIA, COUNTY OF CONTRA COSTA**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Contra Costa, State of California. My business address is 1676 N. California Blvd., Suite 620, Walnut Creek, CA 94596.

On August 4, 2026, I served true copies of the following document(s) described as **DECLARATION OF GARNER K. WENG IN SUPPORT OF DEFENDANT PAC FILL, INC.'S OPPOSITION TO PLAINTIFF STEVE DASHTI'S MOTION TO COMPEL DEFENDANT PAC FILL, INC.'S COMPLETE SUBSTANTIVE RESPONSES TO PLAINTIFF'S DISCOVERY REQUESTS (SETS ONE THROUGH SEVEN), REQUEST FOR SANCTIONS, AND FOR OTHER APPROPRIATE RELIEF** on the interested parties in this action as follows:

Steve Dashti                                              *Plaintiff in Pro Per*

21200 Oxnard Street, #508

Woodland Hills, CA 91367

stevedashti@gmail.com

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with Hanson Bridgett LLP's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e mail address lprongos@hansonbridgett.com to the persons at the e mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on August 4, 2026, at Alameda, California.

_____
Laura Prongos

Case No. 2:26-cv-03385 PA (BFMx)

23409826.2

PROOF OF SERVICE