HANSON BRIDGETT LLP
RAFFI V. ZEROUNIAN, SBN 236388
rzerounian@hansonbridgett.com
JUSTIN P. THIELE, SBN 311787
Jthiele@hansonbridgett.com
601 W. 5th Street, Suite 300
Los Angeles, California 90071
Telephone: (213) 395-7620
Facsimile: (213) 395-7615

HANSON BRIDGETT LLP
GARNER K. WENG, SBN 191462
gweng@hansonbridgett.com
SUSANNA L. CHENETTE, SBN 257914
schenette@hansonbridgett.com
425 Market Street, 26th Floor
San Francisco, California 94105
Telephone: (415) 777-3200
Facsimile: (415) 541-9366

***Attorneys for Defendant and Counterclaimant***
PAC FILL, INC. dba SUN DAIRY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE DASHTI, an individual,<br><br>Plaintiff,<br><br>v.<br><br>PAC FILL, INC., a California corporation d/b/a SUN DAIRY,<br><br>Defendant. | Case No. 2:26-cv-03385 PA (BFMx)<br><br>**DEFENDANT PAC FILL, INC.'S ANSWER TO FIRST AMENDED COMPLAINT AND COUNTERCLAIM**<br><br>**DEMAND FOR JURY TRIAL** |
| PAC FILL, INC., a California corporation d/b/a SUN DAIRY,<br><br>Counter-Claimant,<br><br>v.<br><br>STEVE DASHTI, an individual; and BIBI UNITED GROUP INC., a California corporation,<br><br>Counter-Defendants. | Judge: Hon. Percy Anderson<br>Trial Date: April 6, 2027 |

23410462.1

DEFENDANT PAC FILL, INC.'S ANSWER TO FIRST AMENDED COMPLAINT AND COUNTERCLAIM

Defendant Pac Fill, Inc. dba Sun Dairy ("Defendant" or "Pac Fill") hereby answers the First Amended Complaint ("Complaint") by Plaintiff Steve Dashti ("Plaintiff" or "Dashti"), as follows:

## INTRODUCTION

1.     In response to Paragraph 1 of the Complaint, this paragraph states Plaintiff's characterization of what he sees as the disputes at issue in the action for which no response is required; but, to the extent a response is appropriate, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph—and on that basis denies each and every allegation contained therein.

2.     In response to Paragraph 2 of the Complaint, this paragraph states Plaintiff's characterization of what he sees as the disputes at issue in the action for which no response is required; but, to the extent a response is appropriate, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph—and on that basis denies each and every allegation contained therein.

3.     In response to Paragraph 3 of the Complaint, Defendant admits it has asserted rights in the mark ABALI as set forth its federal registration and applications for federal registration for such mark and as set forth in its First Amended Complaint in Case No. 2:26-cv-03645 PA (BFMx) and in its Counterclaims in this action and asserts infringement and related claims against Plaintiff as set forth in such actions. Except as so admitted, Defendant denies each and every other allegation in this paragraph.

4.     In response to Paragraph 4 of the Complaint, Defendant admits that Abali is the name of a city in Iran; and Defendant denies that any of the stated allegations is inconsistent with Defendant's asserted trademark rights in the mark ABALI in connection with specific goods in the United States. Except as so admitted or denied, Defendant is without sufficient knowledge or information to

form a belief as to the truth of the other allegations contained in this paragraph, and on that basis denies each and every other such allegation contained therein.

5. In response to Paragraph 5 of the Complaint, this paragraph states Plaintiff's characterization of what he sees as the disputes at issue in the action for which no response is required; but, to the extent a response is appropriate, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph—and on that basis denies each and every allegation contained therein.

6. In response to Paragraph 6 of the Complaint, this paragraph states Plaintiff's characterization of what he sees as the disputes at issue in the action for which no response is required; but, to the extent a response is appropriate, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph—and on that basis denies each and every allegation contained therein.

7. In response to Paragraph 7 of the Complaint, Defendant admits that it has conducted business under the name Sun Dairy since at least as early as approximately 1990; Defendant alleges that it adopted and began using in commerce the ABALI mark earlier than 1990. Except as so admitted or alleged, Defendant denies each and every other allegation contained in this paragraph.

8. In response to Paragraph 8 of the Complaint, this paragraph states Plaintiff's characterization of what he sees as the disputes at issue in the action for which no response is required; but, to the extent a response is appropriate, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph—and on that basis denies each and every allegation contained therein.

9. In response to Paragraph 9 of the Complaint, this paragraph states Plaintiff's characterization of what he sees as the disputes at issue in the action for which no response is required; but, to the extent a response is appropriate,

23410462.1

Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph—and on that basis denies each and every allegation contained therein.

10.   In response to Paragraph 10 of the Complaint, Defendant admits that there is an actual and present controversy between the parties regarding Plaintiff's infringement of Defendant's mark ABALI. Except as so admitted, Defendant denies each and every other allegation contained in this paragraph.

**PARTIES**

11.   In response to Paragraph 11 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph—and on that basis denies each and every allegation contained therein.

12.   In response to Paragraph 12 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph—and on that basis denies each and every allegation contained therein.

13.   In response to Paragraph 13 of the Complaint, Defendant admits that it is a corporation organized and existing under the laws of the State of California and that it has a corporate office in Los Angeles, California. Except as so admitted, Defendant denies each and every allegation contained in this paragraph.

14.   In response to Paragraph 14 of the Complaint, Defendant admits that it conducts business under the name Sun Dairy and has publicly promoted, marketed, distributed, and sold marks under the mark ABALI. Except as so admitted, Defendant denies each and every allegation contained in this paragraph.

15.   In response to Paragraph 15 of the Complaint, Defendant admits that it conducts business under the name Sun Dairy and has done so since at least as early as approximately 1990 and has used certain third-party services in connection with certain products sold under the mark ABALI. Except as so admitted, Defendant

denies each and every allegation contained in this paragraph.

16.    In response to Paragraph 16 of the Complaint, this paragraph states Plaintiff's characterization of what he sees as the disputes at issue in the action for which no response is required; but, to the extent a response is appropriate, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph—and on that basis denies each and every allegation contained therein.

17.    In response to Paragraph 17 of the Complaint, this paragraph states Plaintiff's characterization of what he sees as the disputes at issue in the action for which no response is required; but, to the extent a response is appropriate, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph—and on that basis denies each and every allegation contained therein.

18.    In response to Paragraph 18 of the Complaint, Defendant admits that it has asserted claims against Plaintiff as set forth in its First Amended Complaint in Case No. 2:26-cv-03645 PA (BFMx) and in its Counterclaims in this action. Except as so admitted, Defendant denies each and every allegation contained in this paragraph.

19.    In response to Paragraph 19 of the Complaint, Defendant admits that there is an actual controversy between the parties regarding Plaintiff's infringement of Defendant's mark ABALI. Except as so admitted, Defendant denies each and every allegation contained in this paragraph.

**JURISDICTION AND VENUE**

20.    In response to Paragraph 20 of the Complaint, this paragraph states a legal conclusion to which no response is required; but, to the extent a response is appropriate, Defendant admits that the Court has subject-matter jurisdiction over claims arising under the Lanham Act. Except as so admitted, Defendant denies each and every allegation contained in this paragraph.

23410462.1

DEFENDANT PAC FILL, INC.'S ANSWER TO FIRST AMENDED COMPLAINT AND COUNTERCLAIM

21. In response to Paragraph 21 of the Complaint, this paragraph states a legal conclusion to which no response is required; but, to the extent a response is appropriate, Defendant admits that the Court has subject-matter jurisdiction over claims arising under the Lanham Act. Except as so admitted, Defendant denies each and every allegation contained in this paragraph.

22. In response to Paragraph 22 of the Complaint, this paragraph states Plaintiff's characterization of what he sees as the disputes at issue in the action for which no response is required; but, to the extent a response is appropriate, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph—and on that basis denies each and every allegation contained therein.

23. In response to Paragraph 23 of the Complaint, this paragraph states Plaintiff's characterization of what he sees as the disputes at issue in the action for which no response is required; but, to the extent a response is appropriate, Defendant alleges that the statute speaks for itself. Except as so alleged, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph—and on that basis denies each and every allegation contained therein.

24. In response to Paragraph 24 of the Complaint, this paragraph states Plaintiff's characterization of what he sees as the disputes at issue in the action for which no response is required; but, to the extent a response is appropriate, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph—and on that basis denies each and every allegation contained therein.

25. In response to Paragraph 25 of the Complaint, this paragraph states a legal conclusion to which no response is required; but, to the extent a response is appropriate, Defendant alleges that the statute speaks for itself. Except as so alleged, Defendant is without sufficient knowledge or information to form a belief as to the

truth of the allegations contained in this paragraph—and on that basis denies each and every allegation contained therein.

26.    In response to Paragraph 26 of the Complaint, Defendant admits that there is an actual and present controversy between the parties regarding Plaintiff's infringement of Defendant's mark ABALI. Except as so admitted, Defendant denies each and every allegation contained in this paragraph.

27.    In response to Paragraph 27 of the Complaint, this paragraph states a legal conclusion to which no response is required; but, to the extent a response is appropriate, Defendant alleges that the statute speaks for itself. Except as so alleged, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph—and on that basis denies each and every allegation contained therein.

28.    In response to Paragraph 28 of the Complaint, Defendant admits that there is an actual and present controversy between the parties regarding Plaintiff's infringement of Defendant's mark ABALI for which judicial determination is necessary. Except as so admitted, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph—and on that basis denies each and every allegation contained therein.

29.    In response to Paragraph 29 of the Complaint, this paragraph states legal conclusions to which no responses are required; but, to the extent a response is appropriate, Defendant admits that it is a corporation organized and existing under the laws of the State of California, that it has a corporate office in Los Angeles, California, and that it conducts business in California. Defendant is without sufficient knowledge or information to form a belief as to the truth of the other allegations contained in this paragraph, and on that basis denies each and every such other allegation contained therein.

30.    In response to Paragraph 30 of the Complaint, this paragraph states legal conclusions to which no responses are required; but, to the extent a response is

23410462.1

Case No. 2:26-cv-03385 PA (BFMx)
DEFENDANT PAC FILL, INC.'S ANSWER TO FIRST AMENDED COMPLAINT AND COUNTERCLAIM

appropriate, Defendant incorporates its responses to Paragraphs 20-29, inclusive, as though fully set forth herein. Except as so alleged, admitted, or denied, Defendant is without sufficient knowledge or information to form a belief as to the truth of the other allegations contained in this paragraph, and on that basis denies each and every such other allegation contained therein.

## FACTUAL ALLEGATIONS

**Geographic Significance of ABALI**

31.    In response to Paragraph 31 of the Complaint, Defendant admits that Abali is the name of a city in Iran; and Defendant denies that any of the stated allegations is inconsistent with Defendant's asserted trademark rights in the mark ABALI in connection with specific goods in the United States. Except as so admitted or denied, Defendant is without sufficient knowledge or information to form a belief as to the truth of the other allegations contained in this paragraph, and on that basis denies each and every other such allegation contained therein.

32.    In response to Paragraph 32 of the Complaint, Defendant admits that Abali is the name of a city in Iran; and Defendant denies that any of the stated allegations is inconsistent with Defendant's asserted trademark rights in the mark ABALI in connection with specific goods in the United States. Except as so admitted or denied, Defendant is without sufficient knowledge or information to form a belief as to the truth of the other allegations contained in this paragraph, and on that basis denies each and every other such allegation contained therein.

33.    In response to Paragraph 33 of the Complaint, Defendant admits that Abali is the name of a city in Iran; and Defendant denies that any of the stated allegations is inconsistent with Defendant's asserted trademark rights in the mark ABALI in connection with specific goods in the United States. Except as so admitted or denied, Defendant is without sufficient knowledge or information to form a belief as to the truth of the other allegations contained in this paragraph, and on that basis denies each and every other such allegation contained therein.

34.	In response to Paragraph 34 of the Complaint, Defendant admits that Abali is the name of a city in Iran; and Defendant denies that any of the stated allegations is inconsistent with Defendant's asserted trademark rights in the mark ABALI in connection with specific goods in the United States. Except as so admitted or denied, Defendant is without sufficient knowledge or information to form a belief as to the truth of the other allegations contained in this paragraph, and on that basis denies each and every other such allegation contained therein.

35.	In response to Paragraph 35 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies each and every allegation contained therein.

36.	In response to Paragraph 36 of the Complaint, Defendant admits that there may be uses of ABALI by others in connection with certain goods outside the United States; and Defendant denies that any of the stated allegations is inconsistent with Defendant's asserted trademark rights in the mark ABALI in connection with specific goods in the United States. Except as so admitted or denied, Defendant is without sufficient knowledge or information to form a belief as to the truth of the other allegations contained in this paragraph, and on that basis denies each and every allegation contained therein.

37.	In response to Paragraph 37 of the Complaint, Defendant alleges that the allegations in this paragraph are too vague, ambiguous, or unintelligible to be susceptible of a response. Except as so alleged, Defendant is without sufficient knowledge or information to form a belief as to the truth of the other allegations contained in this paragraph, and on that basis denies each and every such other allegation contained therein.

38.	In response to Paragraph 38 of the Complaint, this paragraph states legal conclusions to which no responses are required; but, to the extent a response is appropriate, Defendant alleges that the Lanham Act and applicable case law

23410462.1

DEFENDANT PAC FILL, INC.'S ANSWER TO FIRST AMENDED COMPLAINT AND COUNTERCLAIM

establish what is relevant to determining trademark rights and infringement claims. Except as so alleged, Defendant is without sufficient knowledge or information to form a belief as to the truth of the other allegations contained in this paragraph, and on that basis denies each and every such other allegation contained therein.

39. In response to Paragraph 39 of the Complaint, Defendant admits that Abali is the name of a city in Iran; Defendant admits that it did not "create" that city; and Defendant denies that any of the stated allegations is inconsistent with Defendant's asserted trademark rights in the mark ABALI in connection with specific goods in the United States. Except as so admitted or denied, Defendant is without sufficient knowledge or information to form a belief as to the truth of the other allegations contained in this paragraph, and on that basis denies each and every other such allegation contained therein.

40. In response to Paragraph 40 of the Complaint, Defendant denies each and every allegation contained therein.

41. In response to Paragraph 41 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies each and every allegation contained therein.

42. In response to Paragraph 42 of the Complaint, this paragraph states Plaintiff's characterization of what he sees as the disputes at issue in the action for which no response is required; but, to the extent a response is appropriate, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph—and on that basis denies each and every allegation contained therein.

43. In response to Paragraph 43 of the Complaint, this paragraph states Plaintiff's characterization of what he sees as the disputes at issue in the action for which no response is required; but, to the extent a response is appropriate, Defendant is without sufficient knowledge or information to form a belief as to the

truth of the allegations contained in this paragraph—and on that basis denies each and every allegation contained therein.

**Historical Recognition and Consumer Understanding**

44.    In response to Paragraph 44 of the Complaint, Defendant admits that Abali is the name of a city in Iran; Defendant denies that any of the stated allegations is inconsistent with Defendant's asserted trademark rights in the mark ABALI in connection with specific goods in the United States. Except as so admitted or denied, Defendant is without sufficient knowledge or information to form a belief as to the truth of the other allegations contained in this paragraph, and on that basis denies each and every other such allegation contained therein.

45.    In response to Paragraph 45 of the Complaint, Defendant admits that Abali is the name of a city in Iran; and Defendant denies that any of the stated allegations is inconsistent with Defendant's asserted trademark rights in the mark ABALI in connection with specific goods in the United States. Except as so admitted or denied, Defendant is without sufficient knowledge or information to form a belief as to the truth of the other allegations contained in this paragraph, and on that basis denies each and every other such allegation contained therein.

46.    In response to Paragraph 46 of the Complaint, Defendant admits that Abali is the name of a city in Iran; and Defendant denies that any of the stated allegations is inconsistent with Defendant's asserted trademark rights in the mark ABALI in connection with specific goods in the United States. Except as so admitted or denied, Defendant is without sufficient knowledge or information to form a belief as to the truth of the other allegations contained in this paragraph, and on that basis denies each and every other such allegation contained therein.

47.    In response to Paragraph 47 of the Complaint, Defendant denies each and every allegation contained therein.

48.    In response to Paragraph 48 of the Complaint, Defendant admits that there may be uses of ABALI by others in connection with certain goods outside the

United States; and Defendant denies that any of the stated allegations is inconsistent with Defendant's asserted trademark rights in the mark ABALI in connection with specific goods in the United States. Except as so admitted or denied, Defendant is without sufficient knowledge or information to form a belief as to the truth of the other allegations contained in this paragraph, and on that basis denies each and every allegation contained therein.

49.    In response to Paragraph 49 of the Complaint, this paragraph states legal conclusions to which no responses are required; but, to the extent a response is appropriate, Defendant alleges that the Lanham Act and applicable case law establish what is relevant to determining trademark rights and infringement claims. Except as so alleged, Defendant is without sufficient knowledge or information to form a belief as to the truth of the other allegations contained in this paragraph, and on that basis denies each and every such other allegation contained therein.

50.    In response to Paragraph 50 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies each and every allegation contained therein.

51.    In response to Paragraph 51 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies each and every allegation contained therein.

52.    In response to Paragraph 52 of the Complaint, this paragraph states Plaintiff's characterization of what he sees as the disputes at issue in the action for which no response is required; but, to the extent a response is appropriate, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph—and on that basis denies each and every allegation contained therein.

23410462.1

Case No. 2:26-cv-03385 PA (BFMx)

DEFENDANT PAC FILL, INC.'S ANSWER TO FIRST AMENDED COMPLAINT AND COUNTERCLAIM

**Historical and First-Use Disputes**

53.     In response to Paragraph 53 of the Complaint, Defendant alleges that the allegations in this paragraph are too vague, ambiguous, or unintelligible to be susceptible of a response. Except as so alleged, Defendant is without sufficient knowledge or information to form a belief as to the truth of the other allegations contained in this paragraph, and on that basis denies each and every such other allegation contained therein.

54.     In response to Paragraph 54 of the Complaint, Defendant admits that there has been a statement on a website indicating the Sun Dairy Co. was founded in 1963. Except as so admitted, Defendant is without sufficient knowledge or information to form a belief as to the truth of the other allegations contained in this paragraph, and on that basis denies each and every allegation contained therein.

55.     In response to Paragraph 55 of the Complaint, Defendant admits that there has been a statement in article published by Zartonik indicating the brand was founded in 1984. Except as so admitted, Defendant is without sufficient knowledge or information to form a belief as to the truth of the other allegations contained in this paragraph, and on that basis denies each and every allegation contained therein.

56.     In response to Paragraph 56 of the Complaint, Defendant admits that it has asserted first-use dates in approximately 1985 in trademark applications and related filings. Except as so admitted, Defendant denies each and every other allegation contained in this paragraph.

57.     In response to Paragraph 57 of the Complaint, Defendant incorporates its responses to Paragraphs 54 and 55 as though fully set forth herein; Defendant admits that there has been a statement on a website indicating a tradition for over 50 years; Defendant admits that there has been a statement in article published by Zartonik stating the company relocated to its current facility by 1988. Except as so admitted or denied, Defendant is without sufficient knowledge or information to form a belief as to the truth of the other allegations contained in this paragraph, and

23410462.1
DEFENDANT PAC FILL, INC.'S ANSWER TO FIRST AMENDED COMPLAINT AND COUNTERCLAIM

on that basis denies each and every allegation contained therein.

58.    In response to Paragraph 58 of the Complaint, Defendant denies each and every allegation contained therein.

59.    In response to Paragraph 59 of the Complaint, Defendant alleges that the allegations in this paragraph are too vague, ambiguous, or unintelligible to be susceptible of a response. Except as so alleged, Defendant is without sufficient knowledge or information to form a belief as to the truth of the other allegations contained in this paragraph, and on that basis denies each and every such other allegation contained therein.

60.    In response to Paragraph 60 of the Complaint, this paragraph states Plaintiff's characterization of what he sees as the disputes at issue in the action for which no response is required; but, to the extent a response is appropriate, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph—and on that basis denies each and every allegation contained therein.

61.    In response to Paragraph 61 of the Complaint, this paragraph states Plaintiff's characterization of what he sees as the disputes at issue in the action for which no response is required; but, to the extent a response is appropriate, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph—and on that basis denies each and every allegation contained therein.

62.    In response to Paragraph 62 of the Complaint, this paragraph states Plaintiff's characterization of what he sees as the disputes at issue in the action for which no response is required; but, to the extent a response is appropriate, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph—and on that basis denies each and every allegation contained therein.

63.    In response to Paragraph 63 of the Complaint, this paragraph states

Plaintiff's characterization of what he sees as the disputes at issue in the action for which no response is required; but, to the extent a response is appropriate, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph—and on that basis denies each and every allegation contained therein.

64. In response to Paragraph 64 of the Complaint, Defendant admits that there is an actual and present controversy between the parties regarding Plaintiff's infringement of Defendant's mark ABALI for which judicial determination is necessary. Except as so admitted, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph—and on that basis denies each and every allegation contained therein.

65. In response to Paragraph 65 of the Complaint, Defendant admits it has asserted rights in the mark ABALI as set forth its federal registration and applications for federal registration for such mark and as set forth in its First Amended Complaint in Case No. 2:26-cv-03645 PA (BFMx) and in its Counterclaims in this action and asserts infringement and related claims against Plaintiff as set forth in such actions. Except as so admitted, Defendant denies each and every other allegation in this paragraph.

66. In response to Paragraph 66 of the Complaint, Defendant admits it has asserted rights in the mark ABALI as set forth its federal registration and applications for federal registration for such mark and as set forth in its First Amended Complaint in Case No. 2:26-cv-03645 PA (BFMx) and in its Counterclaims in this action and asserts infringement and related claims against Plaintiff as set forth in such actions; and Defendant admits that there is an actual and present controversy between the parties regarding Plaintiff's infringement of Defendant's mark ABALI for which judicial determination is necessary. Except as so admitted, Defendant denies each and every other allegation contained in this paragraph.

23410462.1
DEFENDANT PAC FILL, INC.'S ANSWER TO FIRST AMENDED COMPLAINT AND COUNTERCLAIM

**Ownership and Chain of Title**

67.     In response to Paragraph 67 of the Complaint, this paragraph states Plaintiff's characterization of what he sees as the disputes at issue in the action for which no response is required; but, to the extent a response is appropriate, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph—and on that basis denies each and every allegation contained therein.

68.     In response to Paragraph 68 of the Complaint, this paragraph states Plaintiff's characterization of what he sees as the disputes at issue in the action for which no response is required; but, to the extent a response is appropriate, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph—and on that basis denies each and every allegation contained therein.

69.     In response to Paragraph 69 of the Complaint, Defendant alleges that the allegations in this paragraph are too vague, ambiguous, or unintelligible to be susceptible of a response; and Defendant denies that any of the stated allegations is inconsistent with Defendant's asserted trademark rights in the mark ABALI in connection with specific goods in the United States. Except as so alleged or denied, Defendant is without sufficient knowledge or information to form a belief as to the truth of the other allegations contained in this paragraph, and on that basis denies each and every such other allegation contained therein.

70.     In response to Paragraph 70 of the Complaint, Defendant alleges that the U.S. Patent & Trademark Office status and records for the stated applications speak for themselves; and Defendant denies that any of the stated allegations is inconsistent with Defendant's asserted trademark rights in the mark ABALI in connection with specific goods in the United States. Except as so alleged or denied, Defendant is without sufficient knowledge or information to form a belief as to the truth of the other allegations contained in this paragraph, and on that basis denies

23410462.1

DEFENDANT PAC FILL, INC.'S ANSWER TO FIRST AMENDED COMPLAINT AND COUNTERCLAIM

each and every such other allegation contained therein.

71.    In response to Paragraph 71 of the Complaint, this paragraph states Plaintiff's characterization of what he sees as the disputes at issue in the action for which no response is required; but, to the extent a response is appropriate, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph—and on that basis denies each and every allegation contained therein.

72.    In response to Paragraph 72 of the Complaint, Defendant admits that the stated registration issued on the stated date. Except as so admitted, Defendant denies each and every allegation contained in this paragraph.

73.    In response to Paragraph 73 of the Complaint, this paragraph states Plaintiff's characterization of what he sees as the disputes at issue in the action for which no response is required; but, to the extent a response is appropriate, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph—and on that basis denies each and every allegation contained therein.

74.    In response to Paragraph 74 of the Complaint, this paragraph states Plaintiff's characterization of what he sees as the disputes at issue in the action for which no response is required; but, to the extent a response is appropriate, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph—and on that basis denies each and every allegation contained therein.

75.    In response to Paragraph 75 of the Complaint, this paragraph states Plaintiff's characterization of what he sees as the disputes at issue in the action for which no response is required; but, to the extent a response is appropriate, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph—and on that basis denies each and every allegation contained therein.

76.   In response to Paragraph 76 of the Complaint, this paragraph states Plaintiff's characterization of what he sees as the disputes at issue in the action for which no response is required; but, to the extent a response is appropriate, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph—and on that basis denies each and every allegation contained therein.

77.   In response to Paragraph 77 of the Complaint, this paragraph states Plaintiff's characterization of what he sees as the disputes at issue in the action for which no response is required; but, to the extent a response is appropriate, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph—and on that basis denies each and every allegation contained therein.

78.   In response to Paragraph 78 of the Complaint, Defendant denies each and every allegation contained therein.

79.   In response to Paragraph 79 of the Complaint, this paragraph states Plaintiff's characterization of what he sees as the disputes at issue in the action for which no response is required; but, to the extent a response is appropriate, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph—and on that basis denies each and every allegation contained therein.

80.   In response to Paragraph 80 of the Complaint, Defendant denies each and every allegation contained therein.

81.   In response to Paragraph 81 of the Complaint, Defendant admits that it conducts business under the names Sun Dairy. The remainder of this paragraph states Plaintiff's characterization of what he sees as the disputes at issue in the action for which no response is required; but, to the extent a response is appropriate, Defendant is without sufficient knowledge or information to form a belief as to the truth of the other allegations contained in this paragraph—and on that basis denies

each and every allegation contained therein.

81A.   In response to Paragraph 81A of the Complaint, is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph—and on that basis denies each and every allegation contained therein.

81B.   In response to Paragraph 81B of the Complaint, this paragraph states Plaintiff's characterization of what he sees as the disputes at issue in the action for which no response is required; but, to the extent a response is appropriate, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph—and on that basis denies each and every allegation contained therein.

**Defendant's Knowledge of Iran and ABALI**

82.   In response to Paragraph 82 of the Complaint, Defendant denies each and every allegation contained therein.

83.   In response to Paragraph 83 of the Complaint, Defendant denies each and every allegation contained therein.

84.   In response to Paragraph 84 of the Complaint, Defendant alleges that in its Case No. 2:26-cv-03645 PA (BFMx) and in its Counterclaims in this action speak for themselves. Except as so alleged, Defendant denies each and every allegation contained in this paragraph.

85.   In response to Paragraph 85 of the Complaint, Defendant admits that Abali is the name of a city in Iran; and Defendant denies that any of the stated allegations is inconsistent with Defendant's asserted trademark rights in the mark ABALI in connection with specific goods in the United States. Except as so admitted or denied, Defendant is without sufficient knowledge or information to form a belief as to the truth of the other allegations contained in this paragraph, and on that basis denies each and every other such allegation contained therein.

86.   In response to Paragraph 86 of the Complaint, Defendant alleges that

23410462.1

DEFENDANT PAC FILL, INC.'S ANSWER TO FIRST AMENDED COMPLAINT AND COUNTERCLAIM

the allegations in this paragraph are too vague, ambiguous, or unintelligible to be susceptible of a response. Except as so alleged, Defendant is without sufficient knowledge or information to form a belief as to the truth of the other allegations contained in this paragraph, and on that basis denies each and every such other allegation contained therein.

86A.    In response to Paragraph 86A of the Complaint, Defendant admits that it uses the same colors as the Iranian flag in connection with branding and marketing of products sold under the mark ABALI. Except as so admitted, Defendant denies each and every allegation contained in this paragraph.

87.    In response to Paragraph 87 of the Complaint, Defendant denies each and every allegation contained therein.

**Iran References, Iranian Imagery, and Use of Iranian-Themed Branding**

88.    In response to Paragraph 88 of the Complaint, Defendant admits each and every allegation contained therein.

89.    In response to Paragraph 89 of the Complaint, Defendant admits it has asserted rights in the mark ABALI as set forth its federal registration and applications for federal registration for such mark and as set forth in its First Amended Complaint in Case No. 2:26-cv-03645 PA (BFMx) and in its Counterclaims in this action and asserts infringement and related claims against Plaintiff as set forth in such actions. Except as so admitted, Defendant denies each and every allegation contained in this paragraph.

90.    In response to Paragraph 90 of the Complaint, Defendant admits it has asserted rights in the mark ABALI as set forth its federal registration and applications for federal registration for such mark and as set forth in its First Amended Complaint in Case No. 2:26-cv-03645 PA (BFMx) and in its Counterclaims in this action and asserts infringement and related claims against Plaintiff as set forth in such actions. Except as so admitted, Defendant denies each and every allegation contained in this paragraph.

23410462.1

DEFENDANT PAC FILL, INC.'S ANSWER TO FIRST AMENDED COMPLAINT AND COUNTERCLAIM

91.     In response to Paragraph 91 of the Complaint, Defendant alleges that any public-facing materials published by Defendant speak for themselves. Except as so alleged, Defendant is without sufficient knowledge or information to form a belief as to the truth of the other allegations contained in this paragraph, and on that basis denies each and every such other allegation contained therein.

92.     In response to Paragraph 92 of the Complaint, Defendant incorporates its responses to Paragraphs 54, 55, and 57 as though fully set forth herein. Except as so admitted or denied, Defendant is without sufficient knowledge or information to form a belief as to the truth of the other allegations contained in this paragraph, and on that basis denies each and every allegation contained therein.

92A.   In response to Paragraph 92A of the Complaint, Defendant denies each and every allegation contained therein.

92B.   In response to Paragraph 92B of the Complaint, Defendant admits that it uses the same colors as the Iranian flag in connection with branding and marketing of products sold under the mark ABALI. Except as so admitted, Defendant denies each and every allegation contained in this paragraph.

93.     In response to Paragraph 93 of the Complaint, Defendant denies each and every allegation contained therein.

94.     In response to Paragraph 94 of the Complaint, Defendant alleges that the allegations in this paragraph are too vague, ambiguous, or unintelligible to be susceptible of a response. Except as so alleged, Defendant is without sufficient knowledge or information to form a belief as to the truth of the other allegations contained in this paragraph, and on that basis denies each and every such other allegation contained therein.

95.     In response to Paragraph 95 of the Complaint, this paragraph states Plaintiff's characterization of what he sees as the disputes at issue in the action for which no response is required; but, to the extent a response is appropriate, Defendant is without sufficient knowledge or information to form a belief as to the

23410462.1

truth of the allegations contained in this paragraph—and on that basis denies each and every allegation contained therein.

96. In response to Paragraph 96 of the Complaint, this paragraph states Plaintiff's characterization of what he sees as the disputes at issue in the action for which no response is required; but, to the extent a response is appropriate, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph—and on that basis denies each and every allegation contained therein.

**Municipal Records and Property History**

97. In response to Paragraph 97 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies each and every allegation contained therein.

98. In response to Paragraph 98 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies each and every allegation contained therein.

99. In response to Paragraph 99 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies each and every allegation contained therein.

100. In response to Paragraph 100 of the Complaint, this paragraph states Plaintiff's characterization of what he sees as the disputes at issue in the action for which no response is required; but, to the extent a response is appropriate, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph—and on that basis denies each and every allegation contained therein.

101. In response to Paragraph 101 of the Complaint, this paragraph states

23410462.1

Case No. 2:26-cv-03385 PA (BFMx)

DEFENDANT PAC FILL, INC.'S ANSWER TO FIRST AMENDED COMPLAINT AND COUNTERCLAIM

Plaintiff's characterization of what he sees as the disputes at issue in the action for which no response is required; but, to the extent a response is appropriate, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph—and on that basis denies each and every allegation contained therein.

102.    In response to Paragraph 102 of the Complaint, this paragraph states Plaintiff's characterization of what he sees as the disputes at issue in the action for which no response is required; but, to the extent a response is appropriate, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph—and on that basis denies each and every allegation contained therein.

103.    In response to Paragraph 103 of the Complaint, this paragraph states Plaintiff's characterization of what he sees as the disputes at issue in the action for which no response is required; but, to the extent a response is appropriate, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph—and on that basis denies each and every allegation contained therein.

104.    In response to Paragraph 104 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies each and every allegation contained therein.

105.    In response to Paragraph 105 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies each and every allegation contained therein.

106.    In response to Paragraph 106 of the Complaint, this paragraph states Plaintiff's characterization of what he sees as the disputes at issue in the action for which no response is required; but, to the extent a response is appropriate,

23410462.1
DEFENDANT PAC FILL, INC.'S ANSWER TO FIRST AMENDED COMPLAINT AND COUNTERCLAIM

Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph—and on that basis denies each and every allegation contained therein.

107. In response to Paragraph 107 of the Complaint, this paragraph states Plaintiff's characterization of what he sees as the disputes at issue in the action for which no response is required; but, to the extent a response is appropriate, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph—and on that basis denies each and every allegation contained therein.

108. In response to Paragraph 108 of the Complaint, this paragraph states Plaintiff's characterization of what he sees as the disputes at issue in the action for which no response is required; but, to the extent a response is appropriate, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph—and on that basis denies each and every allegation contained therein.

109. In response to Paragraph 109 of the Complaint, this paragraph states Plaintiff's characterization of what he sees as the disputes at issue in the action for which no response is required; but, to the extent a response is appropriate, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph—and on that basis denies each and every allegation contained therein.

109A. In response to Paragraph 109A of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies each and every allegation contained therein.

109B. In response to Paragraph 109B of the Complaint, this paragraph states Plaintiff's characterization of what he sees as the disputes at issue in the action for which no response is required; but, to the extent a response is appropriate,

DEFENDANT PAC FILL, INC.'S ANSWER TO FIRST AMENDED COMPLAINT AND COUNTERCLAIM

Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph—and on that basis denies each and every allegation contained therein.

110. In response to Paragraph 110 of the Complaint, this paragraph states Plaintiff's characterization of what he sees as the disputes at issue in the action for which no response is required; but, to the extent a response is appropriate, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph—and on that basis denies each and every allegation contained therein.

**Manufacturing, Packaging, and Filling Issues**

111. In response to Paragraph 111 of the Complaint, Defendant admits that it manufactures and offers for sale products under the mark ABALI. Except as so admitted, Defendant denies each and every allegation contained in this paragraph.

112. In response to Paragraph 112 of the Complaint, this paragraph states Plaintiff's characterization of what he sees as the disputes at issue in the action for which no response is required; but, to the extent a response is appropriate, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph—and on that basis denies each and every allegation contained therein.

113. In response to Paragraph 113 of the Complaint, this paragraph states Plaintiff's characterization of what he sees as the disputes at issue in the action for which no response is required; but, to the extent a response is appropriate, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph—and on that basis denies each and every allegation contained therein.

114. In response to Paragraph 114 of the Complaint, Defendant admits that it has used certain third-party services in connection with certain products sold under the mark ABALI. Except as so admitted, Defendant denies each and every

allegation contained in this paragraph.

115. In response to Paragraph 115 of the Complaint, this paragraph states Plaintiff's characterization of what he sees as the disputes at issue in the action for which no response is required; but, to the extent a response is appropriate, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph—and on that basis denies each and every allegation contained therein.

116. In response to Paragraph 116 of the Complaint, this paragraph states Plaintiff's characterization of what he sees as the disputes at issue in the action for which no response is required; but, to the extent a response is appropriate, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph—and on that basis denies each and every allegation contained therein.

117. In response to Paragraph 117 of the Complaint, this paragraph states Plaintiff's characterization of what he sees as the disputes at issue in the action for which no response is required; but, to the extent a response is appropriate, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph—and on that basis denies each and every allegation contained therein.

118. In response to Paragraph 118 of the Complaint, this paragraph states Plaintiff's characterization of what he sees as the disputes at issue in the action for which no response is required; but, to the extent a response is appropriate, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph—and on that basis denies each and every allegation contained therein.

119. In response to Paragraph 119 of the Complaint, this paragraph states Plaintiff's characterization of what he sees as the disputes at issue in the action for which no response is required; but, to the extent a response is appropriate,

23410462.1

DEFENDANT PAC FILL, INC.'S ANSWER TO FIRST AMENDED COMPLAINT AND COUNTERCLAIM

Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph—and on that basis denies each and every allegation contained therein.

120. In response to Paragraph 120 of the Complaint, this paragraph states Plaintiff's characterization of what he sees as the disputes at issue in the action for which no response is required; but, to the extent a response is appropriate, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph—and on that basis denies each and every allegation contained therein.

121. In response to Paragraph 121 of the Complaint, Defendant admits that it conducts business under the name Sun Dairy and has done so since at least as early as approximately 1990 and has used certain third-party services in connection with certain products sold under the mark ABALI. Except as so admitted, Defendant denies each and every allegation contained in this paragraph.

**California Grade A Milk and Product-Origin Representations**

122. In response to Paragraph 122 of the Complaint, Defendant admits that there has been a statement on a website indicating "Made from California Grade 'A' Milk" and "Grade A' California Milk." Except as so admitted, Defendant denies each and every allegation contained in this paragraph.

123. In response to Paragraph 123 of the Complaint, this paragraph states Plaintiff's characterization of what he sees as the disputes at issue in the action for which no response is required; but, to the extent a response is appropriate, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph—and on that basis denies each and every allegation contained therein.

124. In response to Paragraph 124 of the Complaint, this paragraph states Plaintiff's characterization of what he sees as the disputes at issue in the action for which no response is required; but, to the extent a response is appropriate,

Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph—and on that basis denies each and every allegation contained therein.

125. In response to Paragraph 125 of the Complaint, this paragraph states Plaintiff's characterization of what he sees as the disputes at issue in the action for which no response is required; but, to the extent a response is appropriate, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph—and on that basis denies each and every allegation contained therein.

126. In response to Paragraph 126 of the Complaint, this paragraph states Plaintiff's characterization of what he sees as the disputes at issue in the action for which no response is required; but, to the extent a response is appropriate, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph—and on that basis denies each and every allegation contained therein.

127. In response to Paragraph 127 of the Complaint, this paragraph states Plaintiff's characterization of what he sees as the disputes at issue in the action for which no response is required; but, to the extent a response is appropriate, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph—and on that basis denies each and every allegation contained therein.

128. In response to Paragraph 128 of the Complaint, this paragraph states Plaintiff's characterization of what he sees as the disputes at issue in the action for which no response is required; but, to the extent a response is appropriate, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph—and on that basis denies each and every allegation contained therein.

129. In response to Paragraph 129 of the Complaint, Defendant admits that

it offers a Greek feta cheese product that is supplied from Greece. Except as so admitted, Defendant is without sufficient knowledge or information to form a belief as to the truth of the other allegations contained in this paragraph, and on that basis denies each and every allegation contained therein.

130.   In response to Paragraph 130 of the Complaint, Defendant admits that it offers a Greek feta cheese product that is supplied from Greece. Except as so admitted, Defendant is without sufficient knowledge or information to form a belief as to the truth of the other allegations contained in this paragraph, and on that basis denies each and every allegation contained therein.

131.   In response to Paragraph 131 of the Complaint, Defendant admits that it offers a Greek feta cheese product that is supplied from Greece. Except as so admitted, Defendant is without sufficient knowledge or information to form a belief as to the truth of the other allegations contained in this paragraph, and on that basis denies each and every allegation contained therein.

132.   In response to Paragraph 132 of the Complaint, this paragraph states Plaintiff's characterization of what he sees as the disputes at issue in the action for which no response is required; but, to the extent a response is appropriate, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph—and on that basis denies each and every allegation contained therein.

133.   In response to Paragraph 133 of the Complaint, this paragraph states Plaintiff's characterization of what he sees as the disputes at issue in the action for which no response is required; but, to the extent a response is appropriate, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph—and on that basis denies each and every allegation contained therein.

134.   In response to Paragraph 134 of the Complaint, this paragraph states Plaintiff's characterization of what he sees as the disputes at issue in the action for

23410462.1

Case No. 2:26-cv-03385 PA (BFMx)
DEFENDANT PAC FILL, INC.'S ANSWER TO FIRST AMENDED COMPLAINT AND COUNTERCLAIM

which no response is required; but, to the extent a response is appropriate, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph—and on that basis denies each and every allegation contained therein.

135.   In response to Paragraph 135 of the Complaint, this paragraph states Plaintiff's characterization of what he sees as the disputes at issue in the action for which no response is required; but, to the extent a response is appropriate, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph—and on that basis denies each and every allegation contained therein.

136.   In response to Paragraph 136 of the Complaint, this paragraph states Plaintiff's characterization of what he sees as the disputes at issue in the action for which no response is required; but, to the extent a response is appropriate, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph—and on that basis denies each and every allegation contained therein.

137.   In response to Paragraph 137 of the Complaint, this paragraph states Plaintiff's characterization of what he sees as the disputes at issue in the action for which no response is required; but, to the extent a response is appropriate, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph—and on that basis denies each and every allegation contained therein.

138.   In response to Paragraph 138 of the Complaint, this paragraph states Plaintiff's characterization of what he sees as the disputes at issue in the action for which no response is required; but, to the extent a response is appropriate, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph—and on that basis denies each and every allegation contained therein.

Case No. 2:26-cv-03385 PA (BFMx)
DEFENDANT PAC FILL, INC.'S ANSWER TO FIRST AMENDED COMPLAINT AND COUNTERCLAIM

139. In response to Paragraph 139 of the Complaint, Defendant alleges that the statutes, rules, and regulations for any governmental licensing requirements speak for themselves. Except as so alleged, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies each and every allegation contained therein.

140. In response to Paragraph 140 of the Complaint, this paragraph states Plaintiff's characterization of what he sees as the disputes at issue in the action for which no response is required; but, to the extent a response is appropriate, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph—and on that basis denies each and every allegation contained therein.

141. In response to Paragraph 141 of the Complaint, this paragraph states Plaintiff's characterization of what he sees as the disputes at issue in the action for which no response is required; but, to the extent a response is appropriate, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph—and on that basis denies each and every allegation contained therein.

142. In response to Paragraph 142 of the Complaint, this paragraph states Plaintiff's characterization of what he sees as the disputes at issue in the action for which no response is required; but, to the extent a response is appropriate, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph—and on that basis denies each and every allegation contained therein.

143. In response to Paragraph 143 of the Complaint, this paragraph states Plaintiff's characterization of what he sees as the disputes at issue in the action for which no response is required; but, to the extent a response is appropriate, Defendant is without sufficient knowledge or information to form a belief as to the

23410462.1

Case No. 2:26-cv-03385 PA (BFMx)
DEFENDANT PAC FILL, INC.'S ANSWER TO FIRST AMENDED COMPLAINT AND COUNTERCLAIM

truth of the allegations contained in this paragraph—and on that basis denies each and every allegation contained therein.

144. In response to Paragraph 144 of the Complaint, this paragraph states Plaintiff's characterization of what he sees as the disputes at issue in the action for which no response is required; but, to the extent a response is appropriate, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph—and on that basis denies each and every allegation contained therein.

145. In response to Paragraph 145 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies each and every allegation contained therein.

146. In response to Paragraph 146 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies each and every allegation contained therein.

147. In response to Paragraph 147 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies each and every allegation contained therein.

148. In response to Paragraph 148 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies each and every allegation contained therein.

149. In response to Paragraph 149 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies each and every allegation contained therein.

23410462.1
DEFENDANT PAC FILL, INC.'S ANSWER TO FIRST AMENDED COMPLAINT AND COUNTERCLAIM

150.    In response to Paragraph 150 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies each and every allegation contained therein.

151.    In response to Paragraph 151 of the Complaint, this paragraph states Plaintiff's characterization of what he sees as the disputes at issue in the action for which no response is required; but, to the extent a response is appropriate, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph—and on that basis denies each and every allegation contained therein.

152.    In response to Paragraph 152 of the Complaint, this paragraph states Plaintiff's characterization of what he sees as the disputes at issue in the action for which no response is required; but, to the extent a response is appropriate, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph—and on that basis denies each and every allegation contained therein.

**Witnesses and Evidence**

153.    In response to Paragraph 153 of the Complaint, this paragraph states Plaintiff's characterization of what he sees as the disputes at issue in the action for which no response is required; but, to the extent a response is appropriate, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph—and on that basis denies each and every allegation contained therein.

154.    In response to Paragraph 154 of the Complaint, this paragraph states Plaintiff's characterization of what he sees as the disputes at issue in the action for which no response is required; but, to the extent a response is appropriate, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph—and on that basis denies each

and every allegation contained therein.

155.   In response to Paragraph 155 of the Complaint, this paragraph states Plaintiff's characterization of what he sees as the disputes at issue in the action for which no response is required; but, to the extent a response is appropriate, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph—and on that basis denies each and every allegation contained therein.

156.   In response to Paragraph 156 of the Complaint, this paragraph states Plaintiff's characterization of what he sees as the disputes at issue in the action for which no response is required; but, to the extent a response is appropriate, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph—and on that basis denies each and every allegation contained therein.

157.   In response to Paragraph 157 of the Complaint, this paragraph states Plaintiff's characterization of what he sees as the disputes at issue in the action for which no response is required; but, to the extent a response is appropriate, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph—and on that basis denies each and every allegation contained therein.

158.   In response to Paragraph 158 of the Complaint, this paragraph states Plaintiff's characterization of what he sees as the disputes at issue in the action for which no response is required; but, to the extent a response is appropriate, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph—and on that basis denies each and every allegation contained therein.

159.   In response to Paragraph 159 of the Complaint, this paragraph states Plaintiff's characterization of what he sees as the disputes at issue in the action for which no response is required; but, to the extent a response is appropriate,

23410462.1

DEFENDANT PAC FILL, INC.'S ANSWER TO FIRST AMENDED COMPLAINT AND COUNTERCLAIM

Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph—and on that basis denies each and every allegation contained therein.

160.   In response to Paragraph 160 of the Complaint, this paragraph states Plaintiff's characterization of what he sees as the disputes at issue in the action for which no response is required; but, to the extent a response is appropriate, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph—and on that basis denies each and every allegation contained therein.

## FIRST CAUSE OF ACTION

### (Declaratory Relief Regarding Abali – 28 U.S.C. §§ 2201-2202)

161.   In response to Paragraph 161 of the Complaint, Defendant Pac Fill incorporates by reference its responses in Paragraphs 1 through 160, inclusive, above.

162.   In response to Paragraph 162 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies each and every allegation contained therein.

163.   In response to Paragraph 163 of the Complaint, Defendant admits it has asserted rights in the mark ABALI as set forth its federal registration and applications for federal registration for such mark and as set forth in its First Amended Complaint in Case No. 2:26-cv-03645 PA (BFMx) and in its Counterclaims in this action and asserts infringement and related claims against Plaintiff as set forth in such actions. Except as so admitted, Defendant denies each and every other allegation in this paragraph.

164.   In response to Paragraph 164 of the Complaint, Defendant admits it has asserted rights in the mark ABALI as set forth its federal registration and applications for federal registration for such mark and as set forth in its First

DEFENDANT PAC FILL, INC.'S ANSWER TO FIRST AMENDED COMPLAINT AND COUNTERCLAIM

Amended Complaint in Case No. 2:26-cv-03645 PA (BFMx) and in its Counterclaims in this action and asserts infringement and related claims against Plaintiff as set forth in such actions. Except as so admitted, Defendant denies each and every other allegation in this paragraph.

165. In response to Paragraph 165 of the Complaint, this paragraph states Plaintiff's characterization of what he sees as the disputes at issue in the action for which no response is required; but, to the extent a response is appropriate, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph—and on that basis denies each and every allegation contained therein.

166. In response to Paragraph 166 of the Complaint, this paragraph states Plaintiff's characterization of what he sees as the disputes at issue in the action for which no response is required; but, to the extent a response is appropriate, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph—and on that basis denies each and every allegation contained therein.

167. In response to Paragraph 167 of the Complaint, Defendant admits that Abali is the name of a city in Iran; and Defendant denies that any of the stated allegations is inconsistent with Defendant's asserted trademark rights in the mark ABALI in connection with specific goods in the United States. Except as so admitted or denied, Defendant is without sufficient knowledge or information to form a belief as to the truth of the other allegations contained in this paragraph, and on that basis denies each and every other such allegation contained therein.

168. In response to Paragraph 168 of the Complaint, Defendant admits that Abali is the name of a city in Iran; and Defendant denies that any of the stated allegations is inconsistent with Defendant's asserted trademark rights in the mark ABALI in connection with specific goods in the United States. Except as so admitted or denied, Defendant is without sufficient knowledge or information to

Case No. 2:26-cv-03385 PA (BFMx)

DEFENDANT PAC FILL, INC.'S ANSWER TO FIRST AMENDED COMPLAINT AND COUNTERCLAIM

form a belief as to the truth of the other allegations contained in this paragraph, and on that basis denies each and every other such allegation contained therein.

169. In response to Paragraph 169 of the Complaint, Defendant admits that Abali is the name of a city in Iran; and Defendant denies that any of the stated allegations is inconsistent with Defendant's asserted trademark rights in the mark ABALI in connection with specific goods in the United States. Except as so admitted or denied, Defendant is without sufficient knowledge or information to form a belief as to the truth of the other allegations contained in this paragraph, and on that basis denies each and every other such allegation contained therein.

170. In response to Paragraph 170 of the Complaint, this paragraph states Plaintiff's characterization of what he sees as the disputes at issue in the action for which no response is required; but, to the extent a response is appropriate, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph—and on that basis denies each and every allegation contained therein.

171. In response to Paragraph 171 of the Complaint, this paragraph states Plaintiff's characterization of what he sees as the disputes at issue in the action for which no response is required; but, to the extent a response is appropriate, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph—and on that basis denies each and every allegation contained therein.

172. In response to Paragraph 172 of the Complaint, Defendant admits that there is an actual and present controversy between the parties regarding Plaintiff's infringement of Defendant's mark ABALI. Except as so admitted, Defendant denies each and every other allegation contained in this paragraph.

173. In response to Paragraph 173 of the Complaint, this paragraph states Plaintiff's characterization of what he sees as the disputes at issue in the action for which no response is required; but, to the extent a response is appropriate,

Case No. 2:26-cv-03385 PA (BFMx)

DEFENDANT PAC FILL, INC.'S ANSWER TO FIRST AMENDED COMPLAINT AND COUNTERCLAIM

Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph—and on that basis denies each and every allegation contained therein.

174.   In response to Paragraph 174 of the Complaint, this paragraph states Plaintiff's characterization of what he sees as the disputes at issue in the action for which no response is required; but, to the extent a response is appropriate, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph—and on that basis denies each and every allegation contained therein.

175.   In response to Paragraph 175 of the Complaint, this paragraph states Plaintiff's characterization of what he sees as the disputes at issue in the action for which no response is required; but, to the extent a response is appropriate, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph—and on that basis denies each and every allegation contained therein.

176.   In response to Paragraph 176 of the Complaint, Defendant denies each and every allegation contained therein.

## SECOND CAUSE OF ACTION

**(Cancellation, Restriction, Modification, or Declaration of Unenforceability of Registration No. 8,219,926 – 15 U.S.C. § 1119)**

177.   In response to Paragraph 177 of the Complaint, Defendant Pac Fill incorporates by reference its responses in Paragraphs 1 through 176, inclusive, above.

178.   In response to Paragraph 178 of the Complaint, Defendant admits that it claims rights relating to the stated U.S. trademark registration relating to the mark ABALI. Except as so admitted, Defendant denies each and every allegation contained in this paragraph.

179.   In response to Paragraph 179 of the Complaint, Defendant admits that

23410462.1

DEFENDANT PAC FILL, INC.'S ANSWER TO FIRST AMENDED COMPLAINT AND COUNTERCLAIM

it claims rights relating to the stated U.S. trademark registration relating to the mark ABALI—and continues to rely on such rights as set forth in its First Amended Complaint in Case No. 2:26-cv-03645 PA (BFMx) and in its Counterclaims in this action. Except as so admitted, Defendant is each and every allegation contained in this paragraph.

180.   In response to Paragraph 180 of the Complaint, this paragraph states Plaintiff's characterization of what he sees as the disputes at issue in the action for which no response is required; but, to the extent a response is appropriate, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph—and on that basis denies each and every allegation contained therein.

181.   In response to Paragraph 181 of the Complaint, this paragraph states Plaintiff's characterization of what he sees as the disputes at issue in the action for which no response is required; but, to the extent a response is appropriate, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph—and on that basis denies each and every allegation contained therein.

182.   In response to Paragraph 182 of the Complaint, Defendant admits that certain stated federal registrations lapsed or expired. Except as so admitted, Defendant denies each and every allegation contained in this paragraph.

183.   In response to Paragraph 183 of the Complaint, this paragraph states Plaintiff's characterization of what he sees as the disputes at issue in the action for which no response is required; but, to the extent a response is appropriate, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph—and on that basis denies each and every allegation contained therein.

184.   In response to Paragraph 184 of the Complaint, this paragraph states Plaintiff's characterization of what he sees as the disputes at issue in the action for

23410462.1
DEFENDANT PAC FILL, INC.'S ANSWER TO FIRST AMENDED COMPLAINT AND COUNTERCLAIM

which no response is required; but, to the extent a response is appropriate, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph—and on that basis denies each and every allegation contained therein.

185.   In response to Paragraph 185 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies each and every allegation contained therein.

186.   In response to Paragraph 186 of the Complaint, Defendant admits it has asserted rights in the mark ABALI as set forth its federal registration and applications for federal registration for such mark and as set forth in its First Amended Complaint in Case No. 2:26-cv-03645 PA (BFMx) and in its Counterclaims in this action and asserts infringement and related claims against Plaintiff as set forth in such actions; and Defendant admits that there is an actual and present controversy between the parties regarding Plaintiff's infringement of Defendant's mark ABALI. Except as so admitted, Defendant denies each and every other allegation contained in this paragraph.

187.   In response to Paragraph 187 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies each and every allegation contained therein.

188.   In response to Paragraph 188 of the Complaint, this paragraph states Plaintiff's characterization of what he sees as the disputes at issue in the action for which no response is required; but, to the extent a response is appropriate, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph—and on that basis denies each and every allegation contained therein.

189.   In response to Paragraph 189 of the Complaint, this paragraph states

23410462.1

Case No. 2:26-cv-03385 PA (BFMx)

DEFENDANT PAC FILL, INC.'S ANSWER TO FIRST AMENDED COMPLAINT AND COUNTERCLAIM

Plaintiff's characterization of what he sees as the disputes at issue in the action for which no response is required; but, to the extent a response is appropriate, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph—and on that basis denies each and every allegation contained therein.

190.   In response to Paragraph 190 of the Complaint, this paragraph states Plaintiff's characterization of what he sees as the disputes at issue in the action for which no response is required; but, to the extent a response is appropriate, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph—and on that basis denies each and every allegation contained therein.

## THIRD CAUSE OF ACTION

### (False Designation of Origin – 15 U.S.C. § 1125(a)(1)(A))

191.   In response to Paragraph 191 of the Complaint, Defendant Pac Fill incorporates by reference its responses in Paragraphs 1 through 190, inclusive, above.

192.   In response to Paragraph 192 of the Complaint, Defendant admits that it continues to use the mark ABALI in connection with the advertising, promotion, marketing, distribution, labeling, packaging, and sale of certain products offered to consumers. Except as so admitted, Defendant denies each and every allegation contained in this paragraph.

193.   In response to Paragraph 193 of the Complaint, Defendant alleges that the allegations in this paragraph are too vague, ambiguous, or unintelligible to be susceptible of a response. Except as so alleged, Defendant is without sufficient knowledge or information to form a belief as to the truth of the other allegations contained in this paragraph, and on that basis denies each and every such other allegation contained therein.

194.   In response to Paragraph 194 of the Complaint, Defendant admits that

23410462.1

DEFENDANT PAC FILL, INC.'S ANSWER TO FIRST AMENDED COMPLAINT AND COUNTERCLAIM

it offers a Greek feta cheese product that is supplied from Greece, from the stated supplier. Except as so admitted, Defendant is without sufficient knowledge or information to form a belief as to the truth of the other allegations contained in this paragraph, and on that basis denies each and every allegation contained therein.

195.   In response to Paragraph 195 of the Complaint, this paragraph states Plaintiff's characterization of what he sees as the disputes at issue in the action for which no response is required; but, to the extent a response is appropriate, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph—and on that basis denies each and every allegation contained therein.

196.   In response to Paragraph 196 of the Complaint, this paragraph states Plaintiff's characterization of what he sees as the disputes at issue in the action for which no response is required; but, to the extent a response is appropriate, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph—and on that basis denies each and every allegation contained therein.

197.   In response to Paragraph 197 of the Complaint, Defendant incorporates its response to Paragraph 122 as though fully set forth herein; and Defendant alleges that the allegations in this paragraph are too vague, ambiguous, or unintelligible to be susceptible of a response. Except as so admitted, denied or alleged, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies each and every allegation contained therein.

198.   In response to Paragraph 198 of the Complaint, Defendant alleges that the allegations in this paragraph are too vague, ambiguous, or unintelligible to be susceptible of a response. Except as so alleged, Defendant is without sufficient knowledge or information to form a belief as to the truth of the other allegations contained in this paragraph, and on that basis denies each and every such other

Case No. 2:26-cv-03385 PA (BFMx)
DEFENDANT PAC FILL, INC.'S ANSWER TO FIRST AMENDED COMPLAINT AND COUNTERCLAIM

allegation contained therein.

199.    In response to Paragraph 199 of the Complaint, this paragraph states Plaintiff's characterization of what he sees as the disputes at issue in the action for which no response is required; but, to the extent a response is appropriate, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph—and on that basis denies each and every allegation contained therein.

200.    In response to Paragraph 200 of the Complaint, this paragraph states Plaintiff's characterization of what he sees as the disputes at issue in the action for which no response is required; but, to the extent a response is appropriate, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph—and on that basis denies each and every allegation contained therein.

201.    In response to Paragraph 201 of the Complaint, this paragraph states Plaintiff's characterization of what he sees as the disputes at issue in the action for which no response is required; but, to the extent a response is appropriate, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph—and on that basis denies each and every allegation contained therein.

202.    In response to Paragraph 202 of the Complaint, this paragraph states Plaintiff's characterization of what he sees as the disputes at issue in the action for which no response is required; but, to the extent a response is appropriate, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph—and on that basis denies each and every allegation contained therein.

203.    In response to Paragraph 203 of the Complaint, this paragraph states Plaintiff's characterization of what he sees as the disputes at issue in the action for which no response is required; but, to the extent a response is appropriate,

23410462.1

DEFENDANT PAC FILL, INC.'S ANSWER TO FIRST AMENDED COMPLAINT AND COUNTERCLAIM

Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph—and on that basis denies each and every allegation contained therein.

204. In response to Paragraph 204 of the Complaint, this paragraph states Plaintiff's characterization of what he sees as the disputes at issue in the action for which no response is required; but, to the extent a response is appropriate, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph—and on that basis denies each and every allegation contained therein.

## FOURTH CAUSE OF ACTION

### (False Advertising – 15 U.S.C. § 1125(a)(1)(B))

205. In response to Paragraph 205 of the Complaint, Defendant Pac Fill incorporates by reference its responses in Paragraphs 1 through 204, inclusive, above.

206. In response to Paragraph 206 of the Complaint, Defendant admits it uses a range of advertising and promotion in connection with its products sold under the mark ABALI. Except as so admitted, Defendant alleges that the allegations in this paragraph are too vague, ambiguous, or unintelligible to be susceptible of a response—and Defendant is without sufficient knowledge or information to form a belief as to the truth of the other allegations contained in this paragraph, and on that basis denies each and every such other allegation contained therein.

207. In response to Paragraph 207 of the Complaint, Defendant incorporates its responses to Paragraphs 54-57, inclusive, as though fully set forth herein. Except as so admitted, denied, or alleged, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies each and every allegation contained therein.

208. In response to Paragraph 208 of the Complaint, this paragraph states Plaintiff's characterization of what he sees as the disputes at issue in the action for

which no response is required; but, to the extent a response is appropriate, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph—and on that basis denies each and every allegation contained therein.

209.   In response to Paragraph 209 of the Complaint, Defendant incorporates its response to Paragraph 197 as though fully set forth herein. Except as so admitted, denied, or alleged, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies each and every allegation contained therein.

210.   In response to Paragraph 210 of the Complaint, this paragraph states Plaintiff's characterization of what he sees as the disputes at issue in the action for which no response is required; but, to the extent a response is appropriate, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph—and on that basis denies each and every allegation contained therein.

211.   In response to Paragraph 211 of the Complaint, Defendant admits that it has promoted itself as a longstanding business. Except as so admitted, Defendant alleges that the allegations in this paragraph are too vague, ambiguous, or unintelligible to be susceptible of a response—and Defendant is without sufficient knowledge or information to form a belief as to the truth of the other allegations contained in this paragraph, and on that basis denies each and every such other allegation contained therein.

212.   In response to Paragraph 212 of the Complaint, this paragraph states Plaintiff's characterization of what he sees as the disputes at issue in the action for which no response is required; but, to the extent a response is appropriate, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph—and on that basis denies each and every allegation contained therein.

213.   In response to Paragraph 213 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies each and every allegation contained therein.

214.   In response to Paragraph 214 of the Complaint, this paragraph states Plaintiff's characterization of what he sees as the disputes at issue in the action for which no response is required; but, to the extent a response is appropriate, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph—and on that basis denies each and every allegation contained therein.

215.   In response to Paragraph 215 of the Complaint, this paragraph states Plaintiff's characterization of what he sees as the disputes at issue in the action for which no response is required; but, to the extent a response is appropriate, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph—and on that basis denies each and every allegation contained therein.

216.   In response to Paragraph 216 of the Complaint, this paragraph states Plaintiff's characterization of what he sees as the disputes at issue in the action for which no response is required; but, to the extent a response is appropriate, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph—and on that basis denies each and every allegation contained therein.

217.   In response to Paragraph 217 of the Complaint, this paragraph states Plaintiff's characterization of what he sees as the disputes at issue in the action for which no response is required; but, to the extent a response is appropriate, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph—and on that basis denies each and every allegation contained therein.

23410462.1

218.   In response to Paragraph 218 of the Complaint, this paragraph states Plaintiff's characterization of what he sees as the disputes at issue in the action for which no response is required; but, to the extent a response is appropriate, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph—and on that basis denies each and every allegation contained therein.

219.   In response to Paragraph 219 of the Complaint, this paragraph states Plaintiff's characterization of what he sees as the disputes at issue in the action for which no response is required; but, to the extent a response is appropriate, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph—and on that basis denies each and every allegation contained therein.

## FIFTH CAUSE OF ACTION

### (Declaratory Relief Regarding Use of Abali – 28 U.S.C. § 2201-2202)

220.   In response to Paragraph 220 of the Complaint, Defendant Pac Fill incorporates by reference its responses in Paragraphs 1 through 219, inclusive, above.

221.   In response to Paragraph 221 of the Complaint, Defendant admits it has asserted rights in the mark ABALI as set forth its federal registration and applications for federal registration for such mark and as set forth in its First Amended Complaint in Case No. 2:26-cv-03645 PA (BFMx) and in its Counterclaims in this action and asserts infringement and related claims against Plaintiff as set forth in such actions. Except as so admitted, Defendant denies each and every other allegation in this paragraph.

222.   In response to Paragraph 222 of the Complaint, Defendant admits it has asserted rights in the mark ABALI as set forth its federal registration and applications for federal registration for such mark and as set forth in its First Amended Complaint in Case No. 2:26-cv-03645 PA (BFMx) and in its

Counterclaims in this action and asserts infringement and related claims against Plaintiff as set forth in such actions. Except as so admitted, Defendant denies each and every other allegation in this paragraph.

223. In response to Paragraph 223 of the Complaint, this paragraph states Plaintiff's characterization of what he sees as the disputes at issue in the action for which no response is required; but, to the extent a response is appropriate, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph—and on that basis denies each and every allegation contained therein.

224. In response to Paragraph 224 of the Complaint, this paragraph states Plaintiff's characterization of what he sees as the disputes at issue in the action for which no response is required; but, to the extent a response is appropriate, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph—and on that basis denies each and every allegation contained therein.

225. In response to Paragraph 225 of the Complaint, this paragraph states Plaintiff's characterization of what he sees as the disputes at issue in the action for which no response is required; but, to the extent a response is appropriate, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph—and on that basis denies each and every allegation contained therein.

226. In response to Paragraph 226 of the Complaint, this paragraph states Plaintiff's characterization of what he sees as the disputes at issue in the action for which no response is required; but, to the extent a response is appropriate, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph—and on that basis denies each and every allegation contained therein.

227. In response to Paragraph 227 of the Complaint, this paragraph states

Plaintiff's characterization of what he sees as the disputes at issue in the action for which no response is required; but, to the extent a response is appropriate, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph—and on that basis denies each and every allegation contained therein.

228.   In response to Paragraph 228 of the Complaint, this paragraph states Plaintiff's characterization of what he sees as the disputes at issue in the action for which no response is required; but, to the extent a response is appropriate, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph—and on that basis denies each and every allegation contained therein.

229.   In response to Paragraph 229 of the Complaint, this paragraph states Plaintiff's characterization of what he sees as the disputes at issue in the action for which no response is required; but, to the extent a response is appropriate, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph—and on that basis denies each and every allegation contained therein.

## RESPONSE TO PRAYER FOR RELIEF

In response to Plaintiff's Prayer for Relief, Defendant denies that it infringed any trademark of Plaintiff; Defendant denies that Plaintiff is entitled to a monetary award of any sort (whether damages, statutory damages, losses, profits, attorneys' fees, interest, costs, or anything else) against Defendant; Defendant denies that Plaintiff is entitled to injunctive relief of any sort against Defendant; and Defendant denies that Plaintiff is entitled to any other relief from Defendant.

## SEPARATE DEFENSES

As Defendant lacks sufficient knowledge or information to form a belief as to whether it may have additional separate or affirmative defenses not stated in this Answer to Complaint, Defendant reserves the right to assert additional separate or

49

affirmative defenses based on further discovery, investigation, or analysis.

## FIRST SEPARATE DEFENSE

### (Failure to State a Claim)

1.     The First Amended Complaint, and in particular the Third and Fourth Causes of Action, fails to state facts sufficient to constitute a claim upon which relief can be granted against Defendant. Among other things, the Third Cause of Action fails to plead a false designation of origin as defined and covered by the Lanham Act, the Fourth Cause of Action fails to plead false statements, and both fail to plead a cognizable injury.

## SECOND SEPARATE DEFENSE

### (Trademark Validity)

2.     Defendant's mark, ABALI, as used in connection with yogurt, yogurt drinks, cream, and dairy-based beverages in the United States, is distinctive and is entitled to statutory presumptions of validity, ownership, and the exclusive right to use the mark in commerce under 15 U.S.C. § 1057(b).

## THIRD SEPARATE DEFENSE

### (Equitable Defenses)

3.     The First Amended Complaint, and in particular the First, Second, and Fifth Causes of Action, is barred, in whole or in part, by the doctrines of unclean hands, waiver, and estoppel, in that Plaintiff himself claimed that ABALI, including without limitation in its Persian-language translation, is distinctive and claimed trademark rights in such marks through applications for trademark registration at the California state and federal level; and the First Amended Complaint, and in particular the Third and Fourth Causes of Action, is barred, in whole or in part, by the doctrines of laches, waiver, and estoppel, due to Plaintiff's unreasonable delay in challenging the alleged representations.

## FOURTH SEPARATE DEFENSE

### (Lack of Standing)

4.    The First Amended Complaint, and in particular the Third and Fourth Causes of Action, are barred, in whole or in part, because Plaintiff has not alleged, and cannot show, that he has suffered or is likely to suffer competitive or commercial injury as a result of the representations challenged therein, as required for a claim under 15 U.S.C. § 1125(a).

## FIFTH SEPARATE DEFENSE

### (No Materiality)

5.    The First Amended Complaint, and in particular the Third and Fourth Causes of Action, are barred, in whole or in part, because the alleged representations are not material to consumers' purchasing decisions and are not likely to deceive the relevant consuming public.

## SIXTH SEPARATE DEFENSE

### (Truth)

6.    The First Amended Complaint, and in particular the Third and Fourth Causes of Action, are barred, in whole or in part, because the alleged representations challenged therein are true or substantially true.

## SEVENTH SEPARATE DEFENSE

### (No Actionable Statement)

7.    The First Amended Complaint, and in particular the Third and Fourth Causes of Action, are barred, in whole or in part, because the alleged representations challenged therein were not made by Defendant.

## PRAYER FOR RELIEF

WHEREFORE, Defendant Pac Fill, Inc. prays as follows:

1.    That Plaintiff takes nothing, whether in the form of damages or injunctive relief, by its Complaint;

2.    For a judgment dismissing the Complaint with prejudice;

3. For costs of suit including, without limitation, reasonable attorneys' fees as may be allowed under Section 1117(a) of Title 15 of the United States Code and as may otherwise be allowed by law; and

4. For such other and further relief as the Court deems just and proper.

## COUNTERCLAIM

Defendant and Counterclaimant Pac Fill, Inc., doing business as Sun Dairy ("Pac Fill," "Defendant," or "Counterclaimant") submits its Counterclaim against Saeed "Steve" Dashti ("Dashti") and Bibi United Group, Inc. ("Bibi United") (collectively, "Counter-Defendants") as follows.

## NATURE OF ACTION

1. Defendant and Counterclaimant Pac Fill is a producer and distributor of natural dairy products for over fifty years. In particular, Pac Fill has produced and distributed dairy products in connection with its ABALI trademark (the "ABALI Mark") since at least 1984, including, among other things, yogurt, yogurt soda, kefir, and other yogurt drinks. Yogurt soda, known as *doogh* or *dough*, is a popular beverage consumed widely throughout the world. From its factory in Los Angeles, Pac Fill's ABALI brand products have enjoyed distribution throughout the United States. Pac Fill's ABALI Mark is distinctive and recognized by consumers as an indicator of source in Pac Fill. This action arises from Counter-Defendants' unauthorized use of ABALI (and close variants) as an indicator of source in connection with identical and directly-competing products, including but not limited to yogurt sodas. On information and belief, Counter-Defendants' competing ABALI products are of Iranian origin and/or enter the United States in violation of federal sanctions administered by the U.S. Department of the Treasury's Office of Foreign Assets Control ("OFAC") and lack authorization required under the Iranian Transactions and Sanctions Regulations, 31 C.F.R. part 560 ("ITSR"), including the general prohibition on the importation into the United States of goods or services of Iranian origin. Counter-Defendants' use began four decades after Pac Fill's

trademark rights arose and is likely to lead to consumer confusion. Additionally, Counter-Defendants have wrongfully applied to register ABALI at the United States Patent and Trademark Office, as well as in California, in derogation of Pac Fill's rights. Accordingly, Pac Fill is compelled to bring this action to protect its valuable trademark and the goodwill embodied therein from Counter-Defendants' infringement.

## PARTIES

2.     Defendant and Counterclaimant Pac Fill is a corporation organized and existing under the laws of the State of California, with its principal place of business in Los Angeles, California.

3.     On information and belief, Plaintiff and Counter-Defendant Saeed Dashti, who also uses the names "Steve" and "Steve S," is an individual residing in or domiciled in Woodland Hills, Los Angeles, California.

4.     On information and belief, Counter-Defendant Bibi United Group Inc. is a corporation organized and existing under the laws of the State of California, with its principal place of business in Encino, Los Angeles, California.

5.     On information and belief, at all times herein mentioned, each counter-defendant was the agent, employee, joint venturer, aider and abettor, alter ego, and co-conspirator of or with each of the other counter-defendants, and, in doing the things hereinafter alleged, was acting within the course and scope of such agency, employment, partnership, joint venture, and conspiracy, and each counter-defendant ratified and approved the acts of the remaining counter-defendants.

## JURISDICTION AND VENUE

6.     This is an action for infringement of trademark and unfair competition in violation of 15 U.S.C. § 1125(a)(1), and related state-law claims. The Court has jurisdiction over the subject matter of Plaintiff's claims for relief arising under the United States Lanham Act pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a). The Court has jurisdiction over the subject matter of Pac Fill's state law

claims under 28 U.S.C. § 1367 because they form part of the same case or controversy as Pac Fill's federal law claims.

7.     The Court has personal jurisdiction over Counter-Defendant Dashti because he is domiciled in this judicial district.

8.     Venue is proper in this Court under 28 U.S.C. § 1391(b)(1) and (b)(2) because all Counter-Defendants reside in California and at least one Counter-Defendant resides in this judicial district; and because a substantial part of the events or omissions giving rise to Pac Fill's claims occurred in this district.

## ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF

### *Pac Fill and its ABALI Trademark*

9.     Pac Fill was founded over 40 years ago. It was and remains today a family-owned business. Pac Fill produces its dairy products in its Los Angeles-based production facility for distribution and sale throughout the United States.

10.     Beginning at least as early as 1984, Pac Fill has produced, distributed, sold, offered for sale, marketed, and promoted in United States commerce high-quality, signature yogurt drinks such as yogurt soda—among many other dairy products—under the ABALI Mark. Examples of Pac Fill's yogurt drink products are depicted below:



23410462.1

Case No. 2:26-cv-03385 PA (BFMx)

DEFENDANT PAC FILL, INC.'S ANSWER TO FIRST AMENDED COMPLAINT AND COUNTERCLAIM

11.     Specifically, Pac Fill's yogurt drink goods produced, distributed, sold, and marketed in connection with the ABALI Mark include a specific type of fermented-dairy beverage, with a distinctive savory flavor, known as *doogh* (or *dough*) in Farsi (the Persian language). *Doogh* originates from Persian culture in what is now Iran. *Doogh* is enjoyed by communities in and originating from Iran as well as Afghanistan, Azerbaijan, and Armenia, in addition to the general consuming public of the United States.

12.     Pac Fill distributes and sells its dairy products in connection with the ABALI Mark through a network of third-party retailers, such as grocery stores and convenience stores, found both in California and throughout the United States.

13.     As a result, Pac Fill owns valid and subsisting common-law trademark rights in the ABALI Mark due to its longstanding and widespread use of the mark as an indicator of source throughout the United States.

14.     The ABALI Mark is distinctive to both the consuming public and the relevant industry.

15.     The goods produced, distributed, sold, and marketed by Pac Fill in connection with the ABALI Mark are of high quality.

16. Since at least as early as 2010, Pac Fill has owned federal trademark registrations for its ABALI Mark including in Class 29 for dairy-based beverages and related products. Most recently, Pac Fill's Reg. No. 5616793 inadvertently lapsed on June 6, 2025.

17. On September 5, 2025, Pac Fill remedied this by filing a trademark application for the ABALI Mark (Ser. No. 99376654), which the United States Patent and Trademark Office (USPTO) approved and registered on April 21, 2026, under Reg. No. 8219926. A true and correct copy of this registration and printouts of its current status from the USPTO database are attached to this Counterclaim as **Exhibit 1**.

18. Pac Fill is also the owner of the following United States trademark applications for the ABALI Mark at the USPTO :

| Serial No. | Mark | Filed | Goods |
|---|---|---|---|
| 99383381 | **ABALI** | Sep. 9, 2025 | Dairy-based beverages; Yogurt; Yogurt drinks; Cream, being dairy products |
| 99395282 | **ABALI** | Sep. 16, 2025 | Kefir beverages; Kefir cheese; Carbonated yogurt beverages; Yogurt-based dips; Sour cream; Feta cheese |

True and correct copies of these applications and printouts of the current status from the USPTO database are attached to this Counterclaim as **Exhibit 2**.

*Counter-Defendants' Use of and Acts to Register ABALI and its Farsi Equivalent*

19. On information and belief, Dashti is the chief executive officer, chief financial officer, and corporate secretary of Bibi United; is the principal or primary owner of Bibi United; and personally controls and directs the actions of Bibi United.

20. On information and belief, Dashti is the moving, active, and conscious force behind Bibi United's conduct complained of herein.

21. On information and belief, Counter-Defendants are engaged in the business of producing, importing, distributing, or selling consumer products including dairy-based food products.

22.     Without Pac Fill's authorization and well after Pac Fill's trademark rights arose, Counter-Defendants began importing, distributing, selling, or offering for sale yogurt soda beverages in connection with the mark دوغ آبعلی ("Counter-Defendants' Mark") as depicted below.



23.     Counter-Defendants' Mark depicts wording in the Farsi language which translates to English as "Abali Yogurt Drink."

24.     Counter-Defendants' use of Counter-Defendants' Mark began over forty years after Pac Fill's first use of the ABALI Mark.

25.     Consumers are likely to perceive Counter-Defendants' Mark as "Abali Yogurt Drink." This phrase's primary and dominant element is therefore identical to the ABALI Mark, appended with the descriptive wording "yogurt drink" which is non-distinctive.

26.     Counter-Defendants import, distribute, sell, or offer for sale infringing goods under Counter-Defendants' Mark in overlapping or similar channels of trade as Pac Fill, including but not limited to grocery stores and convenience stores, including without limitation in this District.

27.     On November 27, 2025, Counter-Defendant Dashti filed United States Trademark Application Serial No. 99519810 at the USPTO (the "Dashti USPTO Application") to register Counter-Defendants' Mark in the below-depicted stylized

23410462.1

DEFENDANT PAC FILL, INC.'S ANSWER TO FIRST AMENDED COMPLAINT AND COUNTERCLAIM

form on an intent-to-use basis under 15 U.S.C. § 1051(b) in connection with the goods "Dairy-based beverages; Yogurt drinks; Yogurts; Kefir; Cream, being dairy products; Buttermilk; Cheese; Soft cheese; Egg whites; Whipping cream":

28.    The Dashti USPTO Application was signed by Dashti and contains the following statement made under penalty of perjury: "The Persian characters in this mark transliterate to Doogh Abali and this means The English translation of 'دوغ آبعلی' is 'Abali Yogurt Drink.' in English" (*sic.*).

29.    On April 8, 2026, the USPTO issued an office action refusing registration of the Dashti USPTO Application for, among other things, an advisory concerning a likelihood of confusion with Pac Fill's prior-filed (then) trademark applications.

30.    On April 9, 2026, Counter-Defendant Dashti filed a response to the USPTO's refusal complying with certain formality requirements, but omitting any response or argument concerning the likelihood of confusion with Pac Fill's marks.

31.    On June 11, 2026, the USPTO issued another office action with a full, formal refusal under 15 U.S.C. § 1052(d) based on a likelihood of confusion with the mark in Pac Fill's issued registration. On June 12, 2026, Counter-Defendant Dashti filed a response to this office action which did not directly address or contest the likelihood of confusion with Pac Fill's mark, but instead attempted to collaterally attack Pac Fill's registered rights. The USPTO subsequently suspended examination of the Dashti USPTO Application.

32.    On December 8, 2025, Counter-Defendant Dashti, in his personal

name, filed an application to register with the California Secretary of State the trademark ABEALI DOOGH in the stylized form depicted below, in connection with "Milk; yogurt; cream cheese; processed cheese; feta cheese; mozzarella cheese; hard cheeses, including cheddar, gouda, and parmesan; cheese spreads; butter; creams; whipped cream; yogurt-based beverages; non-alcoholic yogurt-based beverages, including plain dooh, mint-flavored dooh, carbonated dooh, and dooh containing herbs such as wild thyme (ziziphora); fermented milk beverages; coffee-flavored milk beverages; cocoa-flavored milk beverages." The application was granted and issued Reg. No. 02050535 (the "Dashti '535 California Registration").



33.     The Dashti '535 California Registration includes, in the "Description of Mark" section, the statement (in relevant part) "The mark consists of the Persian words 'غود يلغبآ' displayed in a stylized blue calligraphic script. …," despite disagreeing with the drawing of the mark, and includes a disclaimer of the word "DOOGH." The Dashti '535 California Registration includes the statement "The applied-for mark contains no non-English wording. No translation is required."

34.     On January 13, 2026, Pac Fill sent a cease-and-desist letter to Counter-Defendants notifying Counter-Defendants of Pac Fill's ABALI Mark and explaining that Counter-Defendants' use and registration of Counter-Defendants' Mark is likely to cause consumer confusion. Pac Fill demanded that Counter-Defendants cease all use of Counter-Defendants' Mark and expressly abandon the Dashti USPTO Application, among other things.

35.     On February 20, 2026, Counter-Defendant Dashti, in his personal name, filed an application to register with the California Secretary of State Counter-

23410462.1

DEFENDANT PAC FILL, INC.'S ANSWER TO FIRST AMENDED COMPLAINT AND COUNTERCLAIM

Defendants' Mark, in stylized form in connection with "Milk; yogurt; cream cheese; processed cheese; feta cheese; mozzarella cheese; hard cheeses, including cheddar, gouda, and parmesan; cheese spreads; butter; creams; whipped cream; yogurt-based beverages; non-alcoholic yogurt-based beverages, including plain doogh, mint-flavored doogh, carbonated doogh, and doogh containing herbs such as wild thyme (ziziphora); fermented milk beverages; coffee-flavored milk beverages; cocoa-flavored milk beverages." The application was granted and issued Reg. No. 02052119 (the "Dashti '119 California Registration").

36.    The Dashti '119 California Registration includes a translation of the mark depicted therein as "ABALI YOGURT SODA" (from Farsi to English). The Dashti '119 California Registration includes a disclaimer from protection of the wording "yogurt drink."

37.    Counter-Defendants' infringing acts as alleged herein have caused and are likely to cause confusion, mistake, and deception among the relevant consuming public as to the source or origin of Counter-Defendants' goods, and have and are likely to deceive the relevant consuming public into believing, mistakenly, that Counter-Defendants' goods originate from, are associated or affiliated with, or otherwise authorized by Pac Fill.

38.    On information and belief, Counter-Defendants' acts are willful with the deliberate intent to trade on the goodwill of Pac Fill's ABALI Mark, cause confusion and deception in the marketplace, and divert potential sales of Pac Fill's goods to Counter-Defendants.

## FIRST CLAIM FOR RELIEF

### (Lanham Act Trademark Infringement under 15 U.S.C. § 1114(a))

39.    Pac Fill restates the foregoing paragraphs as if set forth here in full as part of this claim for relief.

40.    Pac Fill is the owner of the registered ABALI Mark.

41.     Counter-Defendants' above-averred actions constitute use in commerce of the registered ABALI Mark in connection with the sale, offering for sale, distribution, or advertising of Counter-Defendants' goods in a manner that is likely to cause confusion, to cause mistake, or to deceive, including but not limited to as to affiliation, connection, or association of Counter-Defendants with Pac Fill or as to the origin, sponsorship, or approval of the goods offered in connection therewith. Pac Fill has been and is likely to be damaged by these acts.

42.     Counter-Defendants' acts greatly and irreparably damage Pac Fill and will continue to damage Pac Fill unless restrained by this Court. Pac Fill is without an adequate remedy at law in that the amount of damages is difficult to ascertain with certainty. Accordingly, Pac Fill is entitled to, among other relief, an order permanently enjoining and restraining Counter-Defendants from using the ABALI Mark.

43.     As a result of Counter-Defendants' infringement, Pac Fill has suffered damages in an amount to be proven at trial.

44.     Pac Fill is further entitled to recover Counter-Defendants' profits attributable to its infringement of Pac Fill's trademark rights.

45.     Counter-Defendants' actions as described above are deliberate, willful, fraudulent, and without any extenuating circumstances, and constitute a knowing violation of Pac Fill's rights. Pac Fill is therefore entitled to recover three times the amount of its actual damages, and attorney's fees and costs incurred in this action, as this is an "exceptional" case under the Lanham Act.

### SECOND CLAIM FOR RELIEF

**(Lanham Act Trademark Infringement under 15 U.S.C. § 1125(a)(1)(A))**

46.     Pac Fill restates the foregoing paragraphs as if set forth here in full as part of this claim for relief.

47.     Pac Fill is the owner of the ABALI trademark, which it has used in United States commerce as an indicator of source since long prior to any first use or

applications to register similar marks by Counter-Defendants.

48.     Counter-Defendants' above-averred actions constitute use in commerce of a mark in connection with the sale, offering for sale, distribution, or advertising of Counter-Defendants' goods in a manner that is likely to cause confusion, to cause mistake, or to deceive, including but not limited to as to affiliation, connection, or association of Pac Fill with Counter-Defendants, or as to the origin, sponsorship, or approval of the goods offered in connection therewith. Pac Fill has been and is likely to be damaged by these acts.

49.     Counter-Defendants' acts greatly and irreparably damage Pac Fill and will continue to damage Pac Fill unless restrained by this Court. Pac Fill is without an adequate remedy at law in that the amount of damages is difficult to ascertain with certainty and because Counter-Defendants' conduct as alleged herein is causing immediate and irreparable harm and injury to Pac Fill, and to its goodwill and reputation. Accordingly, Pac Fill is entitled to, among other relief, an order permanently enjoining and restraining Counter-Defendants from using the complained-of mark.

50.     Pac Fill is also entitled to an order from this Court under 15 U.S.C. § 1119 directing the USPTO to deny registration of the Dashti USPTO Application. Pac Fill is also entitled to an order from this Court under Cal. Bus. & Prof. Code § 14230 directing the Secretary of State of California to cancel the Dashti '119 California Registration and the Dashti '535 California Registration.

51.     Upon information and belief, Counter-Defendants' conduct as alleged herein is willful.

52.     As a result of Counter-Defendants' infringement, Pac Fill has suffered damages in an amount to be proven at trial.

53.     Pac Fill is further entitled to recover Counter-Defendants' profits attributable to its infringement of Pac Fill's trademark rights.

Case No. 2:26-cv-03385 PA (BFMx)

DEFENDANT PAC FILL, INC.'S ANSWER TO FIRST AMENDED COMPLAINT AND COUNTERCLAIM

## THIRD CLAIM FOR RELIEF

### (California Unfair Competition under Cal. Bus. & Prof. Code § 17200)

54.     Pac Fill restates the foregoing paragraphs as if set forth here in full as part of this claim for relief.

55.     Counter-Defendants' above-averred actions related to use of marks confusingly similar to Pac Fill's ABALI Mark constitute unlawful, unfair, or fraudulent business practices.

56.     As a direct and proximate result of the above-described deceptive trade practices, Pac Fill has suffered and is suffering irreparable injury. Pac Fill will continue to suffer irreparable injury unless the Court enters an appropriate injunction.

## FOURTH CLAIM FOR RELIEF

### (California Common Law Trademark Infringement)

57.     Pac Fill restates the foregoing paragraphs as if set forth here in full as part of this claim for relief.

58.     Counter-Defendants' above-averred actions related to use of marks confusingly similar to Pac Fill's ABALI Mark constitute infringement and passing-off in violation of the common law of California.

## FIFTH CLAIM FOR RELIEF

### (California Common Law Unfair Competition)

59.     Pac Fill restates the foregoing paragraphs as if set forth here in full as part of this claim for relief.

60.     Counter-Defendants have misappropriated for themselves the commercial value of the ABALI Mark in conscious disregard of Pac Fill's rights, and have impaired the value of Pac Fill's goodwill in its marks among consumers.

61.     In conducting such acts, Counter-Defendants are guilty of oppression, fraud, or malice, as defined in Cal. Civ. Code. § 3294.

23410462.1

# PRAYER FOR RELIEF

Counterclaimant Pac Fill prays that judgment be entered against Counter-Defendants as follows:

1.     That Counter-Defendants, their principals, officers, partners, franchisees, agents, employees, licensees, affiliates, distributors, producers, any parent and subsidiary company, attorney and representatives, and all of those in privity with or acting under their direction or pursuant to their control, be preliminarily and permanently enjoined and restrained from directly or indirectly from:

        a.     All infringing use of Counter-Defendants' Mark or any marks confusingly similar to the ABALI Mark;

        b.     Registering, seeking to register, or continuing to prosecute applications to register Counter-Defendants' Mark or any marks confusingly similar to the ABALI Mark; and

        c.     Assisting, aiding, or abetting any person or entity in engaging in or performing any of the activities referred to in the above subparagraphs.

2.     That Counter-Defendants be required to:

        a.     Account for and pay to Pac Fill all profits derived by its acts of infringement and unfair competition;

        b.     Pay to Pac Fill the amount of all damages incurred by Pac Fill as a result of Counter-Defendants' acts of infringement and unfair competition, including that such damages be increased due to the willful nature of Counter-Defendants' infringement;

        c.     Pay to Pac Fill the costs of this action, together with reasonable attorney's fees and disbursements, in accordance with 15 U.S.C. § 1117 and Cal. Code Proc. § 1021.5;

d.  Pay to Pac Fill exemplary and punitive damages by reason of Counter-Defendants' acts of unfair competition, in accordance with Cal. Civ. Code § 3294 and the common law of the State of California; and

e.  Award to Pac Fill the costs and expenses of this litigation as well as prejudgement interest.

3. That the Court order:

a.  The USPTO to deny registration of the Dashti USPTO Application, or to cancel any registration resulting therefrom, in accordance with 15 U.S.C. § 1119;

b.  The Secretary of State of California to cancel the Dashti '119 California Registration and the Dashti '535 California Registration in accordance with Cal. Bus. & Prof. Code § 14230; and

c.  Such further relief as may be appropriate with respect to any of Counter-Defendants' trademark application(s) or potential registration(s) of Counter-Defendants' Mark, or any marks confusingly similar to the ABALI Mark, including relief determining the parties' respective rights thereto.

d.  All such other and further relief as the Court deems just and proper.

///

///

///

///

///

///

///

Case No. 2:26-cv-03385 PA (BFMx)

23410462.1

DEFENDANT PAC FILL, INC.'S ANSWER TO FIRST AMENDED COMPLAINT AND COUNTERCLAIM

DATED:  August 6, 2026                    HANSON BRIDGETT LLP


By:      /s/ Garner K. Weng
         RAFFI V. ZEROUNIAN
         JUSTIN P. THIELE
         GARNER K. WENG
         SUSANNA L. CHENETTE
         Attorneys for Defendant and
         Counterclaimant
         PAC FILL, INC. dba SUN DAIRY

23410462.1

Case No. 2:26-cv-03385 PA (BFMx)

DEFENDANT PAC FILL, INC.'S ANSWER TO FIRST AMENDED COMPLAINT AND COUNTERCLAIM

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38 and Local Rule 38-1, Defendant and Counterclaimant Pac Fill, Inc. demands a trial by jury on all issues so triable.

DATED:  August 6, 2026                    HANSON BRIDGETT LLP


By:      /s/ Garner K. Weng
    RAFFI V. ZEROUNIAN
    JUSTIN P. THIELE
    GARNER K. WENG
    SUSANNA L. CHENETTE
    Attorneys for Defendant and
    Counterclaimant
    PAC FILL, INC. dba SUN DAIRY

23410462.1

**PROOF OF SERVICE**

*Dashti v. Pac Fill, Inc., et al.*
**Case No. 2:26-cv-03385 PA (BFMx)**

**STATE OF CALIFORNIA, COUNTY OF CONTRA COSTA**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Contra Costa, State of California. My business address is 1676 N. California Blvd., Suite 620, Walnut Creek, CA 94596.

On August 6, 2026, I served true copies of the following document(s) described as **DEFENDANT PAC FILL, INC.'S ANSWER TO FIRST AMENDED COMPLAINT AND COUNTERCLAIM** on the interested parties in this action as follows:

Steve Dashti                    ***Plaintiff in Pro Per***
21200 Oxnard Street, #508
Woodland Hills, CA 91367
stevedashti@gmail.com

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with Hanson Bridgett LLP's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address lprongos@hansonbridgett.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on August 6, 2026, at Alameda, California.

_____
Laura A. Prongos

23410462.1

PROOF OF SERVICE

1                                          Case No. 2:26-cv-03385 PA (BFMx)