Steve Dashti
21200 Oxnard St. # 508
Woodland Hills 91367
Plaintiff. Pro Se

FILED
CLERK, U.S. DISTRICT COURT
08/19/2026
CENTRAL DISTRICT OF CALIFORNIA
BY mba DEPUTY
DOCUMENT SUBMITTED THROUGH THE ELECTRONIC DOCUMENT SUBMISSION SYSTEM

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**STEVE DASHTI,**
Plaintiff / Counterclaim-Defendant,

v.

**PAC FILL, INC., a California corporation d/b/a SUN DAIRY,**
Defendant / Counterclaim-Plaintiff.

**CASE NO. 2:26-CV-03385-PA (BFMX)**

**PLAINTIFF STEVE DASHTI'S DECLARATION REGARDING GOOD-FAITH EFFORTS TO COMPLY WITH LOCAL RULE 7-3 AND NON-COMPLETION OF THE AUGUST 13, 2026 CONFERENCE REGARDING MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

# DECLARATION OF STEVE DASHTI

I, Steve Dashti, declare as follows:

1. I am the Plaintiff in this action and am appearing pro se. I have personal knowledge of the communications and events described in this Declaration and, if called as a witness, could and would competently testify to them.
2. I submit this Declaration in connection with my Motion for Leave to File a Second Amended Complaint and to accurately document my good-faith efforts to complete the conference required by Local Rule 7-3.
3. On August 7, 2026, I sent counsel for Defendant Pac Fill, Inc. a written Local Rule 7-3 meet-and-confer request specifically concerning my contemplated Motion for Leave to File a Second Amended Complaint. In that letter, I identified the principal subjects of the proposed amendment and requested a telephone conference. A true and correct copy of that letter may be submitted as an exhibit to the Motion.
4. The August 7 letter identified, among other subjects, Pac Fill's asserted historical use and priority concerning ABALI; the identity and legal status of Sun Dairy; the procurement and enforcement of U.S. Trademark Registration No. 8,219,926; Pac Fill's public

historical representations; the January 13, 2026 demand letter; Pac Fill's August 6, 2026 Answer and Counterclaim; and the resulting alleged interference with Plaintiff's planned market entry and commercial activities.

5. The August 7 letter asked Pac Fill to identify the attorney who would participate and to provide definite dates and times for a telephone conference. I sought to complete the conference before filing any motion.
6. On August 11, 2026, I confirmed in writing that I would be available for a telephone conference on August 13, 2026, at 3:00 p.m. Pacific Time. I also identified the contemplated Motion for Leave to File a Second Amended Complaint as one of the subjects to be discussed.
7. I requested that Pac Fill identify one attorney to serve as its principal spokesperson for the telephone conference, provide that attorney's direct telephone number, and identify the specific issues and objections Pac Fill intended to address so that the conference could be substantive and orderly. My request was intended to establish a clear principal speaker for Pac Fill; it was not intended to prevent other counsel from listening or otherwise participating.
8. Pac Fill did not identify a principal spokesperson or provide that attorney's direct telephone number. Instead, Pac Fill advised that multiple attorneys would participate and transmitted Zoom information, including a Zoom link, dial-in information, Meeting ID, and passcode.
9. I remained available on August 13, 2026, during the agreed time period for the direct telephone conference I had confirmed. No designated Pac Fill representative called me directly, and no substantive telephone conference concerning the contemplated Motion for Leave to File a Second Amended Complaint was completed.
10. Afterward, I promptly documented in writing that the conference had not been completed and that I had remained available to confer. I also corrected Pac Fill's characterization that I had failed to participate.
11. I did not refuse to meet and confer concerning the contemplated Motion for Leave. I initiated the Rule 7-3 process, identified the substance of the contemplated amendment in writing, requested a telephone conference, confirmed my availability, and remained available for the conference.
12. Because the contemplated conference was not completed, I do not represent to the Court that a substantive Local Rule 7-3 conference actually occurred on August 13, 2026. Instead, I submit this Declaration to accurately present the record of my efforts and the reason the conference was not completed.
13. To the extent the Court determines that Plaintiff's documented good-faith efforts warrant relief under the circumstances, I respectfully request that the Court excuse any noncompliance with Local Rule 7-3 and permit the Motion for Leave to proceed on its merits rather than deny the Motion solely on a procedural ground.
14. This Declaration is submitted for the limited purpose of documenting the Local Rule 7-3 record concerning the contemplated Motion for Leave to File a Second Amended Complaint and does not waive any claim, defense, objection, remedy, or right.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on **August 19, 2026**, at Woodland Hills, California.

**/s/ Steve Dashti**
Steve Dashti
Plaintiff, Pro Se