UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**Case No.:** 2:26-cv-03385-PA-BFM **Date:** August 25, 2026

**Title:** *Steve Dashti v. Pac Fill, Inc.*

===========================================================

Present: The Honorable Brianna Fuller Mircheff, United States Magistrate Judge

| | |
|---|---|
| Christianna Howard | CourtSmart |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
| N/A | Raffi Zerounian<br>Justin Thiele |

**Proceedings: Minutes of Hearing on Plaintiff's Motion to Compel (ECF 59) and On Defendant's IDC (ECF 69)**

The hearing set on Plaintiff's Motion to Compel and on Defendant's Informal Discovery Conference were set for August 25, 2026. (ECF 59) Defendant appeared by counsel, but Plaintiff Steve Dashti did not appear. The Court therefore takes his Motion under submission without argument.

After reviewing the Motion, the Opposition (ECF 62), and the Reply (ECF 64), the Court **denies** the Motion to Compel.[1] Plaintiff and Defendant

---

[1] Plaintiff filed supplemental notices regarding his Motion to Compel. (ECF 74, 75.) The Court construes those "notices" as sur-relies. Courts may grant leave to file a sur-reply "only where a valid reason for such additional briefing exists, such as where the movant raises new arguments in its reply brief." *Hill v. England*, No. CVF05869RECTAG, 2005 WL 3031136, at *1 (E.D. Cal. Nov. 8, 2005) (quoting *Fedrick v. Mercedes-Benz USA, LLC*, 366 F. Supp.

(cont'd . . .)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**Case No.:** 2:26-cv-03385-PA-BFM **Date:** August 25, 2026

**Title:** *Steve Dashti v. Pac Fill, Inc.*

did not have a rule-compliant meet and confer. Even if the Court believed that Defendant were entirely responsible for the failure to meet and confer—and to be clear, the Court does not—the Court could not grant the Motion, because Plaintiff did not supply the actual discovery requests at issue, or meet his burden of showing that all of his requests seek relevant information. *United States v. McGraw–Hill Cos.*, No. CV 13-779-DOC-JCGx, 2014 WL 1647385, at *8 (C.D. Cal. Apr. 15, 2014) ("Upon a motion to compel discovery, the movant has the initial burden of demonstrating relevance.") (cleaned up). Plaintiff's Motion is therefore denied without prejudice.

Defendant's request for an informal discovery conference was also scheduled for August 25th, and was intended as a prelude to Defendant's own discovery motion. The topics set for discussion were set out in Defendant's email to chambers dated August 20, 2026. Defendant indicates that Plaintiff refused to participate in a meet and confer or participate with defense counsel in preparing the email required by this Court's pre-IDC email process. Again, without crediting that account, it does appear that the parties are having difficulty engaging in the meet-and-confer process. Meet-and-confers are essential to the discovery process and the Rules require that such meet-and-confers occur through some live format that permits discussion of the pending issues.

---

2d 1190, 1197 (N.D. Ga. 2005); *see also* L.R. 7-11 ("Absent prior written order of the Court, the opposing party shall not file a response to the reply."). Plaintiff did not seek leave to file his notices, and they do not meet the standard for granting such leave, and are therefore **struck**. The Court is particularly disinclined to review Plaintiff's supplemental notices where Plaintiff had the opportunity to discuss the issues at the motion hearing but did not appear.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**Case No.:** 2:26-cv-03385-PA-BFM **Date:** August 25, 2026

**Title:** *Steve Dashti v. Pac Fill, Inc.*

The Court therefore **orders** the parties to meet via Zoom on **September 1, 2026, at 3 p.m.**, unless the parties can mutually agree to a different time. Defendant's counsel is instructed to send a Zoom invite to Plaintiff. During that meet-and-confer, the parties are ordered to discuss each of the issues set out in Defendant's counsel's August 20, 2026, email. The Court **orders** Defendant to file on the docket a status report advising whether the parties' discussion served to narrow of any of the issues described in the email. The Court also instructs Defendant to attach to his status report the discovery requests and responses that remain subject of dispute.

The Court sets a further **in person** IDC for **September 8, 2026, at 9:30 a.m., in Courtroom 780**. During the IDC, the Court will attempt to resolve any matters that can be resolved without full briefing and may enter orders on the requests described in the August 20, 2026, email. Plaintiff and Defendant's counsel are **ordered** to be present.

Plaintiff is advised that if he does not appear, the Court may issue an order that makes him responsible for Defendant's counsel's costs of appearance.

**IT IS SO ORDERED**.

cc: Counsel of Record

**:10**
Initials of Preparer: ch.