HANSON BRIDGETT LLP
RAFFI V. ZEROUNIAN, SBN 236388
rzerounian@hansonbridgett.com
JUSTIN P. THIELE, SBN 311787
Jthiele@hansonbridgett.com
601 W. 5th Street, Suite 300
Los Angeles, California 90071
Telephone: (213) 395-7620
Facsimile: (213) 395-7615

HANSON BRIDGETT LLP
GARNER K. WENG, SBN 191462
gweng@hansonbridgett.com
SUSANNA L. CHENETTE, SBN 257914
schenette@hansonbridgett.com
425 Market Street, 26th Floor
San Francisco, California 94105
Telephone: (415) 777-3200
Facsimile: (415) 541-9366

***Attorneys for Defendant***
PAC FILL, INC. dba SUN DAIRY

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

STEVE DASHTI, an individual,

Plaintiff,

v.

PAC FILL, INC., a California corporation d/b/a SUN DAIRY,

Defendant.

AND RELATED COUNTERCLAIM

Case No. 2:26-cv-03385 PA (BFMx)

**DEFENDANT PAC FILL, INC.'S OPPOSITION TO PLAINTIFF STEVE DASHTI'S MOTION TO DISMISS COUNTERCLAIM UNDER FED. R. CIV. P. 12(b)(6)**

Date: September 23, 2026
Time: 1:30 P.M.
Crtrm.: 9A
Judge: Hon. Percy Anderson

Action Filed: January 21, 2026
Trial Date: April 6, 2027

# TABLE OF CONTENTS

Page


I. INTRODUCTION .......... 1

II. LEGAL STANDARD .......... 1

III. ARGUMENT .......... 3

A. Pac Fill's Counterclaims State Claims for Relief on Their Face .......... 3

1. Pac Fill pleads common-law and registered trademark rights in its ABALI Mark .......... 3

2. Pac Fill pleads that the counter-defendants' conduct caused a likelihood of confusion .......... 5

B. Pac Fill Has Properly Alleged Liability for Both Dashti and Bibi United Group, Inc. .......... 6

C. Pac Fill is Not Required to Provide Evidence at the Pleading Stage .......... 7

D. Dashti's Motion Is Aimed to Delay, not Simplify, Proceedings .......... 8

E. Dashti's Invocation of Rule 11 is an Improper Attack on the Pleadings and Otherwise Baseless .......... 10

F. Pac Fill Tried to Speak to Dashti Under L.R. 7-3 Regarding the Motion, but Dashti Refused .......... 11

IV. PAC FILL REQUESTS LEAVE TO AMEND .......... 12

V. CONCLUSION .......... 12

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alignment Healthcare USA, LLC v. MindHYVE.ai, Inc.*,
2025 WL 4041927 (C.D. Cal. Dec. 19, 2025) .......... 5

*AMF Inc. v. Sleekcraft Boats*,
599 F.2d 341 (9th Cir. 1979) .......... 2, 5

*Benchmark Cap. Holdings Co., LLC v. Benchmark Co., LLC*,
2012 WL 13041640 (N.D. Cal. Jan. 3, 2012) .......... 3

*Better Homes Realty, Inc. v. Watmore*,
2017 WL 1400065 (S.D. Cal. Apr. 18, 2017) .......... 5

*Daimler AG v. A-Z Wheels LLC*,
334 F. Supp. 3d 1087 (S.D. Cal. 2018) .......... 6

*Doe v. U.S.*,
419 F.3d 1058 (9th Cir. 2005) .......... 1

*Eminence Capital, LLC v. Aspeon, Inc.*,
316 F.3d 1048 (9th Cir. 2003) .......... 12

*Entrepreneur Media, Inc. v. Smith*,
279 F.3d 1135 (9th Cir. 2002) .......... 3

*Fortune Dynamic, Inc. v. Victoria's Secret Stores Brand Mgmt., Inc.*,
618 F.3d 1025 (9th Cir. 2010) .......... 2, 3

*Guangzhou Yucheng Trading Co. v. Dbest Prods., Inc.*,
2022 WL 3012824 (C.D. Cal. June 10, 2022) .......... 4

*Halicki Films, LLC v. Sanderson Sales & Marketing*,
547 F.3d 1213 (9th Cir. 2008) .......... 3

*Hewlett-Packard Co. v. Repeat-O-Type Stencil Mfg. Corp.*,
1995 WL 552168 (N.D. Cal. Aug. 30, 1995) .......... 6

*Kythera Biopharmaceuticals, Inc. v. Lithera, Inc.*,
998 F. Supp. 2d 890 (C.D. Cal. 2014) .......... 5

*Lerner & Rowe PC v. Brown Engstrand & Shely LLC*,
119 F.4th 711 (9th Cir. 2024) .......... 2

*Mintz v. Subaru of Am., Inc.*,
716 F. App'x 618 (9th Cir. 2017) .......... 2

*Mohamed v. Jeppesen Dataplan, Inc.*,
614 F.3d 1070 (9th Cir. 2010) .......... 1

*Murray v. Cable NBC*,
86 F.3d 858 (9th Cir. 1996) .......... 2

*Outdoor Media Grp., Inc. v. City of Beaumont*,
506 F.3d 895 (9th Cir. 2007) .......... 8

*Solid 21, Inc. v. Breitling USA, Inc.*,
512 F. App'x 685 (9th Cir. Mar. 19, 2013) .......... 7

*Starr v. Baca*,
652 F.3d 1202 (9th Cir. 2011) .......... 1

*Telligen, Inc. v. Telligens Techs., LLC*,
2025 WL 1484396 (C.D. Cal. Jan. 7, 2025) .......... 4

*Thane Int'l, Inc. v. Trek Bicycle Corp.*,
305 F.3d 894 (9th Cir. 2002) .......... 6

*Townsend v. Holman Consulting Corp.*,
929 F.2d 1358 (9th Cir. 1990) .......... 10

*Trader Joe's Co. v. Trader Joe's United*,
150 F.4th 1040 (9th Cir. 2025) .......... 2

*Tranik Enters. Inc. v. Authentic Watches.com Inc.*,
2016 WL 11595066 (C.D. Cal. July 18, 2016) .......... 7

*U.S. v. High Country Broadcasting Co., Inc.*,
3 F.3d 1244 (9th Cir. 1993) .......... 6

*Williams v. Aho*,
2016 WL 10999270 (C.D. Cal. Sep. 2, 2016) .......... 10

*Zobmondo Ent., LLC v. Falls Media, LLC*,
602 F.3d 1108 (9th Cir. 2010) .......... 4

**Statutes**

15 U.S.C. § 1057(b) .......... 4

15 U.S.C. § 1114 .......... 1, 2, 9

15 U.S.C. §§ 1114 and 1125 .......... 9

15 U.S.C. § 1125(a) .......... 2

**Other Authorities**

5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1336.3 .......... 10

Fed. R. Civ. P. 37(a)(1) .......... 11

Fed. R. Civ. P. 11 .......... 1, 10

Fed. R. Civ. P. 12 .......... *passim*

Fed. R. Civ. P. 12(b)(6) .......... 1, 7, 9, 12

## I. INTRODUCTION

Although the progress of this case—one of just three cases involving the same underlying dispute in this Court—is regrettably convoluted, one thing is clear. Dashti's motion to dismiss (Dkt. 78, the "Motion") Pac Fill's counterclaims (Dkt. 63) is fundamentally an improper demand for evidence or discovery, and so must be denied. It is also inexplicably tardy. Under Rule 12(b)(6), pleadings are evaluated by what they contain on their face, affording all inferences in favor of the party in the position of plaintiff. Pac Fill's counterclaim pleading for federal and state trademark infringement—which has been essentially live across these related cases for over three months—plausibly states claims for relief.[1] Once again, Dashti has vexatiously multiplied proceedings by raising collateral issues through improper procedure, including by failing to properly meet and confer with Pac Fill and by asserting an entirely unjustified threat of Rule 11 sanctions. The Motion must be denied.

## II. LEGAL STANDARD

A court's role in evaluating a Rule 12(b)(6) motion is necessarily limited to deciding whether a complaint states a claim upon which relief may be granted. *Mohamed v. Jeppesen Dataplan, Inc.*, 614 F.3d 1070, 1099–1100 (9th Cir. 2010). On a motion to dismiss for failure to state a claim, the court must construe the complaint in the light most favorable to the plaintiff, taking all the plaintiff's allegations as true and drawing all reasonable inferences from the complaint in the plaintiff's favor. *Doe v. U.S.*, 419 F.3d 1058, 1062 (9th Cir. 2005). When a complaint's allegations are capable of more than one inference, the court must adopt whichever plausible inference supports a valid claim. *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

"To maintain an action for trademark infringement under 15 U.S.C. § 1114,

[1] This case, Case No. 2:26-cv-03645-PA (BFMx) (the "3645 Action"), and Case No. 2:26-cv-08674-PA (BFMx) (the "8674 Action").

false designation of origin under 15 U.S.C. § 1125(a) and unfair competition under California law, a plaintiff must prove the defendant's use of the same or similar mark would create a likelihood of consumer confusion." *Murray v. Cable NBC*, 86 F.3d 858, 860 (9th Cir. 1996); *Mintz v. Subaru of Am., Inc.*, 716 F. App'x 618, 622 (9th Cir. 2017) ("the elements needed to establish federal unfair competition under 15 U.S.C. § 1125(a) are identical to the elements needed to establish trademark infringement under 15 U.S.C. § 1114").

Under the federal Lanham Act's causes of action for infringement of registered and unregistered trademarks (and analogous state-law claims), stating a claim for relief at the pleading stage requires alleging "(1) that [plaintiff] has a protectible ownership interest in the mark; and (2) that the defendant's use of the mark is likely to cause consumer confusion." *Lerner & Rowe PC v. Brown Engstrand & Shely LLC*, 119 F.4th 711, 718 (9th Cir. 2024). In determining whether a defendant's use of a plaintiff's mark is likely to cause confusion, courts consider the eight non-exhaustive *Sleekcraft* factors. *Trader Joe's Co. v. Trader Joe's United*, 150 F.4th 1040, 1048 (9th Cir. 2025) (citing *AMF Inc. v. Sleekcraft Boats*, 599 F.2d 341 (9th Cir. 1979)).

The plausibility or viability of a trademark infringement claim is not typically amenable to resolution on a Rule 12 motion to dismiss. Liability for trademark infringement is a fact-intensive inquiry, so courts hold defendants seeking to dismiss a trademark case at the pleading stage to a high burden:

> Analysis of the *Sleekcraft* factors most typically occurs in the context of a summary judgment motion, or at trial. Indeed, *Fortune Dynamic* noted the "the wisdom of the well-established principle that '[b]ecause of the intensely factual nature of trademark disputes, summary judgment is generally disfavored in the trademark arena.' " … Thus, while it may be appropriate, particularly in light of *Twombly* and *Iqbal*, to consider whether a complaint pleads sufficient facts to support a plausible claim of likelihood of confusion, [defendant] faces a significant challenge to show that the non-existence of such a likelihood can be determined as a matter of law at the pleading stage.

*Benchmark Cap. Holdings Co., LLC v. Benchmark Co., LLC*, 2012 WL 13041640 (N.D. Cal. Jan. 3, 2012) (quoting *Fortune Dynamic, Inc. v. Victoria's Secret Stores Brand Mgmt., Inc.,* 618 F.3d 1025, 1031 (9th Cir. 2010), and *Entrepreneur Media, Inc. v. Smith*, 279 F.3d 1135, 1140 (9th Cir. 2002)).

## III. ARGUMENT

Dashti's Motion should be denied because he misapprehends the purpose of pleadings and of Rule 12. Dashti's belated Motion complains of evidence and proof, often relating to convoluted or collateral legal theories, but these are not the proper subject of a motion to dismiss. It is simple: Pac Fill plausibly pleads facts giving rise to its counterclaims, and is not required to prematurely supplement its pleadings with evidence or to preemptively respond to any affirmative defense or legal theory on the merits of the case that Dashti might assert.

### A. Pac Fill's Counterclaims State Claims for Relief on Their Face

Although Dashti's litigation conduct may confuse the issue, at heart this is a straightforward trademark infringement dispute. Pac Fill's counterclaims plausibly plead facts giving rise to the required elements of federal and state trademark infringement and unfair competition: Pac Fill's ownership of a trademark and counter-defendants' conduct giving rise to a likelihood of confusion, as explained below. Rule 12 demands no more. Accordingly, Dashti's Motion must be denied.

#### 1. Pac Fill pleads common-law and registered trademark rights in its ABALI Mark

To demonstrate ownership of a trademark, a plaintiff must show that it is "either (1) the owner of a federal mark registration, (2) the owner of an unregistered mark, or (3) a non-owner with a cognizable interest in the allegedly infringed trademark." *Halicki Films, LLC v. Sanderson Sales & Marketing*, 547 F.3d 1213, 1226 (9th Cir. 2008). In the FAC, Pac Fill alleges that it owns both common-law rights in the ABALI Mark, acquired through use, and federally registered trademark rights. (Dkt. 63 at 54–56, ¶¶ 9–18.)

Regarding common-law rights, Pac Fill alleges it has used its ABALI Mark in United States commerce for over 40 years, giving rise to its enforceable common-law trademark rights. Beginning at least as early as 1984, Pac Fill has "produced, distributed, sold, offered for sale, marketed, and promoted" yogurt drinks and yogurt soda. (Dkt. 63 at 54–55, ¶¶ 9–11.) Pac Fill has sold these products throughout the United States, including California, through third-party retailers including grocery stores and convenience stores. (*Id.* at 55, ¶ 13.) And Pac Fill alleges that its use began prior to Dashti's and Bibi United's use. (*Id.* at 61–62, ¶ 47.) This is sufficient at the pleading stage to establish ownership and priority in a common-law trademark. *Guangzhou Yucheng Trading Co. v. Dbest Prods., Inc.*, 2022 WL 3012824 (C.D. Cal. June 10, 2022) (denying motion to dismiss trademark infringement counterclaims where counterclaimant alleged it had marketed and sold goods bearing its mark in commerce prior to the alleged infringer's use).

Regarding registered rights, Pac Fill pleads ownership of U.S. Reg. No. 8219926 and attaches a copy of the registration record from the USPTO database. (Dkt. 63 at 56, ¶ 17 and Ex. 1.) Allegations of ownership of a valid, live United States trademark registration conclusively establish a plaintiff's trademark rights for purposes of a Rule 12 motion to dismiss. 15 U.S.C. § 1057(b) (certificate of registration is prima facie evidence of owner's rights in, and validity of, the trademark); *Telligen, Inc. v. Telligens Techs., LLC*, 2025 WL 1484396 (C.D. Cal. Jan. 7, 2025) (denying motion to dismiss trademark infringement claim to the extent it was premised on failure to allege ownership of an enforceable mark where complaint alleged ownership of federal registration). This is because the issue of trademark validity is considered "an intensely factual issue" and therefore not suitable for early or summary disposition. *Zobmondo Ent., LLC v. Falls Media, LLC*, 602 F.3d 1108, 1113 (9th Cir. 2010).

Accepting the pleadings as true, which the Court must, Pac Fill has pleaded its ownership of enforceable trademark rights.

### 2. Pac Fill pleads that the counter-defendants' conduct caused a likelihood of confusion

The allegations in Pac Fill's counterclaim pleading tell a clear story giving rise to its claims: Dashti, in connection with his company and co-counter-defendant Bibi United, used in commerce an identical translation of Sun Dairy's ABALI Mark in connection with Sun Dairy's same goods: *dough*, or yogurt drinks. (Dkt. 63 at 56–57, ¶¶ 19–26.) Dashti even admitted in public trademark filings, personally signed, that the Farsi characters depicted in the mark on Dashti's products translate to "Doogh **Abali**" and "**ABALI** YOGURT SODA" (Dkt. 63 at 57 & 60, ¶¶ 28 & 36) (emphases added)—the Farsi equivalent of Pac Fill's ABALI Mark. This is sufficient at the pleading stage to support Pac Fill's claims that counter-defendants' conduct is likely to cause confusion, mistake, and deception among the relevant consuming public. *Alignment Healthcare USA, LLC v. MindHYVE.ai, Inc.*, 2025 WL 4041927 (C.D. Cal. Dec. 19, 2025) (denying motion to dismiss where plaintiff alleged defendant used nearly identical mark on "the same" services); *Kythera Biopharmaceuticals, Inc. v. Lithera, Inc.*, 998 F. Supp. 2d 890, 901 (C.D. Cal. 2014) (denying motion to dismiss where plaintiff alleged that marks are similar, are used on same goods and services, and goods will target same customers and serve similar functions).

A complaint pleading trademark infringement need not speak to or mechanically recite all of the *Sleekcraft* likelihood-of-confusion factors in order to state a claim for relief. *Alignment Healthcare*, 2025 WL 4041927 at *6 (plaintiff need not plead specifically to each element of *Sleekcraft*, particularly where defendant is alleged to use a near-identical mark on identical or highly-related goods or services); *Better Homes Realty, Inc. v. Watmore*, 2017 WL 1400065 (S.D. Cal. Apr. 18, 2017) (the "mere number of factors" pleaded by a trademark plaintiff "is not dispositive," declining to dismiss complaint that did not address all *Sleekcraft* factors). This is because the "list of [*Sleekcraft*] factors is not a score-card—whether

a party 'wins' a majority of the factors is not the point. Nor should '[t]he factors ... be rigidly weighed; we do not count beans.'" *Thane Int'l, Inc. v. Trek Bicycle Corp.*, 305 F.3d 894, 901 (9th Cir. 2002).

Accepting the pleadings as true, which the Court must, Pac Fill has pleaded an actionable likelihood of consumer confusion.

**B. Pac Fill Has Properly Alleged Liability for Both Dashti and Bibi United Group, Inc.**

Dashti has no standing to challenge Pac Fill's counterclaims against Bibi United Group, Inc. As a *pro se* litigant, Dashti may neither appear on behalf of Bibi United nor represent Bibi United's interests. L.R. 83-2.2.2; *U.S. v. High Country Broadcasting Co., Inc.*, 3 F.3d 1244, 1245 (9th Cir. 1993) ("A corporation may appear in federal court only through licensed counsel."). The Court therefore cannot consider Dashti's Motion as it relates to claims against Bibi United. Nevertheless, Dashti's argument that Pac Fill improperly groups Dashti and Bibi United as co-counter-defendants is incorrect. (Indeed, Dashti devotes no more than two or three sentences to this argument. (Motion at 7.))

Pac Fill alleges that Dashti is an officer, principal, or owner of Bibi United; that Dashti personally controls and directs the actions of Bibi United; and that Dashti is the moving and active force behind Bibi United's infringing conduct. (Dkt. 67 at 56, ¶¶ 19–20.) Corporate officers are "personally liable for [a] corporation's … trademark infringements when they are a 'moving, active conscious force' behind the corporation's infringement." *Daimler AG v. A-Z Wheels LLC*, 334 F. Supp. 3d 1087, 1106 (S.D. Cal. 2018); *see also Hewlett-Packard Co. v. Repeat-O-Type Stencil Mfg. Corp.*, 1995 WL 552168 (N.D. Cal. Aug. 30, 1995) ("If an individual actively and knowingly caused the trademark infringement, he is personally responsible. Specifically, a corporate officer who directs, controls, ratifies, participates in, or is the moving force behind the infringing activity, is personally liable for such infringement without regard to piercing of the corporate veil.")

(internal citation and quotations omitted). Pac Fill's allegations are sufficient to impart liability against both Dashti and Bibi United.

### C. Pac Fill is Not Required to Provide Evidence at the Pleading Stage

Dashti's chief complaints in his Motion relate to matters of proof and evidence, not matters of pleading. Much of Dashti's brief is incoherent and not clearly tied to Pac Fill's trademark claims. As Pac Fill understands it, Dashti complains, among other things:

- That Pac Fill has not "identified a single specific sale, invoice, distribution transaction, payment record, shipment, or other commercial document" relating to Pac Fill's trademark rights (Motion at 2–3);
- That certain government filings relating to fictitious business names—not of record in the Motion or Pac Fill's pleading—somehow bear on Pac Fill's counterclaims (Motion at 2–3);
- That Pac Fill must "identify the actual governmental records and actual sales for the relevant period: what products were sold, by whom, under what business name, during what years, and what documents establish those sales" relating to sales of Pac Fill's goods (Motion at 4);
- That "Pac Fill has presented substantially the same serious factual accusations to the Court on more than three occasions at different stages of this litigation without identifying the basic evidence that would support them" (Motion at 5); and
- That Pac Fill's claims regarding counter-defendants' importation of goods cannot be asserted "without an identified evidentiary basis" (Motion at 6).

It is axiomatic that "the inquiry under Rule 12(b)(6) is into the adequacy of the pleadings, not the adequacy of evidence." *Tranik Enters. Inc. v. Authentic Watches.com Inc.*, 2016 WL 11595066, at *5 (C.D. Cal. July 18, 2016) (quoting *Solid 21, Inc. v. Breitling USA, Inc.*, 512 F. App'x 685, 686 (9th Cir. Mar. 19,

2013)). Further, none of the extraneous materials referred to obliquely in Dashti's Motion are properly before the Court. On a motion to dismiss, a court may "generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." *Outdoor Media Grp., Inc. v. City of Beaumont*, 506 F.3d 895, 899 (9th Cir. 2007).

At bottom, it is clear that Dashti is misusing the motion-to-dismiss process to seek discovery or litigate the merits of the dispute. Without repeating parallel briefing, it is inarguable that Dashti has had ample opportunity to propound discovery on Pac Fill. But Dashti does not follow the rules. He failed to properly serve discovery on Pac Fill. When dissatisfied with Pac Fill's responses, Dashti filed a motion to compel without engaging in the meet-and-confer process or following the magistrate judge's prefiling procedures. (Dkt. 59; *see also* Dkt. 60 and 62.) Then, Dashti entirely failed to appear in court for the hearing on his own motion to compel, and his motion was denied. (Dkt. 76.) Dashti's present Motion can only be recognized as Dashti's attempt to short-circuit the Court's discovery procedures and should therefore be denied.

### D. Dashti's Motion Is Aimed to Delay, not Simplify, Proceedings

Dashti has been aware of Pac Fill's contentions in this case for over half a year and has had multiple opportunities to properly challenge Pac Fill's pleadings. Despite Pac Fill's claims and counterclaims being substantially on record since at least as early as April 2026, Dashti waited roughly three months to challenge them. The inference is clear: Dashti, frustrated with his own inability to stymie Pac Fill's infringement claims or follow the rules of discovery, is throwing everything at the wall and hoping something sticks. But Dashti should have raised any pleading deficiencies much earlier in a rule-compliant motion. To aid the Court's comprehension, the following pleading summary is illustrative:

Dashti filed the state-court declaratory relief claim that was removed and forms the present action on January 21, 2026. (Dkt. 1.) After Pac Fill successfully

moved to dismiss certain of Dashti's claims (Dkt. 27), Pac Fill pleaded infringement counterclaims against Dashti and Bibi United Group Inc. on May 28, 2026 (Dkt. 34). Pac Fill's counterclaims included federal trademark infringement under 15 U.S.C. §§ 1114 and 1125, and California unfair competition and trademark infringement. (Dkt. 34 at 17–20.) Dashti did not move to dismiss these counterclaims the first time around. Instead, Dashti responded with a First Amended Complaint (Dkt. 54 and 48), to which Pac Fill responded with an answer and substantially the same pleadings and counterclaims as filed on May 28, which are now the subject of Dashti's Motion here.

Earlier and in parallel, on April 6, 2026, Pac Fill filed the complaint which initiated the 3645 Action against both Dashti and Bibi United Group Inc. (3645 Action Dkt. 1.) All the claims in that first complaint are found in Pac Fill's instant counterclaims in the present case: federal trademark infringement, and California unfair competition and trademark infringement. (*Id.* at 10–12.) After Pac Fill obtained a federal trademark registration and before defendants answered, it filed an amended complaint in the 3645 Action to add a claim for federal trademark infringement under 15 U.S.C. § 1114, which is also found in the instant counterclaims. (3645 Action Dkt. 15 at 10–11.) Dashti attempted to move to dismiss those counterclaims and his motion was stricken by the Court for failure to follow procedural rules. (3645 Action Dkt. 20, 22, 24.) But Dashti did not again seek to dismiss Pac Fill's claims in the 3645 Action under Rule 12. Rather, he filed a response including his own counterclaim pleading, followed by an amended counterclaim pleading, the latter of which the Court struck under the anti-SLAPP law. (3645 Action Dkt. 26, 31, 50.)

Dashti may not use Rule 12(b)(6) as a delay tactic when Pac Fill's pleadings have been largely settled in these cases for months. The Court should deny the Motion for this reason as well.

**E. Dashti's Invocation of Rule 11 is an Improper Attack on the Pleadings and Otherwise Baseless**

Dashti's Motion makes reference to Fed. R. Civ. P. 11. (Motion at 5–7.) It is true that Dashti served Pac Fill with a contemplated motion under Rule 11 aimed specifically at Pac Fill's pleading at issue here. That motion is not before the Court, and Pac Fill is entitled to oppose it and seek counter-sanctions if Dashti files it. There is no merit to any assertion that Pac Fill brought its counterclaims (or any claims) in these cases for any improper purpose or without conducting an adequate prefiling investigation.

Rule 11 is not a vehicle for challenging the sufficiency of pleadings. The Ninth Circuit has held that complaints "are not filed for an improper purpose if they are non-frivolous" under Rule 11. *Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1362 (9th Cir. 1990); *see also* 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1336.3 ("Rule 11 should not be used to raise issues as to the legal sufficiency of a claim or defense that more appropriately can be disposed of by a motion to dismiss, a motion for judgment on the pleadings, a motion for summary judgment, or a trial on the merits.").

Because Pac Fill's counterclaims plausibly state non-frivolous claims for relief and Dashti's Motion must be denied, in turn there can be no grounds for any Rule 11 sanction at this stage. *See Williams v. Aho*, 2016 WL 10999270 (C.D. Cal. Sep. 2, 2016) ("Given that the Court has already concluded that the Complaint stated a plausible claim for relief…, Defendant has provided the Court with no reason to believe that this litigation was filed purely to harass or that Plaintiff's claims are wholly lacking evidentiary support," denying motions under both Rules 11 and 12). Dashti's invocation of Rule 11 is misplaced and unwarranted, especially because he has avenues to seek the evidence he seeks: the discovery process. Dashti just chooses to not properly follow them. (*See* Dkt. 76, noting Dashti's failure to appear before Judge Mircheff at a motion hearing on his *own* motion to compel

discovery, and denying that motion.)

### F. Pac Fill Tried to Speak to Dashti Under L.R. 7-3 Regarding the Motion, but Dashti Refused

Dashti has been admonished by the Court many times about his failure to comply with the spirit and purpose of Local-Rule 7-3. (*See, e.g.*, Dkt. 11; 3645 Action Dkt. 50, 75.) Dashti's perfunctory lip service to L.R. 7-3 in the Motion shows on its face that Dashti did not make a good faith effort to discuss the Motion. Dashti expressly admits that Pac Fill agreed to speak with him regarding the Motion, that the parties agreed on a date and time, and that Pac Fill provided a teleconference via Zoom. (Motion at 1–2.) Dashti also admits that he made unjustified demands "that Pac Fill identify one attorney authorized to speak for Pac Fill." (*Id.* at 2.) But, because of a nonsensical objection that the conference was not by telephone, Dashti simply went dark and did not speak to Pac Fill's counsel. (*Id.*)

Much has been said in this case about Dashti's failure to engage in meaningful meet-and-confer efforts. Relevant to this matter, Pac Fill provided Dashti a Zoom conference set for August 13, as the parties agreed; the Zoom *included a telephone dial-in option* so Dashti could participate by phone as he had demanded; counsel for Pac Fill waited on the Zoom for Dashti to join for half an hour; counsel for Pac Fill sent reminder emails to Dashti *during the call* asking if he would join, to no response; and Pac Fill set a rescheduled conversation for August 14 which Dashti also did not join. (Weng Decl. ¶¶ 2, 4.) Dashti only objected to the format of the call after its scheduled time. (*Id.*, ¶ 3.) In reality, Dashti has never once spoken to Pac Fill's counsel since May 2026 through to the date of this brief; the clear inference is that Dashti simply does not want to talk to Pac Fill's attorneys. (*Id.*) Dashti's non-compliance with L.R. 7-3 (and, similarly, Fed. R. Civ. P. 37(a)(1) and L.R. 37-1) has caused Pac Fill significant prejudice by forcing it to respond on the merits to Dashti's frivolous motions and pleadings.

## IV. PAC FILL REQUESTS LEAVE TO AMEND

Dashti's Motion should be denied. But if the Court grants any part of the Motion, Pac Fill respectfully requests that it be without prejudice and that Pac Fill be granted leave to amend the counterclaim pleading to cure any deficiencies identified by the Court. *Eminence Capital, LLC v. Aspeon, Inc.,* 316 F.3d 1048, 1051 (9th Cir. 2003) (leave to amend after Rule 12 dismissal "shall be freely given").

## V. CONCLUSION

Pac Fill's counterclaim pleading states claims upon which relief can be granted. Matters outside the pleadings—including non-sequitur demands for proof and evidence—are not the proper subject of a Rule 12(b)(6) motion. Accordingly, the Motion should be denied. If the Court is inclined to grant any part of the Motion, it should be without prejudice and with leave to amend.

DATED: August 31, 2026 HANSON BRIDGETT LLP

By: *\/s/ Garner K. Weng*

RAFFI V. ZEROUNIAN
JUSTIN P. THIELE
GARNER K. WENG
SUSANNA L. CHENETTE
Attorneys for Defendant
PAC FILL, INC. dba SUN DAIRY

# PROOF OF SERVICE

***Dashti v. Pac Fill, Inc., et al.***
**Case No. 2:26-cv-03385 PA (BFMx)**

**STATE OF CALIFORNIA, COUNTY OF CONTRA COSTA**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Contra Costa, State of California. My business address is 1676 N. California Blvd., Suite 620, Walnut Creek, CA 94596.

On August 31, 2026, I served true copies of the following document(s) described as **DEFENDANT PAC FILL, INC.'S OPPOSITION TO PLAINTIFF STEVE DASHTI'S MOTION TO DISMISS COUNTERCLAIM UNDER FED. R. CIV. P. 12(b)(6)** on the interested parties in this action as follows:

| | |
|---|---|
| Steve Dashti<br>21200 Oxnard Street, #508<br>Woodland Hills, CA 91367<br>stevedashti@gmail.com | ***Plaintiff in Pro Per*** |

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with Hanson Bridgett LLP's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address lprongos@hansonbridgett.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on August 31, 2026, at Alameda, California.

Laura Prongos

Laura A. Prongos