FILED
CLERK, U.S. DISTRICT COURT
09/03/2026
CENTRAL DISTRICT OF CALIFORNIA
BY mba DEPUTY
DOCUMENT SUBMITTED THROUGH THE ELECTRONIC DOCUMENT SUBMISSION SYSTEM

Steve Dashti
21200 Oxnard St. # 508
Woodland Hills 91367
Plaintiff. Pro Se

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**STEVE DASHTI,**
Plaintiff / Counterclaim-Defendant,

v.

**PAC FILL, INC., a California corporation d/b/a SUN DAIRY,**
Defendant / Counterclaim-Plaintiff.

**CASE NO. 2:26-CV-03385-PA (BFMX)**

**DISCOVERY MATTER**

**PLAINTIFF'S RESPONSE TO DEFENDANT'S STATUS REPORT REGARDING COURT-ORDERED DISCOVERY MEET-AND-CONFER (ECF NO. 81)**

IDC: September 8, 2026
Time: 9:30 a.m.
Ctrm: 780, 7th Floor
Judge: Hon. Brianna Fuller Mircheff

Plaintiff Steve Dashti, appearing pro se, respectfully submits this limited response to Defendant Pac Fill, Inc.'s Status Report filed September 2, 2026 (ECF No. 81). Plaintiff submits this response to correct the record concerning the September 1, 2026 Zoom conference and to place Defendant's characterization of the parties' discovery conduct in context.

## I. PLAINTIFF'S INABILITY TO JOIN THE SEPTEMBER 1 ZOOM CONFERENCE WAS A TECHNICAL CONNECTION PROBLEM, NOT A REFUSAL TO COMPLY

Defendant correctly notes that Plaintiff sent an email before the scheduled conference advising that he was outside the United States and did not have access to Zoom from his then-

current location. ECF No. 81 at 2. Defendant nevertheless suggested that because Plaintiff was able to send an email, he necessarily had the ability to participate by Zoom and stated that "Zoom works pretty much everywhere." Id. at 2-3.

That inference is incorrect. Access to email does not establish that a device or network can establish a functioning Zoom connection. Plaintiff attempted to access Zoom, but Zoom displayed the error message: "Unable to establish secure connection to Zoom." A photograph of the actual error displayed on Plaintiff's computer is attached as Exhibit A.

The attached contemporaneous photograph demonstrates that Plaintiff's inability to participate was caused by an actual connection problem. Plaintiff did not intentionally disregard the Court's Order and did not refuse to meet and confer. Plaintiff also advised Defendant that he would return to the United States on September 6, 2026 and would participate in a meet-and-confer after his return, a communication that Defendant's own Status Report acknowledges. ECF No. 81 at 3.

Plaintiff was outside the United States at the relevant time and is prepared to bring his passport and relevant travel documentation, including flight/travel records, to the September 8 conference so that the Court may independently evaluate the accuracy of the parties' respective representations concerning Plaintiff's location and the circumstances surrounding the failed Zoom connection. Plaintiff is not presently filing his passport on the public docket because it contains personal identifying information.

## II. THE "WOODLAND HILLS" LANGUAGE WAS PART OF A PRE-EXISTING PROOF-OF-SERVICE TEMPLATE

Defendant also points to the words "Woodland Hills, California" appearing in a proof of service transmitted by Plaintiff the following day in a separate action. ECF No. 81 at 3. That

language was contained in Plaintiff's pre-existing proof-of-service template and was not intended to identify Plaintiff's physical location at the moment the document was electronically transmitted.

The document was served electronically by email. The use of template language should not be construed as a representation that Plaintiff was physically present in Woodland Hills on September 2, 2026. To eliminate any factual dispute on this collateral point, Plaintiff is prepared to present his travel records to the Court.

## III. THE COURT SHOULD CONSIDER THE ACTUAL DISCOVERY RECORD RATHER THAN COLLATERAL CHARACTERIZATIONS

Defendant's Status Report seeks to portray Plaintiff as the party failing to participate meaningfully in discovery. The record before the Court should be evaluated as a whole. Plaintiff did provide written responses to Defendant's Interrogatories, Requests for Admission, and Requests for Production. Indeed, Defendant attached those responses as Exhibits 4, 5, and 6 to ECF No. 81.

### 1. PAC FILL SHOULD EXPLAIN WHY IT FAILED TO PROVIDE SUBSTANTIVE DISCOVERY RESPONSES WITHIN THE REQUIRED TIME, INCLUDING AFTER PLAINTIFF REVISED AND RE-SERVED THE DISCOVERY

Pac Fill should explain why it failed to provide substantive discovery responses within the applicable response period and why, even after Plaintiff revised and re-served the discovery on two occasions in an effort to eliminate objections and narrow the issues, it still did not provide substantive answers. Defendant should not be permitted to shift attention to collateral matters while portraying itself as the aggrieved party in discovery.

**2. PAC FILL OBJECTED EVEN TO STRAIGHTFORWARD REQUESTS ASKING IT TO CONFIRM ITS OWN USPTO REPRESENTATIONS**

The nature of Pac Fill's responses is illustrated by straightforward requests concerning its own representations to the United States Patent and Trademark Office. For example, Plaintiff asked Pac Fill to confirm its own USPTO representation concerning a claimed first-use date of May 6, 1985. Rather than admit or deny the substance of its own prior federal filing, Pac Fill asserted an objection and provided no substantive admission or denial.

**3. PLAINTIFF—NOT DEFENDANT—FIRST SOUGHT JUDICIAL INTERVENTION REGARDING THE DISCOVERY DISPUTE (ECF NO. 59)**

Plaintiff further respectfully clarifies that he—not Defendant—first sought judicial intervention concerning the parties' discovery dispute. Plaintiff filed his Motion to Compel at ECF No. 59 concerning Pac Fill's responses to Plaintiff's seven sets of discovery. On August 25, 2026, the Court denied that Motion without prejudice based on procedural deficiencies identified in ECF No. 76, including the absence of a rule-compliant meet-and-confer, Plaintiff's failure to submit the actual discovery requests at issue with the Motion, and the need to demonstrate the relevance of the requests. Plaintiff respectfully acknowledges those deficiencies and intends to correct them and renew or refile the appropriate discovery motion as necessary.

The chronology is important. Plaintiff had already brought Pac Fill's failure to provide substantive discovery responses to the Court's attention before Defendant filed the present Status Report. The Court's without-prejudice denial of ECF No. 59 did not adjudicate the substantive adequacy of Pac Fill's objections and did not transform those objections into substantive answers. Defendant's attempt to emphasize collateral matters while portraying itself as the aggrieved party diverts attention from the central discovery issue: why Pac Fill did not provide

substantive responses within the applicable response period and continued to rely on objections after Plaintiff revised and re-served the discovery.

**4. THE SEPTEMBER 8, 2026 IDC WILL PROVIDE A FINAL OPPORTUNITY TO ADDRESS THE SEVEN DISCOVERY SETS BEFORE PLAINTIFF RENEWS THE MOTION, AS APPROPRIATE**

Plaintiff intends to bring the seven sets of discovery, together with Pac Fill's written responses and objections, to the in-person Informal Discovery Conference set for September 8, 2026 at 9:30 a.m., so that the Court can review the actual requests and responses directly and determine the parties' respective discovery conduct from the record itself. If Pac Fill does not provide substantive responses to Plaintiff's seven sets of discovery before or during that conference, Plaintiff will treat the September 8 conference as an additional and final opportunity to meet and confer regarding those disputes, to the extent permitted by the Court, and will thereafter correct the procedural deficiencies identified in ECF No. 76 and renew or refile the appropriate motion to compel.

Plaintiff respectfully submits that the present Status Report should not be used to reverse the posture or chronology of the discovery dispute or create the impression that Pac Fill was the party that first sought discovery compliance while Plaintiff resisted it. The record reflects that Plaintiff initiated judicial review of Pac Fill's discovery responses through ECF No. 59. The underlying requests, objections, and responses will allow the Court to evaluate the parties' conduct directly rather than through a one-sided characterization of the discovery history.

# IV. CONCLUSION

Plaintiff respectfully requests that the Court not draw an adverse inference from Plaintiff's inability to establish a functioning Zoom connection on September 1, 2026; consider Exhibit A and, if useful, Plaintiff's travel documentation at the September 8 conference; and evaluate the parties' discovery conduct based on the actual seven discovery sets, Defendant's objections and responses, and Plaintiff's written responses to Defendant's discovery. Plaintiff remains willing to participate in the discovery process and to address the substantive discovery disputes before the Court.

DATED: September 3, 2026

Respectfully submitted,

**/s/ Steve Dashti**
STEVE DASHTI

Plaintiff, Pro Se

# EXHIBIT A

**Photograph of Zoom Connection Error Displayed on Plaintiff's Computer**



**PROOF OF SERVICE**

I, Steve Dashti, declare as follows:

I am the Plaintiff in this action and am appearing pro se. I am over the age of 18. On September 3, 2026,

I served by electronic mail true and correct copies of Plaintiff's Response to Defendant's Status Report Regarding Court-Ordered Discovery Meet-and-Confer (ECF No. 81), together with Exhibit A.

The foregoing documents were served by electronic mail on Laura A. Prongos of Hanson Bridgett LLP (Lprongos@hansonbridgett.com), as the designated representative for service and communications on behalf of Pac Fill, Inc. and its counsel.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 3, 2026,

**/s/ Steve Dashti**
**STEVE DASHTI**
Plaintiff, Pro Se