UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 26-3385 PA (BFMx) | Date | September 18, 2026 |
| Title | Steve Dashti v. Pac Fill, Inc. | | |

| | | |
|---|---|---|
| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| | |
|---|---|
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None | None |

**Proceedings:** IN CHAMBERS - COURT ORDER

Before the Court are a Motion for Leave to File Second Amended Complaint ("Motion for Leave to Amend"), and a Motion to Dismiss Counterclaim ("Motion to Dismiss") filed by plaintiff Steve Dashti ("Plaintiff" or "Dashti"). (Docket Nos. 70–72, 78.) The Motion to Dismiss is fully briefed. (Docket Nos. 80, 85.) Defendant Pac Fill, Inc. ("Defendant" or "Pac Fill") filed an Opposition to the Motion for Leave to Amend. (Docket No. 79.). Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds these matters appropriate for decision without oral argument. The hearing on the two Motions was previously vacated and removed from the Court's calendar.

## I. Factual and Procedural Background

Dashti, who is appearing pro se, filed a Complaint in Los Angeles County Superior Court that was removed by Pac Fill to this Court on March 30, 2026. That Complaint alleged state law claims arising out of Pac Fill's attempt to stop Dashti from using the "ABALI" mark in his food and beverage business involving dairy-based products, including yogurt drinks. On May 14, 2026, the Court granted Pac Fill's Motion to Dismiss Dashti's state law claims for Unfair Competition (Cal. Bus. & Prof. Code § 17200) ("UCL") and Interference with Prospective Economic Advantage without leave to amend. (Docket No. 27.) The Court granted the Motion because those claims were based on allegations of prelitigation conduct protected by California's statutory litigation privilege, Cal. Civ. Code § 47(b), specifically, Pac Fill's January 19, 2026 cease and desist letter threatening legal action absent compliance, and its follow-up communications. (Id.)

On April 6, 2026, Pac Fill filed a related action against Dashti and his associated corporation, Bibi United Group, Inc. ("Bibi United"), based on Dashti's use of the ABALI mark. (Pac Fill, Inc. v. Saeed "Steve" Dashti, et al., CV 26-3645 PA (BFMx)). Pac Fill's First Amended Complaint in that action asserts claims for: (1) Lanham Act Registered Trademark

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 26-3385 PA (BFMx) | Date | September 18, 2026 |
| Title | Steve Dashti v. Pac Fill, Inc. | | |

Infringement under 15 U.S.C. § 1114(a); (2) Lanham Act Common Law Trademark Infringement under 15 U.S.C. § 1125 (a)(1)(A); (3) California Unfair Competition under Cal. Bus. & Prof. Code § 17200; (4) California Common Law Trademark Infringement; and (5) California Common Law Unfair Competition. Pac Fill seeks an injunction enjoining Dashti and Bibi United from using or seeking to register the ABALI mark or any marks confusingly similar to the ABALI mark. Pac Fill also seeks an accounting, damages, and attorney's fees, and requests that the Court order the United States Patent and Trademark Office ("USPTO") to deny or cancel Dashti's pending USPTO trademark registration application, and the Secretary of the State of California to cancel Dashti's registered ABALI mark. (CV 26-3645 Docket No. 15.)

On May 16, 2026, Dashti filed an Amended Answer and Amended Counterclaim ("AC") in the related action. (CV 26-3645 Docket No. 31.) The AC asserted claims for: (1) Intentional Interference with Prospective Economic Advantage; (2) Unfair Competition under Cal. Bus. & Prof. Code § 17200; and (3) Declaratory Relief. Pac Fill moved to strike Dashti's state law claims under California's anti-SLAPP procedure. The Court, concluding that Dashti's counterclaims for interference with a prospective advantage and unfair competition arose from protected activity, and that Dashti failed to demonstrate a reasonable probability of prevailing or that he could negate Pac Fill's constitutional defenses, granted the Motion to Strike. (CV 26-3645 Docket No. 50.)[1/]

On June 19, 2026, Plaintiff moved for leave to file a First Amended Complaint ("FAC") in this action. After granting Plaintiff's Motion, Plaintiff filed a FAC. (Docket No. 54.) The FAC added allegations containing "additional information, documentary evidence, public records, and other materials relating to a list of seven different topics addressing the history and use of the ABALI mark, and the representations that Pac Fill has made regarding the origin and quality of its products. (Motion for Leave to Amend at p. 2.) The FAC included new claims based on those allegations for: (1) Cancellation, Restriction, Modification or Declaration of Unenforceability of Registration No. 8,219,926 (Defendant's ABALI mark); (2) False Designation of Origin (15 U.S.C. § 1125(a)(1)(A)); (3) False Advertising (15 U.S.C. § 1125(a)(1)(B)); and (4) an additional claim for Declaratory Relief.

---

[1/] Plaintiff also initiated a third action in state court, asserting a related claim for declaratory relief against Pac Fill. Pac Fill removed that action to this Court on August 5, 2026. (CV 26-8674 PA (BFMx).) Following removal, Pac Fill filed a Motion to Dismiss, and Dashti filed a Motion to Remand. (CV 26-8674 Docket Nos. 7, 18.) Those motions are pending.

On August 6, 2026, Pac Fill filed an Answer and Counterclaim against counterdefendants Dashti and Bibi United ("Counterdefendants"). (Docket No. 63.) Pac Fill's Counterclaim asserts claims for: (1) Lanham Act Trademark Infringement under 15 U.S.C. §§ 1114(a), 1125(a)(1)(A); (2) a California UCL claim; (3) California Common Law Trademark Infringement; and (4) California Common Law Unfair Competition.

Plaintiff now seeks leave to file a Second Amended Complaint ("SAC") that appears to reiterate the allegations in the FAC concerning Pac Fill's historical use of and enforcement efforts concerning the ABALI mark, and its use of its d/b/a Sun Dairy. The proposed SAC also asserts new claims for fraudulent procurement of the ABALI registration under 15 U.S.C. § 1120, and for attempted monopolization under the Sherman Act, 15 U.S.C. § 2, and also attempts to reassert a UCL claim that was previously dismissed without leave to amend and that was also the subject of Pac Fill's anti-SLAPP motion in the related action. Plaintiff also seeks to dismiss Pac Fill's counterclaim for failure to state a claim under Federal Rule Civil Procedure 12(b)(6).

## II. Legal Standard

### A. Motion for Leave to Amend the Scheduling Order

Rule 15(a) states that courts should "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2); DCD Programs, Ltd., v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987) (noting that leave to amend should be granted with "extreme liberality" to "facilitate decision on the merits rather than on pleadings or technicalities") (internal quotations omitted). However, once the Court issues a Scheduling Order pursuant to Federal Rule of Civil Procedure 16(b), that "schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Good cause can be shown if the pretrial schedule "'cannot reasonably be met despite the diligence of the party seeking the extension.'" Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992) (quoting Fed. R. Civ. P. 16 advisory committee notes (1983 amendment)). "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant for relief." Id. Although a court may consider other factors, such as whether amending the scheduling order would prejudice the opposing party, "the focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end." Id. (citation omitted). The party seeking to modify the scheduling order bears the burden of showing good cause exists. See id. at 608; see also In re Western States Wholesale Natural Gas Antitrust Litig., 715 F.3d 716, 737 (9th Cir. 2013) ("[W]hen a party seeks to amend a pleading after the pretrial scheduling order's deadline for

amending the pleadings has expired, the moving party must satisfy the 'good cause' standard for Federal Rule of Civil Procedure 16(b)(4) . . . .").

If a litigant demonstrates good cause to modify the scheduling order under Rule 16, a Motion for Leave to Amend must also satisfy Rule 15. Rule 15 provides for amendment to a party's pleading by leave of the court at any time, and such leave "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a); DCD Programs, Ltd., v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987) (noting that leave to amend should be granted with "extreme liberality" to "facilitate decision on the merits rather than on pleadings or technicalities"). The Court considers five factors in assessing a motion for leave to amend: "bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." Johnson v. Buckley, 356 F.3d 1067, 1077 (9th Cir. 2004). "Absent prejudice, or a strong showing of any of the remaining . . . factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." Eminence Cap., LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003). In this context, "a proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988).

**B. Motion to Dismiss**

Generally, plaintiffs in federal court are required to give only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). While the Rules allow a court to dismiss a cause of action for "failure to state a claim upon which relief can be granted," Fed. R. Civ. P. 12(b)(6), they also require all pleadings to be "construed so as to do justice," Fed. R. Civ. P. 8(e). The purpose of Rule 8(a)(2) is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

However, in Twombly, the Supreme Court rejected the notion that "a wholly conclusory statement of [a] claim would survive a motion to dismiss whenever the pleadings left open the possibility that a plaintiff might later establish some 'set of [undisclosed] facts' to support recovery." Twombly, 550 U.S. at 561. Instead, the Court adopted a "plausibility standard," in which the complaint must "raise a reasonable expectation that discovery will reveal evidence of [the alleged infraction]." Id. at 556. For a complaint to meet this standard, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id. at 555 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure §1216, pp. 235-36 (3d ed. 2004) ("[T]he pleading must contain something more . . . than . . . a statement of facts that merely

creates a suspicion [of] a legally cognizable right of action")); see also Daniel v. County of Santa Barbara, 288 F.3d 375, 380 (9th Cir. 2002) ("All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." (quoting Burgert v. Lokelani Bernice Pauahi Bishop Tr., 200 F.3d 661, 663 (9th Cir. 2000))). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (cleaned up). In construing the Twombly standard, the Supreme Court has advised that "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).

## III. Discussion

### A. Motion for Leave to Amend

The Court issued a Civil Trial Scheduling Order pursuant to Federal Rule of Civil Procedure 16(b) on May 21, 2026. (Docket No. 33.) The Court's Scheduling Order established a deadline for hearing a Motion to Amend the Pleadings or Add Parties of August 24, 2026. However, Plaintiff fails to address Rule 16(b)(4) or the applicable standard for modification of the scheduling order. While Plaintiff argues that his Motion to Amend is not filed for "purposes of delay, harassment, bad faith or undue prejudice" (Motion at p. 3), Plaintiff fails to explain why he was unable to comply with the pretrial schedule, and was unable to notice this motion for hearing until September 21, 2026, a month past the deadline to do so. Plaintiff argues generally that he did not delay or act in bad faith, but provides no further detail or explanation. Nor does Plaintiff explain why permitting amendment at this time, inviting further motion practice at the pleading stage, especially given the deficiencies in the new claims he seeks to assert, would not impact the pretrial and trial dates set by the Court four months ago.

Even if Dashti had demonstrated good cause, the Court would deny leave to amend because the new proposed allegations setting forth more detailed facts concerning Pac Fill's actions are unnecessary under applicable notice pleading requirements, and also because the three claims Plaintiff seeks to add do not, as proposed, plausibly allege claims for relief. In re Fritz Cos. Sec. Litig., 282 F. Supp. 2d 1105, 1111 (N.D. Cal. 2003) (citations omitted) (Under both Rule 15 and Rule 16, "[t]he court can deny the motion to amend on the basis of futility . . . if the amended complaint would be dismissed under Rule 12(b)(6) . . . ."); see also Miller v.

Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988) ("'[The] proper test to be applied when determining the legal sufficiency of a proposed amendment is identical to the one used when considering the sufficiency of a pleading challenged under Rule 12(b)(6).'") (quoting 3 James Wm. Moore, Moore's Federal Practice ¶ 15.08[4] (2d ed. 1974)). Here, Dashti's Fraudulent Procurement claim is deficient under Rule 9(b), and fails to allege the requisite elements of intent or actual reasonable reliance. The Sherman Act claim also fails to allege the elements necessary to state a prima facie claim, and the proposed UCL claim is futile based on the Court's prior rulings in this case and the related action.

Accordingly, Plaintiff's Motion for Leave to Amend to file the proposed SAC is denied.

**B. Motion to Dismiss**

The Court also denies Plaintiff's Motion to Dismiss Pac Fill's Counterclaim. Dashti's primary arguments are that Pac Fill fails to identify that it sold any products using the ABALI mark under the Pac Fill name, and that Pac Fill improperly groups Dashti and Bibi United together in alleging its counterclaims. Pac Fill argues that Dashti's arguments concerning the use of its name and whether it can prevail on its Lanham Act and related state law claims are not appropriately addressed at this stage of the proceedings. The Court agrees. Pac Fill's Counterclaim plausibly alleges facts to support the requisite elements of its federal and state trademark infringement and unfair competition claims–that Pac Fill owns registered trademarks for use of the ABALI name, and that Counterdefendants' sale of products that are marked with the Farsi spelling of ABALI name, forty years after Pac Fill's first use of the ABALI mark, give rise to the likelihood of consumer confusion. (Counterclaim ¶¶ 9–26.) While Dashti seeks to refute these allegations with the evidence he has regarding Pac Fill and its d/b/a Sun Dairy, those factual issues are not appropriately addressed in a motion that challenges the sufficiency of the pleadings.

The Court also agrees with Pac Fill that its Counterclaim does not improperly group the two defendants. Pac Fill alleges that Dashti is an officer, principal or owner of Bibi United, that he personally controls and directs its actions, and that he is the moving and active force behind Bibi United's infringing conduct. (Id. ¶¶ 5, 19, 20.) The Counterclaim also alleges that Dashti signed the application to register Counterdefendants' Farsi ABALI mark with the United States Patent and Trade Office, and the application to register that mark with the California Secretary of State. (Id. ¶¶ 28–33.) The Court thus concludes that Pac Fill's allegations are sufficient to plausibly allege that Dashti and Bibi United are both liable for the conduct alleged in the Counterclaim.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 26-3385 PA (BFMx) | Date | September 18, 2026 |
| Title | Steve Dashti v. Pac Fill, Inc. | | |

**Conclusion**

For the foregoing reasons, Plaintiff's Motion for Leave to File Second Amended Complaint and Motion to Dismiss Counterclaim are denied. Plaintiffs/Counterdefendants' answer to the Counterclaim shall be filed by no later than October 2, 2026.

IT IS SO ORDERED.