FILED
CLERK, U.S. DISTRICT COURT
9/15/26
CENTRAL DISTRICT OF CALIFORNIA
BY CS DEPUTY
DOCUMENT SUBMITTED THROUGH THE ELECTRONIC DOCUMENT SUBMISSION SYSTEM

Steve Dashti
21200 Oxnard St. # 508
Woodland Hills 91367
Plaintiff. Pro Se

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**STEVE DASHTI,**
Plaintiff,

v.

**PAC FILL, INC., a California corporation,**
Defendant

**CASE NO. 2:26-CV-03385-PA (BFMX)**

**PLAINTIFF AND COUNTER-DEFENDANT STEVE DASHTI'S MOTION FOR SANCTIONS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 11(c)(2)**

**Judge: Hon. Percy Anderson**
**Magistrate Judge: Hon. Brianna Fuller Mircheff**
**Trial Date: April 6, 2027**
**Hearing Date: October 19, 2026**
**Hearing Time: 1:30 p.m.**
**Courtroom: 9A**

# NOTICE OF MOTION

TO PAC FILL, INC. AND ITS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Plaintiff and Counter-Defendant Steve Dashti, appearing pro se, moves for sanctions pursuant to Federal Rule of Civil Procedure 11(b)(1), 11(b)(3), and 11(c)(2).

This Motion was served upon PAC FILL, INC. and its counsel on August 19, 2026 pursuant to Rule 11(c)(2) before being presented to the Court.

Pursuant to Rule 11(c)(2), PAC FILL and its counsel were afforded twenty-one days after service of the Motion to withdraw or appropriately correct the factual allegations and claims identified below.

The challenged allegations and claims were not withdrawn or appropriately corrected during the applicable twenty-one-day safe-harbor period. Dashti therefore presents the same Rule 11 grounds previously served, subject to the Court's applicable filing requirements.

This Motion concerns factual allegations contained in Pac Fill's **Answer to First Amended Complaint and Counterclaim, Docket No. 63, filed August 6, 2026**, including allegations concerning actual commercial conduct, manufacture, importation, distribution, sales, offers for sale, infringement, consumer confusion, sanctions-related conduct, damages, profits, fraud, and willful misconduct.

Pac Fill repeatedly asserted these allegations collectively against **Steve Dashti and Bibi United Group, Inc.**, referring to them together as "Counter-Defendants," and then attempted to attribute the alleged acts of one to the other through allegations of agency, employment, joint venture, aiding and abetting, alter ego, conspiracy, ratification, and control.

This Motion is brought by Steve Dashti individually. References to Bibi United Group, Inc. are necessary because Pac Fill itself elected to place Steve Dashti and Bibi United Group, Inc. together in the same alleged course of conduct and relied upon that alleged relationship as a factual basis for claims against Dashti.

Nothing in this Motion waives or limits any separate claim, motion, request for sanctions, or other relief that **Bibi United Group, Inc.** may independently pursue through authorized counsel.

## MEMORANDUM OF POINTS AND AUTHORITIES

# I. INTRODUCTION

Pac Fill has repeatedly made serious factual accusations against Steve Dashti and, collectively, against Steve Dashti and Bibi United Group, Inc.

Those accusations did not begin with Docket No. 63.

**The course of harassment, accusations, demands, litigation burden, and resulting expense began on January 13, 2026**, when Pac Fill sent its cease-and-desist letter asserting rights against Dashti and demanding that he cease the challenged conduct and abandon his trademark application.

Since January 13, 2026, Pac Fill has continued and expanded this same course of accusations through correspondence, litigation, discovery, and ultimately Docket No. 63.

Docket No. 63 is therefore not the beginning of this course of conduct. It is a continuation and escalation of conduct that began on January 13, 2026.

Pac Fill's August 6, 2026 Counterclaim goes far beyond alleging that Dashti merely filed trademark applications or disputed Pac Fill's claimed trademark rights.

Pac Fill alleges actual commercial conduct involving ABALI products, including production, importation, distribution, sale, offering products for sale, participation in commercial channels, actual and likely consumer confusion, diversion of sales, profits, damages, willful infringement, fraud, and sanctions-related conduct.

Pac Fill further alleges that products attributed collectively to Dashti and Bibi United Group, Inc. were of Iranian origin and/or entered the United States in violation of federal sanctions administered by the Office of Foreign Assets Control.

These are serious factual accusations.

Before Pac Fill filed Docket No. 63, Pac Fill and its counsel had already been placed on notice through discovery responses, communications, and filings that Dashti disputed and denied having commenced the commercial activities now alleged against him.

Pac Fill had also been asked to identify and produce evidence supporting allegations concerning manufacture, importation, distribution, sale, advertising, customer transactions, shipments, revenues, profits, or other commercial activity.

Nevertheless, Pac Fill repeated and expanded substantially the same accusations in Docket No. 63.

The issue is straightforward:

**If Pac Fill has evidence supporting these accusations, identify and produce it.**

**If Pac Fill does not have such evidence, withdraw the unsupported allegations and claims.**

## II. PAC FILL ELECTED TO ASSERT THE CHALLENGED ALLEGATIONS COLLECTIVELY AGAINST DASHTI AND BIBI UNITED GROUP, INC.

Pac Fill expressly identifies **Steve Dashti and Bibi United Group, Inc. collectively as "Counter-Defendants."**

Pac Fill further alleges that each was the agent, employee, joint venturer, aider and abettor, alter ego, and co-conspirator of the other, and that each allegedly ratified or approved the acts attributed to the other.

Pac Fill therefore did not merely make isolated allegations against two separate parties.

Instead, Pac Fill deliberately combined Dashti and Bibi United Group, Inc. into a single alleged course of conduct and repeatedly asserted factual accusations against both collectively.

Where Pac Fill seeks to use alleged conduct of Bibi United Group, Inc. as a basis for imposing factual or legal responsibility upon Steve Dashti, Pac Fill must possess an adequate factual and evidentiary basis for both:

1. the underlying conduct allegedly performed by Bibi United Group, Inc.; and
2. the alleged relationship that supposedly permits Pac Fill to attribute that conduct to Steve Dashti.

Pac Fill cannot simply use the collective term “Counter-Defendants” to avoid identifying who allegedly performed a particular act or what evidence supports attribution of that act to Steve Dashti.

Nothing in this Motion constitutes an appearance or representation by Dashti on behalf of Bibi United Group, Inc.

However, because Pac Fill itself elected to combine Dashti and Bibi United Group, Inc. throughout its Counterclaim, Dashti necessarily challenges those collective allegations to the extent they are asserted directly against him or are used to impose responsibility upon him.

All separate and independent rights, claims, defenses, motions, sanctions requests, and remedies belonging to Bibi United Group, Inc. are expressly preserved.

# III. SPECIFIC FACTUAL CONTENTIONS CHALLENGED UNDER RULE 11

## A. Paragraph 1 — Alleged unauthorized commercial use and Iranian-origin products

Pac Fill alleges collectively that the Counter-Defendants engaged in unauthorized use of ABALI in connection with identical and directly competing products.

Pac Fill further alleges, on information and belief, that competing ABALI products attributed to the Counter-Defendants were of Iranian origin and/or entered the United States in violation of federal sanctions requirements.

Pac Fill must identify the factual basis for attributing any such product, importation, distribution, sale, or sanctions-related activity to Steve Dashti, whether directly or through Bibi United Group, Inc.

## B. Paragraph 21 — Alleged business of producing, importing, distributing, or selling

Pac Fill alleges:

**"Counter-Defendants are engaged in the business of producing, importing, distributing, or selling consumer products including dairy-based food products."**

Pac Fill does not distinguish between Steve Dashti and Bibi United Group, Inc.

This is a direct allegation of actual commercial activity against both.

Pac Fill must identify the evidence it possessed on August 6, 2026 demonstrating that Steve Dashti, Bibi United Group, Inc., or both were actually producing, importing, distributing, or selling ABALI-related dairy products, and the factual basis for attributing any alleged corporate conduct to Dashti personally.

## C. Paragraph 22 — Alleged completed importing, distribution, sales, or offers for sale

Pac Fill alleges collectively:

**"Counter-Defendants began importing, distributing, selling, or offering for sale yogurt soda beverages"** under the challenged mark.

This is an allegation of completed commercial conduct.

Pac Fill must identify evidence of each alleged importation, distribution, sale, offer for sale, customer transaction, shipment, delivery, invoice, payment, retailer, distributor, or other commercial event.

If Pac Fill possesses no such evidence, the allegation must be withdrawn or appropriately corrected.

## D. Paragraph 26 — Alleged actual commercial channels

Pac Fill alleges:

**"Counter-Defendants import, distribute, sell, or offer for sale infringing goods"** through overlapping or similar channels of trade, including grocery stores and convenience stores.

Again, Pac Fill makes this allegation collectively.

Pac Fill must identify:

1. the allegedly infringing goods;
2. the alleged importer;
3. the alleged distributor;
4. the alleged seller;
5. the alleged customer;
6. the alleged retailer;
7. the location;
8. the date;
9. any invoice or purchase order;
10. any payment;
11. any shipment or delivery; and
12. the factual basis for attributing the alleged conduct to Steve Dashti.

**E. Paragraphs 37 and 38 — Alleged confusion, willfulness, and diversion of sales**

Pac Fill alleges that the challenged conduct **"has caused"** and is likely to cause consumer confusion, mistake, and deception.

Pac Fill further alleges that the conduct was willful and undertaken with deliberate intent to trade upon Pac Fill's goodwill, cause marketplace confusion, and divert potential sales.

If the commercial conduct itself had not occurred, Pac Fill must identify the evidence supporting its allegations of actual marketplace conduct, existing confusion, deliberate diversion of sales, and willfulness.

**F. Paragraphs 41 through 45 — Actual use in commerce, damages, profits, fraud, and willfulness**

Pac Fill alleges actual **"use in commerce"** through sale, offering for sale, distribution, or advertising.

Pac Fill further alleges that it suffered damages, that the Counter-Defendants earned profits attributable to infringement, and that the alleged actions were deliberate, willful, fraudulent, and knowing.

Each of these allegations depends upon an adequate factual basis for actual commercial conduct.

If Pac Fill alleges profits, it must identify the factual basis for alleging that profits existed.

If Pac Fill alleges damages resulting from Dashti's actual commercial activity, it must identify the factual basis for those damages.

### G. Paragraphs 48 through 53 — Additional allegations of use, damages, profits, and willfulness

Pac Fill again alleges actual use in commerce involving sale, offering for sale, distribution, or advertising.

Pac Fill further alleges immediate and irreparable injury, willful conduct, damages, and profits.

Pac Fill must possess an adequate factual basis for presenting these allegations as facts.

### H. State-law claims based on the same conduct

Pac Fill incorporates the same factual allegations into its claims for:

- California unfair competition;
- California common-law trademark infringement; and
- California common-law unfair competition.

Pac Fill additionally alleges misappropriation of commercial value, impairment of goodwill, oppression, fraud, and malice.

To the extent those claims depend upon unsupported factual allegations of actual commercial conduct, those allegations and claims must be withdrawn or appropriately corrected.

## IV. PRIOR NOTICE AND REPEATED ASSERTION OF THE SAME ACCUSATIONS

Pac Fill and its counsel were not first confronted with these issues on August 6, 2026.

The dispute and the resulting burden began on **January 13, 2026**.

From that date forward, Pac Fill continued asserting accusations and demands against Dashti and later repeatedly placed Steve Dashti and Bibi United Group, Inc. together as alleged participants in the same conduct.

Pac Fill subsequently received discovery responses disputing and denying the commercial activity now alleged.

Pac Fill was also asked to identify and produce evidence supporting the accusations.

Pac Fill was free to disagree with Dashti's responses.

But disagreement does not eliminate Pac Fill's obligation to possess an adequate factual basis before accusing Dashti in a federal pleading of actual importation, production, distribution, sale, sanctions-related conduct, marketplace confusion, diversion of sales, fraud, damages, and profits.

After repeated notice, Pac Fill nevertheless filed Docket No. 63 and again presented the accusations as existing facts.

The repeated nature of the conduct is therefore directly relevant to the reasonableness of Pac Fill's inquiry and its continued advocacy of the challenged allegations.

## V. HARASSMENT, BURDEN, AND CONTINUING COURSE OF CONDUCT BEGINNING JANUARY 13, 2026

The harassment, burden, and repeated assertion of accusations against Steve Dashti did not begin with Docket No. 63.

**They began on January 13, 2026.**

From January 13, 2026 forward, Dashti has been required to spend substantial time and resources responding to Pac Fill's accusations, demands, correspondence, court filings, discovery positions, and litigation concerning the same alleged conduct.

Pac Fill subsequently expanded these accusations by placing **Steve Dashti and Bibi United Group, Inc. together** and alleging that the two were agents, employees, joint venturers, aiders and abettors, alter egos, and co-conspirators of one another.

As a result, Dashti has been required to respond not only to allegations made directly against him but also to alleged conduct attributed to Bibi United Group, Inc. that Pac Fill attempts to impose upon Dashti through its theories of agency, alter ego, joint venture, aiding and abetting, conspiracy, ratification, and control.

The challenged conduct has caused and continues to cause:

- harassment;
- unnecessary litigation burden;
- expenditure of substantial time;
- costs and expenses;
- additional responses and filings;
- additional motion practice;
- unnecessary expansion of the proceedings; and
- unnecessary consumption of judicial time and resources.

**Accordingly, all costs, expenses, losses, time, and litigation burdens incurred by Steve Dashti as a result of this continuing course of conduct shall be calculated beginning January 13, 2026.**

Dashti will request that the Court consider the entire period beginning January 13, 2026 through final resolution when determining sanctions, reimbursement of expenses, and all other appropriate relief.

Docket No. 63 represents a continuation and escalation of this same course of conduct.

# VI. RULE 11(b)(1) AND RULE 11(b)(3)

By presenting a pleading to the Court, an attorney or unrepresented party certifies, after an inquiry reasonable under the circumstances, that the filing is not being presented for an improper purpose such as harassment, unnecessary delay, or needless increase in litigation expense, and that factual contentions possess evidentiary support or are specifically identified as contentions likely to obtain such support after reasonable investigation or discovery.

Fed. R. Civ. P. 11(b)(1), (3).

Repeated assertion of serious factual accusations after notice that the alleged conduct is disputed, coupled with failure to identify a sufficient factual basis, is relevant to whether continued advocacy complies with Rule 11.

The question is simple:

**What evidence did Pac Fill possess when it made these allegations?**

If the evidence exists, Pac Fill should identify and produce it.

If it does not exist, Pac Fill should withdraw or appropriately correct the challenged allegations and claims.

# VII. THIS MOTION DOES NOT SEEK RULE 37 RELIEF

This Motion seeks sanctions under Rule 11.

Prior discovery requests and responses are referenced because they demonstrate notice and are relevant to the reasonableness of Pac Fill’s inquiry and continued advocacy of the challenged accusations.

Any separate relief concerning discovery under Federal Rule of Civil Procedure 37 is expressly preserved and may be pursued separately.

# VIII. REQUESTED RELIEF

Because PAC FILL did not withdraw or appropriately correct the challenged allegations and claims during the twenty-one-day safe-harbor period, Dashti respectfully requests that the Court:

1. find that presentation and/or continued advocacy of the challenged allegations violated Rule 11(b)(1) and/or Rule 11(b)(3);
2. require withdrawal or appropriate correction of unsupported factual allegations and claims;
3. impose appropriate nonmonetary sanctions sufficient to deter repetition;
4. impose appropriate monetary sanctions;
5. award expenses, costs, and other amounts resulting from the challenged conduct;
6. **calculate all costs, expenses, losses, time, and litigation burden resulting from the continuing course of conduct beginning January 13, 2026;**
7. consider **January 13, 2026 as the commencement date of the continuing course of harassment, accusations, litigation burden, and resulting expense;**
8. consider Pac Fill’s repeated assertion of substantially similar accusations despite prior notice and prior requests for supporting evidence;
9. consider the harassment and burden imposed upon Steve Dashti;
10. consider the unnecessary expansion of proceedings and consumption of judicial time and resources;
11. consider Pac Fill’s collective allegations against **Steve Dashti and Bibi United Group, Inc.**, including its attempt to attribute alleged conduct of Bibi United Group, Inc. to Dashti through theories of agency, employment, alter ego, joint venture, aiding and abetting, conspiracy, ratification, and control;
12. consider the repeated nature of the challenged conduct as an aggravating factor when determining the nature and amount of sanctions; and
13. grant all other relief the Court determines appropriate to address and deter further repetition.

# IX. PRESERVATION OF BIBI UNITED GROUP, INC.'S INDEPENDENT RIGHTS

Nothing in this Motion waives, releases, limits, or prejudices any independent claim, defense, motion, request for sanctions, request for damages, or other remedy belonging to **Bibi United Group, Inc.**

Pac Fill elected to assert the challenged accusations collectively against Steve Dashti and Bibi United Group, Inc.

Accordingly, all independent rights and remedies of Bibi United Group, Inc. arising from these allegations and the continuing course of conduct are expressly preserved.

Bibi United Group, Inc. may separately pursue any appropriate claim, motion, sanction, or other relief through authorized counsel.

X. SAFE-HARBOR COMPLIANCE

This Motion was served pursuant to Federal Rule of Civil Procedure 11(c)(2) on August 19, 2026.

It was not filed with or presented to the Court during the twenty-one-day safe-harbor period.

PAC FILL and its counsel were afforded twenty-one days after service to withdraw or appropriately correct the challenged allegations and claims.

The challenged allegations and claims were not withdrawn or appropriately corrected within that period.

Dashti therefore presents this separately served Motion to the Court without expanding the substantive grounds that were served during the safe-harbor process.

# XI. LOCAL RULE AND FILING COMPLIANCE

Any hearing date and filing procedure must comply with the Court's applicable Local Rules and the assigned judge's procedures.

This filing copy is intended to preserve the substance of the Motion served on August 19, 2026 and does not add new sanctionable conduct requiring a separate safe-harbor period.

# XII. CONCLUSION

Pac Fill has repeatedly made serious factual accusations against Steve Dashti and has repeatedly grouped Steve Dashti and Bibi United Group, Inc. together in asserting those accusations.

The course of conduct and resulting harassment, burden, expense, and consumption of time began on January 13, 2026 and has continued through Docket No. 63.

If Pac Fill possessed evidence supporting its accusations, it should identify and produce that evidence.

If Pac Fill did not possess an adequate factual basis for the accusations, the challenged allegations and claims should have been withdrawn or appropriately corrected during the twenty-one-day safe-harbor period.

Dashti further requests that the Court calculate all costs, expenses, losses, time, and litigation burden resulting from this continuing course of conduct beginning January 13, 2026, and consider the repeated nature of the conduct, harassment, unnecessary burden, collective allegations involving Dashti and Bibi United Group, Inc., and consumption of judicial resources in determining appropriate sanctions and relief.

Executed on September 15, 2026.

**/s/ Steve Dashti**

STEVE DASHTI
Plaintiff and Counter-Defendant, Pro Se

# PROOF OF SERVICE

I, Steve Dashti, declare that on September 15, 2026,

I served a true and correct copy of the foregoing document entitled "Plaintiff and Counter-Defendant Steve Dashti's Motion for Sanctions Pursuant to Federal Rule of Civil Procedure 11(c)(2)" by electronic mail upon Hanson Bridgett LLP, as counsel and representative for its client, Defendant and Counterclaimant PAC FILL, INC.

The document was transmitted in PDF form by electronic mail to Hanson Bridgett LLP at the email addresses used by counsel in this action.

I retained a copy of the electronic transmission and the document served.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 15, 2026.

/s/ Steve Dashti
STEVE DASHTI
Plaintiff and Counter-Defendant, Pro Se

# EXHIBIT A

August 19, 2026 Notice Concerning Repeated Unsupported Allegations Against Steve Dashti; Demand for Evidentiary Support or Withdrawal; Notice Under Fed. R. Civ. P. 11 and Reservation of Rights Under Rule 37

Dashti v. Pac Fill, Inc.
Case No. 2:26-cv-03385-PA (BFMx)

**August 19, 2026**

**VIA EMAIL**

**Garner K. Weng, Esq.**
**Hanson Bridgett LLP**
**Attorneys for Pac Fill, Inc.**

**Re: Dashti v. Pac Fill, Inc., Case No. 2:26-cv-03385-PA (BFMx)**

**NOTICE CONCERNING REPEATED UNSUPPORTED ALLEGATIONS AGAINST STEVE DASHTI; DEMAND FOR EVIDENTIARY SUPPORT OR WITHDRAWAL; NOTICE UNDER FED. R. CIV. P. 11 AND RESERVATION OF RIGHTS UNDER RULE 37**

Counsel:

This letter concerns Pac Fill, Inc.'s Counterclaim filed on August 6, 2026 as Docket No. 63, and specifically Pac Fill's repeated factual allegations against **Steve Dashti**.

Pac Fill has again alleged that Steve Dashti engaged in unauthorized commercial use of ABALI, manufactured, imported, distributed, offered, or sold competing ABALI products, caused or was likely to cause consumer confusion, and was involved with products allegedly originating from Iran and/or entering the United States in violation of federal sanctions requirements.

These are serious factual accusations.

More importantly, these accusations are not being made for the first time.

Pac Fill and its counsel were previously and repeatedly informed, including through discovery responses and filings appearing in the court records of the parties' related cases, that **Steve Dashti had not commenced the commercial activities now being alleged against him**.

Pac Fill was also previously asked through discovery to identify and produce the factual and documentary basis for its allegations, including any alleged manufacture, importation, sale, offer for sale, distribution, shipment, customer transaction, advertising, commercial use, or other activity involving ABALI.

Despite having already received responses addressing these issues, and despite having been asked to identify and produce supporting evidence, Pac Fill has again repeated substantially the same accusations in Docket No. 63.

Accordingly, the issue is straightforward:

**If Pac Fill has evidence supporting these allegations, provide it.**

Specifically, identify and produce the evidence that Pac Fill and its counsel possessed **as of August 6, 2026** showing that Steve Dashti:

1. used ABALI in United States commerce;
2. manufactured any ABALI product;
3. imported any ABALI product;
4. distributed any ABALI product;
5. offered any ABALI product for sale;
6. sold any ABALI product;
7. shipped or delivered any ABALI product to any customer, retailer, distributor, or other person or entity;
8. received any revenue, profit, payment, consideration, or other commercial benefit from any ABALI-related transaction;
9. imported or caused the importation of any ABALI product or merchandise of Iranian origin;
10. violated or participated in any violation of federal sanctions or OFAC requirements in connection with any ABALI product, merchandise, transaction, importation, distribution, sale, or other ABALI-related commercial activity;
11. caused actual or likely consumer confusion through commercial activity involving ABALI; or
12. engaged in any other ABALI-related commercial conduct that forms the factual basis of Pac Fill's claims against him.

**If Pac Fill has such evidence, produce it.**

**If Pac Fill does not have such evidence, withdraw the unsupported allegations and claims against Steve Dashti.**

Pac Fill should not continue presenting serious factual accusations to the Court after having already been informed that the alleged activity did not occur and after having been expressly asked to identify and produce the evidence supposedly supporting those accusations.

Federal Rule of Civil Procedure 11(b)(3) requires factual contentions presented to the Court to have evidentiary support or, when specifically identified as such, to be contentions that will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.

Federal Rule of Civil Procedure 11(b)(1) further prohibits presenting or continuing to advocate a filing for an improper purpose, including harassment, unnecessary delay, or needless increase in the cost of litigation.

Pac Fill and its counsel cannot avoid these obligations merely by repeating the same factual accusations in successive pleadings or proceedings.

The repeated nature of these allegations is particularly significant because Pac Fill has already been placed on notice, on multiple occasions, that Steve Dashti disputes the existence of the alleged commercial activity and has expressly requested that Pac Fill identify and produce the evidence supporting its accusations.

The continued repetition of unsupported accusations, after prior notice and discovery responses, has caused and continues to cause unnecessary burden, expense, harassment, and needless multiplication of proceedings.

Such conduct not only imposes unnecessary burden and expense upon Steve Dashti, but also forces additional responses, motions, hearings, and judicial review concerning factual accusations that should not continue to be placed before the Court without an adequate evidentiary basis.

The unnecessary repetition of unsupported allegations consumes the Court's limited time and resources and diverts attention away from adjudication of the actual merits of the dispute.

This is especially concerning where the same or substantially similar accusations have already been raised repeatedly despite prior notice and requests for supporting evidence.

Accordingly:

**If Pac Fill has evidence, provide it.**

**If Pac Fill does not have evidence, withdraw the unsupported allegations and claims.**

To the extent Pac Fill has also failed to provide discovery that it is legally required to provide concerning the factual basis of these allegations, Steve Dashti expressly preserves all rights to seek appropriate relief under Federal Rule of Civil Procedure 37, in addition to any relief available under Rule 11.

Rule 37 relief will be sought only to the extent applicable to specific discovery obligations, discovery failures, or violations of discovery-related orders.

If Pac Fill continues to advocate unsupported factual allegations, or fails to provide discovery it is legally obligated to provide regarding the factual basis for those allegations, Steve Dashti will seek all relief authorized by law, including, where applicable:

- appropriate monetary sanctions;
- all reasonable expenses, costs, and other monetary relief available and appropriate under Rule 11;
- appropriate nonmonetary sanctions sufficient to deter repetition of the challenged conduct;
- sanctions reflecting the repeated and continuing nature of the challenged conduct;
- appropriate relief for discovery violations under Rule 37;

- reimbursement of recoverable costs and expenses resulting from discovery failures or violations, to the fullest extent authorized by applicable law;
- consideration of the unnecessary multiplication and expansion of proceedings;
- consideration of the substantial time and resources required to respond to the challenged accusations;
- consideration of the harassment, unnecessary litigation burden, and expense imposed upon Steve Dashti;
- consideration of the additional filings, responses, motion practice, and proceedings necessitated by the challenged conduct;
- consideration of the unnecessary consumption of judicial time and resources;
- all other monetary and nonmonetary sanctions available under Rule 11, Rule 37, or other applicable legal authority;
- preservation of Steve Dashti's right to seek compensatory damages, consequential damages, statutory damages, punitive or exemplary damages, restitution, disgorgement, injunctive relief, declaratory relief, and any other legal or equitable remedy to the extent independently authorized by an applicable claim, statute, rule, or other legal authority; and
- any other relief the Court determines lawful, appropriate, and necessary to address and deter further repetition.

Nothing in this paragraph, or in this letter, is intended to waive, limit, or prejudice Steve Dashti's right to seek additional damages, sanctions, costs, expenses, or other legal or equitable relief through any separate motion, claim, counterclaim, action, or other procedure authorized by law.

Because substantially similar accusations have now been repeated multiple times despite prior notice, Steve Dashti will request that the Court consider the **repeated nature of the conduct as an aggravating factor** in determining the nature and amount of any sanction.

A separate Motion for Sanctions pursuant to Federal Rule of Civil Procedure 11(c)(2) is being served contemporaneously with this letter.

That motion is being **served upon you but is not being filed with the Court at this time**.

Pursuant to Rule 11(c)(2), Pac Fill and its counsel will have the applicable twenty-one-day safe-harbor period after service of that motion to withdraw or appropriately correct the challenged allegations.

If the challenged allegations and claims are not withdrawn or appropriately corrected within that period, Steve Dashti intends to file the served Rule 11 Motion with the Court and seek all sanctions, costs, expenses, monetary and nonmonetary relief, and any other relief available and appropriate under Rule 11, while expressly preserving all separate rights and remedies available under Rule 37, any other applicable rule, statute, claim, or legal authority.

The purpose of this notice is therefore clear:

**If Pac Fill has evidence supporting its accusations, provide it.**

**If Pac Fill does not have evidence, withdraw the unsupported accusations and claims.**

Continued repetition of serious factual accusations without an adequate evidentiary basis, after prior notice and discovery responses, will be presented to the Court as part of the record supporting the requested relief.

Nothing in this letter waives, limits, releases, or prejudices any claim, defense, objection, discovery right, request for sanctions, request for costs or expenses, right to seek compensatory, consequential, statutory, punitive or exemplary damages, restitution, disgorgement, injunctive or declaratory relief, right to seek relief under Rule 11 or Rule 37, or any other legal or equitable remedy available to Steve Dashti under any applicable rule, statute, claim, motion, action, or other legal authority.

S/ Steve Dashti /

**Steve Dashti**
Plaintiff, Pro Se