HANSON BRIDGETT LLP
RAFFI V. ZEROUNIAN, SBN 236388
rzerounian@hansonbridgett.com
JUSTIN P. THIELE, SBN 311787
Jthiele@hansonbridgett.com
601 W. 5th Street, Suite 300
Los Angeles, California 90071
Telephone: (213) 395-7620
Facsimile: (213) 395-7615

HANSON BRIDGETT LLP
GARNER K. WENG, SBN 191462
gweng@hansonbridgett.com
SUSANNA L. CHENETTE, SBN 257914
schenette@hansonbridgett.com
425 Market Street, 26th Floor
San Francisco, California 94105
Telephone: (415) 777-3200
Facsimile: (415) 541-9366

***Attorneys for Defendant***
PAC FILL, INC. dba SUN DAIRY

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| STEVE DASHTI, an individual,<br><br>Plaintiff,<br><br>v.<br><br>PAC FILL, INC., a California corporation d/b/a SUN DAIRY,<br><br>Defendant. | Case No. 2:26-cv-03385 PA (BFM)<br><br>**DEFENDANT PAC FILL, INC.'S OPPOSITION TO PLAINTIFF STEVE DASHTI'S MOTION FOR SANCTIONS**<br><br>Date: October 19, 2026<br>Time: 1:30 p.m.<br>Ctrm.: 9A<br>Judge: Hon. Percy Anderson<br><br>Action Filed: January 21, 2026<br>Trial Date: April 6, 2027 |
| AND RELATED COUNTERCLAIM | |

# TABLE OF CONTENTS

**Page**


I. INTRODUCTION ........ 1

II. BACKGROUND ........ 3

A. Procedural History of Pleadings ........ 3

B. Dashti's Conduct in Discovery ........ 5

III. LEGAL ARGUMENT ........ 6

A. Legal Standard ........ 6

B. Because the Court Denied Dashti's Motion to Dismiss the Counterclaims, Dashti Cannot Argue the Counterclaims are Frivolous ........ 8

C. Pac Fill's Counterclaims are Brought to Seek Relief for Infringement, and Not for Any Improper Purpose ........ 9

D. Pac Fill's Factual Allegations are Independently Supported And Are the Result of a Reasonable Pre-Filing Inquiry ........ 10

1. The Counterclaims Are Not Legally or Factually Baseless from an Objective Perspective ........ 11

2. Pac Fill's Counterclaims Are Based on A Reasonable and Competent Inquiry ........ 12

E. Counter-Sanctions Are Warranted for Dashti's Abuse of Rule 11 to Seek Discovery and Prematurely Litigate the Merits, and Refusals to Speak with Pac Fill's Counsel ........ 14

F. Dashti Did Not Fully Comply With Rule 11(c)(2) ........ 16

G. The Motion Does Not Comply with the Court's Rules on Formatting, Signatures, or Proposed Orders ........ 18

IV. CONCLUSION ........ 19

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Benedict v. Hewlett-Packard Co.*,
2014 WL 234207 (N.D. Cal. Jan. 21, 2014) ........ 7

*Christian v. Mattel, Inc.*,
286 F.3d 1118 (9th Cir. 2002) ........ 6

*Continental Records, LLC v. Royalty Family, Inc.*,
2023 WL 9319230 (C.D. Cal. Dec. 13, 2023) ........ 8

*Douglas v. TD Bank USA*,
2021 WL 5861558 (D. Or. Aug. 11, 2021) ........ 7

*Goldwater Bank, N.A. v. Elizarov*,
2023 WL 3149287 (C.D. Cal. Feb. 13, 2023) ........ 8

*Goldwater Bank, N.A. v. Elizarov*,
2023 WL 4295255 (C.D. Cal. May 9, 2023) ........ 7

*Holgate v. Baldwin*,
425 F.3d 671 (9th Cir. 2005) ........ 7

*Lyrical Corp. II, LLC v. Lyrical Media LLC*,
2026 WL 2416728 (C.D. Cal. Aug. 17, 2026) ........ 7, 13

*Moore v. Keegan Mgmt. Co. (In re Keegan Mgmt. Co.)*,
78 F.3d 431 (9th Cir. 1996) ........ 7

*Operating Engineers Pension Trust v. A-C Co.*,
859 F.2d 1336 (9th Cir. 1988) ........ 6

*Patelco Credit Union v. Sahni*,
262 F.3d 897 (9th Cir. 2001) ........ 14

*Townsend v. Holman Consulting Corp.*,
929 F.2d 1358 (9th Cir. 1990) ........ 7, 9

*Vasudevan Software, Inc. v. IBM*,
2011 WL 940263 (N.D. Cal. Feb. 18, 2011) ........ 10

*Warren v. City of Carlsbad*,
58 F.3d 439 (9th Cir. 1995) ... 7

*Williams v. Aho*,
2016 WL 10999270 (C.D. Cal. Sep. 2, 2016) ... 8

**Statutes**

15 U.S.C. § 1051(b)(3) ... 11

Cal. Bus. & Prof. Code § 14202(h) ... 11

Cal. Bus. & Prof. Code § 14207(a) ... 11

Cal. Bus. & Prof. Code § 14207(d) ... 11

Cal. Bus. & Prof. Code § 14207(e) ... 11

**Other Authorities**

5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1336.3 ... 7

Fed. R. Civ. P 5(b)(1) ... 17

Fed. R. Civ. P. 11(b)(1) ... 9, 10, 15

Fed. R. Civ. P. 11(b)(3) ... 6, 12, 14

Fed. R. Civ. P. 11(c)(2) ... 14, 16, 17, 18

# I. INTRODUCTION

Throughout the three parallel cases between the parties before this Court—this case, Case No. 26-cv-3645 PA (BFMx) (the "3645 Case"), and Case No. 26-cv-8674 PA (BFMx) (the "8674 Case")—Plaintiff Dashti has repeatedly and vexatiously asked the Court to resolve specific evidentiary issues and specific factual disputes prematurely and using improper procedural vehicles. This motion is no different.

Indeed, Dashti has tried nearly every pretrial tool in the civil procedure handbook chasing this goal—except the right ones. As just a few examples, he filed a "Request that Plaintiff Identify the Factual Basis for Naming Bibi United" (Case No. 3645, Dkt. 52); he filed a "Response to [Pac Fill's] Continuing Efforts to Avoid the Merits of this Litigation" (Case No. 3645, Dkt. 53); and he even started a new case in state court, since removed as the 8674 Case, bringing a declaratory-relief action essentially seeking discovery, which the Court dismissed with prejudice (Case No. 8674, Dkt. 32). Now, even though the Court has denied Dashti's belated Rule 12(b)(6) motion challenging the facial sufficiency of Pac Fill's counterclaim pleading in this Action (Dkt. 63, the "Counterclaims"), Dashti continues to passively pursue a Rule 11 motion for sanctions (Dkt. 91, the "Motion") against the same pleading. The Motion is not supported by **any** objective facts or evidence of the supposed frivolity of Pac Fill's Counterclaims **except** Dashti's conclusory disagreement with the claims themselves. The Motion is thus yet another thinly-veiled backdoor effort to improperly obtain discovery or litigate the merits of this dispute.

At heart, despite Dashti's convoluted litigation history and pages upon pages of improper briefing, this is a simple trademark infringement dispute. Pac Fill's Counterclaims are not brought for any improper purpose. Pac Fill seeks redress for trademark infringement and unfair competition on Dashti's part, as it is entitled to do (and has done in the 3645 Action, free from any challenge by Dashti). Nor are

Pac Fill's Counterclaims frivolous, or lacking likely evidentiary support after a reasonable opportunity for further investigation or discovery. Pac Fill has pleaded plausible causes of action, but months into the case, Dashti has yet to produce a single page of documents in discovery and refuses to provide full and complete written responses to discovery. In any event, Pac Fill's Counterclaims cite specific, objective facts that give rise to its claims—including but not limited to the undisputed allegation that Dashti filed trademark applications in which he personally attested to and submitted actual photos showing his commercial use of the marks at issue on product. Pac Fill's Counterclaims are the result of a reasonable and competent pre-filing inquiry built on these objective facts. Rule 11 sanctions are not warranted in this situation, and so the Motion must be denied on the merits.

Dashti's Motion is also improper because Dashti has failed to properly serve and pursue discovery—or even wait for Pac Fill to respond to his latest discovery requests. After serving voluminous, improper discovery requests and after Judge Mircheff denied his motion to compel discovery, Dashti served superseding discovery requests to which responses are not even due until many weeks after the date of this opposition brief. Combined with Dashti's total refusal to engage in meet-and-confer conversations with Pac Fill's counsel, Dashti's resort to Rule 11 in light of these discovery deficiencies cannot be taken in good faith.

Pac Fill asked Dashti to withdraw the Motion in light of the Court's order denying his parallel Rule 12 motion to dismiss these same Counterclaims. Dashti has not done so, perhaps because it ostensibly costs him nothing to passively allow Pac Fill to spend time and money responding to the Motion.[1] But the Motion is objectively baseless—both at the time it was filed, and certainly now after the

[1] To the extent the Motion is machine-drafted, Dashti's pursuit of it is even more egregious because he is imposing a significantly disproportionate burden on Pac Fill.

Court's Rule 12 order. Dashti's filing of and refusal to withdraw the Motion are acts which themselves violate Rule 11 because his continued pursuit of sanctions is for an improper purpose, namely, to cause unnecessary delay or needlessly increase Pac Fill's cost of litigation. Accordingly, in addition to denying the Motion, the Court should award Pac Fill its attorneys' fees it was forced to occur defending against the Motion. The Court should also impose counter-sanctions under Rule 11 to deter further similar conduct by Dashti.

Finally, the Motion violates the Federal Rules of Civil Procedure's service requirements because Dashti—as he has invariably done—refused to serve Pac Fill's attorneys and instead sent the draft motion only to a legal secretary. The Motion also—as has nearly every paper Dashti has submitted to this Court—violates the Local Rules on formatting, signatures, and proposed orders. Having warned Dashti of his failure to follow procedural rules many times, the Court should also decline to consider Dashti's Motion for these reasons as well.

## II. BACKGROUND

### A. Procedural History of Pleadings

Dashti originally filed this action in California state court on January 21, 2026, seeking declaratory judgment regarding, among other things, Pac Fill's assertions of trademark infringement. (Dkt. 1.) After Dashti unsuccessfully moved to remand the action to state court (Dkt. 27), Pac Fill filed its first answer to that original complaint on May 28, 2026, additionally pleading counterclaims for trademark infringement that were essentially identical to those challenged here (Dkt. 34).

In parallel, in the 3645 Action, Pac Fill filed its initiating complaint for trademark infringement on April 6, 2026, followed by an amended complaint on April 22, 2026. (3645 Action Dkt. 1 and 15.) Dashti moved to dismiss that complaint on April 23, 2026 (3645 Action Dkt. 20), but the Court struck that motion

for failure to follow procedural rules (3645 Action Dkt. 24). Dashti did not again seek to challenge the pleadings in the 3645 Action.

In the present action, before responding to Pac Fill's May 28 counterclaim pleading, Dashti was granted to leave to amend his complaint with a deemed filing date of July 23, 2026. (Dkt. 54 and 58.) On August 6, 2026, Pac Fill filed an answer to the first amended complaint along with the re-pleaded Counterclaims that are the subject of this Motion, which were substantively identical to those filed on May 28, as required by L.R. 15-2. (Dkt. 63.) On August 19, 2026, Dashti filed a motion to amend his complaint a second time, which was denied on September 18, 2026 in an order entered September 21, 2026. (Dkt. 70 and 90.)

The operative Counterclaims in the present action and the operative complaint in the 3645 Action are essentially the same in their claims for trademark infringement and unfair competition under federal and state law.

On August 21, 2026, Dashti moved to dismiss the Counterclaims. (Dkt. 78.) In its order entered on the docket on September 21, 2026, the Court also denied Dashti's motion to dismiss the Counterclaims. (Dkt. 90.) On the same day and one week before Pac Fill's deadline to respond, Pac Fill requested that Dashti withdraw the present Motion in light of that ruling. (Declaration of Garner Weng ("Weng Decl."), ¶ 2, Ex 1.) Dashti did not withdraw the Motion before Pac Fill was compelled to file this brief. Instead, Dashti *again* moved to amend his operative complaint on September 24, 2026, in a filing that has not yet been docketed by the Court as of the date of this brief.

Additionally and in further parallel, Dashti filed an improperly duplicative *third action* in state court, in what became the 8674 Action, as a specious attempt to collaterally litigate the dispute or seek discovery by suing Pac Fill under the pseudonym "Sun Dairy Company." After Pac Fill removed the action to this Court and moved to dismiss the complaint, the Court dismissed that action with prejudice on September 25, 2026. (8674 Action, Dkt. 32 and 33.)

### B. Dashti's Conduct in Discovery

Dashti has sought information and documents from Pac Fill through discovery in this action, but without following proper procedures. As just a few examples, Dashti propounded excessive numbers of requests, many overlapping and duplicative; exceeded the numbered limit on interrogatories exponentially; incomprehensibly numbered his requests; sought discovery into information not relevant to this dispute; and failed to properly serve his discovery requests. (*See* Dkt. 62.) Pac Fill served written objections explaining these deficiencies and repeatedly offered to have a live discussion to resolve the issues. (*Id.*)

Without ever actually speaking live with counsel for Pac Fill and after not appearing at scheduled Zoom conversations, Dashti filed a motion to compel discovery on July 23, 2026 that violated the Federal Rules of Civil Procedure, the Local Rules, and Judge Mircheff's procedures, to which Pac Fill was compelled to prepare a detailed response brief. (Dkt. 59 and 62.) Dashti then failed to appear for a live hearing on his own motion on August 25, 2026, and the motion was denied. (Dkt. 76.)

After Dashti appeared at a second discovery hearing, Judge Mircheff ordered Dashti to actually meet and confer with counsel for Pac Fill regarding discovery and also to re-serve compliant discovery. (Dkt. 82 and 84.) Dashti did serve "superseding" discovery requests in this action, to which Pac Fill is due to respond at the earliest by October 14, *a week before the hearing on this Motion*. (Dkt. 92; Weng Decl. ¶ 3.)[2]

Further, as explained more fully below, Dashti has in turn not adequately responded to Pac Fill's outgoing discovery requests. In particular and among other

[2] Pac Fill does not concede here that Dashti properly served his superseding discovery.

things, Dashti has produced no documents or other materials at all in discovery. Pac Fill has filed a motion to compel discovery, which is currently pending. (Dkt. 94.)

## III. LEGAL ARGUMENT

As explained below, Pac Fill's allegations in the Counterclaims were legally and factually supported, and Pac Fill's counsel conducted a reasonable inquiry prior to filing that pleading. Because the Court denied Dashti's Rule 12 motion regarding the same pleading, the Court necessarily also held that the Counterclaims are not legally or factually baseless. So the Motion must be denied. Additionally, Dashti's flouting of the Federal Rules of Civil Procedure and the Court's Local Rules must no longer be tolerated, and the Court should award counter-sanctions to Pac Fill.

### A. Legal Standard

As relevant here, an attorney or party is subject to sanctions under Rule 11 only when he or she presents to the court papers "for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation," or falsely represents that "factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b)(1) and (3). "Rule 11 is an extraordinary remedy, one to be exercised with extreme caution." *Operating Engineers Pension Trust v. A-C Co.*, 859 F.2d 1336, 1345 (9th Cir. 1988). Rule 11 motions should only be brought in "rare and exceptional case[s] where the action is clearly frivolous, legally unreasonable or without legal foundation, or brought for an improper purpose." *Id.* at 1344.

When a pleading "is the primary focus of Rule 11 proceedings, a district court must conduct a two-prong inquiry to determine (1) whether the complaint is legally or factually baseless from an objective perspective, and (2) if the attorney has conducted a reasonable and competent inquiry before signing and filing it." *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1127 (9th Cir. 2002) (internal quotations and citation omitted). As shorthand for that test, the word "frivolous" "denote[s] a

filing that is both baseless and made without a reasonable and competent inquiry." *Holgate v. Baldwin*, 425 F.3d 671, 676 (9th Cir. 2005) (citing *Moore v. Keegan Mgmt. Co. (In re Keegan Mgmt. Co.)*, 78 F.3d 431, 434 (9th Cir. 1996)). The requirements are conjunctive. *Benedict v. Hewlett-Packard Co.*, 2014 WL 234207, at *4 (N.D. Cal. Jan. 21, 2014). In other words, a party may not be sanctioned for a complaint that is not well-founded, so long as the party conducted a reasonable inquiry; nor may a party be sanctioned for a complaint that is well-founded, solely because that party failed to conduct a reasonable inquiry. *In re Keegan Mgmt. Co.*, 78 F.3d at 434. The Ninth Circuit has held that complaints "are not filed for an improper purpose if they are non-frivolous" under Rule 11. *Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1362 (9th Cir. 1990).

The moving party bears the burden of showing that challenged claims are objectively frivolous. *Lyrical Corp. II, LLC v. Lyrical Media LLC*, 2026 WL 2416728 (C.D. Cal. Aug. 17, 2026) (denying Rule 11 sanctions in trademark case where moving defendant did no more than contest evidence on a single *Sleekcraft* confusion factor before case had been adjudicated on merits).

Rule 11 is not a vehicle for merely testing the sufficiency of a complaint or for adjudicating the merits of claims or testing evidence. 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1336.3 ("Rule 11 should not be used to raise issues as to the legal sufficiency of a claim or defense that more appropriately can be disposed of by a motion to dismiss, a motion for judgment on the pleadings, a motion for summary judgment, or a trial on the merits."); *see also* *Goldwater Bank, N.A. v. Elizarov*, 2023 WL 4295255, at *3 (C.D. Cal. May 9, 2023) ("[a] Rule 11 motion for sanctions is not an appropriate substitute for summary judgment proceedings") (quoting *Douglas v. TD Bank USA*, 2021 WL 5861558, at *3 (D. Or. Aug. 11, 2021). Even if the evidence relied upon would be insufficient to survive a motion for summary judgment, that does not mean the claim is factually unfounded for purposes of Rule 11. *Warren v. City of Carlsbad*, 58 F.3d

439, 444 (9th Cir. 1995). Courts generally consider a Rule 11 motion premature if it regards a pleading in a case where the merits have not yet been adjudicated. *Continental Records, LLC v. Royalty Family, Inc.*, 2023 WL 9319230, at *3 (C.D. Cal. Dec. 13, 2023) (Anderson, J.) ("The problem with Defendants' Motion for Sanctions is that it seeks [to] litigate the substantive validity of Plaintiff's claims before those issues have been assessed on the merits.").

**B. Because the Court Denied Dashti's Motion to Dismiss the Counterclaims, Dashti Cannot Argue the Counterclaims are Frivolous**

If a pleading is tested via a motion under Rule 12(b) and survives, the imposition of Rule 11 sanctions is generally not warranted. *See Williams v. Aho*, 2016 WL 10999270 (C.D. Cal. Sep. 2, 2016) ("Given that the Court has already concluded that the Complaint stated a plausible claim for relief…, Defendant has provided the Court with no reason to believe that this litigation was filed purely to harass or that Plaintiff's claims are wholly lacking evidentiary support," denying motions under both Rules 11 and 12); *Goldwater Bank, N.A. v. Elizarov*, 2023 WL 3149287, at *4 (C.D. Cal. Feb. 13, 2023) ("[C]ourts routinely find that when a party's motion to dismiss a claim is denied, that result is sufficient to support a finding that the claim is neither frivolous nor without legal basis").

Dashti moved to dismiss the Counterclaims in a motion that made virtually the same arguments as he does in this Motion: namely, that Pac Fill has not provided sufficient evidence to support its claims, and that facts outside the face of the pleading *may* refute Pac Fill's allegations. (*Compare* Dkt. 78 *with* Motion.) The Court denied the motion to dismiss. (Dkt. 90.) In that ruling, the Court has already held that "Pac Fill's Counterclaim plausibly alleges facts to support the requisite elements of its federal and state trademark infringement and unfair competition claims[.]" (*Id.* at 6.)

The Court also held that the Counterclaims "plausibly allege that Dashti and Bibi United are both liable" for Pac Fill's pleaded claims. (*Id.*) Accordingly, the

section of the Motion that complains that Pac Fill lacks an "adequate factual and evidentiary basis" for ascribing liability to either or both party has already been adjudicated. (Motion at 3–4.)

The result, therefore, is clear. The Court's holdings on Dashti's Rule 12 motion establish that the Counterclaims are not legally or factually baseless at this stage in the proceedings. That holding, alone, means that Dashti is not entitled to Rule 11 sanctions arising from the same pleading, and that the Motion must be denied. For the reasons explained below, however, even without the Court's prior holding, Dashti's Motion fails on its merits.

### C. Pac Fill's Counterclaims are Brought to Seek Relief for Infringement, and Not for Any Improper Purpose

Dashti complains that Pac Fill has imposed "harassment, burden, and repeated assertion of accusations" against him. (Motion at 8.) Other than that generic introductory assertion, Dashti's Motion does not argue or explain for what "improper purpose" the Counterclaims are brought under Rule 11(b)(1). That is because he cannot. Pac Fill's Counterclaims—and its affirmative complaints in the 3645 Action—are trademark infringement claims based on Pac Fill's prior trademark rights and the alleged conduct by Dashti and Bibi United that are likely to cause consumer confusion. Pac Fill has alleged damage resulting from Dashti's conduct. Additionally, as explained in the following subsections, because Pac Fill's pleading is not frivolous, as a matter of law it is not brought for an improper purpose. *Townsend*, 929 F.2d at 1362 & n. 1.

Reading Dashti's Motion in its entirety, it appears that Dashti's only basis for an asserted violation of Rule 11(b)(1) is Pac Fill's "harassment" causing Dashti to incur "costs and expenses" in litigation and "additional motion practice." (Motion at 8.) But Dashti has identified no conduct other than Pac Fill's claims of trademark infringement; and, as the Court has already held, Pac Fill's pursuit of its claims pre-suit are protected litigation activity as "quintessential" pre-enforcement activity.

(3645 Action, Order Granting Anti-SLAPP Motion, Dkt. 50.) Aside from that, Dashti can only point to his general denial of Pac Fill's claims. That is insufficient to support sanctions under Rule 11(b)(1).

### D. Pac Fill's Factual Allegations are Independently Supported And Are the Result of a Reasonable Pre-Filing Inquiry

Dashti's motion identifies no evidence to support his contention that the factual basis for the Counterclaims are frivolous other than his own conclusory denial of Pac Fill's factual allegations and disagreement with its claims for liability. Rather, in rote fashion, Dashti's Motion identifies specific paragraphs of allegations in the Pac Fill's Counterclaims and demands that Pac Fill "identify the evidence" it possessed that supported those claims prior to filing. (Motion at 4–7.) This is not the proper subject of or grounds for a Rule 11 motion—in other words, a motion for sanctions that a pleading was frivolous for lacking factual basis or a reasonable investigation—but rather a simple demand for discovery and production of evidence outside established procedures. Courts must guard against use of Rule 11 litigation to sidestep normal discovery procedures:

> To assure that the efficiencies achieved through more effective operation of the pleading regimen will not be offset by the cost of satellite litigation over the imposition of sanctions, the court must to the extent possible limit the scope of sanction proceedings to the record. Thus, discovery should be conducted only by leave of the court, and then only in extraordinary circumstances.

Fed. R. Civ. P. 11, Advisory notes; *see also Vasudevan Software, Inc. v. IBM*, 2011 WL 940263, at *5 (N.D. Cal. Feb. 18, 2011) ("courts are discouraged from using Rule 11 as a basis for discovery"). As explained above, Dashti has had many opportunities to seek discovery in this case but has failed to do so properly, and has not yet even received Pac Fill's responses to his latest requests. Rule 11 is not an end-run around those procedures. And the Court has already determined Pac Fill's Counterclaims are plausible and therefore not frivolous. Regardless, Pac Fill's pleadings are not frivolous, for the reasons explained below.

### 1. The Counterclaims Are Not Legally or Factually Baseless from an Objective Perspective

As to those allegations not made on information and belief, independent and objective alleged evidence supports Pac Fill's pleadings. Pac Fill alleged that Dashti and Bibi United used or intended to use in commerce goods bearing confusingly-similar marks in part *because Dashti signed California and federal trademark applications* attesting to that fact. (Counterclaims at ¶¶ 27, 28, 32, 33, 35, 36.) California trademark registrations are available only to those who have *actually used* a mark. Cal. Bus. & Prof. Code § 14207(a) ("a person who *uses a mark* may file…"), § 14202(h) (definition of "use" to support California trademark registration). California trademark applications require a declaration that the facts contained therein—including the fact of use—are true under threat of civil penalty. Cal. Bus. & Prof. Code § 14207(d). Dashti's California applications included "specimens showing the mark as *actually used*." Cal. Bus. & Prof. Code § 14207(e). Similarly, Dashti's federal trademark application alleged in the Counterclaims necessarily a required a declaration under penalty of perjury that Dashti had a bona fide intent to use the mark therein. 15 U.S.C. § 1051(b)(3). Pac Fill is entitled to rely on those statements and specimens to support its claims at the pleading stage. And, as the Court has already held, because Pac Fill alleged Dashti's status as a principal of Bibi United (a fact supported by public California Secretary of State records), this objective evidence supports claims for liability against the corporation as well. (*See* Dkt. 90 at 6.)

As to those allegations made "on information and belief," Pac Fill has not been afforded the reasonable opportunity for further investigation or discovery that the Federal Rules allow. Dashti has himself not produced responsive material in discovery in this case. Dashti's written discovery responses are evasive, contradictory, and obstructionist. And, as of the date of this brief, Dashti has produced **no** documents in response to Pac Fill's requests for production. (*See* Dkt.

94-1 at 2.) Pac Fill sent Dashti meet-and-confer letters regarding the deficiencies in Dashti's discovery responses on July 30, 2026. (Dkt. 94-2 at 2–3.) Dashti refused to speak to Pac Fill's counsel, even after Judge Mircheff ordered Dashti to do so after an informal discovery conference. (Dkt. 84, and 94-2 at 3.) Pac Fill has resorted to a motion to compel, which is now pending before Judge Mircheff. (Dkt. 94.) Dashti cannot stymie discovery into Pac Fill's own claims and then attempt to brute-force a dismissal of Pac Fill's claims with a Rule 11 motion. Rule 11 affords Pac Fill a "reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b)(3). Dashti cannot refuse to engage in discovery and then be heard to turn around and complain about insufficient evidence.

Because Pac Fill's Counterclaims are objectively based on independent factual bases, the Motion should be denied because Dashti cannot establish the first element for sanctions under Rule 11(b)(3). But Pac Fill's Counterclaims are also the product of a reasonable and competent pre-filing inquiry.

2. Pac Fill's Counterclaims Are Based on A Reasonable and Competent Inquiry

Dashti's Motion does not explain why he believes Pac Fill did not conduct a reasonable inquiry prior to filing under the second Rule 11(b)(3) element, except to refer obliquely to his own discovery requests and Pac Fill's responses. (Motion at 9–10.) To the extent Dashti is arguing that he believes Pac Fill's responses to his discovery so far evidence a lack of inquiry, he should point to the specific responses he claims give rise to that conclusion. In reality, as explained above, Dashti has only belatedly even come close to properly serving and pursuing discovery in this case. His requests to Pac Fill violated the Federal Rules of Civil Procedure. He filed a motion to compel, also outside of established procedures and without speaking to Pac Fill's counsel, but then effectively abandoned the motion by not appearing at Judge Mircheff's hearing on it. Only now has Dashti re-served superseding discovery—*after* he filed the present Motion—and Pac Fill's responses are not even

due, by the earliest possible calculation, until well after the filing of this opposition brief. The rules of discovery govern the exchange of evidence and other materials related to a party's claims; simply because Dashti is a *pro se* litigant does not mean that Pac Fill must suffer prejudice in responding to prolix discovery, or that Pac Fill should be made to prepare a substantive response to a motion to compel that Dashti effectively abandoned or refused to discuss live. *See Lyrical Corp. II*, 2026 WL 2416728 (denying Rule 11 motion against trademark pleading on sole ground movant had failed to show plaintiff's claims were *objectively* frivolous).

Regardless, Pac Fill's pre-filing inquiry was reasonable and competent. Pac Fill was in possession of the objective facts described in the previous sections—without limitation and, significantly, that Dashti had filed California and federal trademark applications either attesting to his actual use or bona fide intent to use the disputed mark on disputed goods. (Counterclaims at ¶¶ 27, 28, 32, 33, 35, 36.) Two of these applications were filed well before Pac Fill's initial cease-and-desist letter on January 13, 2026, let alone any of Pac Fill's pleadings. (*See* Counterclaims at ¶ 34.) Those trademark filings included, in relevant part, photographic specimens appearing to depict actual, physical products on store shelves—*i.e.*, offered for sale. (Weng Decl., ¶ 4.) Pac Fill's pre-filing inquiry also included reviewing public corporate filings at the California Secretary of State identifying Dashti as a principal or owner of Bibi United Group Inc. (*Id.*)

Regarding Bibi United, Pac Fill reviewed current and archived websites at the web domain bibifood.com which ostensibly were operated by that corporation and advertised the sale of various food and beverage products, including specifically noting "the rich culinary legacy of Persian and Middle Eastern cultures," stating Bibi United will "connect you with top-notch brands," and describing Bibi United as a "global trading company." The Bibi United website does not indicate that Bibi United has its own manufacturing facilities in the United States; and review of third-

party websites on U.S. customs import records appear to show that Bibi United engaged in importing its products. (*Id.*)

Further, Pac Fill's pre-filing investigation covered materials that tended to show the actual source for Dashti's disputed products. Pac Fill and its counsel compared the aforementioned trademark specimens that Dashti submitted with his California trademark filings with images of the same yogurt soda product by a company known as Zamzam, which has its own website and for which images are available on a range of third-party websites. The product shown in Dashti's trademark specimens appear to be the same or strikingly similar to the Zamzam product—including in the specific marks in Persian, specific color schemes, specific size and shape of cans and bottles, specific crimped bottle tops, and Persian writing on the bottle tops. Based on public information and websites, Zamzam appears to be based in Iran and to produce yogurt soda products in Iran. (*Id.*)

Because Rule 11 is not a substitute for discovery procedures, and because discovery in this case is still ongoing in its early stages, the Court should not conclude that Pac Fill failed to conduct a reasonable and competent pre-filing inquiry. Accordingly, Dashti also cannot establish the second element for Rule 11(b)(3) sanctions.

### E. Counter-Sanctions Are Warranted for Dashti's Abuse of Rule 11 to Seek Discovery and Prematurely Litigate the Merits, and Refusals to Speak with Pac Fill's Counsel

Rule 11(c)(2) permits the Court to award the "prevailing party" on a Rule 11 motion its "reasonable expenses, including attorney's fees, incurred for the motion." Fed. R. Civ. P. 11(c)(2). The Court may also impose counter-sanctions (or "cross-sanctions") on a Rule 11 movant if the responding party prevails and the original motion itself violates Rule 11. *Patelco Credit Union v. Sahni*, 262 F.3d 897, 912–913 (9th Cir. 2001) (affirming imposition of cross-sanctions against losing Rule 11 movant). "A party defending a Rule 11 motion need not comply with the separate document and safe harbor provisions when counter-requesting sanctions." *Id.*; *see*

*also* Fed. R. Civ. P. 11 Advisory Notes ("As under former Rule 11, the filing of a motion for sanctions is itself subject to the requirements of the rule and can lead to sanctions. However, service of a cross motion under Rule 11 should rarely be needed since under the revision the court may award to the person who prevails on a motion under Rule 11.").

Dashti's Motion violates Rule 11(b)(1) because it was brought and pursued for an improper purpose, namely, to cause unnecessary delay or needlessly increase Pac Fill's cost of litigation by seeking discovery through an improper vehicle. Dashti has had multiple opportunities to contest the allegations underlying Pac Fill's Counterclaims pleading, but chose to do so only upon a procedural re-filing of Pac Fill's preexisting counterclaims. Dashti chose to file the Motion even after the benefit of Pac Fill's briefing on his parallel motion to dismiss the Counterclaims (warning him of the possibility of counter-sanctions), and chose not to withdraw it after the Court's denial of that parallel motion (again being warned of counter-sanctions).

Most importantly, Dashti simply refuses to speak with counsel for Pac Fill regarding Pac Fill's disputed pleading or the general management of these cases. Dashti flouts the Court's Local Rules and the Federal Rules of Civil Procedure regarding the meet-and-confer process. As explained in Pac Fill's motion briefing on Dashti's motion to dismiss the Counterclaims, Dashti flatly refused to speak with Pac Fill's counsel regarding the Counterclaims and the pleading challenged here. (Dkt. 80 at 11.) If he had done so, the parties may have had the opportunity to discuss the matter and avoid Dashti from involving the Court in collateral Rule 11 motion practice. As extensively documented elsewhere in these cases, Dashti has refused to speak with counsel for Pac Fill except for two phone conversations early in 2026, and a brief in-person discussion at the courthouse after a hearing before Judge Mircheff in this action on September 8, 2026.

This has been true even after Dashti appeared before Judge Mircheff (after missing, without prior explanation, an earlier hearing on his own motion to compel discovery) and he was ordered to meet-and-confer with Pac Fill's counsel regarding certain discovery disputes. (Dkt. 82 and 84.) But Dashti then simply refused to speak to Pac Fill's counsel unless arbitrary preconditions regarding matters of proof and evidence were satisfied, violating Judge Mircheff's order. (Dkt. 94-2 at 4.)

Dashti was also ordered over two months ago to show cause why his conduct and deliberate non-compliance with the Court's procedures should not result in sanctions, in one of the parallel actions. (3645 Action, Dkt. 75.) And Dashti is already subject to an issued attorney's fee award for over $30,000 for filing meritless claims that Pac Fill struck under anti-SLAPP. (3645 Action, Dkt. 99.) Dashti's vexatious conduct continues unabated. Pac Fill's opposition to Dashti's motion to dismiss the Counterclaims warned Dashti—prior to filing this Motion—that Pac Fill had the right to seek counter-sanctions. (Dkt. 80 at 10.) And Pac Fill asked Dashti to withdraw the Motion after the Court's order denying Dashti's motion to dismiss the Counterclaims. (Weng Decl., ¶ 2.)

Dashti's overall conduct has caused Pac Fill to incur needless, burdensome costs in litigating objectively meritless motions, and this Motion is no exception. Accordingly, if the Court denies Dashti's Motion, Pac Fill respectfully requests that Pac Fill be awarded its attorney's fees and be granted leave to submit evidence of the amount of those fees in a motion at a later date. Pac Fill also respectfully requests the Court counter-sanction Dashti for his frivolous, discovery-seeking Rule 11 Motion in a monetary amount sufficient to "deter repetition of the conduct" under Rule 11(c)(4).

**F. Dashti Did Not Fully Comply With Rule 11(c)(2)**

Prior to filing a motion for Rule 11 sanctions, the draft "motion must be served under Rule 5," with certain advance timing requirements. Fed. R. Civ. P. 11(c)(2). In turn, Rule 5 requires that service on a party represented by an attorney

"must be made *on the attorney* unless the court orders service on the party." Fed. R. Civ. P 5(b)(1) (emphasis added).

The only pre-filing correspondence from Dashti regarding the Motion was an email sent on August 19, 2026 to Ms. Laura Prongos, an administrative assistant in the office of Pac Fill's counsel who is not an attorney. (Weng Decl., ¶ 5.) Dashti did **not** directly address his email to **any** of the attorneys of record for Pac Fill in this case—despite his representation in Exhibit A to the Motion that his pre-filing Rule 11(c)(2) letter was addressed to one of Pac Fill's attorneys. (Motion at 15.)

The proof of service attached to the Motion belies Dashti's service efforts. (Motion at 13.) Dashti declared under penalty of perjury he served "Hanson Bridgett LLP, as counsel and representative" for Pac Fill—without naming any specific individual attorney. Dashti also declared he "transmitted" the Motion "by electronic mail to Hanson Bridgett LLP *at the email address used by counsel in this action*." (*Id.*; emphasis added.) In reality, Dashti only emailed Ms. Prongos, who is not counsel or an attorney, and whose email address is not the same as Pac Fill's attorneys of record in this action. (Weng Decl., ¶ 6.) Additionally, Local Rule 5-3.1.2 requires that proofs of service of documents made under Rule 5 name "each person and/or entity served," which Dashti's proof of service does not do. (Motion at 13.)

This is a ceaseless pattern on Dashti's part. Even though Pac Fill's counsel has asked Dashti to email the attorneys of record regarding the case *nearly every single time* counsel has written to Dashti, Dashti simply refuses to do so, without explanation. (Weng Decl., ¶ 7.) The behavior cannot be explained or excused at this point by unfamiliarity with the rules (or common courtesy). Pac Fill is forced to conclude—when also considering Dashti's ongoing refusal to actually engage in meet-and-confer requirements in good faith—that Dashti's conduct is deliberately obstructionist and vexatious.

Dashti's Motion should therefore be denied because he did not comply with Rule 11(c)(2)'s requirement to comply, in turn, with Rule 5.

### G. The Motion Does Not Comply with the Court's Rules on Formatting, Signatures, or Proposed Orders

Local Rule 11-3.1.1 requires briefs submitted to the Court be in 14-point or larger type, if a proportionally-spaced font is used. Local Rule 11-3.2 requires briefs to contain "not more than 28 lines per page," double-spaced. *See also* L.R. 11-3.6. This Court's civil standing order requires that memoranda papers be not longer than 25 pages and reply briefs not longer than 12 pages, and reiterates L.R. 11-3.1.1's requirement for 14-point font. (Dkt. 12 at 5.) Local Rule 11-8 requires tables of contents and authorities for briefs exceeding 10 pages.

As with nearly every single one of Dashti's submissions to this Court, the Motion does not comply with these rules. The Motion uses a proportionally-sized font, but in a size much smaller than 14 point. Although the Motion includes numbered lines at its margins, the brief's text is not double-spaced and well exceeds 28 lines per page. Pac Fill is unable to verify, therefore, whether Dashti's Motion exceeds the Court's 25-page limit, and is prejudiced by the uncertainty of needing to respond to a possibly overlength motion. And, even by its own numbering, the Motion exceeds 10 pages but contains neither a table of contents nor a table of authorities.

The Motion also lacks a proposed order as required by L.R. 7-20. (*See* Dkt. 93.)

Finally, the Motion is not properly signed. Dashti is not a CM/ECF filer. (Dkt. 20.) Dashti signed the Motion and its proof of service with "/s/" typed signatures. (Motion at 12, 13.) Non-CM/ECF filers are required to submit a "hand-signed signature page(s) of the document in PDF format," and may not use the "/s/" electronic signature format. L.R. 5-4.3.4(a)(1), (a)(3).

The Motion should be denied for these reasons as well.

## IV. CONCLUSION

Dashti's Motion fails on the merits, and it was not brought in good faith. Dashti is aware that discovery in this case is ongoing, that he has produced zero documents and flimsy written responses in response to Pac Fill's discovery requests, and that his own discovery to Pac Fill is still pending. As the Court recognized in its order denying Dashti's motion to dismiss this same pleading, the Counterclaims are objectively plausible. Pac Fill's allegations are made based on objective, independent facts or facts which are reasonably likely to be the subject of fruitful future discovery; and Dashti has advanced no evidence that Pac Fill failed to conduct a reasonable and competent pre-filing inquiry. Because Dashti's pursuit of his Rule 11 Motion is itself sanctionable, the Court should deny it and impose counter-sanctions against Dashti, including for Pac Fill's reasonable attorney's fees in opposing it.

DATED: September 28, 2026 HANSON BRIDGETT LLP

By: */s/ Garner K. Weng*
RAFFI V. ZEROUNIAN
JUSTIN P. THIELE
GARNER K. WENG
SUSANNA L. CHENETTE
***Attorneys for Defendant***
PAC FILL, INC. dba SUN DAIRY

# PROOF OF SERVICE

***Dashti v. Pac Fill, Inc., et al.***
**Case No. 2:26-cv-03385 PA (BFM)**

**STATE OF CALIFORNIA, COUNTY OF CONTRA COSTA**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Contra Costa, State of California. My business address is 1676 N. California Blvd., Suite 620, Walnut Creek, CA 94596.

On September 28, 2026, I served true copies of the following document(s) described as **DEFENDANT PAC FILL, INC.'S OPPOSITION TO PLAINTIFF STEVE DASHTI'S MOTION FOR SANCTIONS** on the interested parties in this action as follows:

| | |
|---|---|
| Steve Dashti<br>21200 Oxnard Street, #508<br>Woodland Hills, CA 91367<br>stevedashti@gmail.com | ***Plaintiff in Pro Per*** |

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with Hanson Bridgett LLP's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address lprongos@hansonbridgett.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on September 28, 2026, at Alameda, California.

Laura Prongos

Laura A. Prongos