FILED
CLERK, U.S. DISTRICT COURT
09/29/2026
CENTRAL DISTRICT OF CALIFORNIA
BY mba DEPUTY
DOCUMENT SUBMITTED THROUGH THE ELECTRONIC DOCUMENT SUBMISSION SYSTEM

Steve Dashti
21200 Oxnard St. # 508
Woodland Hills 91367
Plaintiff. Pro Se

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**STEVE DASHTI,**
**Plaintiff / Counterclaim-Defendant,**

**v.**

**PAC FILL, INC., a California corporation d/b/a SUN DAIRY,**
**Defendant / Counterclaim-Plaintiff.**

**CASE NO. 2:26-CV-03385-PA (BFMX)**

**PLAINTIFF STEVE DASHTI'S REPLY IN SUPPORT OF MOTION FOR SANCTIONS (DKT. 91)**

**Hearing Date: October 19, 2026**
**Time: 1:30 p.m.**
**Ctrm.: 9A**
**Judge: Hon. Percy Anderson**

# I. INTRODUCTION

Pac Fill's Opposition changes the focus of the dispute. Dashti's Rule 11 Motion was not filed because Pac Fill knew that Dashti had filed trademark applications, because Bibi United was a registered corporation, or because a general food-company website existed. The Motion was filed because Pac Fill repeatedly represented to federal courts that Dashti and Bibi United had competing ABALI products of Iranian origin and/or had caused such products to enter the United States in violation of sanctions administered by the Office of Foreign Assets Control ("OFAC") and the Iranian Transactions and Sanctions Regulations.

Pac Fill made that accusation three separate times in court filings: first in its April 6, 2026 Complaint in Case No. 2:26-cv-03645; again in its May 28, 2026 Counterclaim in this action, Dkt. 34; and again in its August 6, 2026 Counterclaim, Dkt. 63. The Rule 11 Motion challenged those repeated factual accusations. Dashti transmitted the Rule 11 Motion on August 19, 2026 and waited more than twenty-one days before filing it.

Only now, in opposing sanctions, Pac Fill emphasizes different categories of material: trademark applications, specimen photographs, California corporate records, generalized statements from the Bibi United website, unidentified third-party customs websites, and visual similarity to Zamzam products. Those subjects may explain why Pac Fill chose to investigate. They do not, as described in Pac Fill's Opposition, establish the specific completed conduct Pac Fill repeatedly alleged to the Court: importation by Dashti of doogh or yogurt-soda from Iran, Iranian origin of any product imported by Dashti, or an OFAC-prohibited transaction.

## II. PAC FILL REPEATED THE SAME IMPORTATION AND OFAC ACCUSATION IN THREE COURT FILINGS

The challenged accusation was not an isolated statement. Pac Fill first alleged in its April 6, 2026 Complaint in Case No. 2:26-cv-03645 that the accused ABALI

products were of Iranian origin and/or entered the United States in violation of federal sanctions administered by OFAC and without authorization required under the ITSR.

Pac Fill repeated substantially the same accusation in its May 28, 2026 Counterclaim in this action, Dkt. 34. It repeated the accusation again in its August 6, 2026 Counterclaim, Dkt. 63. Thus, Pac Fill placed the same importation and sanctions-related accusation before the Court on three separate occasions.

These were the accusations that prompted Dashti's Rule 11 challenge. Dashti is responding to what Pac Fill itself pleaded in court. The issue is not whether Pac Fill can now identify unrelated or more general facts about trademark filings, corporate registrations, food-company websites, or other importing activity. The issue is whether there was an adequate factual basis for the importation, Iranian-origin, and OFAC allegations Pac Fill repeatedly chose to present to the Court.

## III. PAC FILL'S PRIOR PLEADINGS DID NOT IDENTIFY TRADEMARK FILINGS, CORPORATE REGISTRATION, OR THE BIBI UNITED WEBSITE AS THE FACTUAL BASIS FOR THE ALLEGED IMPORTATION

Pac Fill's prior pleadings did not tell the Court that a trademark application itself proved importation. They did not identify the registration of Bibi United as the factual event establishing importation of doogh or yogurt-soda from Iran. They did not identify general statements from a food-company website as proof of any Iranian-origin shipment by Dashti. Instead, Pac Fill pleaded the ultimate factual accusation itself: that products it attributed to Dashti and Bibi United were of Iranian origin and/or entered the United States in violation of OFAC-administered sanctions.

Pac Fill now relies on those different categories of material in its September 28 Opposition and supporting declaration. But evidence that a person filed a trademark application, that a corporation exists, or that a website describes a business as a food or trading company does not establish the specific import transaction previously alleged.

## IV. TRADEMARK FILINGS DO NOT PROVE IMPORTATION

A trademark filing is not a customs entry. A trademark registration is not a bill of lading. A specimen photograph is not an importer-of-record record. Filing or

registering a trademark does not, by itself, establish that the applicant imported goods into the United States.

Pac Fill itself pleaded that Dashti's federal trademark application was filed on an intent-to-use basis. An intent-to-use filing identifies an asserted bona fide intention to use a mark; the filing itself does not identify a completed shipment, importer of record, country of export, customs entry, supplier, commercial invoice, or payment for imported goods.

Pac Fill also relies on California trademark specimens. Even if a specimen is relevant to claimed trademark use, it still does not identify who imported the depicted product, from what country it was shipped, who acted as importer of record, when it crossed the border, what customs entry covered it, or whether any transaction was prohibited by OFAC.

## V. THE BIBI UNITED WEBSITE DOES NOT PROVE IMPORTATION OF DOOGH OR YOGURT-SODA FROM IRAN

Pac Fill cites general language from a Bibi United website concerning food and beverage products, Persian and Middle Eastern culinary culture, connecting customers with brands, and operating as a trading company. But the Opposition does not identify from that website any doogh or yogurt-soda product offered for sale, any invoice or shipment for such a product, or any transaction showing that Dashti imported doogh or yogurt-soda from Iran.

A general food-company website is not proof that Dashti imported or sold doogh or yogurt-soda from Iran. General business language cannot substitute for evidence of the particular product, shipment, source, importer, customer, sale, or transaction Pac Fill actually alleged.

## VI. GENERAL IMPORT ACTIVITY BY BIBI UNITED DOES NOT PROVE THE ALLEGED IRANIAN-ORIGIN IMPORTATION

The Weng Declaration states that third-party websites concerning U.S. customs import records appear to show that Bibi United imported products. Even if Bibi United imported other products, that does not establish that Dashti or Bibi United imported doogh or yogurt-soda from Iran, or that any shipment violated OFAC regulations.

Pac Fill's allegations were product-specific and sanctions-specific. General evidence that a company participates in international trade does not establish the particular Iranian-origin importation Pac Fill pleaded.

## VII. VISUAL SIMILARITY TO ZAMZAM DOES NOT PROVE AN IRANIAN IMPORT BY DASHTI

Pac Fill states that photographs submitted with Dashti's trademark materials appeared similar to images of a Zamzam yogurt drink and that public information indicates Zamzam is based in Iran. That is an inference from images, not evidence

identifying the importer, the shipment, the customs entry, the seller, the purchaser, or the country of export for the particular item depicted.

Visual similarity may justify further investigation. It does not, standing alone, establish that Dashti imported any doogh or yogurt-soda product from Iran into the United States or participated in a transaction prohibited by OFAC.

## VIII. PAC FILL STILL DOES NOT IDENTIFY THE ORDINARY TRANSACTIONAL RECORDS THAT WOULD SHOW THE ALLEGED IMPORTATION

Pac Fill's September 28 materials do not identify a specific customs entry for doogh or yogurt-soda from Iran attributable to Dashti; an importer-of-record record naming Dashti for such a product; a bill of lading for any such shipment; an Iranian shipper or exporter tied to Dashti; a commercial invoice for any such importation; a freight or delivery record; a customer payment for such a product; a retailer purchase order from Dashti; a completed sale by Dashti of such a product; or an OFAC determination or enforcement finding against Dashti.

The absence of those identified transaction records is significant because Pac Fill's three pleadings did not merely allege that Dashti was interested in a mark or a product. They alleged importation and sanctions-related conduct.

If Pac Fill possesses evidence of the importation it repeatedly alleged, it should identify and place that evidence before the Court now. If it has a customs entry,

importer-of-record record, bill of lading, commercial invoice, customer invoice, payment record, shipment record, retailer purchase order, or other competent evidence showing that Dashti imported doogh or yogurt-soda from Iran or completed a sale of the product at issue, it should identify that evidence in the record.

If Pac Fill cannot identify such evidence, that failure is directly relevant to the Rule 11(b)(3) question presented by Dashti's Motion. Pac Fill cannot repeatedly accuse Dashti of importing and selling an Iranian-origin product, invoke OFAC before the Court, and then answer a Rule 11 challenge by pointing instead to trademark filings, corporate records, general website language, unrelated imports, or visual similarity to third-party products.

**IX. THE RULE 11 SAFE-HARBOR NOTICE WAS NOT DISCOVERY**

Pac Fill attempts to recast Dashti's Rule 11 notice as an improper attempt to obtain discovery. It was not. Dashti transmitted a Rule 11 Motion directed at factual allegations already made in pleadings on August 19, 2026 and waited more than twenty-one days before filing it, thereby giving Pac Fill an opportunity to withdraw or correct the challenged allegations before filing.

The fact that separate discovery was also pending does not convert a Rule 11 safe-harbor notice into discovery. Dashti was not asking Pac Fill to create new

evidence. He was challenging the factual basis for accusations Pac Fill had already placed before the Court three times.

Dashti's notice was simple: if Pac Fill had evidence supporting the alleged importation, market sales, distribution, Iranian origin, or OFAC-related conduct, it could identify that basis; if it did not, it could withdraw or correct the allegations. Dashti waited more than twenty-one days after transmitting the Motion before filing it. The challenged allegations concerned importation and commercial activity in the marketplace - not the mere filing of trademark applications.

**X. DASHTI DOES NOT SPEAK FOR BIBI UNITED, AND PAC FILL CANNOT USE BIBI UNITED AS A SUBSTITUTE FOR EVIDENCE AGAINST DASHTI**

Dashti appears only on his own behalf. He does not purport to represent Bibi United Group, Inc., speak for that corporation, or waive any rights belonging to it.

Accordingly, generalized allegations concerning Bibi United cannot substitute for evidence of conduct personally attributable to Dashti. Nothing in this Reply waives, limits, or adjudicates any independent rights belonging to Bibi United.

## XI. THE UNSUPPORTED OFAC ACCUSATION WAS HIGHLY PREJUDICIAL

An allegation that a party imported Iranian-origin goods in violation of federal sanctions is serious. Such an accusation carries substantial potential for prejudice if presented without an adequate factual basis.

Dashti does not ask the Court to infer counsel's subjective motive. The objective point is narrower: Pac Fill repeatedly placed an exceptionally serious sanctions-related accusation before the Court, and when challenged under Rule 11, it has relied on materials that do not themselves establish the importation event it alleged.

## XII. PAC FILL'S IMPORTATION THEORY SHIFTED THE COURT'S FOCUS AWAY FROM THE CORE HISTORICAL AND BUSINESS-IDENTITY DISPUTES

The Court should keep Pac Fill's OFAC/importation accusations separate from the parties' other trademark and business-identity disputes. The Rule 11 issue presented here is whether Pac Fill had adequate evidentiary support when it repeatedly alleged importation from Iran, Iranian origin, and OFAC-related misconduct.

Trademark filings, corporate-registration issues, general website language, or unrelated import activity do not establish the specific Iranian-origin importation

transaction Pac Fill alleged and should not substitute for evidence of that transaction.

**Since January 13, 2026, Pac Fill has repeated these serious accusations more than three times and still has not produced the ordinary transaction-level evidence necessary to substantiate them. It cannot substitute citations to statutes, regulations, and subsections that do not establish the alleged transaction for the customs, shipment, payment, and OFAC evidence its own accusations require. Rule 11 distinguishes between legal contentions and factual contentions: Rule 11(b)(2) addresses whether legal arguments are warranted by law, while Rule 11(b)(3) requires factual contentions to have evidentiary support. A citation to an unrelated statute or regulation therefore does not supply the missing proof of an alleged importation, shipment, sale, or OFAC violation. Dashti does not object to truthful advocacy or to relevant legal authority. What he objects to is the repeated presentation of false, baseless, and unsupported accusations.**

**Pac Fill cannot make serious accusations, fail to substantiate them, shift the subject when challenged, create and submit documents, and then seek compensation for the attorney hours spent advancing and defending those unsupported accusations and once again receive a financial reward.**

# XIII. CONCLUSION

For the foregoing reasons, Plaintiff requests that the Court grant Dkt. 91, impose appropriate monetary and nonmonetary sanctions sufficient to deter repetition, and permit submission of an itemized statement and supporting documentation of recoverable costs and expenses incurred beginning January 13, 2026, including attorney-consultation expenses, investigation and document-retrieval expenses, transportation and airfare incurred in connection with investigating the matters raised in this litigation and locating relevant records and evidence, hotel and lodging expenses in the United States and Canada, and other documented out-of-pocket expenses, to the extent recoverable under Rule 11(c)(4) or other applicable authority.

The issue is straightforward: since January 13, 2026, Pac Fill has repeatedly asserted serious allegations of Iranian-origin importation and OFAC-related misconduct, yet has still not identified the transaction-level evidence necessary to substantiate them. Repetition does not supply proof. Where serious factual accusations are repeatedly presented without adequate evidentiary support, Rule 11 requires a meaningful response sufficient to deter their repetition.

DATED: September 29, 2026

Respectfully submitted,

/s/ Steve Dashti
STEVE DASHTI

Plaintiff and Counter-Defendant, Pro Se

# PROOF OF SERVICE

I, Steve Dashti, declare that I am over the age of eighteen and a party to this action. On September 29, 2026, I served the following documents:

1. **Plaintiff Steve Dashti's Reply in Support of Motion for Sanctions (Dkt. 91);**
2. **Declaration of Steve Dashti in Support of Plaintiff's Reply;**
3. **[Proposed] Order Granting Plaintiff and Counter-Defendant Steve Dashti's Motion for Sanctions (Dkt. 91); and**
4. **Supporting Exhibit(s).**

I served the foregoing documents by electronic mail to Laura A. Prongos at Hanson Bridgett LLP, as the designated representative for counsel of record for Pac Fill, Inc., using the email address utilized for communications in this action.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 29, 2026, at Woodland Hills, California.

**/s/ Steve Dashti**
**STEVE DASHTI**