Steve Dashti
21200 Oxnard St. # 508
Woodland Hills 91367
Plaintiff. Pro Se

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

FILED
CLERK, U.S. DISTRICT COURT
9/23/2026
CENTRAL DISTRICT OF CALIFORNIA
BY ang DEPUTY
DOCUMENT SUBMITTED THROUGH THE ELECTRONIC DOCUMENT SUBMISSION SYSTEM

**STEVE DASHTI,**
Plaintiff / Counterclaim-Defendant,

v.

**PAC FILL, INC., a California corporation d/b/a SUN DAIRY,**
Defendant / Counterclaim-Plaintiff.

**and**

**SUN DAIRY COMPANY,**
Defendant.

**CASE NO. 2:26-CV-03385-PA (BFMX)**

**PLAINTIFF'S RENEWED MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT AND FOR LIMITED MODIFICATION OF THE SCHEDULING ORDER UNDER FED. R. CIV. P. 16(b)(4); AND, TO THE EXTENT NECESSARY, REQUEST FOR RECONSIDERATION OF THE SEPTEMBER 18, 2026 ORDER**

**Hearing Date: October 26, 2026**
**Time: 1:30 p.m.**
**Courtroom: 9A**
**Judge: Hon. Percy Anderson**

# NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD: Plaintiff Steve Dashti, appearing pro se, hereby moves for a limited modification of the Scheduling Order under Federal Rule of Civil Procedure 16(b)(4) and for leave under Rule 15(a)(2) to file the attached Proposed Second Amended Complaint. To the extent the Court determines that reconsideration of its September 18, 2026 Order (Dkt. 90) is procedurally required, Plaintiff also requests limited

reconsideration based on materially different and newly obtained evidence, without repeating the arguments made in the prior motion.

LOCAL RULE 7-3 STATEMENT: On September 8, 2026, after proceedings at the federal courthouse, Plaintiff met in person with Pac Fill's counsel and Pac Fill's owner and discussed ABALI, SUN DAIRY / SUN DAIRY COMPANY, the claims in this action, amendment-related issues, and potential resolution. On September 10, 2026, Plaintiff met separately with Pac Fill's owner, without counsel present, and continued discussions concerning the ABALI dispute and potential resolution. These discussions preceded the Court's September 18, 2026 Order. Plaintiff relies on the September 8 in-person discussion with counsel as the prior meet-and-confer concerning the substance of the amendment-related issues and does not characterize the September 10 discussion as a Local Rule 7-3 conference.

This renewed motion is not an attempt to reassert the three proposed claims the Court identified as deficient or futile in Dkt. 90. The revised Proposed Second Amended Complaint does not reassert the previously proposed fraudulent-procurement claim under 15 U.S.C. § 1120, the Sherman Act attempted-monopolization claim, or the previously dismissed California Unfair Competition Law claim. Instead, the proposed pleading is narrowed to existing and related federal trademark and declaratory-relief issues and is supported by a materially different factual record developed through newly obtained governmental, commercial, trademark, and marketplace evidence.

This motion is based on this Notice, the accompanying Memorandum of Points and Authorities, the Declaration of Steve Dashti Regarding Diligence and Newly Obtained Evidence and Local Rule 7-3 Conference, the Proposed Second Amended Complaint filed as a separate

attachment, the records and exhibits identified in those papers, the pleadings and records already on file, and any matter the Court may properly consider.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

The Court denied Plaintiff's prior motion for leave because the prior motion did not address Rule 16(b)(4), did not explain why the amendment deadline could not reasonably have been met, and sought to add claims the Court concluded were deficient or futile. Dkt. 90 at 5-6. This renewed motion directly addresses those issues.

First, Plaintiff now expressly proceeds under Rule 16(b)(4) and supplies a declaration addressing diligence and the timing of the newly obtained evidence. Second, the proposed pleading removes the three claims specifically criticized in the September 18 Order. Third, the proposed amendment is supported by materially different evidence concerning the legal and commercial identity of SUN DAIRY COMPANY, the post-2000 FBN/DBA record, the identity under which ABALI sales were invoiced, earlier ZAMZAM / DOOGH ABALI commercial history, and a separate Canadian ABALI & DESIGN registration and shield-form presentation claiming use since May 1985.

The requested amendment is therefore not merely a more detailed restatement of the prior proposed pleading. It responds to the Court's Rule 16 concerns, narrows the legal theories, and presents a materially changed factual record bearing directly on the ABALI rights, sales, goodwill, source, chain of authority, and business-identity issues already central to this litigation.

## II. RELEVANT PROCEDURAL BACKGROUND

The Court's Civil Trial Scheduling Order established August 24, 2026 as the deadline for hearing a motion to amend pleadings or add parties. Dkt. 90 at 5. Plaintiff previously moved for leave to file a Second Amended Complaint, but the Court denied that motion on September 18, 2026 because the motion did not address Rule 16(b)(4), did not sufficiently explain Plaintiff's diligence or inability to meet the scheduling deadline, and proposed three new claims the Court found legally deficient or futile. Id. at 5-6.

The Court did not hold that the already-asserted Section 1119, Section 1125(a), or declaratory-relief theories could never be supported by newly developed facts. Rather, the Court observed that the prior proposed amendment appeared to reiterate allegations already in the FAC and separately rejected the three newly proposed claims identified above. Id. at 3, 5-6.

Since the prior motion was prepared and filed, Plaintiff has continued to investigate the factual record and has obtained additional governmental, commercial, trademark, and marketplace materials. The acquisition dates, sources, and circumstances are set forth in Plaintiff's accompanying declaration. Plaintiff brings this renewed motion promptly after assembling and reviewing those materials and revising the proposed pleading to conform to the Court's September 18 Order.

## III. LEGAL STANDARD

### A. Rule 16(b)(4): Good Cause and Diligence

Once a scheduling-order deadline has passed, the schedule may be modified only for good cause and with the Court's consent. Fed. R. Civ. P. 16(b)(4). As the Court explained in Dkt. 90,

the focus is the moving party's diligence: good cause exists where the schedule could not reasonably have been met despite the diligence of the party seeking modification. Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 608-09 (9th Cir. 1992).

### B. Rule 15(a)(2): Leave Should Be Freely Given

If Rule 16 is satisfied, Rule 15(a)(2) provides that leave to amend should be freely given when justice so requires. In evaluating leave, courts consider bad faith, undue delay, prejudice, futility, and prior amendment. Dkt. 90 at 4 (citing Johnson v. Buckley, 356 F.3d 1067, 1077 (9th Cir. 2004)). Absent prejudice or a strong showing of the remaining factors, there is a presumption in favor of amendment. Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).

### C. Limited Reconsideration, If Required

To the extent the Court treats this renewed request as requiring reconsideration of Dkt. 90, Local Rule 7-18 permits reconsideration where there is a material difference in fact or law that, despite reasonable diligence, could not have been presented previously, or where new material facts emerge after the order. Plaintiff does not seek to repeat the prior motion. The renewed request rests on the materially different evidentiary record described below and on a revised proposed pleading that removes the claims the Court found deficient.

## IV. GOOD CAUSE EXISTS UNDER RULE 16(b)(4)

**A. The Present Request Is Based on Newly Obtained and Materially Different Evidence** The new evidence is not cumulative detail added merely to enlarge the

pleading. It changes the factual foundation of the requested amendment in several concrete respects.

1. **SUN DAIRY COMPANY** governmental identity. Newly obtained CDFA licensing and regulatory records identify SUN DAIRY COMPANY as the licensed dairy operation at 5471 San Fernando Road, identify Vahik Sarkissian as owner, and in multiple Market Milk Permits state "Type of Ownership: Corporation." The 2022 Milk Products Plant License is issued to SUN DAIRY COMPANY and identifies Plant No. 06-02900.
2. Post-2000 FBN/DBA record. The official FBN record presently identified links SUN DAIRY to PAC FILL, INC. in 1995 and reflects a June 27, 2000 expiration. Plaintiff has not identified an official governmental filing presently establishing an uninterrupted post-2000 FBN/DBA chain through 2026.
3. Direct commercial seller evidence. A May 28, 2026 invoice for multiple ABALI-branded products is issued under the name SUN DAIRY COMPANY at the same San Fernando Road address and does not identify the seller as PAC FILL, INC. d/b/a SUN DAIRY.
4. Earlier ZAMZAM / DOOGH ABALI commercial history. Newly obtained materials identify ZAM ZAM IRAN CO. as founded in approximately 1955 and expressly identify Doogh Abali among its products. Product photographs show DOOGH ABEALI goods bearing the ZAMZAM identity and stating "Made in IRAN." This evidence bears on whether ABALI commercial recognition predates Pac Fill's asserted 1984-1985 history and on any claimed chain of rights.
5. Separate Canadian ABALI registration and shield-form design. The Canadian Intellectual Property Office record for ABALI & DESIGN, Application No. 0851910 / Registration No. TMA499937, is registered and active for yogurt flavoured soda drink, depicts a shield-form

ABALI design, and states "Used in CANADA since May 1985." Current retail photographs show ABALI yogurt soda products packed for a Canadian company and using a materially similar shield-form presentation.

These materials bear directly on issues already disputed in this case: who used ABALI in commerce, which entity actually sold the goods, who owned the resulting goodwill and revenue, whether SUN DAIRY COMPANY activity is legally attributable to Pac Fill, what historical commercial use predates Pac Fill, and what chain of authority supports Pac Fill's claimed rights.

## B. Plaintiff Acted Diligently

Plaintiff's accompanying declaration identifies the sequence in which the principal categories of evidence were obtained and assembled. The prior motion was filed on August 19, 2026. Plaintiff retrieved the official Canadian ABALI & DESIGN record on September 17, 2026, continued obtaining and reviewing Sun Dairy, FBN, and CDFA materials during September 2026, and obtained and reviewed the Zamzam/Doogh Abali materials and related USPTO records by September 23, 2026. Plaintiff then promptly compared the additional evidence with Pac Fill's allegations, removed the claims criticized in Dkt. 90, revised the proposed pleading, and prepared this renewed request.

The relevant Rule 16 inquiry is Plaintiff's diligence in obtaining and acting on the information. Governmental and historical records may concern earlier years even though Plaintiff obtained them only recently. The material point is that the evidence was newly obtained or newly assembled into a materially different factual record through continuing investigation and discovery, and Plaintiff acted promptly after obtaining it.

### C. The Requested Modification Is Limited and Does Not Require Disruption of the Trial Schedule

Plaintiff seeks only the limited modification necessary to permit filing of the proposed Second Amended Complaint. Plaintiff does not request a continuance of the trial date through this motion. The factual subjects of the amendment substantially overlap issues already in the case and discovery already directed to ABALI use, sales, seller identity, FBN/DBA status, licensing, manufacturing, goodwill, and chain of authority. Allowing the amendment therefore need not restart the litigation or require wholesale duplication of discovery.

## V. THE REVISED PROPOSED SAC CURES THE DEFECTS IDENTIFIED IN DKT. 90

### A. The Three Claims Identified by the Court as Deficient Are Removed

The September 18 Order found the prior proposed fraudulent-procurement claim deficient under Rule 9(b), found the proposed Sherman Act claim insufficient, and concluded that the proposed UCL claim was futile in light of prior rulings. Dkt. 90 at 6. None of those three claims is reasserted in the present proposed SAC.

The revised pleading instead presents declaratory-relief claims addressing the SUN DAIRY / SUN DAIRY COMPANY identity and attribution issues, retains the existing request for relief concerning Registration No. 8,219,926 under 15 U.S.C. § 1119, and asserts the related Section 1125(a) theories supported by the newly developed record.

### B. The Existing Section 1119 Claim Is Not Presented as a Newly Created Claim

The FAC already included a claim for cancellation, restriction, modification, or declaration of unenforceability of Registration No. 8,219,926 under 15 U.S.C. § 1119. Dkt. 90 at 2. The renewed motion therefore does not characterize Section 1119 relief as a newly created claim. The new evidence instead materially expands the factual basis relevant to the already-existing dispute concerning the scope and enforceability of Pac Fill's asserted ABALI rights.

### C. The Amendment Provides Concrete Facts Rather Than Conclusory Allegations

The revised proposed SAC identifies the specific 1995 FBN filing and reflected 2000 expiration, the CDFA licenses and permits, the May 28, 2026 invoice, the Canadian registration number and May 1985 use claim, the shield-form design evidence, the ZAMZAM / DOOGH ABALI history, and the specific identity and attribution questions those records create. The proposed pleading therefore supplies concrete factual allegations that permit the Court and Pac Fill to understand the basis of the claims without relying on labels or conclusions.

## VI. RULE 15(a)(2) FAVORS LEAVE

There is no bad faith. Plaintiff is responding to newly obtained evidence and to the deficiencies identified by the Court. There is no undue delay once the new record is considered; Plaintiff continued investigating and moved to revise the proposed pleading promptly. The amendment is not designed to multiply proceedings but to place the materially changed factual record before the Court in a pleading that omits the three claims the Court previously rejected.

Prejudice is limited because the core subjects overlap existing trademark, seller-identity, historical-use, and damages issues. Pac Fill is already litigating its claimed ownership, use, sales, goodwill, and alleged lost sales concerning ABALI. The amendment does not inject an unrelated dispute; it addresses the factual foundation for those same asserted rights and commercial injuries.

Nor is the revised amendment futile merely because the parties dispute the facts. The Court's September 18 Order itself recognized, in denying Plaintiff's motion to dismiss Pac Fill's Counterclaim, that evidence concerning Pac Fill and its d/b/a Sun Dairy presented factual issues not appropriately resolved at the pleading stage. Dkt. 90 at 6. The revised proposed SAC likewise presents concrete factual controversies that should be resolved on an evidentiary record rather than by assuming the disputed identity and attribution questions against Plaintiff.

## VII. COMPLIANCE WITH LOCAL RULE 15-1

The Proposed Second Amended Complaint is submitted as a separate attachment to this motion in accordance with Local Rule 15-1. Plaintiff will promptly file the approved pleading as a separate document if leave is granted. **Plaintiff will also submit a redlined version of the Proposed Second Amended Complaint to chambers in accordance with the Court’s Civil Trial Scheduling Order.**

# VIII. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court find good cause under Rule 16(b)(4), grant the limited modification of the Scheduling Order necessary to permit amendment, grant leave under Rule 15(a)(2) to file the Proposed Second Amended Complaint, and, to the extent procedurally necessary, grant limited reconsideration of Dkt. 90 based on the materially different and newly obtained evidentiary record.

Dated: September 23, 2026
Respectfully submitted,

/s/ Steve Dashti

Steve Dashti