LODGED
CLERK, U.S. DISTRICT COURT
9/23/2026
CENTRAL DISTRICT OF CALIFORNIA
BY ANG DEPUTY
DOCUMENT SUBMITTED THROUGH THE ELECTRONIC DOCUMENT SUBMISSION SYSTEM

Steve Dashti
21200 Oxnard St. # 508
Woodland Hills 91367
Plaintiff. Pro Se

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**STEVE DASHTI,**
Plaintiff / Counterclaim-Defendant,

v.

**PAC FILL, INC., a California corporation**

**d/b/a SUN DAIRY,**

Defendant / Counterclaim-Plaintiff.

**and**

**SUN DAIRY COMPANY,**
Defendant.

**CASE NO. 2:26-CV-03385-PA (BFMX)**

**PROPOSED SECOND AMENDED COMPLAINT**

# CLAIMS PRESENTED

1. Declaratory Relief - Legal Identity and Status of SUN DAIRY / SUN DAIRY COMPANY;
2. Declaratory Relief - Attribution of ABALI Manufacturing, Sales, Revenue, Goodwill, and Alleged Lost Sales to PAC FILL, INC.;
3. Declaratory Relief - Failure to Establish a Valid and Continuous FBN/DBA Relationship After June 27, 2000, or, Alternatively, a Separate Legal Status for SUN DAIRY COMPANY;

4. Declaratory Relief - Chain of Authority Between PAC FILL, INC. and SUN DAIRY COMPANY and Identification of the Entity Receiving and Reporting ABALI Revenue;

5. Cancellation, Restriction, Modification, or Declaration of Unenforceability of U.S. Trademark Registration No. 8,219,926 (15 U.S.C. § 1119);

6. False Designation of Origin / Misleading Source, Affiliation, and Business Identity (15 U.S.C. § 1125(a)(1)(A));

7. False Advertising / Materially Misleading Commercial Representations (15 U.S.C. § 1125(a)(1)(B)).

The foregoing claims are supported by newly obtained governmental, commercial, trademark, and marketplace evidence showing unresolved contradictions concerning SUN DAIRY COMPANY's legal identity, the entity actually selling ABALI products and receiving ABALI revenue, the absence of a presently identified continuous post-2000 FBN/DBA chain, documented pre-existing DOOGH ABALI commercial history associated with ZAM ZAM IRAN CO., and independent Canadian ABALI use and shield-form design dating to 1985.

**RELIEF REQUESTED**

- Declaratory and injunctive relief;
- Accounting of ABALI sales, invoices, receipts, revenue, and goodwill;
- Lawful discovery sufficient to determine the true operating, selling, licensing, and revenue-reporting entity, including appropriate third-party process where permitted;
- Disgorgement, restitution, compensatory damages, enhanced damages where authorized by law, costs, and all other relief proven and legally available;
- Jury trial on all issues so triable.

Plaintiff Steve Dashti ("Plaintiff"), appearing pro se, alleges against Defendant PAC FILL, INC. ("Pac Fill") and, in the alternative to the extent it is legally separate from Pac Fill, SUN DAIRY COMPANY (collectively, "Defendants") as follows:

**I. NATURE OF THE ACTION**

1. This action concerns Pac Fill's attempt to enforce and monetize asserted ABALI rights while claiming sales, revenue, goodwill, and alleged lost sales that

the documentary record repeatedly associates with SUN DAIRY / SUN DAIRY COMPANY rather than PAC FILL, INC. The central issue is not nomenclature; it is which legal or commercial entity actually manufactured, invoiced, sold, received payment for, recorded revenue from, and developed goodwill in ABALI-branded products.

2. Pac Fill has represented in this litigation that SUN DAIRY is merely its fictitious business name or DBA. Newly obtained records, however, do not presently establish an uninterrupted FBN/DBA chain after June 27, 2000, while California regulatory records repeatedly identify SUN DAIRY COMPANY as the licensed operation and, in multiple permits, state "Type of Ownership: Corporation." Plaintiff alleges that Pac Fill cannot simply assume away that conflict while using SUN DAIRY COMPANY activity as the factual foundation for trademark use, goodwill, damages, and lost-sales claims.

3. Newly obtained California Department of Food and Agriculture ("CDFA") records identify SUN DAIRY COMPANY at 5471 San Fernando Road as the licensed dairy operation, identify Vahik Sarkissian as owner, and repeatedly state "Type of Ownership: Corporation." The 2022 Milk Products Plant License is issued to SUN DAIRY COMPANY and identifies Plant No. 06-02900 later Market Milk Permits and enforcement records continue to use the SUN DAIRY COMPANY / SUN DAIRY CO. identity.

4. Newly obtained commercial evidence is equally direct. A May 28, 2026 invoice for numerous ABALI products is issued on a SUN DAIRY COMPANY invoice form from the same 5471 San Fernando Road address. Exterior signage identifies the facility as SUN DAIRY CO. Plaintiff has not identified PAC FILL, INC. itself on the ABALI invoices, labels, or sales materials presently available to him as the outward-facing manufacturer or seller.

5. Pac Fill nevertheless alleges that it produced, distributed, sold, marketed, and promoted ABALI products since approximately 1984 and seeks recovery for diverted sales, lost revenue, lost goodwill, profits, and other commercial harm. Plaintiff alleges that Pac Fill must prove—not merely assert—the legal and factual chain by which SUN DAIRY / SUN DAIRY COMPANY sales, revenue, customers, goodwill, and trademark use became PAC FILL, INC. sales, revenue, customers, goodwill, and trademark use.

6. Plaintiff has also recently obtained official Canadian trademark and current marketplace evidence showing independent third-party commercial use of ABALI-branded yogurt soda. The Canadian Intellectual Property Office record for ABALI & DESIGN, Application No. 0851910 / Registration No. TMA499937, is

registered and active, identifies yogurt flavoured soda drink goods, depicts a distinctive shield-form ABALI design, and states a claim of "Used in CANADA since May 1985." Current retail photographs show ABALI yogurt soda labeled "Packed for SKYMARK FOODS CORPORATION" and "Product of Canada." Plaintiff alleges that this evidence is material to historical third-party use, marketplace coexistence, chain of rights, and the scope of the exclusivity Pac Fill seeks to assert.

7. Plaintiff has also recently obtained materials concerning ZAM ZAM IRAN CO. identifying the company as founded in approximately 1955 and expressly identifying Doogh Abali among its products. Current product photographs further show DOOGH ABEALI goods bearing the ZAMZAM commercial identity and stating "Made in IRAN." Plaintiff alleges that this evidence reflects a pre-existing Iranian DOOGH ABALI commercial history decades before Pac Fill's claimed 1984-1985 adoption and is material to origin, prior commercial recognition, chain of authority, and the source from which Pac Fill claims rights in the ABALI name.

8. Taken together, the newly obtained FBN, CDFA, invoice, signage, Canadian trademark, and marketplace evidence materially changes the factual record. Plaintiff seeks adjudication based on documents and admissible evidence, not on the unsupported assumption that every act undertaken under the SUN DAIRY / SUN DAIRY COMPANY identity is automatically an act of PAC FILL, INC. or that Pac Fill alone controlled all relevant ABALI commercial use.

## II. JURISDICTION AND VENUE

9. This Court has federal-question jurisdiction under 28 U.S.C. §§ 1331 and 1338 because the claims arise under the Lanham Act, including 15 U.S.C. §§ 1119 and 1125(a). Declaratory relief is sought under 28 U.S.C. §§ 2201 and 2202.

10. Venue is proper in this District because Pac Fill is alleged to conduct business here, the relevant dairy facility is located in Los Angeles County, and substantial events giving rise to the claims occurred in this District.

## III. PARTIES

11. Plaintiff Steve Dashti is an individual appearing pro se.

12. Defendant Pac Fill, Inc. is alleged to be a California corporation associated with 5471 W. San Fernando Road, Los Angeles, California 90039. Pac Fill has represented in litigation that it does business as SUN DAIRY and that SUN DAIRY is its fictitious business name or DBA.

13. SUN DAIRY COMPANY is referenced in this pleading solely because its legal and commercial relationship to Pac Fill is disputed and remains to be established through discovery. Plaintiff disputes Pac Fill's contention that every act, sale, revenue stream, item of goodwill, or trademark use under SUN DAIRY or SUN DAIRY COMPANY is automatically attributable to Pac Fill.

## IV. FACTUAL ALLEGATIONS

### A. The Only Identified Official FBN Record Links SUN DAIRY to Pac Fill in 1995 and reflects a June 27, 2000 Expiration

14. The only official FBN record presently identified by Plaintiff linking SUN DAIRY to PAC FILL, INC. is a Los Angeles County Fictitious Business Name Statement filed on June 27, 1995. It identifies the fictitious business name 'Sun Dairy' and identifies Pac Fill, Inc. as the registrant.

15. The 1995 filing states that the FBN statement expires five years after filing. A later renewal-form record referencing File No. 95-1025703 states that the file expires on June 27, 2000.

16. The renewal form presently available to Plaintiff does not bear an official County Clerk filing stamp or other official acceptance appearing on the copy sufficient, by itself, to establish that a renewal was actually filed, accepted, and continuously effective.

17. Plaintiff has not located, and Pac Fill has not produced to Plaintiff, an official Los Angeles County filing, certified renewal, re-filing, or other governmental record establishing an uninterrupted FBN/DBA chain for SUN DAIRY or SUN DAIRY COMPANY from June 27, 2000 through 2026. Plaintiff alleges that a claimed DBA relationship cannot be treated as self-proving when Pac Fill seeks to use that relationship to capture decades of sales, goodwill, and trademark use under another business name.

**B. State Regulatory Records Identify SUN DAIRY COMPANY as the Licensed Operation**

18. Official CDFA records obtained by Plaintiff identify SUN DAIRY COMPANY at 5471 San Fernando Road, Los Angeles, California 90039 in connection with dairy-production licensing and regulatory activity.

19. CDFA Milk Products Plant Licenses, including records from 2022 through 2026, identify SUN DAIRY COMPANY, Plant No. 06-02900, at that address and identify Vahik Sarkissian under 'Owner Information.'

20. CDFA Market Milk Permits for 2022, 2023, 2024, 2025, and 2026 identify SUN DAIRY COMPANY at the same address, identify Vahik Sarkissian as 'Owner(s),' and state 'Type of Ownership: Corporation.'

21. CDFA inspection and violation records likewise use the trade names SUN DAIRY COMPANY or SUN DAIRY CO. for the same plant and permit number.

22. Plaintiff alleges that these repeated state records create a concrete identity conflict that Pac Fill must reconcile with competent evidence. If SUN DAIRY COMPANY was merely Pac Fill's FBN/DBA, the official chain should show it. If it was separate, the authority connecting its manufacturing, sales, goodwill, and ABALI use to Pac Fill must be shown. Pac Fill cannot obtain the benefit of both positions without proving the relationship on which its claims depend.

23. Plaintiff is not presently aware of any document produced by Pac Fill showing what corporate, FBN, DBA, ownership, or agency information was

supplied to CDFA to cause permits to issue in the SUN DAIRY COMPANY name and to state 'Type of Ownership: Corporation.'

**C. Business Signage, Invoices, and ABALI Commercial Materials Use SUN DAIRY / SUN DAIRY COMPANY, Not PAC FILL, INC.**

24. Plaintiff possesses photographs of the business premises at 5471 San Fernando Road showing exterior signage identifying the business as 'SUN DAIRY CO.' and interior signage using the SUN DAIRY identity.

25. Plaintiff possesses a May 28, 2026 invoice issued on a SUN DAIRY COMPANY invoice form to Wholesome Choice Market in Irvine, California. The invoice lists numerous ABALI-branded dairy products.

26. The May 28, 2026 invoice identifies "Sun Dairy Company" at 5471 West San Fernando Road, lists multiple ABALI products, and does not identify the seller as "PAC FILL, INC. d/b/a SUN DAIRY." Plaintiff alleges that this is direct commercial evidence of the identity under which ABALI sales were invoiced to customers.

27. Plaintiff has reviewed ABALI products, labels, packaging, invoices, and commercial materials presently available to him and alleges that those materials use SUN DAIRY or SUN DAIRY COMPANY rather than PAC FILL, INC. as the outward-facing manufacturer, seller, invoicing entity, or commercial identity.

28. Based on the materials presently available to Plaintiff, Plaintiff has not identified a single ABALI bottle, label, invoice, or sales document naming PAC FILL, INC. itself as the manufacturer or seller. Plaintiff alleges that Pac Fill therefore must produce the legal and accounting bridge by which activity conducted under SUN DAIRY / SUN DAIRY COMPANY is claimed as Pac Fill's own.

29. Plaintiff alleges that the state regulatory records, official licensing documents, administrative records, business signage, invoices, and ABALI sales materials consistently present SUN DAIRY / SUN DAIRY COMPANY as the outward-facing operating and selling business.

**D. Pac Fill Claims ABALI Sales Dating to Approximately 1984 and Claims Plaintiff Caused Lost Sales and Other Commercial Injury**

30. Pac Fill alleges in its Counterclaim that it produced, distributed, sold, offered for sale, marketed, and promoted ABALI products beginning at least as early as approximately 1984.

31. Pac Fill further alleges damages, diverted potential sales, injury to goodwill and reputation, lost revenue, profits, and other commercial injury caused by Plaintiff and/or Counter-Defendants.

32. Those allegations make the identity of the actual seller and the ownership of the claimed sales, customers, revenues, and goodwill material.

33. Plaintiff alleges that Pac Fill must establish the factual and legal basis by which sales conducted under SUN DAIRY or SUN DAIRY COMPANY are attributable to PAC FILL, INC., including any FBN/DBA relationship, agency, license, assignment, succession, common ownership, or other legally sufficient relationship on which Pac Fill relies.

34. Plaintiff disputes that Pac Fill has established continuous ABALI sales by PAC FILL, INC. from 1984 through the present. To the extent Pac Fill relies on such a history, Plaintiff seeks contemporaneous evidence sufficient to identify the seller, customer, date, product, invoice, payment recipient, accounting entry, and entity to which each category of claimed sales and revenue was attributed.

35. Plaintiff further alleges that Pac Fill should not recover damages for lost sales, lost revenue, lost goodwill, or diverted customers unless Pac Fill proves that the underlying sales, revenue, customers, and goodwill legally belonged to PAC FILL, INC.

**E. Pac Fill Has Not Established Either a Continuous Post-2000 FBN/DBA Chain or a Separate Legal Status for SUN DAIRY COMPANY**

36. Plaintiff alleges that Pac Fill has not provided Plaintiff with an official post-2000 FBN/DBA record sufficient to establish continuous FBN status for SUN DAIRY / SUN DAIRY COMPANY through the relevant periods.

37. Plaintiff further alleges that Pac Fill has not provided Plaintiff with articles of incorporation, a Secretary of State registration, or other official corporate record establishing that SUN DAIRY COMPANY is a separate California corporation.

38. Thus, on the present record, Pac Fill has not established either side of the identity question: it has not established a continuous and operative post-2000 FBN/DBA relationship sufficient to resolve the issue, and it has not established that SUN DAIRY COMPANY is a separate corporation.

39. Plaintiff seeks a judicial determination of the actual legal and commercial relationship among PAC FILL, INC., SUN DAIRY, and SUN DAIRY COMPANY.

**F. If SUN DAIRY COMPANY Is Separate, the Chain of Authority to Use ABALI Must Be Established**

40. Pac Fill is the listed owner of U.S. Trademark Registration No. 8,219,926 for the standard-character mark ABALI.

41. If SUN DAIRY COMPANY is legally separate from Pac Fill, Plaintiff alleges that Defendants must identify the assignment, trademark license, manufacturing agreement, distribution agreement, agency agreement, succession document, or other legal instrument authorizing SUN DAIRY COMPANY to manufacture and sell ABALI products and permitting Pac Fill to claim that entity's use, sales, revenue, and goodwill as Pac Fill's own.

42. If SUN DAIRY COMPANY is not legally separate and is merely Pac Fill's FBN/DBA, Plaintiff alleges that Pac Fill must identify the operative official filings and records establishing that relationship for the periods during which the relevant ABALI manufacturing, sales, licensing, and commercial activity occurred.

**G. Revenue, Accounting, Seller's-Permit, and Tax-Reporting Identity**

43. Plaintiff has served discovery seeking the identity of the entity that owned the relevant ABALI goods, issued invoices, made sales, received payment, recorded revenue, and reported income for federal, state, and local tax purposes, as well as documents supporting Pac Fill's contention that SUN DAIRY / SUN DAIRY COMPANY is merely its FBN or DBA.

44. Plaintiff also seeks records sufficient to determine, for the period after the June 27, 2000 expiration reflected in the FBN record through 2026, whether PAC FILL, INC. and SUN DAIRY / SUN DAIRY COMPANY maintained common or separate tax, seller's-permit, or business accounts and which entity reported gross receipts and ABALI-related revenues.

45. As of the filing of this proposed pleading, no documents have been provided to Plaintiff that resolve which entity reported the relevant ABALI revenue or establish an uninterrupted post-2000 FBN chain. Plaintiff does not allege here that a discovery response deadline has expired; he alleges that the requested proof has not yet been produced to him.

46. Plaintiff seeks lawful discovery, subject to applicable confidentiality protections, sufficient to resolve those issues, including appropriate Rule 45 subpoenas or other court-authorized third-party process directed to CDFA and, if authorized and legally available, FTB, CDTFA, relevant state seller's-permit

authorities, and other governmental custodians. The limited purpose of such process is to determine which entity actually operated the dairy business, held the relevant licenses or seller's-permit accounts, issued invoices, received ABALI revenue, and was identified in official governmental records as the owner, operator, corporation, FBN, or DBA. Plaintiff does not ask the Court to infer tax misconduct from the present record.

47. To the extent official governmental records ultimately establish any statutory penalties, assessments, unpaid governmental obligations, or other regulatory consequences arising during the period after June 27, 2000 through 2026, Plaintiff does not seek to recover such governmental amounts personally. Any such penalties, assessments, or governmental remedies remain matters for the responsible agencies and authorities. Plaintiff seeks the underlying records only to the extent they are material to business identity, licensing, operation, revenue attribution, and the claims and defenses in this action.

**H. Materially Inconsistent and Misleading Representations Concerning Business Identity**

48. Plaintiff alleges that Pac Fill has relied in litigation on the proposition that SUN DAIRY is merely its FBN/DBA, while the regulatory and commercial record repeatedly presents SUN DAIRY COMPANY as the licensed and outward-facing business associated with the dairy operation and ABALI sales.

49. Plaintiff alleges that, absent competent records reconciling those positions, Pac Fill's attribution to itself of all SUN DAIRY COMPANY manufacturing, sales, revenue, goodwill, and alleged lost sales is materially incomplete and potentially misleading. Pac Fill should not be permitted to use SUN DAIRY COMPANY as a separate outward-facing commercial identity when advantageous, yet collapse that identity into PAC FILL, INC. whenever doing so is necessary to support trademark use, damages, or goodwill.

50. Plaintiff further alleges that consumers, customers, governmental agencies, and the marketplace encounter the SUN DAIRY / SUN DAIRY COMPANY identity on the facility, licenses, invoices, and ABALI-related materials, while Pac Fill seeks in litigation to claim those commercial acts as its own.

51. The disputed identity is material to Pac Fill's asserted trademark use, claimed historical and current sales, claimed goodwill, damages, alleged diverted sales, and the scope and enforceability of the ABALI rights Pac Fill seeks to assert against Plaintiff.

I. Continuing Pattern of Inconsistent Historical Representations, Disputed Business Identity, and Commercial Conduct Requiring Judicial Determination

52. Plaintiff alleges that this action does not concern a single mistaken date, a single invoice, a single FBN filing, or one isolated representation. The presently available evidence raises a connected series of factual questions concerning historical representations, business identity, manufacture, sales, licensing, revenue, goodwill, and the legal basis for Pac Fill's asserted ABALI rights.

53. In Dkt. 63, Pac Fill admits that there was a statement on a website indicating that SUN DAIRY CO. was founded in 1963; admits that an article indicated that the brand was founded in 1984; and admits that it asserted first-use dates of approximately 1985 in trademark applications and related filings.

54. Pac Fill further admits that a website contained a statement referring to a tradition of more than 50 years and that a published article stated that the company relocated to its current facility by 1988.

55. Plaintiff alleges that the materially different dates of 1963, 1984, and approximately 1985 require judicial examination because they concern the claimed age, continuity, experience, reputation, goodwill, and historical commercial use of SUN DAIRY and ABALI.

56. Plaintiff requests that the Court determine which historical representations were accurate, which were inaccurate or materially misleading, how long any inaccurate representation was disseminated, when Defendants knew or reasonably should have known of any inaccuracy, and whether the representation was promptly and publicly corrected after notice.

57. Plaintiff alleges that representing a business as having operated since a substantially earlier date is capable of conveying longevity, experience, continuity, reputation, and established goodwill to consumers, retailers, distributors, and other commercial customers. Plaintiff therefore seeks discovery and an accounting sufficient to determine whether any challenged historical representation

contributed to sales, revenue, profits, goodwill, customer relationships, market advantage, or other commercial benefit.

58. Plaintiff does not ask the Court to treat the existence of inconsistent dates alone as conclusive proof of intent. Plaintiff requests that the Court determine, after full discovery, whether any inaccurate statement was an isolated mistake or whether its continued use after notice constituted knowing or reckless continuation of materially misleading commercial conduct.

**J. Pac Fill's Claimed ABALI Manufacturing and Sales Versus the Documentary Record**

59. Pac Fill has alleged that it adopted and began using ABALI before 1990 and has asserted commercial activity dating to approximately 1984 or 1985. It also alleges historical and current sales, goodwill, diverted customers, lost sales, revenue, profits, and other commercial injury.

60. Plaintiff alleges that, in the ABALI products, labels, invoices, regulatory records, and commercial materials presently available to him, he has not identified PAC FILL, INC. itself as the named manufacturer or seller of an ABALI product. Those materials instead identify SUN DAIRY or SUN DAIRY COMPANY.

61. Plaintiff therefore requests that Pac Fill identify the specific ABALI products it contends were actually manufactured or sold by PAC FILL, INC., the dates and customers for such transactions, the corresponding invoices and payment records, and the legal basis for attributing SUN DAIRY / SUN DAIRY COMPANY manufacturing, sales, revenue, customers, and goodwill to Pac Fill.

62. Plaintiff alleges that if Pac Fill cannot establish a legally sufficient relationship connecting the relevant SUN DAIRY / SUN DAIRY COMPANY activity to PAC FILL, INC., then Pac Fill cannot simply appropriate that activity as proof of its own ABALI sales, goodwill, lost sales, profits, or damages. The Court should determine which entity actually owned and conducted the relevant commercial activity.

**K. ZAM ZAM, PRE-EXISTING DOOGH ABALI COMMERCIAL HISTORY, GEOGRAPHIC ORIGIN, AND PRIOR RIGHTS**

63. Plaintiff alleges that ABALI is a pre-existing geographic and commercial name. Abali is a locality in Iran near Tehran, approximately 55 to 60 kilometers

from Tehran, and Plaintiff alleges that the historical product name DOOGH ABALI / DOOGH ABEALI derives from that geographic name rather than from any name created by Pac Fill in California.

64. Newly obtained materials concerning ZAM ZAM IRAN CO. identify the company as founded in approximately 1955 and expressly identify Doogh Abali among its products. Plaintiff alleges that this documented commercial history predates Pac Fill's asserted 1984-1985 ABALI history by decades and raises substantial factual questions concerning the actual origin, prior commercial recognition, and chain of authority associated with the ABALI name.

65. Plaintiff has also obtained photographs of commercially sold DOOGH ABEALI products bearing the ZAMZAM commercial identity. The labels identify the product as "DOOGH ABEALI," identify ZamZam Group in connection with production, and state "Made in IRAN." Plaintiff alleges that these materials are direct marketplace evidence of ABALI-related commercial use under the ZAMZAM identity independently of Pac Fill.

66. Official United States trademark records further establish ZAM ZAM IRAN CO. as a documented trademark owner in the United States, including U.S. Registration No. 3,418,193, registered April 29, 2008, and U.S. Registration No. 5,911,056, registered November 19, 2019. Registration No. 5,911,056 includes Class 29 goods encompassing yogurt-based beverages and beverages made from

yoghurt. Plaintiff does not allege that these ZAM ZAM registrations themselves constitute ABALI registrations; they are alleged as corroborating evidence of ZAM ZAM IRAN CO.'s established commercial and trademark presence relevant to the historical chain alleged here.

67. Plaintiff alleges that Pac Fill's later claimed adoption, use, and commercial exploitation of ABALI must therefore be examined against this earlier Iranian DOOGH ABALI commercial history, including whether Pac Fill or its predecessors knew of the pre-existing ABALI commercial recognition and whether they obtained any assignment, license, authorization, acquisition, succession, consent, or other lawful transfer from an earlier ABALI user or rights holder.

**L. NEWLY OBTAINED CANADIAN ABALI REGISTRATION, SHIELD DESIGN, AND CURRENT MARKETPLACE EVIDENCE**

68. Plaintiff recently obtained the official Canadian Intellectual Property Office record for ABALI & DESIGN, Application No. 0851910 / Registration No. TMA499937. The record lists the mark as registered and active for "Yogurt flavoured soda drink," depicts a distinctive shield-form ABALI / YOGURT / SODA design, and states under "Claims": "Used in CANADA since May 1985."

69. Pac Fill has separately asserted ABALI first-use and commercial-history dates in approximately the same 1985 period. Plaintiff alleges that the near-overlap in claimed timing is material because the Canadian record documents a separate

ABALI chain while Pac Fill claims an independently originating California history.

70. The Canadian registered design uses a distinctive shield-form presentation. Pac Fill / SUN DAIRY later used an ABALI shield-form presentation that appears materially similar in overall structure and commercial impression. Plaintiff alleges that the similarity, together with the overlapping claimed 1985 period, raises substantial factual questions concerning access, copying, reproduction of a pre-existing mark or design, authorization, licensing, common source, assignment, acquisition, or other chain of rights. Plaintiff seeks discovery sufficient to determine whether Pac Fill's shield-form ABALI presentation was independently created, lawfully licensed or acquired, or derived from a pre-existing third-party ABALI design, and whether Pac Fill possessed a valid chain of title or other lawful basis for any such reproduction or use.

71. Plaintiff also recently obtained retail photographs showing ABALI-branded yogurt soda offered for sale with the shield-form ABALI design. The rear label states "Packed for SKYMARK FOODS CORPORATION, TORONTO, ONTARIO ... CANADA" and "Product of Canada." The products are presented in a form materially similar to the design shown in the Canadian registration.

72. Plaintiff does not allege that a Canadian registration alone determines priority or ownership under United States law. Plaintiff alleges, however, that this

newly obtained governmental and marketplace evidence directly bears on third-party use, historical use, marketplace coexistence, consumer perception, Pac Fill's knowledge of comparable use, the origin and source of the shield-form design, and the scope of any exclusivity Pac Fill claims.

73. To the extent Pac Fill contends that it originated, continuously controlled, or exclusively possessed the relevant ABALI name, design, or commercial goodwill beginning in 1984 or 1985, Plaintiff alleges that the ZAMZAM evidence, Canadian registration, and current third-party marketplace evidence require Pac Fill to identify the factual and legal basis for that contention, including any objection, consent, license, coexistence, acquisition, assignment, authorization, succession, or other relationship concerning earlier or third-party ABALI use.

**M. SUN DAIRY COMPANY Invoices, Producer Identity, and FBN/DBA Position**

74. Plaintiff alleges that SUN DAIRY COMPANY has for years been presented outwardly as an operating business through invoices, business letterhead, commercial documents, signage, licensing records, and ABALI-related sales materials bearing the SUN DAIRY or SUN DAIRY COMPANY name.

75. Plaintiff possesses invoices issued under the name SUN DAIRY COMPANY for sales of ABALI products. Plaintiff alleges that such invoices are material to determining which entity held itself out as the seller, received payment, recorded revenue, and owned the commercial goodwill associated with the transactions.

76. At the same time, Pac Fill appears in this action as PAC FILL, INC. d/b/a SUN DAIRY and has represented that SUN DAIRY is its FBN/DBA. Plaintiff alleges that the only presently identified official Los Angeles County FBN filing linking SUN DAIRY to Pac Fill dates from 1995 and reflects a June 27, 2000 expiration date, while no official continuous chain through the later relevant periods has yet been produced to Plaintiff.

77. Plaintiff requests that the Court determine whether SUN DAIRY / SUN DAIRY COMPANY was in fact a valid FBN/DBA of Pac Fill during each relevant period, a separate legal or commercial entity, or operated under a different legal relationship, and whether Pac Fill's litigation characterization is supported by official records.

**N. Actual Manufacturing Function, Third-Party Production, Private Label, and Co-Packing**

78. Plaintiff previously raised questions concerning the actual manufacturing function of the premises at 5471 San Fernando Road and whether the location was used for substantial dairy manufacturing and processing or principally for storage, warehousing, distribution, labeling, packaging, or related commercial activity.

79. Plaintiff alleges that ABALI products were also obtained from third-party manufacturers through private-label and/or co-packing arrangements. Plaintiff seeks discovery sufficient to determine which ABALI products, if any, were actually manufactured or processed by PAC FILL, INC. or SUN DAIRY / SUN DAIRY COMPANY at the premises, which products were manufactured by third parties, and the contractual and legal basis for attributing such third-party manufacturing and sales to Pac Fill.

80. Plaintiff has repeatedly sought discovery concerning the actual manufacturer of ABALI products, third-party production, private-label and co-packing arrangements, source of products, seller identity, licensing, and activities performed at 5471 San Fernando Road. Plaintiff alleges that Defendants had multiple opportunities to clarify these issues and produce the supporting contracts, purchase orders, invoices, manufacturing records, private-label agreements, co-packing agreements, and related documents, but sufficient documents resolving these issues have not been produced to Plaintiff.

81. Plaintiff therefore requests full documentary discovery and, where necessary and legally permitted, appropriate third-party subpoenas to determine the actual manufacturer, actual seller, source of the products, role of the subject premises, and nature of any private-label or co-packing arrangements.

**O. Additional Regulatory, Facility, and Environmental Matters Previously Raised**

82. Plaintiff has previously raised additional matters concerning the premises and the regulatory basis for the claimed dairy-manufacturing operation. Plaintiff alleges, based on information and materials previously presented, that the actual permitted and physical use of the premises should be examined to determine whether it was consistent with the manufacturing activities now attributed to Pac Fill and/or SUN DAIRY / SUN DAIRY COMPANY.

83. Plaintiff has also previously raised the proximity of the premises to facilities associated with the transfer, collection, or handling of municipal waste in the Glendale area. Plaintiff does not ask the Court to infer a regulatory violation from proximity alone. Plaintiff requests, if material to the claims and defenses, that the relevant governmental records establish whether such conditions were disclosed, inspected, or considered in connection with dairy-production licensing and operation.

84. Plaintiff requests, where relevant and permitted, records from CDFA concerning applications, inspections, ownership disclosures, facility classifications, licensing, renewals, correspondence, and the information supplied to CDFA concerning the identity of the owner, operator, corporation, FBN, or DBA associated with SUN DAIRY / SUN DAIRY COMPANY.

85. Plaintiff further requests, only to the extent relevant and legally discoverable, appropriate records from state, county, or municipal authorities concerning environmental health, sanitation, waste handling, wastewater, zoning, building use, fire and safety, food-production permitting, or other regulatory matters bearing directly on the nature and legality of the claimed manufacturing operation.

86. Plaintiff alleges that these additional regulatory matters are not offered as collateral accusations. Their relevance is to determine what activity was actually authorized and conducted at the premises, which entity conducted it, what representations were made to governmental agencies, and whether those representations are consistent with the positions taken in this litigation.

**P. Repeated Discovery Requests and Incomplete Factual Record**

87. Plaintiff alleges that he has repeatedly requested documents and information concerning business identity, FBN/DBA status, historical ABALI sales, actual manufacturing, third-party production, licensing, revenue, seller identity, and chain of authority, and that Defendants have raised objections,

procedural positions, and other grounds that have delayed or limited production of evidence needed to resolve those matters.

88. Plaintiff further alleges that Defendants had multiple opportunities in discovery to state directly whether particular ABALI products were manufactured at the subject premises, manufactured by third parties, or supplied through private-label or co-packing arrangements, and to produce the supporting records. Plaintiff alleges that those material issues remain unresolved because sufficient supporting evidence has not been produced to him.

89. Plaintiff acknowledges that some recently served discovery may not yet have reached its response deadline. His allegation is not that every outstanding request is presently overdue, but that the overall record remains incomplete despite repeated prior requests directed to the same core issues.

**Q. Judicial Determination of the Entire Continuing Pattern**

90. Plaintiff respectfully requests that the Court examine the record as a connected whole rather than allowing Pac Fill to isolate each contradiction. The official FBN record, post-2000 gap, CDFA identification of SUN DAIRY COMPANY as a corporation, SUN DAIRY COMPANY invoices, facility signage, third-party production issues, the newly obtained ZAMZAM / DOOGH ABEALI evidence, the Canadian ABALI registration and shield design, current retail evidence, and Pac Fill's inconsistent historical dates collectively raise substantial factual questions concerning who first used and commercialized ABALI, who sold the products, who owned the goodwill, the source of the shield-form presentation, and what commercial history can lawfully be attributed to Pac Fill.

91. The admissions in Dkt. 63 establish that the challenged historical representations existed; they do not by themselves decide their truth, falsity, materiality, duration, commercial use, knowledge, intent, financial benefit, or legal consequences. Plaintiff requests that those matters be determined by the Court after full discovery and consideration of the complete evidentiary record.

92. Plaintiff further requests that the Court determine whether the evidence establishes a connected and continuing chain of conduct extending from the historical representations through the present, whether any false or materially misleading representations were knowingly maintained or commercially exploited, whether Defendants obtained sales, revenue, profits, goodwill, customers, market advantage, or other commercial benefit from such conduct, and what legal and equitable relief is warranted.

93. The record now includes materially different evidence that was not previously assembled as the factual basis of this pleading: official state licensing records, SUN DAIRY COMPANY sales documents, the post-2000 FBN gap, ZAMZAM materials documenting earlier DOOGH ABALI commercial history, current ZAMZAM / DOOGH ABEALI product evidence, and official Canadian and marketplace evidence of a separate ABALI chain and shield-form design. Plaintiff alleges that these documents require the factual record to be established by evidence rather than by repeated assertion.

94. Plaintiff therefore requests full judicial examination consistent with the rule of law, the interests of justice, and equal treatment of all parties before the Court, so that the Court may determine the true facts, identify the responsible entity or entities, determine the extent of any continuing conduct, and award the relief authorized by law and supported by the evidence.

## V. CLAIMS FOR RELIEF

### COUNT ONE

### DECLARATORY RELIEF - LEGAL IDENTITY AND STATUS OF SUN DAIRY / SUN DAIRY COMPANY

95. Plaintiff incorporates all preceding allegations as though fully set forth herein.

96. An actual and substantial controversy exists concerning the legal identity and status of SUN DAIRY and SUN DAIRY COMPANY and their relationship to PAC FILL, INC.

97. Plaintiff seeks a declaration identifying the legal and commercial relationship among PAC FILL, INC., SUN DAIRY, and SUN DAIRY COMPANY during the relevant periods.

### COUNT TWO

### DECLARATORY RELIEF - ATTRIBUTION OF ABALI MANUFACTURING, SALES, REVENUE, GOODWILL, AND ALLEGED LOST SALES

98. Plaintiff incorporates all preceding allegations as though fully set forth herein.

99. An actual controversy exists concerning whether ABALI manufacturing, invoicing, sales, revenues, goodwill, customers, and alleged lost sales conducted or recorded under SUN DAIRY / SUN DAIRY COMPANY are legally attributable to PAC FILL, INC.

100. Plaintiff seeks a declaration that Pac Fill may attribute such activity to itself only to the extent supported by a legally sufficient FBN/DBA, agency, license, assignment, succession, ownership, or other relationship established by admissible evidence.

**COUNT THREE**

**DECLARATORY RELIEF - FAILURE TO ESTABLISH A VALID AND CONTINUOUS POST-2000 FBN/DBA RELATIONSHIP OR A SEPARATE LEGAL STATUS FOR SUN DAIRY COMPANY**

101. Plaintiff incorporates all preceding allegations as though fully set forth herein.

102. The only official FBN record presently identified by Plaintiff linking SUN DAIRY to PAC FILL, INC. is the June 27, 1995 Los Angeles County filing, and the related record reflects a June 27, 2000 expiration date.

103. Plaintiff seeks a declaration concerning whether SUN DAIRY / SUN DAIRY COMPANY was a valid and operative FBN/DBA of Pac Fill during the relevant post-2000 periods or, alternatively, whether SUN DAIRY COMPANY possessed a separate legal status.

**COUNT FOUR**

**DECLARATORY RELIEF - CHAIN OF AUTHORITY AND IDENTIFICATION OF THE ENTITY RECEIVING AND REPORTING ABALI REVENUE**

104. Plaintiff incorporates all preceding allegations as though fully set forth herein.

105. If SUN DAIRY COMPANY is separate from Pac Fill, an actual controversy exists regarding the legal instrument or authority permitting it to manufacture and sell ABALI products and permitting Pac Fill to claim those acts, revenues, and goodwill as its own.

106. Plaintiff seeks a declaration, to the extent necessary to resolve the trademark and commercial controversy, identifying the entity responsible for the

relevant ABALI sales, receipt of proceeds, recording of revenue, and ownership of the resulting goodwill. Plaintiff does not seek a declaration of tax liability.

**COUNT FIVE**

**CANCELLATION, RESTRICTION, MODIFICATION, OR DECLARATION OF UNENFORCEABILITY OF REGISTRATION NO. 8,219,926 (15 U.S.C. § 1119)**

107. Plaintiff incorporates all preceding allegations as though fully set forth herein.

108. Pac Fill is the listed owner of U.S. Trademark Registration No. 8,219,926 for the standard-character mark ABALI in International Class 29.

109. Plaintiff alleges that the identity of the entity actually using ABALI in commerce, the legal basis for attributing SUN DAIRY / SUN DAIRY COMPANY use and sales to Pac Fill, the ownership of the claimed goodwill, the earlier ZAMZAM / DOOGH ABALI commercial history, and the newly obtained evidence of separate Canadian ABALI use are material to the scope and enforceability of the rights Pac Fill asserts against Plaintiff.

110. Plaintiff further alleges that the Canadian ABALI & DESIGN registration claiming use in Canada since May 1985, its shield-form design, current retail evidence of ABALI products packed for a Canadian company, and the earlier ZAMZAM / DOOGH ABALI evidence materially reinforce the need to determine the actual historical chain of ABALI use, the source of the ABALI name and shield-form presentation, and the scope of Pac Fill's claimed exclusivity.

111. Plaintiff requests that the Court, after development of the evidentiary record, determine the parties' rights in relation to Registration No. 8,219,926 and order such cancellation, restriction, modification, or declaration of unenforceability as the evidence and law warrant.

**COUNT SIX**

**FALSE DESIGNATION OF ORIGIN / MISLEADING SOURCE, AFFILIATION, AND BUSINESS IDENTITY (15 U.S.C. § 1125(a)(1)(A))**

112. Plaintiff incorporates all preceding allegations as though fully set forth herein.

113. Defendants have used the ABALI designation in interstate commerce together with the SUN DAIRY / SUN DAIRY COMPANY identity.

114. Plaintiff alleges that materially misleading representations concerning the identity, affiliation, connection, sponsorship, or commercial source of the entity manufacturing and selling ABALI goods are likely to cause confusion or deception where the marketplace is presented with SUN DAIRY / SUN DAIRY COMPANY while Pac Fill later claims the same activity as its own without producing the operative chain that connects those identities.

115. Plaintiff alleges actual and threatened commercial injury from the use of those representations in the marketplace and from Pac Fill's enforcement of asserted ABALI rights against Plaintiff based on commercial activity whose attribution to Pac Fill is disputed.

**COUNT SEVEN**

**FALSE ADVERTISING / MATERIALLY MISLEADING COMMERCIAL REPRESENTATIONS (15 U.S.C. § 1125(a)(1)(B))**

116. Plaintiff incorporates all preceding allegations as though fully set forth herein.

117. Defendants have made commercial statements and used commercial materials concerning the identity, continuity, operation, source, affiliation, and history of the business selling ABALI products, including statements that SUN DAIRY CO. was founded in 1963, materials describing ABALI history from 1984, and trademark-related positions referring to approximately 1985.

118. Plaintiff alleges that, to the extent such commercial statements convey a materially false or misleading impression concerning the identity, continuity,

ownership, source, affiliation, or commercial history of the business selling ABALI products, they constitute false or misleading representations of fact in commercial advertising or promotion.

119. Plaintiff alleges actual or threatened commercial injury resulting from the challenged marketplace representations and the use of those representations in connection with the marketing and enforcement of ABALI rights against Plaintiff.

120. Plaintiff further alleges that the materially different historical representations concerning 1963, 1984, and approximately 1985 must be evaluated against the earlier ZAMZAM / DOOGH ABALI commercial history, the newly obtained Canadian registration claiming ABALI use in Canada since May 1985, the Canadian shield-form design, and the evidence of current third-party ABALI products. Those materials are capable of affecting perceptions of origin, longevity, continuity, exclusivity, reputation, and goodwill.

121. Plaintiff seeks a determination whether any inaccurate historical representation was used in commercial advertising or promotion, whether consumers or commercial customers were actually deceived or likely to be deceived, whether the representation was material to purchasing or commercial decisions, and whether Defendants derived sales, revenue, profits, goodwill, or other commercial benefit from its use.

122. Plaintiff further seeks a determination whether any continued publication or commercial use after Defendants knew or reasonably should have known of an inaccuracy constituted knowing or reckless continuation of misleading commercial conduct rather than an isolated historical mistake.

123. Plaintiff requests discovery and an accounting sufficient to determine the duration, reach, commercial use, financial benefit, and consequences of the challenged representations and seeks all remedies legally available upon proof of the required elements.

## VI. DAMAGES AND INJURY

124. Plaintiff alleges that Defendants' challenged conduct has caused or threatens commercial injury, including delay and obstruction of Plaintiff's planned market entry, diversion of business resources, costs incurred in responding to allegedly unsupported commercial and trademark assertions, and loss of business opportunities, to the extent proven.

125. Plaintiff seeks compensatory damages for legally cognizable and proven losses; disgorgement of profits to the extent authorized; restitution where

available; enhanced or statutory damages only to the extent authorized by applicable law and supported by the evidentiary record; and costs of suit.

126. Plaintiff does not seek an award based on speculation. The amount and categories of recoverable damages will be established through discovery, accounting, admissible evidence, and trial.

# VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in his favor and against Defendants as follows:

A. A declaration of the parties' rights and legal relations concerning ABALI and the relationship among PAC FILL, INC., SUN DAIRY, and SUN DAIRY COMPANY;

B. A declaration concerning whether SUN DAIRY / SUN DAIRY COMPANY was a valid and operative FBN/DBA of Pac Fill during the relevant periods or possessed a separate legal status;

C. A declaration identifying the legal basis, if any, for attributing SUN DAIRY / SUN DAIRY COMPANY manufacturing, sales, trademark use, revenue, goodwill, customers, and alleged lost sales to PAC FILL, INC.;

D. An order under 15 U.S.C. § 1119 cancelling, restricting, modifying, or declaring unenforceable Registration No. 8,219,926 to the extent warranted by the evidence and law;

E. Preliminary and permanent injunctive relief against false or misleading marketplace representations concerning source, affiliation, sponsorship, business identity, or ownership, to the extent proven;

F. An accounting of relevant ABALI sales and revenues sufficient to identify the entity that made the sales, issued invoices, received payment, recorded revenue, reported income, and owned the claimed goodwill, subject to applicable law and confidentiality protections;

G. Authorization for appropriate Rule 45 subpoenas or other court-authorized third-party process directed to CDFA and, to the extent legally permissible and material, FTB, CDTFA, relevant state seller's-permit authorities, and other governmental custodians, for records sufficient to determine which entity actually operated the dairy business, held the relevant licenses or seller's-permit accounts, issued invoices, received and reported ABALI-related revenue, and was identified in official records as PAC FILL, INC., SUN DAIRY, SUN DAIRY COMPANY, a corporation, or an FBN/DBA, subject to applicable confidentiality laws and protective measures;

H. Compensatory damages, disgorgement, restitution, and any enhanced or statutory damages available under applicable law, all to the extent proven;

I. Costs of suit and such other relief as the Court deems just and proper; and

J. An order permitting appropriate discovery concerning actual manufacturing, third-party production, private-label and co-packing arrangements, the role of 5471 San Fernando Road, and the identity of the actual manufacturer and seller of ABALI products;

K. Appropriate Rule 45 subpoenas or other lawful third-party process directed, where material and legally permitted, to CDFA, FTB, CDTFA, and relevant state, county, or municipal custodians for records sufficient to determine business identity, licensing, seller's-permit status, revenue-reporting identity, facility use, and related regulatory matters;

L. A judicial determination whether the historical representations concerning 1963, 1984, and approximately 1985 were accurate, false, or materially misleading; whether any inaccurate representation was knowingly continued after notice; and whether Defendants obtained commercial benefit from such representations;

M. A judicial determination, after full discovery, whether the matters alleged constitute isolated unrelated events or a connected and continuing pattern of materially misleading commercial conduct, disputed business identity, unsupported attribution of ABALI manufacturing, sales, revenue, goodwill, and damages, and unsupported claims of historical origin or exclusivity;

N. A judicial determination concerning the factual and legal chain, if any, connecting Pac Fill to the earlier ZAMZAM / DOOGH ABALI commercial history and to the Canadian ABALI & DESIGN shield-form presentation, including any assignment, license, authorization, acquisition, succession, consent, common source, or other operative transfer or relationship;

O. A jury trial on all issues so triable.

## VIII. JURY DEMAND

127. Plaintiff demands a trial by jury on all claims and issues for which a jury trial is available.

Dated: September 23, 2026
Respectfully submitted,
/s/ Steve Dashti
Steve Dashti
Plaintiff, Pro Se

# PROPOSED EXHIBIT INDEX

**Exhibit A:** Official 1995 Los Angeles County Fictitious Business Name Statement for SUN DAIRY identifying PAC FILL, INC. as registrant.

**Exhibit B:** Renewal-form record referencing File No. 95-1025703 and reflecting an expiration date of June 27, 2000.

**Exhibit C:** May 28, 2026 SUN DAIRY COMPANY invoice listing multiple ABALI-branded products.

**Exhibit D:** 2022 CDFA Milk Products Plant License for SUN DAIRY COMPANY, Plant No. 06-02900, identifying Vahik Sarkissian under Owner Information and stating that the license is non-transferable.

**Exhibit E:** CDFA Market Milk Permits for 2023, 2024, 2025, and 2026 identifying SUN DAIRY COMPANY, Vahik Sarkissian as Owner, and “Type of Ownership: Corporation.”

**Exhibit K:** Official Canadian Intellectual Property Office record for ABALI & DESIGN, Application No. 0851910 / Registration No. TMA499937, showing registered and active status, the shield-form design, and the claim “Used in CANADA since May 1985.”

**Exhibit L:** Current retail photographs of ABALI yogurt soda products identifying SKYMARK FOODS CORPORATION, Toronto, Ontario, stating “Product of Canada,” and displaying a shield-form ABALI presentation.

# PROOF OF SERVICE

**Steve Dashti v. Pac Fill, Inc.**
Case No. **2:26-cv-03385-PA (BFMx)**

I, Steve Dashti, declare:

I am the Plaintiff in this action and appear pro se.

On September 23, 2026, I served true and correct copies of the following documents:

1. Plaintiff's Renewed Motion for Leave to File Second Amended Complaint and for Limited Modification of the Scheduling Order Under Fed. R. Civ. P. 16(b)(4), and, to the Extent Necessary, Request for Reconsideration of the September 18, 2026 Order;
2. Declaration of Steve Dashti Regarding Diligence and Newly Obtained Evidence in Support of Renewed Motion for Leave to File Second Amended Complaint;
3. Proposed Second Amended Complaint;
4. Exhibits in Support of Plaintiff's Renewed Motion; and
5. [Proposed] Order Granting Plaintiff's Renewed Motion for Leave to File Second Amended Complaint and for Limited Modification of the Scheduling Order Under Fed. R. Civ. P. 16(b)(4).

**BY E-MAIL:** The foregoing documents are being served as attachments by electronic mail to Laura A. Prongos of Hanson Bridgett LLP, counsel for Defendant PAC FILL, INC., at her e-mail address of record

.I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 23, 2026, at Woodland Hills, California.

**/s/ Steve Dashti**
Steve Dashti
Plaintiff, Pro Se

70020

REGISTRAR - RECORDER/COUNTY CLERK
BUSINESS FILING AND REGISTRATION
P.O. BOX 592, LOS ANGELES, CA 90053-0592
PH: (310) 462-2060

THIS FORM WILL BE ACCEPTED FOR FILING ONLY IF IT IS TYPED OR PRINTED "LEGIBLY" IN BLACK INK.

REGISTRAR - RECORDER / COUNTY CLERK's FILING STAMP

95-1025703

RECORDED/FILED IN OFFICIAL RECORDS
RECORDER'S OFFICE
LOS ANGELES COUNTY
CALIFORNIA
2:41 PM JUN 27 1995

FEE $10 BP

Mailing Address: (Not to newspaper)

Name: Vahik Sarkissian

Address: 5471 San Fernando Rd.West

City: Los Angeles , CA 90039

Daytime Telephone #(818)409-0118

**1** [X] First Filing [ ] Renewal Filing [ ] With Changes

## FICTITIOUS BUSINESS NAME STATEMENT

THE FOLLOWING PERSON(S) IS (ARE) DOING BUSINESS AS: (Attach additional pages if required)

**2** Fictitious Business Name(s)
1. Sun Dairy
2.

3. Articles of Incorporation Number (if applicable) AI # 1478885

**3** Street Address & City of Principle Place of Business in California (P.O. Box alone not acceptable) ZIP Code
5471 San Fernando Rd. West Los Angeles CA 90039

**4** Full name of Registrant (if corporation - incorporated in what state)
Pac Fill, Inc.
Residence Street Address City State ZIP Code
5471 San Fernando Rd. West Los Angeles CA 90039

**4A** Full name of Registrant (if corporation - incorporated in what state)
Residence Street Address City State ZIP Code

**4B** Full name of Registrant (if corporation - incorporated in what state)
Residence Street Address City State ZIP Code

**5** This Business is conducted by: (check one only)
( ) an individual ( ) a general partnership ( ) joint venture ( ) a business trust
( ) co-partners ( ) husband and wife (X) a corporation ( ) a limited partnership
( ) an unincorporated association other than a partnership ( ) other - please specify

**6** Type of Business: (Example: Auto Repairing, Beauty Salon, Landscaping) Beverage Manufacturing, Dairy Products

**7** (✓) The registrant commenced to transact business under the fictitious business name or names losted above on (Date): June 1,1995
( ) Registrant has not yet begun to transact business under the fictitious business name or names listed herein.

**8** If Registrant is not a corporation sign below:

SIGNATURE — TYPE OR PRINT NAME
SIGNATURE — TYPE OR PRINT NAME
SIGNATURE — TYPE OR PRINT NAME

**8A** If Registrant is a corporation sign below:
Pac Fill, Inc.
CORPORATION NAME
[signature]
SIGNATURE & TITLE
Vahik Sarkissian (sec.)
TYPE OR PRINT OFFICERS NAME AND TITLE

CA DRIVER LICENSE NO — OPTIONAL
Social security number (SSN) (optional) — OPTIONAL
Employer ID number (Not SSN) — OPTIONAL

This statement was filed with the County Clerk of LOS ANGELES County on date indicated by file stamp above.

NOTICE - THIS FICTITIOUS NAME STATEMENT EXPIRES FIVE YEARS FORM THE DATE IT WAS FILED IN THE OFFICE OF THE COUNTY CLERK. A NEW FICTITIOUS BUSINESS NAME STATEMENT MUST BE FILED PRIOR TO THAT DATE. The filing of this statement does not of itself authorize the use in this state of a fictitious business name in violation of the rights of another under federal, state, or common law (See Section

PAC FILL (SUN DAIRY) 0000

MAILING ADDRESS:

Name: SUN DAIRY
Address: 5471 W SAN FERNANDO RD
City/st/zip: LOS ANGELES CA 90039-1014

☐ First Filing ☒ Renewal File # 951025703
☐ With Changes

# FICTITIOUS BUSINESS NAME STATEMENT

The following person(s) is (are) doing business as:

**1** Fictitious Business Name(s) - ("Inc", "Corp" LLC names attach Articles)
-1- SUN DAIRY
(Add $2 to County Clerk check per extra business name(s) below at same address.)
-2-
-3-
(attach extra pages if needed)

**2** (Street address of principle place of business in California /PO Box alone not accepted)
5471 W SAN FERNANDO RD
LOS ANGELES CA 90039-1014 C055 USPS CRRT

File #951025703 expires 6/27/2000 or 40 days after business changes.

PRINT CLEARLY & SIGN in BLACK INK for county microfilm/return to you.
COMPLETE LINES 1 to 6 or 6A: - Make changes on each line if needed
WRITE 2 CHECKS: $10 LA County Clerk and $39 Acton/Agua Dulce News to renew without any changes.
or $10 LA County Clerk and $71 AAD News to renew & publish with changes/First Filing.
(Add $2, per extra business name/registrant to LA County Clerk check - See #1 & #3b)
**SIGN 6 or 6A in BLACK INK: Mail back this ORIGINAL FORM with 2 checks.**
See renewal publishing requirements and fees explained on back of this form.

**3** Print Full name of Registrant here (registrant can be person or corporation): PAC FILL INC
(if corporation - incorporated in which state): CA
Articles of Incorporation#/Organization #: AI#/ORG#
Residence Street Address: 5471 W SAN FERNANDO RD City: LOS ANGELES State Zip: CA 90039-1014

**3a** Print Full name of second Registrant
Second Registrant's Residence Street Address City State Zip

(Add $2 to County Clerk check for each registrant's name listed below this line - add another paper if necessary) See line 4 - who must print/name/home address

**3b** Print Full name of third Registrant
Third Registrant's Residence Street Address City State Zip

**3c** Print Full name of fourth Registrant
Fourth Registrant's Residence Street Address City State Zip

**4** THIS BUSINESS IS CONDUCTED BY: (Mark One Box Only)
☐ INDIVIDUAL (One Person) print name & address in 3 - sign 6
☐ HUSBAND AND WIFE - print both names & addresses in 3 & 3a-both must sign 6
☐ UNINCORPORATED ASSOCIATION of 2 or more (not a partnership) - print one in 3 - only one must sign 6
☐ GENERAL PARTNERSHIP - print names and home addresses of ALL partners in 3, 3a, 3b, 3c etc - one partner must sign 6
☐ LIMITED PARTNERSHIP - print one partner's name and address in 3 - sign 6
☐ CO-PARTNERS - print all in 3, 3a, 3b etc - all must sign 6
☒ CORPORATION - print corporate name & address in 3 - officer sign 6A & send articles
☐ LLC/limited liability company - print LLC name & address in 3 - officer sign 6A & send articles
☐ JOINT VENTURE - print all in 3, 3a, 3b etc. - all must sign 6
☐ BUSINESS TRUST - print trust, date of trust, trustee & address in 3 - trustee must sign 6

**5** ☒ THE REGISTRANT COMMENCED/CONTINUED TO TRANSACT BUSINESS UNDER THE FICTITIOUS NAME(S) AND NUMBER LISTED ON (DATE): 6 /27 /95
☐ Registrant has not yet begun to transact business under the fictitious business name(s) listed herein.

**6** REGISTRANT SIGN & PRINT NAME IN BLACK INK - (ONLY SIGN 6A if Corporation/LLC marked in 4)

3 signature: [signature] print name: VAHIK SARKISSIAN
3a signature print name
3b signature print name
3c signature print name
(add another paper if more than four registrants)

**6A** Only CORPORATIONS/LLC SIGN HERE
If "Corporation" or "LLC" is marked in 4 an officer must SIGN BELOW & send copy of ARTICLES OF INCORPORATION /ORG. showing STATE, ENDORSED date & FILE number. (See 1, 3, 6A back form)
CORPORATION/LLC MAKING THIS FILING: PAC FILL INC
CORPORATE OFFICER'S SIGNATURE
print officer's name: VAHIK SARKISSIA Secretary
TITLE - Check one: ☐ President ☒ Secretary ☐ Vice President ☐ Treasurer ☐

THIS STATEMENT WAS FILED WITH THE COUNTY CLERK OF LOS ANGELES COUNTY ON DATE INDICATED BY FILE STAMP TOP RIGHT.

©2000 Joyce Media, Inc.

NOTICE-THIS FICTITIOUS NAME STATEMENT **EXPIRES 5 YRS FROM THE DATE IT WAS FILED AS SHOWN ABOVE IN #5 or TOP RIGHT.** A NEW FICTITIOUS BUSINESS NAME STATEMENT **MUST BE FILED PRIOR TO THAT DATE.** THE FILING OF THIS STATEMENT DOES NOT OF ITSELF AUTHORIZE THE USE IN THIS STATE OF A FICTITIOUS BUSINESS NA[ME] IN VIOLATION OF THE RIGHTS OF ANOTHER UNDER FEDERAL, STATE, OR COMMON LAW (SEE SECTION 14400 ET SEQ. BUSINESS AND PROFESSIONS CODE).

LEGAL DESK™ - Fictitious Business Name Statements
• NAME SEARCH/Answer Phone 1-900-505-7171
(Adjudicated in LA COUNTY Superior Court #NOC 9391)
33332 Santiago Rd. - Bureau Desk #21 - G.Y.M.
ACTON/AGUA DULCE NEWS (661-269-1169 -joycemed@pacbell.net)
PO Box 57 • ACTON, CA 93510-0057

Lost your file number? Forgot your expire date? Starting a new business?
• CALL 1 900 505 7171 Live operator no waiting - 7 names per call - COMPUTER SEARCH /LOOK UP ($5 first min. - extra min $2)
LOOK UP BUSINESS NAMES IN USE - BEFORE YOU FILE - AVOID LEGAL PROBLEMS

Notice prepared on 4/14/2000

2 3 2 0 1 7 9 5 1 0 2 5 7 0 3

SUN DAIRY CO.
Sun Dairy Company
5471 West San Fernando road
Los Angeles, CA 90039
Phone: 8184090117
Email: orders@sundairy.com
Fax # (818) 409-9102

# Invoice

| Date | Invoice # |
|---|---|
| 5/28/2026 | [redacted] |

**Bill To**

[redacted]

**Ship To**

[redacted]

| P.O. Number | S.O. No. | Terms | Rep | Ship |
|---|---|---|---|---|
| | | Net 30 | | 5/28/2026 |

| uantity | Item Code | Description | Price Each | U/M | Amount |
|---|---|---|---|---|---|
| 12 | A32 | ABALI YOGURT, FULL FAT 6/32 oz | 17.76 | 6/case | 213.12 |
| 3 | AL32 | ABALI YOGURT, LF 6/32 oz | 17.76 | 6/case | 53.28 |
| 2 | ANF32 | ABALI YOGURT NF 6/32 OZ | 17.76 | 6/case | 35.52 |
| 1 | AP32 | ABALI PROBIOTIC ORIGINAL YOGURT 6/32OZ | 17.76 | 6/case | 17.76 |
| 1 | APL32 | ABALI PROBIOTIC YOGURT LF 6/32OZ | 17.76 | 6/case | 17.76 |
| 5 | AA64 | ABALI YOGURT 6/64oz | 30.60 | 6/case | 153.00 |
| 5 | AAL64 | ABALI PLAIN LF YOGURT 6/64-OZ | 30.60 | 6/case | 153.00 |
| 1 | AAH64 | ABALI HOMESTYLE PLAIN YOGURT6/64OZ | 30.60 | 6/case | 30.60 |

Pallet Charge

**Total** [redacted]

llets Out | Pallets In

**Balance Due:** [redacted]

**STATE OF CALIFORNIA**
**DEPARTMENT OF FOOD AND AGRICULTURE**
**MILK AND DAIRY FOOD SAFETY BRANCH**
**1220 N STREET, A-170**
**P.O. BOX 942871**
**SACRAMENTO, CA 94271-0001**

# MILK PRODUCTS PLANT LICENSE

**Plant No: 06-02900 M** **Expires: 12/31/2022**

SUN DAIRY COMPANY
5471 SAN FERNANDO RD
LOS ANGELES, CA 90039

**Amount Paid:** $[redacted]

**Owner Information:**

VAHIK SARKISSIAN

**Plant Physical Location:**

Sun Dairy Company
5471 San Fernando Rd
Los Angeles, CA 90039

**RC Number -** 213282908

**Plant is In** LOS ANGELES

**POST IN A CONSPICUOUS PLACE**

**2022 LICENSE - Non-Transferable**
**This is not a bill**

**STATE OF CALIFORNIA**
**DEPARTMENT OF FOOD AND AGRICULTURE**
**MILK AND DAIRY FOOD SAFETY BRANCH**

# Market Milk Permit
# 2023

**Mailing Address:**

SUN DAIRY COMPANY
5471 SAN FERNANDO RD
LOS ANGELES, CA 90039

**Permit No. 1242**
**Expires: 12/31/2023**

**Location Address:**

SUN DAIRY COMPANY
5471 SAN FERNANDO RD
LOS ANGELES, CA 90039
County of Los Angeles

**Owner(s): Vahik Sarkissian**

**Type of Ownership: Corporation**

Is hereby authorized to engage in business as a:

**Processor**

of market milk in the State of California in accordance with provision of Section 33222 of the California Food and Agricultural Code. This permit is subject to the conditions set forth in Division 15 of the Food and Agricultural Code and the rules and regulations for its enforcement, and may be revoked for violation thereof.

Registered Dairy Inspector

Chief

Milk and Dairy Food Safety Branch
1220 N Street
Sacramento, California 95814

**STATE OF CALIFORNIA**
**DEPARTMENT OF FOOD AND AGRICULTURE**
**MILK AND DAIRY FOOD SAFETY BRANCH**

# Market Milk Permit
# 2024

**Mailing Address:**

SUN DAIRY COMPANY
5471 SAN FERNANDO RD
LOS ANGELES, CA 90039

**Permit No. 1242**
**Expires: 12/31/2024**

**Location Address:**

SUN DAIRY COMPANY
5471 SAN FERNANDO RD
LOS ANGELES, CA 90039
County of Los Angeles

**Owner(s): Vahik Sarkissian**

**Type of Ownership: Corporation**

Is hereby authorized to engage in business as a:

**Processor**

of market milk in the State of California in accordance with provision of Section 33222 of the California Food and Agricultural Code. This permit is subject to the conditions set forth in Division 15 of the Food and Agricultural Code and the rules and regulations for its enforcement, and may be revoked for violation thereof.

Registered Dairy Inspector

Chief

Milk and Dairy Food Safety Branch
1220 N Street
Sacramento, California 95814

**STATE OF CALIFORNIA**
**DEPARTMENT OF FOOD AND AGRICULTURE**
**MILK AND DAIRY FOOD SAFETY BRANCH**

# Market Milk Permit
# 2025

**Mailing Address:**

SUN DAIRY COMPANY
5471 SAN FERNANDO RD
LOS ANGELES, CA 90039

**Permit No. 1242**
**Expires: 12/31/2025**

**Location Address:**

SUN DAIRY COMPANY
5471 SAN FERNANDO RD
LOS ANGELES, CA 90039
County of Los Angeles

**Owner(s): Vahik Sarkissian**

**Type of Ownership: Corporation**

Registered Dairy Inspector

Is hereby authorized to engage in business as a:

**Processor**

of market milk in the State of California in accordance with provision of Section 33222 of the California Food and Agricultural Code. This permit is subject to the conditions set forth in Division 15 of the Food and Agricultural Code and the rules and regulations for its enforcement, and may be revoked for violation thereof.

Chief

Milk and Dairy Food Safety Branch
1220 N Street
Sacramento, California 95814

**STATE OF CALIFORNIA**
**DEPARTMENT OF FOOD AND AGRICULTURE**
**MILK AND DAIRY FOOD SAFETY BRANCH**

# Market Milk Permit 2026

**Mailing Address:**

SUN DAIRY COMPANY
5471 SAN FERNANDO RD
LOS ANGELES, CA 90039

**Permit No. 1242**
**Expires: 12/31/2026**

**Location Address:**

SUN DAIRY COMPANY
5471 SAN FERNANDO RD
LOS ANGELES, CA 90039
County of Los Angeles

**Owner(s): Vahik Sarkissian**

**Type of Ownership: Corporation**

Is hereby authorized to engage in business as a:

**Processor**

of market milk in the State of California in accordance with provision of Section 33222 of the California Food and Agricultural Code. This permit is subject to the conditions set forth in Division 15 of the Food and Agricultural Code and the rules and regulations for its enforcement, and may be

Registered Dairy Inspector

Chief

Milk and Dairy Food Safety Branch
1220 N Street
Sacramento, California 95814

# EXHIBIT K

## Canadian Trademark Record - ABALI & DESIGN

This exhibit contains the Canadian Intellectual Property Office record for ABALI & DESIGN, Application No. 0851910 / Registration No. TMA499937.

The record identifies the mark as a design mark for yogurt flavoured soda drink, depicts a shield-form ABALI / YOGURT / SODA design, and lists the current status as registered and active.

The claim especially relevant to the historical-use dispute states: "Used in CANADA since May 1985."

Government of Canada Gouvernement du Canada

Share this page

# ABALI & DESIGN — 0851910




**Application number**

0851910

**Registration number**

TMA499937

**Type(s)**

Design

**Category**

Trademark

**CIPO Status**

REGISTERED

**TM5 status**

LIVE/REGISTRATION/Issued and Active

## Disclaimer text

The right to the exclusive use of the words YOGURT, FLAVOR and SODA is disclaimed apart from the trademark.

## Index headings

ABALI YOGURT FLAVOR SODA

A BALI

YOGHURT

FLAVOUR

## Vienna information (Code & Description)

| | |
|---|---|
| 24.1.5 | Shields containing other figurative elements or inscriptions |
| A | Shields containing inscriptions |
| 24.1.15 | |
| 24.1.25 | Shields of unusual shape |
| 25.1.6 | Banderoles, cartouches |
| 9.1.10 | Ribbons, bows |

## Goods (Nice class & Statement)

(1) Yogurt flavoured soda drink.

## Classification data

The trademark application has been registered with the Office.

**Filed**

1997-07-24

**Registered**

1998-09-01

**Registration Expiry Date**

2028-09-01

**Current owner**

REX INTERNATIONAL FOOD INC.
157 Woodfield Dr.
Pefferlaw
ONTARIO L0E1N0

**Agent**

MBM INTELLECTUAL PROPERTY AGENCY
275 SLATER STREET
14TH FLOOR
OTTAWA
ONTARIO K1P5H9

## Disclaimer

The classification data is provided for information and searching purposes only. CIPO does not warrant the accuracy of the classes assigned to the trademark. This data has no legal value of any kind.

32 - Beer and non-alcoholic beverages

## Claims

Used in CANADA since May 1985

## Recordals (known also as Footnotes)

**CHANGE IN TITLE / CHANGEMENT EN TITRE:**
TYPE OF CHANGE / GENRE DE CHANGEMENT:
Assignment / Cession
DATE REGISTERED / DATE DE L'ENREGISTREMENT:
1999-04-16
DATE OF CHANGE / DATE DE CHANGEMENT: 1999-01-19
COMMENTS / COMMENTAIRES: FROM: TOP STAR DISTRIBUTION GROUP INC.
TO: REX INC.
Voir Preuve au dossier/See evidence on File No. 851910

**CHANGE IN TITLE / CHANGEMENT EN TITRE:**
TYPE OF CHANGE / GENRE DE CHANGEMENT:
Assignment / Cession
DATE REGISTERED / DATE DE L'ENREGISTREMENT:

**Registered Owner**
TOP STAR DISTRIBUTION GROUP INC.
19 KILLARNEY STREET
RICHMOND HILL
ONTARIO L4B3G4

**Applicant**
TOP STAR DISTRIBUTION GROUP INC.
19 KILLARNEY STREET
RICHMOND HILL
ONTARIO L4B3G4

**Old Owner**
TOP STAR DISTRIBUTION GROUP INC.,
19 Killarney Street,
Richmond Hill,
ONTARIO L4B3G4

**Old Owner**
REX INC.
19 Killarney Street,
Richmond Hill,
ONTARIO L4B3G4

1999-11-19
DATE OF CHANGE / DATE DE CHANGEMENT: 1999-07-22
COMMENTS / COMMENTAIRES: FROM: REX INC.
TO: TOP STAR DISTRIBUTION GROUP INC.,
Voir Preuve au dossier/See evidence on File No. 861740

**AMENDMENT TO REGISTRATION / MODIFICATION A L'ENREGISTREMENT:**
TYPE OF AMENDMENT / GENRE DE MODIFICATION: Paragraph 41(1)(a) - Owner Information / Alinéa 41(1)(a) - information sur le propriétaire
DATE REGISTERED / DATE DE L'ENREGISTREMENT: 2000-06-16
DATE OF CHANGE / DATE DE CHANGEMENT: 2000-06-16
COMMENTS / COMMENTAIRES: to correct the date of change of the assignment recorded on April 16, 1999 in favour of Rex Inc. to read
January 19, 1999 rather than January 19, 1998
Voir Preuve au dossier/See evidence on File No. 851910

**CHANGE IN TITLE / CHANGEMENT EN TITRE:**
TYPE OF CHANGE / GENRE DE CHANGEMENT: Assignment / Cession
DATE REGISTERED / DATE DE L'ENREGISTREMENT: 2000-07-31
DATE OF CHANGE / DATE DE CHANGEMENT: 2000-

**Old Owner**

REX INC.
19 Killarney Street,
Richmond Hill,
ONTARIO L4B3G4

**Documents**

View documents

03-04
COMMENTS / COMMENTAIRES: FROM: TOP STAR DISTRIBUTION GROUP INC.,
TO: REX INC.
Voir Preuve au dossier/See evidence on File No. 851910
**CHANGE IN TITLE / CHANGEMENT EN TITRE:**
TYPE OF CHANGE / GENRE DE CHANGEMENT: Assignment / Cession
DATE REGISTERED / DATE DE L'ENREGISTREMENT: 2024-12-17
DATE OF CHANGE / DATE DE CHANGEMENT: 2024-12-09
COMMENTS / COMMENTAIRES: FROM/DE: REX INC.
TO/A: REX INTERNATIONAL FOOD INC.

# Action History

| Action | Action date | Due date | Comments |
|---|---|---|---|
| Filed | 1997-07-24 | | |
| Created | 1997-07-30 | | |
| Formalized | 1997-07-31 | | |
| Search Recorded | 1997-12-18 | | |
| Approved | 1998-03-16 | | |

| Action | Action date | Due date | Comments |
|---|---|---|---|
| Advertised | 1998-04-15 | | Vol.45 Issue 2268 |
| Allowed | 1998-07-09 | | |
| Allowance Notice Sent | 1998-07-09 | 1999-01-09 | |
| Registered | 1998-09-01 | 2013-09-01 | |
| Change of Title Registered | 1999-04-16 | | Assignment |
| Change of Title Registered | 1999-11-19 | | Assignment |
| Assignment Correspondence Created | 2000-02-22 | 2000-08-22 | |
| Amendment to Registration | 2000-06-16 | | Section 41(1)(a) - Owner Information |
| Correspondence Created | 2000-06-16 | | |
| Change of Title Registered | 2000-07-31 | | Assignment |
| Renewed | 2013-09-01 | 2028-09-01 | DP:2013/08/21 RD:2013/08/20 RR:Mr. HOSSEINGHOLI MISSAGHI 133 BOAKE TRAIL RICHMOND HILL, ON L4B 3V8 |

| Action | Action date | Due date | Comments |
|---|---|---|---|
| Rep for Service Changed | 2013-12-09 | | From: 3262 To: / Voir Preuve au dossier/See evidence on File No. 851910 |
| Agent Changed | 2024-12-10 | | From/De: To/A: 758 |
| Change of Title Registered | 2024-12-17 | | Assignment/Cession |

**Date modified:** 2026-07-07

# EXHIBIT L

## Photographs of ABALI Yogurt Soda Products in Retail Display

These photographs depict ABALI yogurt soda products offered on a retail shelf. The bottles display the ABALI name within a shield-form design corresponding to the design shown in the Canadian trademark record in Exhibit K.

Several photographed labels identify the product as Canadian and identify Skymark Foods Corporation, Toronto, Ontario. The photographs are offered to document third-party marketplace use of the ABALI name and shield-form presentation.

These materials may be relevant to third-party use, marketplace coexistence, consumer perception, scope of claimed exclusivity, and related factual issues addressed through evidence and discovery.


ABALI
YOGURT
Low Salt
SODA
دوغ کم نمک
ABALI
YOGURT
Mint Flavour
SODA
دوغ نعنایی
ABALI
YOGURT
Saveur Originale
SODA
دوغ ساده
2 L / 64 FL. OZ
ABALI
YOGURT
Original Flavour
SODA
دوغ ساده
2 L / 64 FL. OZ
$7.49
Mashky


دوغ آبعلی
Pasteurized DOOGH ABEALI
PRO: 2026/02/19
EXP: 2027/02/19
061 15:25
ABALI
YOGURT
Low Salt
SODA
دوغ کم نمک
2 L/64 FL. OZ
2 L/64 FL. OZ.
دوغ آبعلی


Carbonated
Gazeuses
ABALI
YOGURT
Low Salt
SODA
2L/64 FL. OZ.
دوغ کم نمک
ABALI
YOGURT
Mint Flavour
SODA
دوغ نعنایی
ABALI
YOGURT
Saveur Originale
SODA
دوغ ساده


DOOGH ABEALI
Carbonated
Gazeuses
ABALI
YOGURT
SODA
Packed for
Emballé pour
SKYMARK FOODS CORPORATION
TORONTO, ONTARIO M1L 2E1
CANADA
Product of Canada
Produit du Canada
2 L/64 FL. OZ.
YOGURT
Saveur Originale
SODA


6x33cl
BOTTLES
ABALI
YOGURT
Mint Flavour
SODA
دوغ نعنایی
ABALI
YOGURT
Low Salt
SODA
دوغ کم نمک
2 L / 64 FL. OZ.
دوغ ابعلی 2L
ABALI Yogurt Soda
$ 7.49
Mashky
Yogurt Soda
2L