Steve Dashti
21200 Oxnard St. # 508
Woodland Hills 91367
Plaintiff. Pro Se

FILED
CLERK, U.S. DISTRICT COURT
9/23/2026
CENTRAL DISTRICT OF CALIFORNIA
BY ang DEPUTY
DOCUMENT SUBMITTED THROUGH THE ELECTRONIC DOCUMENT SUBMISSION SYSTEM

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**STEVE DASHTI,**
Plaintiff / Counterclaim-Defendant,

v.

**PAC FILL, INC., a California corporation d/b/a SUN DAIRY,**
Defendant / Counterclaim-Plaintiff.

**and**

**SUN DAIRY COMPANY,**
Defendant.

**CASE NO. 2:26-CV-03385-PA (BFMX)**

**DECLARATION OF STEVE DASHTI REGARDING DILIGENCE AND NEWLY OBTAINED EVIDENCE IN SUPPORT OF RENEWED MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

I, Steve Dashti, declare as follows:

1. I am the Plaintiff in this action and appear pro se. I have personal knowledge of the matters stated in this declaration and, if called as a witness, could and would testify competently to them.
2. I submit this declaration to explain the timing and circumstances under which I obtained material evidence after the prior motion for leave to amend, and to demonstrate my diligence in investigating the factual issues concerning PAC FILL, INC., SUN DAIRY, SUN DAIRY COMPANY, and the historical and commercial use of the ABALI name and related designs.
3. On September 18, 2026, the Court denied my prior Motion for Leave to File a Second Amended Complaint. The Court stated, among other things, that I had not sufficiently addressed Federal Rule of Civil Procedure 16(b)(4), had not explained why I could not comply with the scheduling deadline, and had not provided sufficient detail concerning diligence.

4. The present renewed request is not based merely on reargument of the same factual record. Since the prior motion, I have obtained additional governmental, commercial, trademark, and marketplace evidence that was not previously in my possession and that materially changes the factual basis of the proposed amendment.
5. Among the newly obtained materials are California Department of Food and Agriculture records identifying SUN DAIRY COMPANY as the licensed dairy operation at 5471 San Fernando Road, Los Angeles, California, identifying Vahik Sarkissian as owner, and in multiple Market Milk Permits stating "Type of Ownership: Corporation."
6. These CDFA records include licenses and permits covering multiple years, including 2022 through 2026, and materially bear on the disputed legal and commercial relationship among PAC FILL, INC., SUN DAIRY, and SUN DAIRY COMPANY.
7. I also recently obtained a May 28, 2026 commercial invoice issued under the name SUN DAIRY COMPANY for multiple ABALI-branded products. The invoice identifies SUN DAIRY COMPANY at 5471 West San Fernando Road and does not identify PAC FILL, INC. as the seller.
8. I also obtained and reviewed Los Angeles County Fictitious Business Name records showing a June 27, 1995 filing identifying SUN DAIRY as the fictitious business name and PAC FILL, INC. as the registrant, together with a related record reflecting a June 27, 2000 expiration date.
9. I have not located an official governmental record presently establishing an uninterrupted FBN/DBA chain for SUN DAIRY or SUN DAIRY COMPANY from June 27, 2000 through 2026.
10. I also recently obtained official Canadian trademark records for **ABALI & DESIGN**, Application No. 0851910 / Registration No. TMA499937. Those records identify the registration as active and state a claim of **"Used in CANADA since May 1985."**
11. I further obtained current retail photographs showing ABALI yogurt soda products bearing a shield-form ABALI design, including labels identifying SKYMARK FOODS CORPORATION in Toronto, Ontario and stating "Product of Canada."
12. The Canadian registration and marketplace evidence were not part of the factual record on which my prior proposed amendment was based. They raise additional factual issues concerning third-party ABALI use, historical use, marketplace coexistence, similarity of the shield-form design, and the source and chain of rights asserted by Pac Fill.
13. I also recently obtained materials concerning **ZAM ZAM IRAN CO.** showing a substantially earlier commercial history involving **Doogh Abali**. The materials identify Zam Zam Iran Co. as founded in approximately 1955 and identify "Doogh Abali" among its products.
14. I also obtained photographs of commercially sold **DOOGH ABEALI** products bearing the Zamzam identity, identifying the product as manufactured by ZamZam Group and stating "Made in IRAN."
15. These materials are significant because they provide evidence of ABALI/Doogh Abali commercial use that predates Pac Fill's claimed 1984–1985 history by decades and were not part of the factual basis presented in my prior motion.
16. I also obtained USPTO materials showing federal trademark registrations and protection associated with ZAM ZAM IRAN CO., including U.S. Registration No. 3,418,193 and U.S. Registration No. 5,911,056.

17. The newly obtained evidence concerning SUN DAIRY COMPANY, the post-2000 FBN issue, Canadian ABALI use, the shield-form design, and Zamzam/Doogh Abali was obtained while I was actively investigating the factual basis of the claims and defenses in this action.
18. I retrieved the official Canadian ABALI & DESIGN record on September 17, 2026. During September 2026, I continued obtaining and reviewing the SUN DAIRY, FBN, and CDFA materials described above. By September 23, 2026, I had also obtained and reviewed the Zamzam/Doogh Abali materials and related USPTO records.
19. I did not possess the complete collection of these materials when the prior motion for leave to amend was filed.
20. After obtaining these records, I promptly reviewed them, compared them with Pac Fill's allegations and prior representations, and revised the proposed Second Amended Complaint to remove claims previously criticized by the Court and to focus the proposed amendment on the newly developed factual record.
21. The revised proposed Second Amended Complaint does not reassert the previously proposed Sherman Act claim, the fraudulent-procurement claim under 15 U.S.C. § 1120, or the previously dismissed UCL claim that the Court identified as deficient or futile. The Court had specifically identified those proposed claims as deficient in its September 18, 2026 Order.
22. I am not seeking amendment for purposes of delay. I seek amendment because material evidence obtained during continuing investigation and discovery bears directly on the identity of the entity using and selling ABALI products, the attribution of revenue and goodwill, and the historical source and use of the ABALI name and related designs.
23. I do not seek to alter the trial schedule unnecessarily. I seek only such limited modification of the scheduling order as is necessary to permit filing of the proposed Second Amended Complaint based on the newly obtained evidence.
24. On September 8, 2026, after proceedings at the federal courthouse, I met in person with Pac Fill's counsel and Pac Fill's owner. We discussed ABALI, SUN DAIRY / SUN DAIRY COMPANY, the claims in this action, amendment-related issues, and potential resolution of the dispute.
25. On September 10, 2026, I met separately with Pac Fill's owner, without counsel present, and continued discussions concerning the ABALI dispute, the claims in this action, and potential resolution.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 23, 2026, at Woodland Hills, California.

**/s/ Steve Dashti**

Steve Dashti
Plaintiff, Pro Se